UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | x | |
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, Individually and On Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:09-cv-02137-LTS |
| | : | CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : : | |
| MORGAN STANLEY, et al., | : : | |
| Defendants. | : : : | |
| WEST VIRGINIA INVESTMENT MANAGEMENT BOARD, Individually and On Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:09-cv-04414-LTS |
| | : | CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| MORGAN STANLEY CAPITAL I INC., et al., | : : : | |
| Defendants. | : : | |
| | x | |

MEMORANDUM OF LAW IN SUPPORT OF THE WEST VIRGINIA INVESTMENT
MANAGEMENT BOARD'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION .................................................................................................1

II.  SUMMARY OF THE ACTION ..........................................................................2

III. ARGUMENT........................................................................................................5

    A.   The Related Actions Should Be Consolidated Pursuant to Rule 42(a)...................5

    B.   The PSLRA's Lead Plaintiff Provisions ................................................................6

    C.   West Virginia Is the "Most Adequate Plaintiff" ....................................................7

        1.   West Virginia Has the Largest Financial Interest in the Relief
            Sought by the Class.......................................................................................7

        2.   West Virginia Satisfies Rule 23 ..................................................................7

            a.   West Virginia Is Typical..................................................................8

            b.   West Virginia Is Adequate...............................................................8

    D.   The Court Should Approve West Virginia's Selection of Coughlin Stoia as
        Lead Counsel .........................................................................................................9

IV.  CONCLUSION....................................................................................................10

Class member and proposed lead plaintiff the West Virginia Investment Management Board

("West Virginia" or "Movant"), in connection with its acquisition of the Mortgage Pass-Through

Certificates ("Certificates") of Morgan Stanley Capital I Inc. ("Morgan Stanley Capital" or the

"Depositor"), issued pursuant and/or traceable to the false and misleading Registration Statement

and Prospectus Supplements issued between December 2005 and November 2007 by Morgan

Stanley Capital (collectively, the "Registration Statements"), respectfully submits this memorandum

of law in support of its motion for entry of an order: (1) consolidating the related class action

lawsuits; (2) appointing West Virginia as lead plaintiff; and (3) approving its selection of Coughlin

Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel.

## I.      INTRODUCTION

Currently pending in this district are two related class action lawsuits (the "Related Actions")

brought on behalf of investors who purchased or otherwise acquired Morgan Stanley Capital

Certificates issued pursuant and/or traceable to the false and misleading Registration Statements,

against the issuers and underwriters of the Certificates for violations of the federal securities laws.

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Public Employees' Retirement System of Mississippi v. Morgan Stanley, et al.* | 1:09-cv-02137-LTS | March 9, 2009 |
| *West Virginia Investment Management Board v. Morgan Stanley Capital I Inc., et al.* | 1:09-cv-04414-LTS | May 7, 2009 |

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must

decide whether to consolidate the Related Actions prior to selecting a lead plaintiff.  *See* 15 U.S.C.

§77z-1(a)(3)(B)(ii).  As soon as practicable thereafter, the Court is to appoint as lead plaintiff the

movant with the largest financial interest in the relief sought by the class that otherwise satisfies the

requirements of Fed. R. Civ. P. 23.  *See id*.

- 1 -

Here, the Related Actions should be consolidated because each involves substantially similar issues of law and fact.  *See* Fed. R. Civ. P. 42(a).  Additionally, West Virginia should be appointed as lead plaintiff because it: (1) timely filed its motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any plaintiff or lead plaintiff movant of which Movant is aware; and (3) will adequately represent the interests of the class.  15 U.S.C. §77z-1(a)(3)(B)(iii).  *See* Affidavit of David A. Rosenfeld in Support of West Virginia Investment Management Board's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Rosenfeld Aff."), Ex. A.  Finally, West Virginia's selection of Coughlin Stoia to serve as lead counsel should be approved because Coughlin Stoia possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.[1]

## II.    SUMMARY OF THE ACTION

This is a securities class action on behalf of all persons or entities who acquired the mortgage pass-through Certificates of Morgan Stanley Capital pursuant and/or traceable to several false and misleading Registration Statements issued by Morgan Stanley Capital.[2]

---

[1]    Pursuant to Rule 2.B. of the Individual Practices of Judge Laura Taylor Swain, "prior to making a motion of any type . . . the parties shall use their best efforts to resolve informally the matters in controversy."  The notice of motion filed contemporaneously herewith provides a statement explaining that this Motion is required by the PSLRA, 15 U.S.C. §77z-1(a)(3), *et seq*.

[2]    Morgan Stanley Capital was formed on January 28, 1985.  Morgan Stanley Capital is engaged in the securitization of loans and the business of acting as depositor of trusts that issue series of certificates that represent interests in the assets of the trust.  Morgan Stanley Capital acquires assets specifically for inclusion in a securitization from the sellers in privately negotiated transactions.  Morgan Stanley Capital is an affiliate of Morgan Stanley Mortgage Capital Inc. ("MSMC"), which is also the parent of Morgan Stanley Capital and an affiliate, through common parent ownership, of Morgan Stanley Capital Services Inc. and of Morgan Stanley & Co. Incorporated ("MS&Co"), and is a direct, wholly-owned subsidiary of MSMC.  MSMC is an indirect wholly owned subsidiary of Morgan Stanley Capital.  MSMC acquires residential mortgage

On December 23, 2005 (with amendments on February 17, 2006 and March 14, 2006), Morgan Stanley Capital and the defendant issuers caused the Registration Statements to be filed with the Securities and Exchange Commission ("SEC") in connection with the issuance of billions of dollars of Certificates.  The Certificates included several classes or tranches, which had various priorities of payment, exposure to default, interest payment provisions and/or levels of seniority.

The Certificates were supported by large pools of mortgage loans.  The Registration Statements represented that the mortgage pools would primarily consist of loan groups generally secured by first liens on residential properties, including conventional, adjustable rate and negative amortization mortgage loans.

Investors purchased the Certificates based upon two primary factors: return (in the form of interest payments), including timing of principal and interest payments, and safety (risk of default of the underlying mortgage loan assets).  The Registration Statements discussed the underwriting standards purportedly used in connection with the underwriting of the underlying mortgage loans and included numerous representations about the loan-to-value ratios used to qualify borrowers, the appraisals of properties underlying the mortgages and the maximum debt-to-income ratios permitted on the mortgage loans.[3]

---

loans through bulk purchases and also through purchases of single loans through MSMC's conduit loan purchase program.  The mortgage loans purchased through its conduit program generally conform to the conduit origination standards.

All facts are taken from the complaint styled *West Virginia Investment Management Board v. Morgan Stanley Capital I Inc., et al.*, 1:09-cv-4414-LTS, filed May 7, 2009.

[3]     Loan-to-value or "LTV" ratio is the ratio of the money borrowed to the market value of the property.

Among other omissions and misrepresentations, the Registration Statements omitted and/or misrepresented the fact that the sellers of the underlying mortgages to Morgan Stanley Capital were issuing many of the mortgage loans to borrowers who:  (i) did not meet the prudent or maximum debt-to-income ratio purportedly required by the lender; (ii) did not provide adequate documentation to support the income and assets required for the lenders to approve and fund the mortgage loans pursuant to the lenders' own guidelines; (iii) were steered to stated income/asset and low documentation mortgage loans by lenders, lenders' correspondents or lenders' agents, such as mortgage brokers, because the borrowers could not qualify for mortgage loans that required full documentation; and (iv) did not have the income required by the lenders' own guidelines to afford the required mortgage payments which resulted in a mismatch between the amount loaned to the borrower and the capacity of the borrower.

As a result of these misstatements and omissions, the Certificates sold to plaintiff and the class were secured by assets that had a much greater risk profile in the form of a statistically significant difference between the expected versus actual performance of such assets than represented in the Registration Statements, and defendants offered superior credit ratings on the Certificates as a result of defendants' failure to disclose the underwriting defects and appraisal manipulations.

By the summer of 2007, the amount of uncollectible mortgage loans securing the Certificates began to be revealed to the public.  To avoid scrutiny for their own involvement in the sale of the Certificates, the rating agencies began to put negative watch labels on many Certificate classes, ultimately downgrading many.  The delinquency and foreclosure rates of the mortgage loans securing the Certificates has grown both faster and in greater quantity than what would be expected for mortgage loans of the types described in the Prospectus Supplements.  As an additional result,

the Certificates are no longer marketable at prices anywhere near the price paid by plaintiff and the

class and the holders of the Certificates are exposed to much more risk with respect to both the

timing and absolute cash flow to be received than the Registration Statement/Prospectus

Supplements represented.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated Pursuant to Rule 42(a)

The PSLRA provides that "[i]f more than one action on behalf of a class asserting

substantially the same claim or claims arising under this title [is] filed," the court shall not appoint a

lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. §77z-

1(a)(3)(B)(ii).  To date, West Virginia has identified two Related Actions in this district which

should be consolidated:

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Public Employees' Retirement System of Mississippi v. Morgan Stanley, et al.* | 1:09-cv-02137-LTS | March 9, 2009 |
| *West Virginia Investment Management Board v. Morgan Stanley Capital I Inc., et al.* | 1:09-cv-04414-LTS | May 7, 2009 |

Pursuant to Fed. R. Civ. P. 42(a), consolidation is proper when actions involve common

questions of law or fact to avoid unnecessary costs or delay.  *See* Fed. R. Civ. P. 42(a).  When

actions involving common questions of law or fact are pending before a court, the court may order

all the actions consolidated and may make such orders concerning proceedings therein as may tend

to avoid unnecessary costs or delay. *See Tice v. NovaStar Fin., Inc.*, No. 04-0330-CV-W-ODS, 2004

U.S. Dist. LEXIS 16800, at *11-*12 (W.D. Mo. Aug. 23, 2004).  Further, in exercising their

discretion, courts have taken the view that considerations of judicial economy favor consolidation.

*See, e.g., Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).  Consolidation is

common in federal securities class actions.  *See In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998).

Given the substantially similar allegations in each of the complaints which are the subject of the instant Motion, common questions of fact clearly pervade the class actions before this Court. Each of the Related Actions here is predicated on similar purported misstatements and omissions by common defendants.  *See NovaStar*, 2004 U.S. Dist. LEXIS 16800, at \*11-\*12.  Similarly, common questions of law also bind these Related Actions such that each of their claims will raise the same set of legal questions.  *See id*.  Accordingly, the Related Actions should be consolidated.

**B.      The PSLRA's Lead Plaintiff Provisions**

The PSLRA establishes the procedure for the appointment of lead plaintiffs in private actions arising under the Securities Act of 1933.  15 U.S.C. 77z-1(a)(3).  First, the plaintiff who files the initial action must publish a notice to the class (within 20 days of filing the action) informing class members of their right to file a lead plaintiff motion.  Here, notice was published on *Market Wire* on April 6, 2009.  *See* Rosenfeld Aff., Ex. B.  Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §77z-1(a)(3)(A)(i)(II), (B)(i).

Second, the PSLRA provides that the Court shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §77z-1(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
>> (aa) has either filed the complaint or made a motion in response to a notice . . . ;

- 6 -

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii)(I).

### C.      West Virginia Is the "Most Adequate Plaintiff"

#### 1.      West Virginia Has the Largest Financial Interest in the Relief Sought by the Class

West Virginia purchased 6,365,938 Morgan Stanley Capital Certificates issued pursuant and/or traceable to the false and misleading Registration Statements, and was damaged thereby. *See* Rosenfeld Aff., Ex. A.  To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest.  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb).

#### 2.      West Virginia Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc).  Of Rule 23(a)'s four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of a class representative.  *See Yates v. Open Joint Stock Co. "Vimpel-Communications,"* No. 04-Civ. 9742 (NRB), 2005 U.S. Dist. LEXIS 7717, at *6 (S.D.N.Y. Apr. 29, 2005) (finding that "'a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation]'") (citations omitted).  Consequently, in deciding motions for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See id.*

### a.    West Virginia Is Typical

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

Here, West Virginia is typical because, just like all other class members, it purchased Morgan Stanley Capital Certificates issued pursuant to the false and misleading Registration Statements and suffered damages thereby.  *See* Rosenfeld Aff., Ex. A.  Thus, West Virginia's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

### b.    West Virginia Is Adequate

Under Fed. R. Civ. P. 23(a)(4) a representative party must also "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4) is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another."  *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003) (citation omitted).  Here, West Virginia is adequate because its interests are aligned with the interests of the class.  Furthermore, there is no evidence of antagonism between West Virginia and the class and it has certified to its willingness to serve as a class representative. Rosenfeld Aff., Ex. A.  In addition, as shown below, West Virginia's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

- 8 -

**D.      The Court Should Approve West Virginia's Selection of Coughlin Stoia as Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §77z-1(a)(3)(B)(v).  Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa).

Here, West Virginia has selected Coughlin Stoia to serve as lead counsel to the class. Coughlin Stoia possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  Coughlin Stoia's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  *See* Rosenfeld Aff., Ex. C.  Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Coughlin Stoia as lead counsel.  Because West Virginia has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of Coughlin Stoia should be approved.

## IV.   CONCLUSION

For the foregoing reasons, West Virginia respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint it as lead plaintiff; and (3) approve its selection of Coughlin Stoia to serve as lead counsel.

DATED:  June 5, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


                    s/ DAVID A. ROSENFELD
_____
                     DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
THOMAS E. EGLER
SCOTT H. SAHAM
SUSAN G. TAYLOR
BRIAN O. O'MARA
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

Document1

- 10 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2009, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the e-mail addresses

denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the

foregoing document or paper via the United States Postal Service to the non-CM/ECF participants

indicated on the attached Manual Notice List, and to:

| | |
|---|---|
| Steven Cooper | John Gadow |
| Kristina M. Mentone | Blake Tyler |
| Reed Smith LLP | Pond, Galow & Tyler |
| 599 Lexington Avenue, 29th Floor | 502 South President Street |
| New York, NY  10022 | Jackson, MS  39201 |

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on June 5, 2009.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail: drosenfeld@csgrr.com

# Mailing Information for a Case 1:09-cv-02137-LTS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  fabrams@cahill.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com,jrubins@ssbb.com

- **Timothy Alan DeLange**
  timothyd@blbglaw.com,kayem@blbglaw.com,kristinas@blbglaw.com

- **William Joseph Fenrich**
  william.fenrich@dpw.com,ecf.ct.papers@dpw.com

- **Christopher Anthony Gorman**
  cgorman@cahill.com

- **Christopher Burch Hockett**
  chris.hockett@dpw.com

- **Justin Evan Klein**
  jklein@ssbb.com,managingclerk@ssbb.com

- **Kristina Marie Mentone**
  kmentone@reedsmith.com

- **James P. Rouhandeh**
  james.rouhandeh@dpw.com

- **Tammy Lynn Roy**
  troy@cahill.com,ndelutri@cahill.com,mmcloughlin@cahill.com,nmarcantonio@cahill.com

- **Joshua M. Rubins**
  jrubins@ssbb.com,managingclerk@ssbb.com

- **David R. Stickney**
  davids@blbglaw.com

- **David A. Thorpe**
  davidt@blbglaw.com,denab@blbglaw.com,elizabethl@blbglaw.com

- **Sarah Penny Windle**
  windls@cahill.com

- **Adam Nelson Zurofsky**
  azurofsky@cahill.com,MMcLoughlin@cahill.com,NMarcantonio@cahill.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Floyd Abrams
Cahill Gordon & Reindel
80 Pine Street
New York, NY 10005

David T. Biderman
Perkins, Coie, L.L.P.
1620 26th Street 6th
South Tower
Santa Monica, CA 90404-4013

Keith E. Eggleton
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304

Judith B. Gitterman
Perkins Coie LLP (Santa Monica)
South Tower
1620 26th Street, 6th Floor
Canta Monica, CA 90404

Heather Brae Hoesterey
Reed Smith, LLP (San Francisco)
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111

David Andrew McCarthy
Wilson Sonsini Goodrich & Rosati (CA)
650 Page Mill Road
Palo Alto, CA 94304

Brett M. Middleton
Bernstein Litowitz Berger & Grossmann LLP (San Diego)
12481 High Bluff Drive
Suite 300
San Diego, CA 92130
```