UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PUBLIC EMPLOYEES' RETIREMENT SYSTEM
OF MISSISSIPPI, Individually and On Behalf
of All Others Similarly Situated,

                     Plaintiff,

-v-                                           No. 09 Civ. 2137 (LTS) (MHD)

MORGAN STANLEY, et al.,

                     Defendants.
-------------------------------------------------------x
WEST VIRGINIA INVESTMENT
MANAGEMENT BOARD, Individually and
On Behalf of All Others Similarly Situated,

                     Plaintiff,

-v-                                           No. 09 Civ. 4414 (LTS) (MHD)

MORGAN STANLEY CAPITAL I INC., et al.,

                     Defendants.
-------------------------------------------------------x
LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

## ORDER CONSOLIDATING CASES, APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF LEAD PLAINTIFF'S COUNSEL

        West Virginia Investment Management Board ("West Virginia" or "Movant") has moved the Court to consolidate the above-captioned putative class actions and for an order appointing West Virginia lead plaintiff and for approval of West Virginia's selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel. By Order dated June 17, 2009, the Court set a briefing schedule for the filing of opposition to West Virginia's motion and scheduled a tentative hearing date on the motion for July 22, 2009. On July 9, 2009, after the

July 2, 2009, deadline for filing opposition had expired, West Virginia filed a Notice of Non-Opposition. The Court has reviewed thoroughly and considered carefully Movant's submissions in support of it's motion.

Motion to Consolidate

Rule 42 of the Federal Rules of Civil Procedure provides that the Court may consolidate "actions involving a common question of law or fact." Fed. R. Civ. P. 42(a). A determination on the issue of consolidation is left to the sound discretion of the Court. Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990); Zicklin v. Breuer, 534 F. Supp. 745 (S.D.N.Y. 1982).

The Court finds that the above-captioned actions present common factual and legal issues, involve overlapping defendants and will involve similar subject matter. Accordingly, the Court grants the motions for consolidation in the interests of judicial economy.

Motion for Appointment as Lead Plaintiff

The PSLRA provides in relevant part that "the court shall . . . appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i). In making its determination on a motion for appointment of a lead plaintiff, the Court is also required to adopt the rebuttable presumption that the "most adequate plaintiff" is

> the person or group of persons that– (aa) has either filed the complaint or made a motion in response to [the initial class] notice . . . ; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). This presumption may be rebutted only upon proof by a member of the purported class "that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses which render such plaintiff incapable of adequately representing the class." 15 U.S.C. 78u-4(a)(3)(B)(iii)(II).

The Court finds that West Virginia is the presumptively most adequate plaintiff under 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) in light of West Virginia's financial stake and its preliminary showing that West Virginia meets the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. See Fed. R. Civ. P. 23; see also In re Oxford Health Plans, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.").

The Court hereby grants West Virginia's motion for appointment as lead plaintiff, as to all causes of action asserted in the consolidated cases.

Appointment of Lead Counsel

Subject to the Court's approval, the most adequate plaintiff shall select and retain counsel to represent the class. 15 U.S.C. § 77z-1(a)(3)(B)(v). West Virginia seeks approval of its selection of Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel. Upon review of the papers submitted in support of West Virginia's motion, the Court finds that Coughlin Stoia Geller Rudman & Robbins LLP has had substantial experience and success in prosecuting securities class actions, rendering it capable of serving as lead counsel in this action. (Rosenfeld Aff., Ex. C.)

Accordingly, West Virginia's selection of Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel is approved.

It is, therefore, ORDERED that:

### A. LEAD PLAINTIFF AND LEAD COUNSEL

1. West Virginia is appointed Lead Plaintiff.

2. Coughlin Stoia Geller Rudman & Robbins LLP shall serve as Lead Counsel for all plaintiffs in the Consolidated Actions.

Lead Counsel shall have the following responsibilities:

a. Sign any consolidated complaint, motions, briefs, discovery requests, objections, or notices on behalf of all plaintiffs or those plaintiffs filing the particular papers.

b. Conduct all pretrial proceedings on behalf of plaintiffs.

c. Brief and argue motions.

d. Initiate and conduct discovery.

e. Speak on behalf of plaintiffs at any pretrial conference.

f. Employ and consult with experts.

g. Conduct settlement negotiations with defense counsel on behalf of plaintiffs.

h. Call meetings of plaintiffs' counsel.

i. Distribute to all plaintiffs' counsel copies of all notices, orders, and decisions of the Court to the extent counsel have not registered on the ECF system for this case; maintain an up-to-date list of counsel available to all plaintiffs' counsel on

request; and keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions, which shall be available to all plaintiffs' counsel at reasonable hours.

### B. CONSOLIDATION

1. The motions for consolidation are granted and the above-captioned actions are hereby consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a). The consolidated cases shall be referred to collectively as <u>In re Morgan Stanley Mortgage Pass-Through Certificates Litigation</u>, Master File No. 09 Civ. 2137 (LTS)(MHD).

2. No action taken hereunder shall have the effect of making any person, firm or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

### C. MASTER DOCKET AND SEPARATE ACTION DOCKETS

1. A Master Docket is hereby established for the consolidated proceedings in the actions consolidated herein and any other actions subsequently consolidated with them either for all purposes or for pretrial purposes (the "Consolidated Actions"). Entries in said Master Docket shall be applicable to the Consolidated Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

2.    (a) When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall electronically or manually file such pleading pursuant to this Court's Guidelines and Amended Instructions for Electronic

Case Filing.

(b) When a pleading is electronically filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall electronically file such pleading in the Master File only. Docket entries shall not be made to each separate action.

(c) When a pleading is manually filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall submit to this Court the original pleading for the Master File. No copies shall be submitted for each separate action. Upon receiving the original pleading, the Clerk shall docket the pleading to the Master File only. Docket entries shall not be made to each separate action.

## D. MASTER FILE AND SEPARATE ACTION FILES

1. A Master File is hereby established for the consolidated proceedings in the Consolidated Actions. The Master File shall be 09 Civ. 2137. The original of this Order shall be docketed by the Clerk of Court in the Master File herein established.

2. The Clerk shall maintain a separate file for each of the Consolidated Actions, and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by Section C of this Order. The Clerk shall docket a copy of this Order in each such separate file. Once the Clerk has docketed this Order, counsel of record in each of the Consolidated Actions will receive a Notice of Electronic Filing.

### E. NEWLY FILED OR TRANSFERRED ACTIONS

1. When a class action that relates to the same subject matter as the Consolidated Actions is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with these actions in the same manner as the cases identified in Section A above (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), except as provided below, and the Clerk of Court shall:

(a)  Docket a copy of this Order in the file for newly filed or transferred actions.

(b)  Make an appropriate entry in the Master Docket.

2. The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with these actions.

### F. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

1. This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions against Morgan Stanley, and/or its subsidiaries or affiliates. This Order shall apply to each such case which is subsequently filed in or transferred to this Court and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk notifies counsel for that party of this Order. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

2. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a

separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint in any such case. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to any such complaint.

### G. CAPTIONS

1. Every pleading filed in the Consolidated Action, and in any separate action included therein, shall bear the following caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x
IN RE MORGAN STANLEY           :
MORTGAGE PASS-THROUGH          :
CERTIFICATES LITIGATION        :
                               :    MASTER FILE
                               :    09 Civ. 2137 (LTS)(MHD)
                               :
This Document Relates To:      :
                               :
                               :
                               :
_____ x
```

2. When a pleading is intended to be applicable to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption. When a pleading is intended to apply to fewer than all of such actions, the docket number for each individual action to which it is intended to apply and the name of the plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption.

### H. FILING AND DOCKETING

1. When a paper is filed and the caption shows that it is applicable to "All Actions," the parties

shall electronically or manually file such paper pursuant to this Court's Electronic Case Filing Rules and Instructions.

2.  (a) When a paper is electronically filed and the caption shows that it is applicable to "All Actions," the parties shall electronically file such paper in the Master File only. No docket entries shall be made to each separate action.

    (b) When a paper is manually filed and the caption shows that it is applicable to "All Actions," the parties shall submit to this Court the original paper for the Master File. Copies shall not be submitted for each separate action. Upon receiving the original paper, the Clerk shall docket the paper to the Master File only. Docket entries shall not be made to each separate action.

3.  (a) When a paper is filed and the caption shows that it is applicable to fewer than "All Actions," the parties shall electronically or manually file such paper pursuant to this Court's Guidelines and Amended Instructions for Electronic Case Filing.

    (b) When a paper is electronically filed and the caption shows that it is applicable to fewer than "All Actions," the parties shall electronically file such paper in the Master File and electronically file such paper to each separate action to which it applies.

    (c) When a paper is manually filed and the caption shows that it is applicable to fewer than "All Actions," the parties shall submit to this Court the original paper for the Master File and copies of such paper for each separate action to which it applies. Upon receiving the papers, the Clerk shall docket the original paper to the Master File and docket copies

of such paper to each separate action to which it applies.

## I. SCHEDULE

1. The Lead Plaintiff, shall file and serve a Consolidated Amended Complaint for the Consolidated Actions and any actions subsequently consolidated with them, within <u>sixty (60) days</u> of the date of this Order.

2. Pending filing and service of the Consolidated Amended Complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions subsequently consolidated with them, or to any discovery requests previously served in any of the consolidated actions.

3. Defendants shall answer or otherwise respond to the Consolidated Amended Complaint within of <u>sixty (60) days</u> after service thereof.

4. If Defendants move to dismiss the Consolidated Amended Complaint, opposition papers shall be served and filed within <u>forty-five (45) days</u> after the filing and service of such motion, and any reply papers shall be served and filed within <u>thirty (30) days</u> after the filing and service of plaintiffs' opposition papers.

5. Further proceedings in these consolidated actions will be conducted in compliance with the provisions of the Initial Conference Order dated April 1, 2009, and issued in 09 Civ. 2137, and in accordance with applicable orders, federal and local court procedural rules and Individual Practices Rules of the undersigned, including Rule 2.B. thereof.

 This Order resolves docket entry no. 26 in case no. 09 Civ. 2137. In light of the Court's

decision on the motions, the hearing that was scheduled for Tuesday, July 22, 2009, is cancelled and the parties' initial pretrial conference is adjourned to December 11, 2009, at 2:30 p.m.

SO ORDERED.

Dated: New York, New York
July 17, 2009

/s/ LAURA TAYLOR SWAIN
United States District Judge