**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re MORGAN STANLEY MORTGAGE PASS-THROUGH CERTIFICATES LITIGATION | : : : : : : : : : : | 09 Civ. 2137 (LTS) (MHD)<br><br>MASTER FILE |
| This Document Relates To:<br><br>    ALL ACTIONS. | | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE BY THE POLICE AND FIRE RETIREMENT <u>SYSTEM OF THE CITY OF DETROIT</u>**

Pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, movant Police and Fire Retirement System of the City of Detroit ("PFRS") submits this memorandum of law in support of its motion to intervene as a named plaintiff in the above-captioned action.

## I.   INTRODUCTION

On September 15, 2009, Lead Plaintiff in this action filed a Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Complaint" or "Compl.") against various defendants in connection with the sale of mortgage-pass-through certificates (the "Certificates") issued in thirty-one separate public offerings between December 2005 and November 2007 (the "Offerings").  The Complaint asserts claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") on behalf of a class defined as all persons or entities who acquired the Certificates identified in paragraphs 13 of Complaint (the "Class").  *See* Compl. ¶ 1.

Although the Complaint purports to include within its scope claims of investors who purchased Certificates issued in connection with the thirty-one Offerings identified in the Complaint, Lead Plaintiff purchased in only one of the Offerings.  Accordingly, defendants argue that Lead Plaintiff lacks standing to pursue claims with respect to the other Offerings.  *See* Memorandum of Law in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint (Dkt. No. 45) at 7-9.

PFRS now seeks to intervene as named plaintiff to protect the rights of additional investors, including itself.  PFRS purchased the following certificate identified in the Complaint: Morgan Stanley Mortgage Loan Trust 2007-8XS (the "2007-8XS Offering").  *See* the accompanying Declaration of Robin F. Zwerling in Support of Motion to Intervene by the Police and Fire Retirement System of the City of Detroit ("Zwerling Decl."), Ex. A (Declaration of Paul

Stewart).

Since Lead Plaintiff does not allege that it purchased in the 2007-8XS Offering, it appears likely that claims with respect to this offering will be excluded from the litigation if there is no named plaintiff to assert them. PFRS, therefore, seek leave to allow it to intervene as a named plaintiff in order to represent members of the putative class who purchased in that offering.

While Fed. R. Civ. P. 24(c) requires the filing of a pleading identifying the claims for which intervention is sought, in this case, PFRS seeks to intervene to protect certain claims which are already included in the Complaint. Accordingly, should intervention be granted, PFRS proposes additions to the existing Complaint which essentially reflect PFRS's interest in the action. *See* Zwerling Decl., Ex. B (red-lined version of relevant paragraphs of the Complaint showing proposed additions).

## II.     ARGUMENT

Rule 24(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> On timely motion, the court may permit anyone to intervene who: ... (B) has a claim or defense that shares with the main action a common question of law or fact.... In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1)(B) and (3); *see also Comer v. Cisneros*, 37 F.3d 775, 801 (2d Cir. 1994) (finding intervention proper where intervenors had claims that presented common issues of fact and identical issues of law as those of the original plaintiffs, and intervention would not unduly delay or prejudice the adjudication of the rights of the original parties). Rule 24 is to be construed liberally. *See Int'l Equity Inv. Inc. v. Opportunity Equity Partners Ltd.*, No. 05 Civ. 2745, 2010 WL 779314, at *2 (S.D.N.Y. Mar 2, 2010).

As demonstrated below, PFRS satisfies each of the foregoing requirements.

**A. The Application is Timely and No Party Will Suffer Any Prejudice**

The threshold consideration under Rule 24(b) is timeliness.  As articulated by the Second Circuit, "[t]imeliness defies precise definition, although it certainly is not confined strictly to chronology."  *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).  Among the considerations are: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness."

Here, defendants only recently raised standing challenges with respect to the thirty offerings in which Lead Plaintiff did not purchase in their motion to dismiss.  Indeed, the Court has not yet ruled whether Lead Plaintiff lacks standing to pursue claims with respect to the 2007-8XS Offering.  Prior to defendants raising the standing challenges, PFRS's interests were being adequately protected by the Lead Plaintiff as the Class was defined to include investors such as PFRS who purchased in all of the Offerings identified in the Complaint.  *See* Compl. ¶ 1.  Accordingly, PFRS timely filed this motion after defendants' standing challenges raised some doubt about Lead Plaintiff's ability to pursue claims on behalf of investors such as PFRS.

None of the existing parties can credibly claim that any prejudice will result from this intervention.  Defendants were on notice of PFRS's claims as they are part of the class defined in the original Complaint.  *See, e.g., Haddock v. Nationwide Fin. Serv.*, 262 F.R.D. 97 (D. Conn. 2009) (finding no prejudice where "defendants were on notice" of intervener's claim "at the time th[e] suit was initially filed").  Moreover, the litigation is still at its preliminary stages and no discovery has taken place.

3

Certainly, Lead Plaintiff cannot claim any prejudice as it purported to include the claims of investors such as PFRS when it filed the Complaint.  PFRS's intervention, therefore, "will not alter the nature or dimensions of this lawsuit; the action remains the same as the day that plaintiffs commenced it."  *Id*. at 103.

In short, allowing PFRS to intervene in this action will facilitate, rather than "unduly delay or prejudice," the "adjudication of the original parties' rights" by providing a named plaintiff with standing to assert certain claims as originally pled in the Complaint.  *See* Fed. R. Civ. P. 24(b)(3).  PFRS's participation will ensure that its interests as well as the interests of other investors who purchased in the same offering are protected.  The prejudice to PFRS should intervention be denied, however, is apparent.  As the current Lead Plaintiff arguably does not have standing to pursue the claims for investors who purchased in the 2007-8XS Offering, those claims may not be included in this litigation, foregoing any possibility for recovery for investors such as PFRS, despite the fact that its claims clearly share common questions of law and fact with other members of the Class.  *See Haddock*, 262 F.R.D. at 103 (forcing a class member who shares the same questions of law and fact with the other plaintiffs to "file a separate action would be unduly costly, repetitive, and inefficient").  Intervention is clearly warranted under these circumstances.

For example, in *Haddock* the court allowed a class member to intervene as a plaintiff and class representative where there was no named plaintiff with standing to assert a claim for injunctive relief against certain defendants.  262 F.R.D. at 102.[1]  The court noted that "it is the responsibility of this Court to 'undertake a stringent and continuing examination of the adequacy

---

[1]  Intervention was granted as of right pursuant to Rule 24(a), but the court also concluded that intervention was warranted on a permissive basis under Rule 24(b).  *Haddock*, 262 F.R.D. at 101.

4

of representation by the named class representative at all stages of the litigation where absent members will be bound by the court's judgment.'" *Id*. at 102 (*citing Nat'l Ass'n of Reg'l Med. Programs, Inc., v. Mathews*, 551 F.2d 340, 344-45 (D.C. Cir. 1976)); *see also In re NYSE Specialists Securities Litigation,* 240 F.R.D. 128, 133 (S.D.N.Y. 2007) ("Courts have interpreted their lead plaintiff responsibilities under the PSLRA to encompass a continuing duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of the class members.") (internal quotations and citation omitted).

Similarly, in *Citizens for an Orderly Energy Policy, Inc. v. Suffolk County*, 101 F.R.D. 497 (E.D.N.Y. 1984), a plaintiff sought to intervene in an action where the defendants raised a standing challenge with respect to the existing plaintiff. *Id*. at 500. In considering whether the proposed intervenor's interests were adequately being protected in the action, the court held:

> Here, defendants have challenged plaintiffs' standing to maintain this lawsuit. This challenge alone creates a serious possibility that plaintiffs may not adequately represent [the proposed intervenor].

*Id*. at 501. Accordingly, the court granted intervention.[2] The court explained, "[t]his Court believes we all benefit when every lawfully interested party is afforded the opportunity to express its thoughts and position before a court takes possibly dispositive action. Our system of jurisprudence requires it and parties appearing before this Court can expect nothing less." *Id*.

Accordingly, because there exists "a serious possibility" that Lead Plaintiff may not be adequately representing the interests of investors in the 2007-8XS Offering, PFRS respectfully requests that the Court grant its motion to intervene.

---

[2]  As in *Haddock*, intervention in this case was granted pursuant to Rule 24(a), but the court noted that it would also have granted permissive intervention pursuant to Rule 24(b). *Citizens for an Orderly Energy Policy*, 101 F.R.D. at 502.

### B. PFRS's Claims Share Common Questions of Law and Fact with Lead Plaintiff and the Proposed Class

PFRS's claims share common questions of law and fact with Lead Plaintiff and the proposed Class. Indeed, they are the same claims that Lead Plaintiff has already pled in the Complaint. As such, the claims share the same factual and legal theories and are asserted against the same defendants. The common questions of law and fact shared by all parties include: (a) whether defendants violated the Securities Act; (b) whether the offering documents issued by defendants omitted and/or misrepresented material facts about the mortgages underlying the Certificates; and (c) the extent of damages suffered by members of the Class, and the appropriate measure thereof.

### III.  CONCLUSION

For the foregoing reasons, PFRS respectfully requests that the Court grant its motion to intervene pursuant to Fed. R. Civ. P. 24(b).

Dated:  August 12, 2010

Respectfully submitted,

**ZWERLING, SCHACHTER & ZWERLING, LLP**

By:  s/   Robin F. Zwerling
Robin F. Zwerling
Jeffrey C. Zwerling
Justin M. Tarshis
41 Madison Avenue, 32nd Floor
New York, NY 10010
Telephone:  (212) 223-3900
Facsimile:   (212) 371-5969
rzwerling@zsz.com
jzwerling@zsz.com
jtarshis@zsz.com

*Counsel for the Police and Fire Retirement System of the City of Detroit*