UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re MORGAN STANLEY MORTGAGE PASS-THROUGH CERTIFICATES LITIGATION | Civil Action No. 1:09-cv-02137-LTS <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br>    ALL ACTIONS. | |

<u>LEAD PLAINTIFF PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI'S RESPONSE TO ORDER TO SHOW CAUSE, DATED SEPTEMBER 27, 2010</u>

**I.      INTRODUCTION**

Co-Lead Plaintiff Public Employees' Retirement System of Mississippi ("MissPERS") respectfully submits this memorandum in response to the Court's instruction to show cause "as to why Bernstein Litowitz should not be *sole* lead counsel (or in other words, why a co-lead counsel is necessary and efficient.)" *See* Sept. 27, 2010 Order, ECF 87. As explained below, while MissPERS is confident that Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") would adequately represent the Class as sole lead counsel, under the unique circumstances of this case, appointing Bernstein Litowitz and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as co-lead counsel is appropriate.

Courts, including this one, have approved the appointment of co-lead counsel. Here, Robbins Geller has been involved in the case from its early stages and has institutional knowledge of the facts and law. In addition, Robbins Geller represents co-Lead Plaintiff West Virginia and additional named plaintiffs and thus would be involved in the prosecution of this action. Accordingly, MissPERS respectfully requests that under the unique circumstances of this case, the Court approve the proposed co-lead counsel structure.

**II.     BACKGROUND**

MissPERS filed the original complaint in this consolidated class action on December 2, 2008, in the Superior Court of Orange County, California. The MissPERS action was subsequently removed to the United States District Court for the Central District of California, and transferred to this Court in March 2009. ECF 1. On July 17, 2009, the Court consolidated all pending actions, appointed the West Virginia Investment Management Board ("West Virginia") as Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(i), and approved its selection of Robbins Geller as lead counsel. ECF 32. On September 15, 2009, West Virginia filed the Consolidated Amended Complaint for Violation of the Federal Securities Laws ("Complaint"). ECF 38.

On August 17, 2010, the Court entered an order granting in part and denying in part Defendants' motion to dismiss the Complaint ("Order"). ECF 81. The Court granted Defendants' motion to dismiss as to West Virginia's claim arising from its purchases in the 2007-11AR Trust, and denied Defendants' motion to dismiss as to MissPERS' claims relating to its purchases in the 2006-14SL Trust. *Id.* at 20. The Court found that MissPERS has standing to assert such claims because it timely filed them in the original complaint in this consolidated class action. *Id.* at 10-11 ("[Miss]PERS' complaint, which is part of the record in this consolidated action, clearly identified [Miss]PERS as a purchaser of the securities at issue. The record thus … demonstrate[s] the existence and identity of a class representative with constitutional standing to pursue claims concerning certificates issued by 2006-14SL."). Accordingly, the Court granted leave to amend to name MissPERS as plaintiff and "to demonstrate [Miss]PERS' standing with respect to any of the claims dismissed pursuant to Rule 12(b)(1) and to augment and clarify the pleading of the claims asserted by [Miss]PERS." *Id.* at 19-20.

In light of the Order, West Virginia and MissPERS applied to modify the July 17, 2009 lead plaintiff order to reflect the new circumstances. ECF 82. The application requested appointment of MissPERS as Lead Plaintiff and approval of its selection of Bernstein Litowitz as co-lead counsel for the Class, along with lead counsel since July 2009, Robbins Geller.

In accordance with the Court's instruction when affording leave to amend, Plaintiffs filed the Second Amended Complaint on September 10, 2010. ECF 84. The Second Amended Complaint augments the claims that MissPERS previously asserted, including identifying five additional plaintiffs that purchased 2006 trust certificates that MissPERS included in its initial complaint, but had not itself purchased, to address the Court's ruling on standing.

On September 27, 2010, the Court granted the application to modify the lead plaintiff order, "insofar as [the application] seeks the appointment of MissPERS as co-lead plaintiff and the appointment of Bernstein Litowitz as co-lead counsel." The Court further instructed that "New Lead Plaintiff must show cause in writing … as to why Bernstein Litowitz should not be *sole* lead counsel (or in other words, why a co-lead counsel is necessary and efficient)." ECF 87.

### III.   DISCUSSION

Courts have held that a co-lead counsel structure is appropriate, and can be in the best interest of the Class. *See, e.g., In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 273 (S.D.N.Y. 2009) (holding that "a co-lead counsel structure is appropriate" and that "appointment of multiple counsel is routine and widely accepted" because it allows co-counsel to "share resources and expertise for the litigation of the case"); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (appointing three law firms as co-lead counsel in securities class action and finding that "sharing of resources and experience [will] ensure that the litigation will proceed expeditiously"); *Sgalambo v. McKenzie*, 2010 U.S. Dist. LEXIS 30625 (S.D.N.Y. Mar. 29, 2010) (appointing multiple law firms to serve as co-lead counsel in securities class action) (same); *Levine v. AtriCure, Inc.*, 508 F. Supp. 2d 268, 278 (S.D.N.Y. 2007) (same); *see also* H. Newberg & A. Conte, 7 Newberg on Class Actions § 22.7, at 48 (4th ed. 2002) ("The PSLRA does not expressly prohibit the lead plaintiff from selecting more than one law firm to represent the class. In certain situations, the appointment of multiple lead counsel may better protect the interests of the plaintiff class."). This Court is in accord. *See N.J. Carpenters Health Fund v. Structured Asset Mortg. Invs. II, Inc.*, 2009 U.S. Dist. LEXIS 120416 (S.D.N.Y. Dec. 23, 2009) (Swain, J.) (appointing co-lead plaintiffs and co-lead counsel).

Here, while MissPERS is confident that Bernstein Litowitz would adequately protect the interests of the Class as sole lead counsel, the proposed co-lead counsel structure will benefit the

-3-

Class under the unique factual circumstances of this case. Robbins Geller served as sole lead counsel from July 2009 to September 2010 and thus brings institutional knowledge about the facts, witnesses and strategies of the case, as well as established relationships with the various counsel, witnesses and parties to this litigation, all of which will be beneficial to the Class.[1] *See Bank of Am. Corp.*, 258 F.R.D. at 274 (appointing multiple co-lead counsel structure based, in part, on finding that firms have "already taken meaningful steps in the litigation to advance the interests of the putative class").

In addition, Robbins Geller remains counsel to co-Lead Plaintiff West Virginia and also represents additional plaintiffs that have been named in the Second Amended Complaint to address the Court's ruling with respect to standing.[2] Specifically, Robbins Geller represents named plaintiffs Members United Corporate Federal Credit Union ("Members United"), NECA-IBEW Health & Welfare Fund, United Western Bank, Pompano Beach Police and Firefighters' Retirement System

---

[1] *See* H. Newberg & A. Conte, 7 Newberg on Class Actions § 22.7, at 51 (4th ed. 2002):

> Additional law firms may not only add resources, but may bring particular substantive expertise to a case. A firm may have done extensive pre-filing investigation of a case and filed a well-drafted complaint on behalf of a client which was not selected as lead plaintiff. Such a firm may therefore possess considerable knowledge and experience about the case that would be of benefit in assuring its efficient prosecution. That firm might offer unique advantages to the extent that this experience could be translated into a benefit to the class and to the extent that selection of the firm was otherwise consistent with effective and efficient litigation of the case.

[2] Robbins Geller currently represents West Virginia, which will shortly request entry of a Fed. R. Civ. P. 54(b) final judgment on West Virginia's claims which were dismissed. West Virginia is seeking entry of a final judgment now so that it may immediately pursue its and other class members' appeal rights arising from the 2007 trust claims which were dismissed. *Id.* If the Court grants the request for entry of judgment, Robbins Geller will prosecute the appeal for West Virginia, and is intimately familiar with the facts and circumstances pertinent to that appeal. Moreover, even if the Court denies the request for entry of a Rule 54(b) judgment, West Virginia intends to take an appeal at the conclusion of this litigation, on behalf of itself and all 2007 trust purchasers.

and Carpenters Pension Fund of West Virginia.[3]  Consequently, Robbins Geller will be involved in the prosecution of the case.

Bernstein Litowitz and Robbins Geller are already jointly prosecuting the case for the benefit of the Class and will continue to do so without needless duplication of effort or increasing attorneys' fees.  Together, the firms researched and drafted the Second Amended Complaint, the operative complaint in this action.  Furthermore, Bernstein Litowitz and Robbins Geller are jointly drafting the opposition to Defendants' motion to dismiss the Second Amended Complaint.  Both firms will continue to work cooperatively in order to ensure that this case is litigated efficiently, without duplicating effort, in a manner designed to maximize recovery for the Class without any increase of attorneys' fees or expenses.[4]

## IV.   CONCLUSION

For the foregoing reasons, MissPERS respectfully submits that co-lead counsel is appropriate under the unique circumstances of this action.

DATED:  October 15, 2010
BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
DAVID R. STICKNEY
TIMOTHY A. DeLANGE

*/s/ David R. Stickney*
DAVID R. STICKNEY

---

[3] On September 24, 2010, the National Credit Union Administration instituted a conservatorship for Members United.

[4] *See In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997) (finding appointment of multiple co-lead counsel appropriate "provided that there is no duplication of attorneys' services, and the use of co-lead counsel does not in any way increase attorneys' fees and expenses."); *accord Rozenboom v. Van Der Moolen Holding, N.V.*, 2004 U.S. Dist. LEXIS 6382, at *21 (S.D.N.Y. Apr. 14, 2004); *Andrada v. Atherogenics, Inc.*, 2005 U.S. Dist. LEXIS 6777, at *18 n.3 (S.D.N.Y. Apr. 18, 2005).

12481 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:  858/793-0070
858/793-0323 (fax)
davids@blbglaw.com
timothyd@blbglaw.com

*Counsel for Public Employees' Retirement System of Mississippi and Co-Lead Counsel for the Class*

ROBBINS GELLER RUDMAN
  & DOWD LLP
ARTHUR C. LEAHY
THOMAS E. EGLER
SCOTT H. SAHAM
SUSAN G. TAYLOR
NATHAN R. LINDELL
MATTHEW I. ALPERT
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
artl@rgrdlaw.com
tome@ rgrdlaw.com
scotts@rgrdlaw.com
susant@rgrdlaw.com
nlindell@rgrdlaw.com
malpert@rgrdlaw.com

SAMUEL H. RUDMAN
DAVID A. ROSENFELD
CAROLINA C. TORRES
JARRETT S. CHARO
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
ctorres@rgrdlaw.com
jcharo@rgrdlaw.com

*Co-Lead Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2010, I authorized the electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document via the U.S. Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and corrected.  Executed on October 15, 2010.


*/s/ David R. Stickney*
DAVID R. STICKNEY

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:  858/793-0070
858/793-0323 (fax)
davids@blbglaw.com

## Mailing Information for Case No. 1:09-cv-02137-LTS

**Electronic Mail Notice List**

**1:09-cv-02137-LTS Notice has been electronically mailed to:**

Adam N. Zurofsky     azurofsky@cahill.com, MMcLoughlin@cahill.com, NMarcantonio@cahill.com

Andrew James Ehrlich     aehrlich@paulweiss.com

Arthur C. Leahy     artl@rgrdlaw.com

Carolina Cecilia Torres     ctorres@csgrr.com

Christopher Anthony Gorman     cgorman@cahill.com

Christopher Burch Hockett     chris.hockett@dpw.com

David Avi Rosenfeld     drosenfeld@rgrdlaw.com, e_file_ny@rgrdlaw.com

David R. Stickney     davids@blbglaw.com, virginiag@blbglaw.com

Floyd Abrams     fabrams@cahill.com

Hayward Homes Smith     hhsmith@dpw.com, ecf.ct.papers@dpw.com

James J. Coster     jcoster@ssbb.com, jrubins@ssbb.com, managingclerk@ssbb.com

James P. Rouhandeh     james.rouhandeh@dpw.com

Jarrett Scott Charo     jcharo@rgrdlaw.com

Joshua M. Rubins     jrubins@ssbb.com, managingclerk@ssbb.com

Justin Evan Klein     jklein@ssbb.com, managingclerk@ssbb.com

Kristina Marie Mentone     kmentone@reedsmith.com

Mark W. Carbone     wvjustice@aol.com

Martin Flumenbaum     mflumenbaum@paulweiss.com

Matthew I. Alpert     malpert@rgrdlaw.com, e_file_sd@rgrdlaw.com

Nathan R. Lindell     nlindell@rgrdlaw.com, stremblay@rgrdlaw.com

Roberta Ann Kaplan     rkaplan@paulweiss.com

Robin F. Zwerling     rzwerling@zsz.com, jtarshis@zsz.com

Samuel Howard Rudman     srudman@rgrdlaw.com, e_file_ny@rgrdlaw.com

Sarah Penny Windle     windls@cahill.com

Scott H. Saham     scotts@csgrr.com

Susan G. Taylor     susant@rgrdlaw.com

Tammy Lynn Roy     troy@cahill.com, mmcloughlin@cahill.com, ndelutri@cahill.com, nmarcantonio@cahill.com

Thomas E. Egler     tome@rgrdlaw.com, e_file_sd@rgrdlaw.com

Timothy Alan DeLange     timothyd@blbglaw.com, kayem@blbglaw.com, matthewj@blbglaw.com

Tobias James Stern     tstern@paulweiss.com

William Joseph Fenrich     william.fenrich@dpw.com, ecf.ct.papers@dpw.com

**1:09-cv-02137-LTS Notice has been delivered by other means to:**

Keith E. Eggleton
David Andrew McCarthy
Wilson Sonsini Goodrich & Rosati (CA)
650 Page Mill Road
Palo Alto, CA 94304

David T. Biderman
Perkins, Coie L.L.P.
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721

Heather Brae Hoesterey
Reed Smith, LLP (San Francisco)
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111