UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re MORGAN STANLEY MORTGAGE PASS-THROUGH CERTIFICATES LITIGATION | : Civil Action No. 1:09-cv-02137-LTS <br> : <br> : <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | |

CO-LEAD PLAINTIFF WEST VIRGINIA INVESTMENT MANAGEMENT BOARD'S
REQUEST FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)

580879_1

I.      INTRODUCTION AND RELIEF REQUESTED

Following the consolidation of two putative class actions under the above caption and its approval as Lead Plaintiff, West Virginia Investment Management Board ("WVIMB") filed a consolidated amended complaint against the various defendants asserting classwide claims under the Securities Act of 1933.[1]  Defendants moved to dismiss that consolidated complaint on various grounds, including lack of standing and the expiration of the statute of limitations.

On August 17, 2010, the Court issued a Memorandum Opinion and Order ("Dismissal Order," Docket No. 81) granting in part and denying in part defendants' motion to dismiss.  In that order, the Court dismissed with prejudice **all** of WVIMB's claims related to all 2007 trusts – which it had brought pursuant to Securities Act of 1933 §§11, 12, and 15 – arising from WVIMB's multi-million-dollar purchases of 2007-11AR trust certificates.  Dismissal Order at 20.  The Court held that WVIMB lacked standing to assert claims concerning any trusts other than the 2007-11AR trust.  *Id*. at 10.  The Court then dismissed WVIMB's 2007-11AR claims on the ground that they were untimely.  *Id.* at 16.  Notably, the Court held that WVIMB's claims could not relate back to an earlier complaint brought by (then) non-lead plaintiff MissPERS, because "WVIMB's untimely suit *is a separate litigation* from [Miss]PERS' suit."  *Id*. at 19.[2]

As a result of these decisions, the Court concluded that "the only surviving claims" in the case were those asserted concerning 2006 trusts in MissPERS' earlier complaint.  *Id*.  The Court

---

[1]      Although now positioned as a "Co-Lead" Plaintiff, at the time of the consolidated complaint's filing, WVIMB was the sole Lead Plaintiff.  Pursuant to a recent order by this Court, WVIMB has since been joined by Co-Lead Plaintiff Public Employees' Retirement System of Mississippi ("MissPERS").  *See* Docket No. 87 at 1 ("The within, unopposed application is granted insofar as it seeks the appointment of MissPERS as co-lead plaintiff and the appointment of Bernstein Litowitz as co-lead counsel.").

[2]      Unless otherwise noted, emphasis is added and internal citations are omitted.

- 1 -

580879_1

granted leave to amend the complaint to, among other things, "augment and clarify the pleading" of the remaining claims. *Id*. at 20.[3]

In light of the fact that all of WVIMB's 2007 trust claims have been dismissed with prejudice, WVIMB now moves this Court for entry of a Rule 54(b) final judgment, along with an express determination that there is no just reason to delay appellate review of the dismissals.[4]

## II.   ARGUMENT

### A.   The Court's Dismissal Order Satisfies Fed. R. Civ. P. 54(b)

Federal Rule of Civil Procedure 54(b) allows a district court dealing with multiple claims or multiple parties to direct the entry of final judgment as to fewer than all of the claims or parties upon making an express determination that there is no just reason for delay. *See* Fed. R. Civ. P. 54(b); *accord Advanced Magnetics v. Bayfront Partners*, 106 F.3d 11, 12 (2d Cir. 1997). At least one of the claims must be "'finally decided within the meaning of 28 U.S.C. §1291.'" *Id*. at 16 (quoting *Ginett v. Computer Task Group*, 962 F.2d 1085, 1091 (2d Cir. 1992)).

---

[3] Pursuant to the Court's order, on September 10, 2010, MissPERS and additional named plaintiffs filed that amended complaint (the "Second Amended Complaint," Docket No. 84). The claims in the Second Amended Complaint arise out of the 2006 trusts only while WVIMB's dismissed claims arose out of the 2007 trusts. Thus, the claims in the Second Amended Complaint are completely distinct from WVIMB's dismissed claims and there is no overlap between the dismissed claims and the ongoing claims.

[4] In accordance with this Court's Individual Practices, plaintiffs communicated telephonically with defendants on October 19, 2010 regarding the issues set forth in this motion. Additionally, plaintiffs also sent a letter to defendants on October 19, 2010 memorializing the conversation earlier that day. Both sides have outlined their respective positions and after using their best efforts, were unable to come to a resolution without the Court's intervention.

As explained *infra*, the Court's Dismissal Order disposing of WVIMB's claims with prejudice satisfies the Rule's requirements, and there is no just reason to delay appellate review of them.

### 1. The Dismissal Order Is Undeniably Final as to WVIMB's Claims

Despite its ability to hasten appellate review, Rule 54(b) is not an exception to the "final judgment" rule that generally governs federal appeals: Each claim sought to be rendered appealable under the Rule must be "finally decided" within the meaning of §1291 and "found otherwise to be ready for appeal." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956); *accord Ginett*, 962 F.2d at 1092. "Finality" is deemed present if the court's decision "'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim." *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945))).

Such finality exists here with respect to the claims asserted by WVIMB. ***Each*** of the claims that WVIMB asserted has been dismissed ***with prejudice***. Dismissal Order at 20. Given that no amendment of WVIMB's claims was either granted or implied (*id*. at 16, 20), no further action by the Court in connection with those claims is required. The Court's actions thus comprised an "ultimate disposition of [] individual claim[s] entered in the course of a multiple claims action." *Sears, Roebuck*, 351 U.S. at 436.

All that remains to be done is the execution of a final judgment.

### 2. There Is No Just Reason to Delay Entry of Final Judgment

Once having found finality, the district court must go on to determine whether there is any just reason for delay. Fed. R. Civ. P. 54(b). Under this Circuit's precedent, the Court may properly make a finding of "'no just reason for delay'" when "'there exists "some danger of hardship or

- 3 -

injustice through delay which would be alleviated by immediate appeal."'" *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987). It is worth noting that although a Rule 54(b) final judgment was once reserved for those cases deemed "'unusual'" or "'extraordinary,'" the Second Circuit has since recognized that "we cannot . . . hide behind the old 'infrequent harsh case' chestnut." *Ginett*, 962 F.2d at 1095. Rather, the paramount interest is "sound judicial administration." *Sears, Roebuck*, 351 U.S. at 437.

The present matter satisfies that interest.

First, the Court's holdings have completely eliminated WVIMB's stake in this litigation. There is nothing left of WVIMB's 2007 trust claims for it to prosecute in this Court, even as the remainder of the litigation goes forward as to the 2006 trusts. *See, e.g.*, Dismissal Order at 16 (amendment by WVIMB "would be futile"); *see also id.* at 19 ("WVIMB's untimely suit is a separate litigation from [Miss]PERS' suit"). Absent an immediate final judgment, the WVIMB will be forced to endure needless delay waiting for the "separate litigation" to wind its way to a final resolution.

Second, because the "separate litigation" is moving forward in the Second Amended Complaint, allowing the Court of Appeals to rule immediately on WVIMB's dismissed claims could foster judicial economy for both the Court and the litigants. While WVIMB's claims involve only the 2007 trusts, a ruling in WVIMB's favor now would allow it to fold its original claims back into the on-going litigation regarding the 2006 trusts so that the *entire* case could proceed efficiently – through discovery, summary judgment, and possible trial – just one time. Conversely, without an immediate appellate ruling there will be a piecemeal progression: the claims in the Second Amended Complaint concerning the 2006 trusts will proceed while WVIMB's dismissed claims concerning the 2007 trusts are relegated to the sidelines – albeit with the possibility that they will be revived by the

Second Circuit at the matter's ultimate conclusion, and then proceed down the same path already trodden by the parties now litigating the Second Amended Complaint. *Cf.*, *e.g.*, *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) ("[I]t would make no sense to try the antitrust count against New York State alone if the dismissals of the other states or the other claims turned out to be in error. This is precisely the type of 'danger of hardship or injustice,'. . . to which Rule 54(b) is directed.").

Third, the present state of affairs means that despite continuing in its role as Co-Lead Plaintiff, WVIMB has no real stake in the litigation. While WVIMB is committed to fulfilling its Lead Plaintiff function in accordance with the duties owed to the absent class, the present situation is a legal oddity: With its stake in the litigation erased by the dismissals, the very factor Congress deemed so important in appointing institutional lead plaintiffs is absent here – at least for the time being. *Cf. In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 17 (D.D.C. 2006) (with PSLRA's lead-plaintiff provisions, "Congress sought to attract lead plaintiffs with a significant financial stake in the litigation").

Finally, given the time-value of money and WVIMB's duty to its participants, WVIMB has a substantial interest not just in maximizing the recovery in this matter but doing so as expeditiously as possible. WVIMB purchased over *$6.3 million* in trust certificates, and suffered significant economic injury because the offering documents related thereto contained materially false and misleading statements. Absent entry of a final judgment necessary to facilitate appellate review, the ongoing delay will leave WVIMB in legal purgatory, preventing it from finality on its claims or a reversal of this Court's order and the ability to proceed toward realizing the monetary recovery it seeks in the matter.

At bottom, the "overall purpose of Rule 54(b) is to create an exception to the longstanding prudential policy against piecemeal appeals – and to permit district courts to determine that parties should, in certain circumstances, be exempted from the burden of awaiting the final outcome of a multi-party or multi-claim case." *Willhauck v. Halpin*, 953 F.2d 689, 701 (1st Cir. 1991).  That is exactly what is called for here.

### III.    CONCLUSION

For the foregoing reasons, WVIMB respectfully requests that the Court expressly determine that there is no just reason to delay appellate review of its dismissed claims, and enter final judgment as to WVIMB's claims pursuant to Rule 54(b).

DATED:  October 20, 2010

Respectfully submitted,

ROBBINS GELLER RUDMAN
   & DOWD LLP
ARTHUR C. LEAHY
SCOTT H. SAHAM

   s/ Arthur C. Leahy
ARTHUR C. LEAHY

655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
artl@rgrdlaw.com
scotts@rgrdlaw.com

SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 20, 2010.

                                        s/ Arthur C. Leahy
                                        ARTHUR C. LEAHY

                                        ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                        655 West Broadway, Suite 1900
                                        San Diego, CA  92101-3301
                                        Telephone:  619/231-1058
                                        619/231-7423 (fax)
                                        E-mail:  artl@rgrdlaw.com

# Mailing Information for a Case 1:09-cv-02137-LTS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  fabrams@cahill.com

- **Matthew I. Alpert**
  malpert@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Mark W. Carbone**
  wvjustice@aol.com

- **Jarrett Scott Charo**
  jcharo@rgrdlaw.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com,jrubins@ssbb.com

- **Timothy Alan DeLange**
  timothyd@blbglaw.com,kayem@blbglaw.com,kristinas@blbglaw.com,matthewj@blbglaw.com

- **Thomas E. Egler**
  tome@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Andrew James Ehrlich**
  aehrlich@paulweiss.com

- **William Joseph Fenrich**
  william.fenrich@dpw.com,ecf.ct.papers@dpw.com

- **Martin Flumenbaum**
  mflumenbaum@paulweiss.com

- **Christopher Anthony Gorman**
  cgorman@cahill.com

- **Christopher Burch Hockett**
  chris.hockett@dpw.com

- **Roberta Ann Kaplan**
  rkaplan@paulweiss.com

- **Justin Evan Klein**
  jklein@ssbb.com,managingclerk@ssbb.com

- **Arthur C. Leahy**

artl@rgrdlaw.com

- **Nathan R. Lindell**
  stremblay@rgrdlaw.com,nlindell@rgrdlaw.com

- **Kristina Marie Mentone**
  kmentone@reedsmith.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **James P. Rouhandeh**
  james.rouhandeh@dpw.com

- **Tammy Lynn Roy**
  troy@cahill.com,ndelutri@cahill.com,mmcloughlin@cahill.com,nmarcantonio@cahill.com

- **Joshua M. Rubins**
  jrubins@ssbb.com,managingclerk@ssbb.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Scott H. Saham**
  scotts@csgrr.com

- **Hayward Homes Smith**
  hhsmith@dpw.com,ecf.ct.papers@dpw.com

- **Tobias James Stern**
  tstern@paulweiss.com

- **David R. Stickney**
  davids@blbglaw.com,denab@blbglaw.com,virginiag@blbglaw.com

- **Susan G. Taylor**
  susant@rgrdlaw.com

- **Carolina Cecilia Torres**
  ctorres@csgrr.com

- **Sarah Penny Windle**
  windls@cahill.com

- **Adam N. Zurofsky**
  azurofsky@cahill.com,MMcLoughlin@cahill.com,NMarcantonio@cahill.com

- **Robin F. Zwerling**
  rzwerling@zsz.com,jtarshis@zsz.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
David T. Biderman
```
Perkins, Coie, L.L.P.
1620 26th Street 6th
South Tower
Santa Monica, CA 90404-4013

```
Keith E. Eggleton
```
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304

```
Judith B. Gitterman
```
Perkins Coie LLP (Santa Monica)
South Tower
1620 26th Street, 6th Floor
Canta Monica, CA 90404

```
Heather Brae Hoesterey
```
Reed Smith, LLP (San Francisco)
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111

```
David Andrew McCarthy
```
Wilson Sonsini Goodrich & Rosati (CA)
650 Page Mill Road
Palo Alto, CA 94304

```
Brett M. Middleton
```
Bernstein Litowitz Berger & Grossmann LLP (San Diego)
12481 High Bluff Drive
Suite 300
San Diego, CA 92130

```
David A. Thorpe
```
Bernstein Litowitz Berger & Grossmann LLP (San Diego)
12481 High Bluff Drive
Suite 300
San Diego, CA 92130