UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
:
In re Morgan Stanley Mortgage Pass- :
Through Certificates Litigation :
:                             MASTER FILE
-------------------------------------------------------: 09 Civ. 2137 (LTS)(MHD)
:
This Document Relates To: :
:
    All Actions :
:
-------------------------------------------------------x


# MEMORANDUM OF LAW IN OPPOSITION TO CO-LEAD PLAINTIFF WEST VIRGINIA INVESTMENT MANAGEMENT BOARD'S REQUEST FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)


DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

Attorneys for Defendants Morgan Stanley
  Capital I Inc., Morgan Stanley Mortgage
  Capital Holdings LLC, Morgan Stanley &
  Co. Incorporated, Morgan Stanley, David
  R. Warren, Anthony B. Tufariello,
  William J. Forsell, and Steven S. Stern

Defendants submit the instant opposition to plaintiff West Virginia Investment Management Board's ("WVIMB's") motion for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure with respect to the Court's August 17, 2010 dismissal with prejudice of WVIMB's claims (hereinafter "WVIMB Rule 54(b) Motion").  For the following reasons, WVIMB's motion should be denied.

## PRELIMINARY STATEMENT

On October 20, 2010—more than two months after this Court dismissed its claims with prejudice—WVIMB filed the instant motion for entry of final judgment under Rule 54(b).  Rule 54(b) certification is an extraordinary and disfavored remedy and there is no sound reason to grant such relief here.  Having previously argued to this Court that its own action should be consolidated with that of co-lead plaintiff PERS because of the substantial overlap of issues between the two sets of claims, WVIMB now does an about-face in an effort to separate its action from that of PERS so that it can immediately appeal this Court's dismissal of its claims with prejudice.  The relief sought would inevitably lead to the possibility of piecemeal appeals, and WVIMB has failed to come forward with any injustice or hardship that would justify such an unusual result.

## PROCEDURAL HISTORY

On May 7, 2009, WVIMB filed a putative class action wherein it alleged that defendants had sold mortgage pass-through certificates pursuant to false and misleading offering documents.  Shortly thereafter, on June 5, 2009, WVIMB moved to consolidate its purported class-action with "the related" action filed by Public Employees' Retirement System of Mississippi ("PERS") on March 9, 2009 "on the grounds that the related actions involve common questions of law and fact."  (See WVIMB Notice of Motion, June 5, 2009, at 1; see also WVIMB Mem. Supp. Motion,

June 5, 2009 ("WVIMB Consol. Mem.") at 2 (arguing that the actions "should be consolidated because each involves substantially similar issues of law and fact").) WVIMB's motion to consolidate, in which it also sought to be appointed lead plaintiff (and its counsel lead counsel), was unopposed. WVIMB argued, inter alia, that "common questions of law" bound the WVIMB and PERS actions "such that each of their claims will raise the same set of legal questions." (WVIMB Consol. Mem. at 6.)

On July 17, 2009, the Court granted WVIMB's motion for consolidation "in the interests of judicial economy," determining that the WVIMB and PERS actions presented "common factual and legal issues" and involved "overlapping defendants" and "similar subject matter." (July 17, 2009 Order at 2.) The Court also granted WVIMB's motion to be appointed lead plaintiff and its counsel lead class counsel. (Id. at 3.)

On September 15, 2009, WVIMB filed the Consolidated Amended Complaint ("CAC") in this action, in which it named only itself as lead plaintiff and generally made the same allegations it had made in it its prior stand-alone complaint. (See CAC ¶¶ 1-4.) Although WVIMB alleged to have bought certificates from one trust, Morgan Stanley Mortgage Loan Trust 2007-11AR, it nonetheless attempted to bring claims on behalf of purchasers from thirty-one different 2006 and 2007 trusts. (Id. ¶¶ 9, 13.) On November 16, 2009, Defendants filed a motion to dismiss WVIMB's complaint, arguing that WVIMB lacked standing to pursue claims based upon trusts from which WVIMB did not purchase pass-through certificates. Defendants also argued that the CAC failed to state a claim upon which relief could be granted because WVIMB's claims were untimely and because the CAC was legally and factually insufficient in a number of respects.

On August 17, 2010, the Court granted defendants' motion to dismiss with prejudice as to

all of WVIMB's claims.  In so doing, the Court held that WVIMB lacked standing to pursue all of its claims other than those deriving from the 2007-11AR trust, and that, in any event, its claims were untimely.  In re Morgan Stanley Mortgage Pass-Through Certificate Litig., No. 09 Civ. 2137 (LTS)(MHD), 2010 WL 3239430, at *5, 10 (S.D.N.Y. Aug. 17, 2010).  The Court also granted leave to amend the CAC to demonstrate PERS' standing with respect to any of the claims that had been dismissed for lack thereof and to augment and clarify PERS' asserted claims.  Id. at *10.

Pursuant to the Court's order, PERS filed a second amended complaint ("SAC") on September 10, 2010, which does not name WVIMB as a plaintiff.  Immediately before PERS filed the SAC, WVIMB and PERS sought to modify the lead plaintiff order in the litigation so as to add PERS as co-lead plaintiff (and its counsel as co-lead counsel) while maintaining WVIMB's status in the litigation as co-lead plaintiff.  Defendants filed a motion to dismiss the SAC on October 11, 2010 and raised many of the same arguments that defendants raised previously when they moved to dismiss the CAC—arguments for dismissal with which this Court agreed—including that PERS lacks standing to bring certain of its claims, that PERS' (and others') claims are untimely, and that the SAC is legally and factually insufficient in a number of respects similar to the deficiencies defendants raised in their motion to dismiss the CAC.  Defendants' motion currently is scheduled to be fully briefed on November 23, 2010.

**ARGUMENT**

As this Court has recognized, its power to grant Rule 54(b) certification should be "exercised sparingly" and "only if there are interests of sound judicial administration and efficiency to be served, or in the infrequent harsh case where there exists some danger of hardship or injustice through delay that would be alleviated by immediate appeal."  Take-Two

3

Interactive Software, Inc. v. Brant, No. 06 Civ. 5279 (LTS), 2010 WL 882987, at *2 (S.D.N.Y. Mar. 5, 2010) (quoting Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991)); see also Cullen v. Margiotta, 618 F.2d 226, 228 (2d. Cir. 1980) (per curiam) (endorsing the notion that "54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel" and stating that the power conferred on the trial court by Rule 54(b) should be used "only in the infrequent harsh case") (internal quotations and citations omitted)).

Under Rule 54(b), the Court may certify WVIMB's dismissal as a final judgment and direct the clerk to enter judgment—thereby allowing for immediate appeal—only by making an express determination that there is "no just reason for delay."  Fed. R. Civ. P. 54(b).  There is no basis for such a determination under the circumstances of this case.

**A.      The Risk of Multiple Appeals Precludes an Immediate Appeal**

The interests of judicial administration and efficiency would not be served by entry of a Rule 54(b) partial final judgment with respect to WVIMB's claims in advance of the final adjudication of all of the claims in this action.  Indeed, entry of such a partial final judgment would contravene the "historic federal policy against piecemeal appeals."  See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).  This federal policy dictates that, in cases where (as here) a complaint has been dismissed as to one party but not as to others, a court "should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated" by the undismissed parties.  Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1025 (2d Cir. 1992).  As this Court has observed, where appellate adjudication of a dismissed party's claims "presents the very real prospects of multiple appeals implicating the same issues" and where issues between dismissed and ongoing claims "overlap," dismissed claims are "not suited" for certification under Rule 54(b).  See Take-Two Interactive,

2010 WL 882987, at *2. There can be no question that the legal issues and claims raised in the SAC are "inextricably intertwined" with those raised by WVIMB such that Rule 54(b) certification should be denied. See id. (quoting Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1095 (2d Cir. 1992)).

Indeed, this Court recognized the substantial overlap between WVIMB's and PERS' claims when it held that the interests of judicial economy warranted granting WVIMB's unopposed consolidation motion—a motion in which WVIMB itself argued that its claims "raise the same set of legal questions" as those raised by PERS' claims. (See WVIMB Consol. Mem. at 6 (emphasis added).) Contrary to WVIMB's assertion that not granting its Rule 54(b) application now runs the risk of duplicative appeals, the opposite, in fact, holds true. Were the Court to grant WVIMB's motion and pave the way for WVIMB's immediate appeal, the remaining plaintiffs could be appealing the very same legal issues in relatively short order if defendants' pending motion to dismiss is granted—a motion that seeks to dismiss the remaining claims in the SAC for many, if not all, of the same reasons that the Court dismissed WVIMB's claims. "In such circumstances, where the resolution of the remaining claims could conceivably affect [the Second Circuit's] decision on the appealed claim, the interlocutory order of dismissal should normally remain interlocutory and therefore subject to appropriate revision until the liabilities of all the defendants have been adjudicated." Hogan, 961 F.2d at 1025 (citations omitted); see also Cullen, 618 F. 2d 226 at 228 (holding that judicial economy would "best be served by delaying appeal until all issues can be confronted by [the Second Circuit] in a unified package"). Accordingly, the most efficient and administratively sound way of proceeding is for WVIMB to wait to pursue its appellate rights until a final decision is rendered on the remaining claims in the SAC, at which time an appeal of the same or similar legal issues

5

can be taken at once.

**B.     No "Hardship or Injustice" to WVIMB Exists**

WVIMB has failed to demonstrate that its case is one of such severity that "there exists some danger of hardship or injustice through delay," thereby requiring an immediate appeal. See Take-Two Interactive, 2010 WL 882987, at *2; see also Cullen, 618 F. 2d at 228 ("Postponement of appeal until the remaining claims have been adjudicated presents no danger of prejudice, hardship or injustice to any party."). Unlike litigants whose circumstances have been deemed sufficiently extraordinary to warrant certification under Rule 54(b), WVIMB is not in a position where it could be harmed by delay because defendants are on the brink of insolvency. See, e.g., HSW Enters., Inc. v. Woo Lae Oak, Inc., No. 08 Civ. 8476 (LBS), 2010 WL 1630686, at *3 (S.D.N.Y. Apr. 21, 2010) (granting Rule 54(b) certification where defendants had "threatened to file for bankruptcy," which would have impaired plaintiffs' ability to collect any judgment); Pereira v. Cogan, 275 B.R. 472, 474 (S.D.N.Y. 2002) ("Courts have frequently found no just reason for delay, and entered a Rule 54(b) judgment, when the judgment debtor is insolvent or may become insolvent before the conclusion of judicial proceedings." (collecting cases)).[1] Likewise, WVIMB is not in a situation where it is sitting on an immediately executable settlement, see World Trade Ctr. Props. LLC v. United Airlines, Inc. (In re September 11 Litig.), No. 21 MC 101, 2010 WL 3260141, at *1 (S.D.N.Y. July 23, 2010), nor where the district court—having decided all motions to dismiss pending before it (dismissing thirty of thirty-one defendants) and contemplating a trial on the merits against the remaining defendant— has concluded that immediate appeal would avoid the need for a duplicative trial in the event of a

---

[1] See also Curtiss-Wright, 446 U.S. at 12 ("[I]f [a defendant's] financial position were such that a delay in entry of judgment . . . would impair [a plaintiff's] ability to collect on the judgment, that would weigh in favor of certification [under Rule 54(b)].").

reversal, see Grand River Enters. Six Nations v. Pryor, No. 02 Civ. 5068 (JFK), 2004 WL 2480433, at *2 (S.D.N.Y. Nov. 3, 2004), aff'd, 425 F.3d 158 (2d Cir. 2005).

Instead, WVIMB argues that it will suffer hardship if its appeal is delayed because it no longer would have a "real stake in the litigation" and because a delayed appeal could prolong its possible economic recovery, particularly in light of the "time-value of money." (See WVIMB Rule 54(b) Motion at 4-5.) Neither argument brings WVIMB within the class of litigants whose circumstances are so harsh and extraordinary to mandate Rule 54(b)'s deviation from the standard mechanisms for appellate review. Every litigant in a multi-party case lacks a "real stake" in an ongoing litigation once that litigant's claims are dismissed; thus, to grant WVIMB's motion on that basis would render Rule 54(b) meaningless. As the Supreme Court has made clear, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Curtiss-Wright, 446 U.S. at 8.

As for the "time value of money" argument, every litigant in a multi-party case who is seeking monetary damages and has her claims dismissed with prejudice must await appeal and prolong possible economic recovery. There is nothing unique or extraordinary about those circumstances, even considering the "time value of money," particularly where, as here, WVIMB has made no cogent argument as to why it needs a potential economic recovery sooner rather than later, other than the fact that WVIMB would prefer it. This preference is not the type of "hardship" that justifies an immediate appeal, let alone an immediate appeal that inevitably raises the risk of multiple appeals.

Finally, that WVIMB waited two months after its claims were dismissed with prejudice to move for entry of final judgment under Rule 54(b) belies WVIMB's contention that it would

7

suffer hardship or injustice absent an immediate appeal.  See Bank of New York v. Hoyt, 108 F.R.D. 184, 185-86 (D.R.I. 1985) ("[T]he longer an aggrieved party waits after receiving notice of the court's ruling, the less likely it will be—in the typical case—that he can persuade the [court] that there is, in the language of the rule, 'no just reason for delay.'  (After all, such thumb-twiddling is itself some evidence that the disappointed suitor considers delay in seeking appellate review a tolerable circumstance.)").  Moreover, WVIMB has effectively conceded that it will not suffer any harm or injustice by taking an appeal in the normal course by stating that, even if the Court were to deny its request for Rule 54(b) certification, WVIMB "intends to take an appeal at the conclusion of this litigation, on behalf of itself and all 2007 trust purchasers." (See Response to Sept. 27, 2010 Order to Show Cause, Oct. 15, 2010, at 4 n.2.)  WVIMB will simply suffer no unusual "hardship or injustice" by awaiting—in accordance with normal and preferred federal practice—the disposition of the entire case before obtaining appellate review of the dismissal of its claims against defendants.

## **CONCLUSION**

For the reasons set forth above, defendants respectfully request that the Court deny WVIMB's request for entry of final judgment pursuant to Rule 54(b).

Dated:  November 5, 2010
      New York, New York

                DAVIS POLK & WARDWELL LLP

                By:     s/ James P. Rouhandeh
                         James P. Rouhandeh
                         (rouhandeh@davispolk.com)

                450 Lexington Avenue
                New York, New York 10017
                (212) 450-4000

                Attorneys for Defendants Morgan Stanley
                  Capital I Inc., Morgan Stanley Mortgage
                  Capital Holdings LLC, Morgan Stanley &
                  Co. Incorporated, Morgan Stanley, David
                  R. Warren, Anthony B. Tufariello,
                  William J. Forsell, and Steven S. Stern