UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ———————————————— x | | |
| In re MORGAN STANLEY MORTGAGE | : | Civil Action No. 1:09-cv-02137-LTS |
| PASS-THROUGH CERTIFICATES | : | |
| LITIGATION | : | CLASS ACTION |
| ———————————————— | : | |
| | : | |
| This Document Relates To: | : | |
| | : | |
| ALL ACTIONS. | : | |
| ———————————————— x | | |

REPLY IN SUPPORT OF CO-LEAD PLAINTIFF
WEST VIRGINIA INVESTMENT MANAGEMENT BOARD'S
REQUEST FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)

586054_1

## I.      INTRODUCTION

As Co-Lead Plaintiff West Virginia Investment Management Board ("WVIMB") demonstrates in its Request for Entry of Final Judgment Pursuant to Rule 54(b) (Dkt. No. 93) ("WVIMB Mem."), and defendants fail to sufficiently rebut in their opposition, the entry of final judgment as to WVIMB's discrete claims is warranted under Fed. R. Civ. P. 54(b).

## II.     ARGUMENT

### A.      Defendants Do Not Contest that This Court's Previous Dismissal of WVIMB's Claims Is Undeniably Final

Although omitted from their recitation of this litigation's procedural history, defendants cannot deny that each of WVIMB's claims was dismissed with prejudice and, therefore, finality exists with respect to the claims asserted by WVIMB in this action.  *See* WVIMB Mem. at 3; *cf. Info. Res., Inc. v. Dun & Bradstreet Corp.*, 294 F.3d 447, 453 (2d Cir. 2002) (finding no "finality" when there remained "work to be done by the district court with respect to the claims included in the Rule 54(b) certification").  Thus, as the Second Circuit instructs, because finality is undisputed, all that remains is for the Court to execute final judgment.  *See Ginett v. Computer Task Group*, 962 F.2d 1085,1092 (2d. Cir. 1992)  ("If the decision 'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim, then the decision is final.") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).[1]

---

[1]      All emphasis herein is added and citations omitted unless otherwise noted.

**B.**   **Defendants' Arguments Against Entry of Final Judgment Are Unavailing**

Under this Circuit's precedent, when deciding whether there is "no just reason for delay," the "proper guiding star, as the Supreme Court has emphasized, is 'the interest of sound judicial administration.'" *Ginett*, 962 F.2d at 1095 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)).[2]  As WVIMB explained in its request, the present matter satisfies that interest.

First, because the issue at the heart of WVIMB's request for entry of final judgment revolves solely around the Court's application of the statute of limitations to WVIMB's claims, there is little doubt that whether WVIMB's claims are time-barred is "a discrete and straightforward legal issue which the Court of Appeals can resolve quickly and which will serve the goal of judicial economy." *Roebuck v. Guttman*, 678 F. Supp. 68, 70 (S.D.N.Y. 1988).  Moreover, the Second Circuit's immediate inquiry would be "directed to the individual facts" specifically germane to the timeliness of WVIMB's claims.  *Bowne of New York City v. AmBase Corp.*, 161 F.R.D. 270, 272 (S.D.N.Y. 1995).  The interests of judicial economy would be served because if the Second Circuit ultimately ruled in WVIMB's favor, WVIMB then could fold its claims regarding the 2007 trusts back into the on-going litigation regarding the 2006 trusts so that "'sound judicial administration'" can be achieved and the ***entire*** case could proceed efficiently.  *Ginett*, 962 F.2d at 1095; *see also* WVIMB Mem. at 4.

---

[2]    *See also Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 419 (2d. Cir. 1989) ("'However accurate it may be as a description of cases qualifying for Rule 54(b) treatment, the phrase "infrequent harsh case" in isolation is neither workable nor entirely reliable as a benchmark for appellate review.'. . .  [T]he Supreme Court cautions us to review the sufficiency of these factors within the broad scope of the district court's discretion to see if certification is in the 'interest of sound judicial administration.'") (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 120 (1980)).

Second, WVIMB's claims regarding the 2007 trusts are completely distinct from those alleged in the Second Amended Complaint ("SAC") (Dkt. No. 84), which relate solely to the 2006 trusts. However, even if, as defendants claim, there may be some overlap, this supposed overlap does not foreclose entry of judgment. *See also* WVIMB Mem. at 2 n.3. Even in cases where claims "may be 'in respect of or arising out of the same transaction, occurrence, or series of transactions and occurrences' . . . ***they are not necessarily inextricably intertwined*.*" AmBase*, 161 F.R.D. at 273 (citing *Ginett*, 962 F.2d at 1095); *Computech Int'l, Inc. v. Compaq Computer Corp.*, No. 02 Civ. 2628 (RWS), 2004 U.S. Dist. LEXIS 20410, at *8 (S.D.N.Y. Oct. 14, 2004) ("The mere interrelatedness of claims does not connote their inseparability.").[3] Defendants try to elevate the parties' claims' purported similarities into intertwined, inseparable images of each other, but as the Second Circuit held in *Ginett*, "[t]here is always an underlying interrelatedness of the claims between the parties in a multiparty civil action . . . . However, this interrelatedness cannot, in itself, 'inextricably intertwine' the claims so as to preclude appellate review; otherwise, every multiparty case (and virtually every multiclaim case) would elude the entry of a rule 54(b) judgment, and rule 54(b) would be meaningless." 962 F.2d at 1095-1096; *see also AmBase*, 161 F.R.D. at 273 ("It is important to remember that although the same facts may be involved in several different appeals, the Court of Appeals will decide different issues regarding those facts in each appeal.").

Third, defendants' suggestion that there is the risk of duplicative appeals if the Court entered final judgment only as to WVIMB's claims is unpersuasive. Defendants' argument depends upon

---

[3]     *See also Blue Cross v. SmithKline Beecham Clinical Lab., Inc.*, 108 F. Supp. 2d 125, 2000 U.S. Dist. LEXIS 14613, at *20 (D. Conn. 2000) (entering final judgment as to ERISA claims dismissed for plaintiffs' lack of standing because "[t]his is a separate legal issue not intertwined with the determination of the remaining fraud claims or the remaining six plaintiffs who have sufficient standing to allege ERISA violations").

- 3 -

the conclusory premise that the Court will grant defendants' pending motion to dismiss the SAC with prejudice, and that Co-Lead Plaintiff Public Employees' Retirement System of Mississippi ("MissPERS") and the new named plaintiffs will then appeal. What defendants overlook is that this Court just as easily could uphold the SAC in its entirety, or even grant dismissal with leave to amend. Moreover, because there is ***always*** a risk of another appeal following an entry of judgment pursuant to Rule 54(b), if defendants' argument carried the day, the Rule's provision of finality (and, thus, immediate appellate review) would be rendered meaningless. *Cf. Estate of Metzermacher v. AMTRAK*, 487 F. Supp. 2d 24, 28 (D. Conn. 2007) ("This is . . . not a case where Rule 54(b) certification would inevitably require 'two (or more) three-judge panels to familiarize themselves with a given case.'") (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 630, 631 (2d Cir. 1991)).

Finally, while it is true that an inherent risk in multi-party and multi-claim litigation is that a litigant who had her claims dismissed with prejudice must await an appeal and a prolonged economic recovery, the hardship here is especially acute. WVIMB purchased $6.3 million in Morgan Stanley trust certificates on behalf of West Virginia's public employees, *i.e.*, teachers, law enforcement and court personnel. Because of its fiduciary responsibility to its participants, WVIMB seeks entry of final judgment so as to facilitate immediate appellate review and (hopefully) proceed toward realizing the monetary recovery it seeks in the matter on behalf of West Virginia's public employees.

Moreover, as a large state pension fund, it is not unreasonable – as defendants suggest – that WVIMB waited approximately two months before filing the instant motion. As a large institutional investor responsible for over $10 billion in assets, WVIMB does not make litigation decisions on a whim; rather, in keeping with its fiduciary status, it must follow proper procedures required by its

- 4 -

bylaws and trustees board before coming to an ultimate decision on how to proceed.  Even the

decision cited to by defendants, *Bank of New York v. Hoyt*, 108 F.R.D. 184 (D.R.I. 1985), noted that

"though the seasonableness of an effort to obtain Rule 54(b) certification is certainly a factor to be

weighed in the mix, ***it should not be accorded talismanic importance***.  In the absence of a fixed

time limit for taking action, it seems prudent for the court to assess ***the timeliness of such an***

***initiative on a case-by-case basis***."  *Id.* at 186.  Considering that WVIMB is a large state pension

fund governed by a board of trustees, filing a motion seeking entry of final judgment after

considered, internal deliberations can hardly be labeled as "thumb-twiddling."  *Id.* at 185.

## III.   CONCLUSION

Because WVIMB's motion satisfies the requirements necessary for entry of final judgment

pursuant to Rule 54(b), and defendants' arguments fail to demonstrate otherwise, WVIMB

respectfully requests that the Court enter final judgment as to WVIMB's claims.

DATED:  November 15, 2010              Respectfully submitted,

                                       ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                       ARTHUR C. LEAHY
                                       SCOTT H. SAHAM


                                                 s/ ARTHUR C. LEAHY
                                       _____
                                                  ARTHUR C. LEAHY

                                       655 West Broadway, Suite 1900
                                       San Diego, CA  92101-3301
                                       Telephone:  619/231-1058
                                       619/231-7423 (fax)
                                       artl@rgrdlaw.com
                                       scotts@rgrdlaw.com

586054_1

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

Lead Counsel for Plaintiffs

586054_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 15, 2010.

s/ ARTHUR C. LEAHY
ARTHUR C. LEAHY

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  artl@rgrdlaw.com

586054_1

# Mailing Information for a Case 1:09-cv-02137-LTS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  fabrams@cahill.com

- **Matthew I. Alpert**
  malpert@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Mark W. Carbone**
  wvjustice@aol.com

- **Jarrett Scott Charo**
  jcharo@rgrdlaw.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com,jrubins@ssbb.com

- **Timothy Alan DeLange**
  timothyd@blbglaw.com,kayem@blbglaw.com,kristinas@blbglaw.com,matthewj@blbglaw.com

- **Thomas E. Egler**
  tome@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Andrew James Ehrlich**
  aehrlich@paulweiss.com

- **William Joseph Fenrich**
  william.fenrich@dpw.com,ecf.ct.papers@dpw.com

- **Martin Flumenbaum**
  mflumenbaum@paulweiss.com

- **Christopher Anthony Gorman**
  cgorman@cahill.com

- **Christopher Burch Hockett**
  chris.hockett@dpw.com

- **Roberta Ann Kaplan**
  rkaplan@paulweiss.com

- **Justin Evan Klein**
  jklein@ssbb.com,managingclerk@ssbb.com

- **Arthur C. Leahy**

artl@rgrdlaw.com

- **Nathan R. Lindell**
  stremblay@rgrdlaw.com,nlindell@rgrdlaw.com

- **Ryan A. Llorens**
  ryanl@rgrdlaw.com,jshinnefield@csgrr.com

- **Kristina Marie Mentone**
  kmentone@reedsmith.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **James P. Rouhandeh**
  james.rouhandeh@dpw.com

- **Tammy Lynn Roy**
  troy@cahill.com,ndelutri@cahill.com,mmcloughlin@cahill.com,nmarcantonio@cahill.com

- **Joshua M. Rubins**
  jrubins@ssbb.com,managingclerk@ssbb.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Scott H. Saham**
  scotts@csgrr.com

- **Hayward Homes Smith**
  hhsmith@dpw.com,ecf.ct.papers@dpw.com

- **Tobias James Stern**
  tstern@paulweiss.com

- **David R. Stickney**
  davids@blbglaw.com,denab@blbglaw.com,virginiag@blbglaw.com

- **Susan G. Taylor**
  susant@rgrdlaw.com

- **Carolina Cecilia Torres**
  ctorres@csgrr.com

- **Sarah Penny Windle**
  windls@cahill.com

- **Adam N. Zurofsky**
  azurofsky@cahill.com,MMcLoughlin@cahill.com,NMarcantonio@cahill.com

- **Robin F. Zwerling**
  rzwerling@zsz.com,jtarshis@zsz.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**David T. Biderman**
Perkins, Coie, L.L.P.
1620 26th Street 6th
South Tower
Santa Monica, CA 90404-4013

**Keith E. Eggleton**
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304

**Judith B. Gitterman**
Perkins Coie LLP (Santa Monica)
South Tower
1620 26th Street, 6th Floor
Canta Monica, CA 90404

**Heather Brae Hoesterey**
Reed Smith, LLP (San Francisco)
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111

**David Andrew McCarthy**
Wilson Sonsini Goodrich & Rosati (CA)
650 Page Mill Road
Palo Alto, CA 94304

**Brett M. Middleton**
Bernstein Litowitz Berger & Grossmann LLP (San Diego)
12481 High Bluff Drive
Suite 300
San Diego, CA 92130

**David A. Thorpe**
Bernstein Litowitz Berger & Grossmann LLP (San Diego)
12481 High Bluff Drive
Suite 300
San Diego, CA 92130