UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                   :

In re Morgan Stanley Mortgage Pass-      :
Through Certificates Litigation            :

                                   :     MASTER FILE
-------------------------------------------------------:    09 Civ. 2137 (LTS)(MHD)
                                   :

This Document Relates To:         :

                                   :
    ALL ACTIONS             :
                                   :
-------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS THE SECOND AMENDED COMPLAINT**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

Attorneys for Defendants Morgan Stanley
   Capital I Inc., Morgan Stanley Mortgage
   Capital Holdings LLC, Morgan Stanley &
   Co. Incorporated, Morgan Stanley, David
   R. Warren, Anthony B. Tufariello,
   William J. Forsell, and Steven S. Stern

# TABLE OF CONTENTS

ARGUMENT ...................................................................................................................1

I.      Plaintiffs' Claims Are Time-Barred .................................................................1

    A.      Plaintiffs Have Failed to Plead Compliance with Section 13 ..................1

    B.      New Plaintiffs' Claims Also Are Barred by Section 13's Statute of Repose .........4

    C.      New Plaintiffs' Claims Do Not Relate Back to PERS' Filing ................6

II.     Plaintiffs Have Not Alleged Any Cognizable Injury .........................................7

III.    PERS Lacks Statutory Standing to Bring Its Section 12(a)(2) Claims ............................9

IV.     Plaintiffs Have Failed to Allege Any Actionable Misrepresentation or Omission ...........9

CONCLUSION..............................................................................................................11

# TABLE OF AUTHORITIES

PAGE

CASES

Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11 (2d Cir. 1997) ..................... 7

Akerman v. Oryx Commc'ns, Inc., 810 F.2d 336 (2d Cir. 1987).................................................. 8

American Pipe and Construction Co. v. Utah, 414 U.S. 538 (1974) ................................. 1, 4, 5, 6

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009)..................................................................................... 10

Bell Atl. v. Twombly, 550 U.S. 544 (2007) .................................................................................. 10

In re AOL Time Warner, Inc. Sec. & ERISA Litig.,
    381 F. Supp. 2d 192 (S.D.N.Y. 2004) ..................................................................................... 9

In re Broderbund/Learning Co. Sec. Litig., 294 F.3d 1201 (9th Cir. 2002) .................................. 9

In re Countrywide Fin. Corp. Sec. Litig., 588 F. Supp. 2d 1132 (C.D. Cal. 2008) ....................... 9

In re Crazy Eddie Sec. Litig., 747 F. Supp. 850 (E.D.N.Y. 1990) ........................................... 5, 6

In re Flag Telecom Holdings, Ltd., 352 F. Supp. 2d 429 (S.D.N.Y. 2005) .................................. 6

In re IndyMac Mortgage-Backed Sec. Litig., No. 09 Civ. 4583 (LAK),
    2010 WL 2473243 (S.D.N.Y. June 21, 2010) ................................................................... 3, 10

In re Morgan Stanley Mortgage Pass-Through Certificates Litig.,
    No. 09 Civ. 2137 (LTS)(MHD), 2010 WL 3239430 (S.D.N.Y. Aug. 17, 2010) ........... passim

In re Wells Fargo Mortgage-Backed Certificates Litig.,
    No. 09-CV-01376-LHK, 2010 WL 4117477 (N.D. Cal. Oct. 19, 2010)........................... 5, 6

In re Wells Fargo Mortgage-Backed Certificates Litig.,
    712 F. Supp. 2d 958 (N.D. Cal. 2010) ..................................................................................... 4

Korwek v. Hunt, 827 F.2d 874 (2d Cir. 1987)............................................................................... 6

Krupski v. Costa Cruciere S.p.A., 130 S. Ct. 2485 (2010)........................................................... 7

Lampf v. Gilbertson, 501 U.S. 350 (1991) .................................................................................... 5

Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 597 F.3d 84 (2d Cir. 2010).......................... 5

Merck & Co. v. Reynolds, 130 S. Ct. 1784 (2010) ....................................................................... 3

NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.,
    No 08 Civ. 10783 (MGC), 2010 WL 4054149 (S.D.N.Y. Oct. 15, 2010)............................ 7, 8

N.J. Carpenters Health Fund v. DLJ Mortgage Capital, Inc.,
    No. 08 Civ. 5653 (PAC), 2010 WL 1473288 (S.D.N.Y. Mar. 29, 2010) ............................ 8, 10

N.J. Carpenters Vacation Fund v. Royal Bank of Scotland Group, PLC,
    No. 08 Civ. 5093, 2010 WL 1172694 (S.D.N.Y. Mar. 26, 2010) ..................................... 3, 10

P. Stolz Family P'ship L.P. v. Daum, 355 F.3d 92 (2d Cir. 2004) ................................................. 5

Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.,
    658 F. Supp. 2d 299 (D. Mass. 2009) ................................................................................... 10

Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co. Inc.,
    714 F. Supp. 2d 475 (S.D.N.Y. 2010)................................................................................. 4, 5

Take-Two Interactive Software, Inc. v. Brant,
    No. 06 Civ. 05279 (LTS), 2010 WL 1257351 (S.D.N.Y. Mar. 31, 2010) .............................. 5

Tsereteli v. Residential Asset Securitization Trust, 692 F. Supp. 2d 387 (S.D.N.Y. 2010) ......... 10

<u>STATUTES & RULES</u>

Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k..................................................... 6, 7, 8

Section 12(a)(2) of the Securities Act of 1933, 15 U.S.C. § 77l(a)(2) ...................................... 8, 9

Section 13 of the Securities Act of 1933, 15 U.S.C. § 77m................................................ 1, 2, 4, 5

Fed. R. Civ. P. 12(b)(6)................................................................................................ 11

Fed. R. Civ. P. 17(a)(3) ................................................................................................. 7

Plaintiffs completely ignore this Court's explicit holding that, in order to comply with the applicable one-year statute of limitations, a plaintiff must plead the "time and circumstances of its discovery of the fraudulent statement upon which its claim is based." In re Morgan Stanley Mortgage Pass-Through Certificates Litig., No. 09 Civ. 2137 (LTS)(MHD), 2010 WL 3239430, at *6 (S.D.N.Y. Aug. 17, 2010).  Indeed, plaintiffs' opposition is silent as to the "time and circumstances" of such discovery.  This failure alone is fatal to all of plaintiffs' claims and requires dismissal with prejudice.  PERS was on inquiry notice of its claims more than a year before its complaint was filed on December 2, 2008 by virtue of, among other things, ratings downgrades and loan delinquency rates—the exact same information this Court previously found sufficient to trigger inquiry notice with respect to co-lead plaintiff WVIMB.  See id. at *8.  PERS does not allege or contend that it was unaware of the information that put it on notice.

New plaintiffs' claims, which are improperly before this Court, also are untimely for the additional reason that they are barred by the statute of repose—an absolute bar that is not subject to American Pipe tolling, particularly where, as here, the original named plaintiff lacked standing to bring the very claims new plaintiffs attempt to assert.  Nor are new plaintiffs' claims salvaged by the "relation back" doctrine.  Plaintiffs concede that new plaintiffs were omitted from PERS' original filing because PERS misapplied the relevant law of standing and not because of a "mistake of identity."

## ARGUMENT

## I.    Plaintiffs' Claims Are Time-Barred

### A.    Plaintiffs Have Failed to Plead Compliance with Section 13

In their opening brief, defendants argued that plaintiffs failed to plead compliance with the one-year statute of limitations under Section 13 of the Securities Act of 1933 because their

complaint alleges only that they discovered the alleged fraud in "late 2008," without any explanation as to the circumstances that gave rise to that purported discovery.  (See Defs.' Mem. at 5-6.)   Previously, the Court found co-lead plaintiff WVIMB's conclusory allegation that it could not have reasonably discovered the facts giving rise to its alleged claim "prior to mid-2008" "plainly insufficient."  In re Morgan Stanley, 2010 WL 3239430, at *7.  Notwithstanding that PERS was well aware of the Court's prior decision and that defendants directly challenged the sufficiency of plaintiffs' current pleading in this regard, plaintiffs fail to address this defect. Instead, plaintiffs argue that defendants have not satisfied their burden to assert a statute-of-limitations defense (Opp'n at 6-7), which is irrelevant because plaintiffs must satisfy their own pleading burden in the first instance.

Furthermore, plaintiffs' claims should be dismissed with prejudice because granting plaintiffs leave to replead—to give them yet another bite of the apple to plead Section 13 compliance—would be futile.  As with WVIMB, PERS was on inquiry notice of any alleged wrongdoing more than one year before the filing of its initial complaint on December 2, 2008.[1] This is so because, among other things, ratings downgrades for PERS' 2006-14SL certificates commenced as early as August 16, 2007 and delinquency rates for the loans underlying the 2006-14SL certificates more than tripled (from 2.6% to 7.8%) between March and November of 2007. (See Defs.' Mem. at 6-7.)  As this Court previously recognized in dismissing WVIMB's untimely claims with prejudice, a "body of information" reflecting ratings downgrades and increasing delinquency rates is sufficient to trigger inquiry notice.  See In re Morgan Stanley,

---

[1]  Plaintiffs argue that defendants did not challenge the timeliness of PERS' claims in their motion to dismiss the consolidated amended complaint (Opp'n at 6), but fail to acknowledge that PERS was not a lead plaintiff and made no allegations in the operative complaint at that time.

2010 WL 3239430, at *8.[2]

Notably, PERS does not dispute that it was aware of the very information defendants point to as giving rise to inquiry notice.  Rather, it argues that the ratings downgrades defendants identify are insufficient because they did not result in the certificates being rated below investment grade.[3]  (See Opp'n at 7-8.)  PERS' argument, however, contravenes this Court's prior ruling that co-lead plaintiff WVIMB was on "inquiry notice" of a potential Securities Act violation before May 2008 based upon information that, among other things, included ratings downgrades from Aaa to Aaa*-.  See In re Morgan Stanley, 2010 WL 3239430, at *8.[4]

Moreover, none of the cases relied on by plaintiffs (Opp'n at 8 & n.14) hold that only downgrades to below "investment grade" put investors on inquiry notice.  Indeed, two of plaintiffs' cases include no discussion of downgrades below "investment grade" at all, see In re IndyMac Mortgage-Backed Sec. Litig., No. 09 Civ. 4583 (LAK), 2010 WL 2473243, at *5 (S.D.N.Y. June 21, 2010); N.J. Carpenters Vacation Fund v. Royal Bank of Scotland Group,

---

[2]  This analysis is unaffected by the Supreme Court's recent decision in Merck & Co. v. Reynolds, 130 S. Ct. 1784 (2010), holding that the limitations period for section 10(b) claims— securities fraud claims that require scienter—does not run until plaintiffs have discovered that defendants acted with the requisite state of mind.  See id. at 1798.  Scienter has no place in a claim under the Securities Act.  Accordingly, to the extent that Merck "raised the bar higher for defendants" (Opp'n at 7), it did not do so in connection with the claims at issue here.

[3]  Plaintiffs effectively ignore defendants' argument that the skyrocketing delinquency rates for the loans underlying PERS' certificates put them on inquiry notice prior to December 2, 2007.  Plaintiffs' only response, without analysis or authority, is that the ratings for these same certificates remained at investment grade.  (Opp'n at 8 n.13.)

[4]  Plaintiffs' argument that a change from a Standard & Poor's ("S&P") rating of AAA to AAA*- (the S&P version of a downgrade from Aaa to Aaa*-) does not constitute a downgrade (Opp'n at 7) is belied by co-lead plaintiff WVIMB's own opposition to defendants' motion to dismiss the consolidated amended complaint in this action.  (See Egler Decl. Ex. B, Dec. 28, 2009 (listing as an "S&P Downgrade" of 2007-11AR certificates a ratings change from AAA to AAA*-).)

PLC, No. 08 Civ. 5093 (HB), 2010 WL 1172694, at *9 (S.D.N.Y. Mar. 26, 2010), while others

cited do not stand for the proposition plaintiffs advance, see Pub. Employees' Ret. Sys. of Miss.

v. Merrill Lynch & Co. Inc., 714 F. Supp. 2d 475, 479-80 (S.D.N.Y. 2010) (noting that, as part

of the "competing materials" relevant to the timing of inquiry notice, the certificates at issue

were not downgraded below investment grade until after the limitations date); In re Wells Fargo

Mortgage-Backed Certificates Litig., 712 F. Supp. 2d 958, 967-68 (N.D. Cal. 2010) (finding

minor ratings downgrades insufficient to decide inquiry notice on a motion to dismiss where

defense counsel stated at oral argument that the downgrades had nothing to do with the propriety

of the initial ratings).[5]

      Accordingly, for the same reasons that WVIMB's claims were dismissed with prejudice,

plaintiffs' claims also should be dismissed with prejudice.[6]

### B.     New Plaintiffs' Claims Also Are Barred by Section 13's Statute of Repose

      In their opening brief, defendants argued that new plaintiffs' claims were untimely for the

additional reason that they are barred by Section 13's three-year statute of repose, as new

plaintiffs allege that they purchased their certificates more than three years before the SAC was

filed on September 10, 2010.  (SAC ¶¶ 15-19.)  Defendants further argued that new plaintiffs'

time-barred claims could not be saved by American Pipe tolling because American Pipe does not

---

[5] New plaintiffs necessarily were also on inquiry notice by virtue of ratings downgrades
and delinquency rates more than a year before the SAC was filed.  By their own admission, new
plaintiffs were on notice in "late 2008."  (SAC ¶¶ 8, 136.)  As a result, new plaintiffs' claims are
untimely because they were filed on September 10, 2010, more than one year after "late 2008."
(See Defs.' Mem. at 7.)

[6] Notably, plaintiffs do not specifically seek leave to replead the "time and
circumstances" of their discovery of any purported Securities Act violation, even though
plaintiffs do seek leave to amend the complaint in connection with trying to remedy other
deficiencies.  (See, e.g., Opp'n at 4 n.6, 17 n.34.)

apply to statutes of repose, does not toll claims where the original named plaintiff lacked standing to assert them, and does not allow piggyback class claims.  (See Defs.' Mem. at 7-12.) In response, new plaintiffs contend that American Pipe tolling applies to statutes of repose and that dismissal of a named plaintiff for lack of standing does not preclude additional plaintiffs from availing themselves of this tolling doctrine.  (See Opp'n at 11-12.)

First, contrary to plaintiffs' assertion, American Pipe tolling does not apply to toll Section 13's three-year repose period.  As the Second Circuit has made clear, and as this Court has recognized, Section 13's three-year repose period is absolute.  See, e.g., Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 597 F.3d 84, 88 n.4 (2d Cir. 2010); P. Stolz Family P'ship L.P. v. Daum, 355 F.3d 92, 102-03 (2d Cir. 2004); see also Take-Two Interactive Software, Inc. v. Brant, No. 06 Civ. 05279 (LTS), 2010 WL 1257351, at *5 (S.D.N.Y. Mar. 31, 2010) (relying on Daum and Lampf to hold that "the repose period is a cutoff that is not subject to tolling principles"). This is so irrespective of whether courts are analyzing legal or equitable tolling, as supported by the Supreme Court's decisions in American Pipe and Lampf v. Gilbertson, 501 U.S. 350 (1991). Although a few select cases have tolled statutes of repose when dealing with legal tolling (see Opp'n at 10 & n.20), the weight of authority, including the Second Circuit's decisions in Ma and Daum, support defendants' argument, with which this Court previously has agreed.

Second, even if American Pipe tolling did apply to Section 13's three-year statute of repose, it is without question that American Pipe does not toll the applicable statute of limitations where the plaintiff who brought the initial class action lacks standing.  See, e.g., In re Wells Fargo Mortgage-Backed Certificates Litig., No. 09-CV-001376-LHK, 2010 WL 4117477, at *5 (N.D. Cal. Oct. 19, 2010); Merrill Lynch & Co. Inc., 714 F. Supp. 2d at 481; In re Crazy Eddie Sec. Litig., 747 F. Supp. 850, 856 (E.D.N.Y. 1990).  (See also, e.g., Defs.' Mem. at 10-11 & n.5

(collecting cases).)

None of the few outlier cases cited by plaintiffs, including <u>In re Flag Telecom Holdings,</u> <u>Ltd.</u>, 352 F. Supp. 2d 429 (S.D.N.Y. 2005), alters this conclusion.[7]  Unlike the original named plaintiff in <u>Flag Telecom</u>—who had purchased the relevant securities and, thus, had standing to assert Section 11 claims—new plaintiffs assert claims as to <u>different</u> securities than those purchased by PERS (or WVIMB) (<u>see</u> SAC ¶¶ 14-19), and PERS (as well as WVIMB) never had standing to assert any of the claims new plaintiffs now attempt to bring.

Third, <u>American Pipe</u> tolling also does not apply to save the new plaintiffs' claims because those claims are asserted on behalf of a class rather than as individual claims, <u>see</u> <u>Korwek v. Hunt</u>, 827 F.2d 874, 878-79 (2d Cir. 1987), even though there has been no determination regarding class certification.  <u>See</u> <u>In re Crazy Eddie</u>, 747 F. Supp. at 856 (finding the reasoning of <u>Korwek</u> "equally applicable to a class action brought after a previous class action has been dismissed for lack of standing").

### C.    New Plaintiffs' Claims Do Not Relate Back to PERS' Filing

New plaintiffs' claims also cannot be salvaged under the "relation back" doctrine because there was no "mistake of identity" that resulted in the omission of new plaintiffs as proper parties in the initial PERS filing.  (<u>See</u> Defs.' Mem. at 13.)  Plaintiffs do not refute this, but, rather, argue that, but for a <u>mistake of law</u>, new plaintiffs would have been included in PERS' initial filing.  As an initial matter, new plaintiffs' claims cannot relate back to PERS' initial filing for the same reasons that the Court held WVIMB's claims did not relate back:  nothing in PERS'

---

[7]   Indeed, at least one court to analyze this issue recently has rejected <u>Flag Telecom</u>'s holding.  <u>See</u> <u>Wells Fargo</u>, 2010 WL 4117477, at *4-6 (distinguishing <u>Flag Telecom</u> and holding that "<u>American Pipe</u> and the cases interpreting it support the declination to extend tolling to claims over which the original named Plaintiffs asserted no facts supporting standing").

complaint indicates that it failed to include new plaintiffs as parties because of factual or legal

mistake, nor does the SAC allege that any such mistake was made.  See In re Morgan Stanley,

2010 WL 3239430, at *9.  Nor does plaintiffs' supposed "mistake of law" save their claims.  The

fact that plaintiffs erred in applying the relevant law of standing is not a "mistake of identity"

recognized by the relation back doctrine, which applies only where a defendant knew or should

have known that a different or additional plaintiff would have been named in the initial

complaint but for an error.  Krupski v. Costa Cruciere S.p.A., 130 S. Ct. 2485, 2493 (2010).

Based on PERS' initial complaint, which named no plaintiffs other than PERS, defendants could

not have anticipated that PERS would seek to add completely new plaintiffs two years later.

Accordingly, relation back is not available to new plaintiffs, and, even if it were, it would not

salvage new plaintiffs' claims because, as set forth above, PERS' own claims are untimely.[8]

## II.     Plaintiffs Have Not Alleged Any Cognizable Injury

As set forth in defendants' opening brief, plaintiffs' claims should be dismissed for the

independent reason that they have failed to allege any cognizable injury.  As Judge Cedarbaum

recently made clear in dismissing Section 11 claims virtually identical to plaintiffs' claims here,

there is no Section 11 injury with respect to mortgage pass-through certificates where a plaintiff

fails to allege that it has not received the payments it is owed.  NECA-IBEW Health & Welfare

Fund v. Goldman, Sachs & Co., No 08 Civ. 10783 (MGC), 2010 WL 4054149, *2-4 (S.D.N.Y.

---

[8]  In a last futile attempt to save their time-barred claims, new plaintiffs point to Fed. R. Civ. P. 17(a)(3), which permits a "real party in interest" to be added to an action, and its claims to relate back to the date of the initial filing, where there has been a mistake as to the correct party in interest and only when the "change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants."  Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir. 1997).  The addition of new plaintiffs here undeniably alters the participants set forth in PERS' initial complaint, which indisputably did not include new plaintiffs.

Oct. 15, 2010).  Plaintiffs do not allege that there has been a single late or missed payment, let alone any default, on their certificates.[9]

Even if a change in price in a secondary market were a cognizable form of injury under Section 11, Judge Cederbaum rejected that argument because plaintiffs in NECA-IBEW, like plaintiffs here, were expressly warned that the pass-through certificates they were purchasing might be illiquid.  Id. at *3.  Furthermore, none of the plaintiffs that allegedly held their certificates (NECA and United Western) alleges that the "market price" of their certificates on the date the SAC was filed (Sept. 10, 2010) was less than the purchase price.  See Akerman v. Oryx Commc'ns, Inc., 810 F.2d 336, 340 (2d Cir. 1987).  The SAC alleges only the trading prices of the certificates "as of December 2, 2008" (SAC ¶ 9), the date that PERS filed its prior complaint.  Therefore, "even if [plaintiff] could raise a cognizable injury by claiming a decline in market price, it has failed to provide factual enhancement of that assertion."[10]  See NECA-IBEW, 2010 WL 4054149, at *4.

This same argument applies to plaintiffs' Section 12(a)(2) claims to the extent plaintiffs sold their pass-through certificates.  Thus, contrary to plaintiffs' assertion that their Section 12(a)(2) claims seeking rescission render defendants' cognizable injury argument moot (Opp'n at 15 n.31), under Section 12(a)(2), as under Section 11, "there can be no recovery unless the

---

[9]  Only one plaintiff, Carpenters Pension Fund of West Virginia, alleges that the 2006-11 certificates they purchased "have already suffered a current interest shortfall."  (SAC ¶ 19.) This allegation is irrelevant, however, in light of the fact that Carpenters sold its 2006-11 certificates on October 2, 2007.  (See id.)

[10]  Plaintiffs' reliance on New Jersey Carpenters Health Fund v. DLJ Mortgage Capital, Inc., No. 08 Civ. 5653 (PAC), 2010 WL 1473288 (S.D.N.Y. Mar. 29, 2010), is misplaced.  As the court in NECA-IBEW recognized in distinguishing Judge Crotty's decision, it is significant, if not dispositive, that plaintiffs were warned that the certificates they purchased might be illiquid and not subject to resale.  See NECA-IBEW, 2010 WL 4054149, at *3.

purchaser has suffered a [cognizable] loss."[11]  In re Broderbund/Learning Co. Sec. Litig., 294

F.3d 1201, 1205 (9th Cir. 2002); see also In re Countrywide Fin. Corp. Sec. Litig., 588 F. Supp.

2d 1132, 1183 (C.D. Cal. 2008).

## III.    PERS Lacks Statutory Standing to Bring Its Section 12(a)(2) Claims

PERS fails to allege in the SAC that it purchased the 2006-14SL certificates from an

offeror or a seller in the initial public offering (as opposed to the aftermarket) as required under

Section 12(a)(2).  See 15 U.S.C. § 77l(a)(2); In re Morgan Stanley, 2010 WL 3239430, at *5

("Section 12(a)(2) only provides a cause of action to persons who purchase a security from an

offeror or seller.").  Allegations that PERS "acquired" certificates (SAC ¶ 14) or that defendants

"sold" certificates to "plaintiffs" generally (id. ¶ 138) are insufficient, and PERS' statutory

standing cannot derive from allegations concerning other plaintiffs.  (See Opp'n at 16-17.)

## IV.    Plaintiffs Have Failed to Allege Any Actionable Misrepresentation or Omission

As defendants have argued, plaintiffs' complaint is devoid of factual allegations that

underwriting or appraisal guidelines were violated with respect to the loans underlying the

certificates at issue.  (Defs.' Mem. at 18-19.)  In response, plaintiffs contend that they have

sufficiently alleged such violations by virtue of the "systematic disregard" of underwriting and

appraisal standards.[12]  (Opp'n at 20.)  Plaintiffs' argument fails, however, because the

---

[11]  Only two plaintiffs, NECA and United Western, can assert Section 12(a)(2) rescission claims in any event because they are the only two plaintiffs that allegedly held (and did not sell) their certificates.  See 5 U.S.C. § 77l(a)(2); In re AOL Time Warner, Inc. Sec. & ERISA Litig., 381 F. Supp. 2d 192, 247 (S.D.N.Y. 2004) ("If the plaintiff still owns the security, he is entitled to rescission, but not damages; if he no longer owns the security, damages, not rescission, are the appropriate remedy.").

[12]  Plaintiffs' assertion that "defendants largely do not contest falsity" (Opp'n at 20 (emphasis added)) is patently untrue.  Defendants point to numerous disclosures in the prospectus supplements that, when read as part of the total mix of information disclosed to (…continued)

"systematic disregard" allegation is not a talismanic phrase that enables plaintiffs to survive a motion to dismiss without any factual allegations to support their assertion.  See Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. v. Twombly, 550 U.S. 544 (2007).  This is particularly so because plaintiffs wholly ignore the extensive cautionary language set forth in the prospectus supplements that described the nature of the loans underlying the trusts, as well as underwriting, appraisal, and ratings issues.  See Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 658 F. Supp. 2d 299, 305-06 (D. Mass. 2009).

Plaintiffs' allegations concerning ratings similarly fail.  Plaintiffs do not refute that ratings were accurately reported in the prospectus supplements; rather, they at most take issue with the alleged conduct that gave rise to the ratings.  (See, e.g., SAC ¶¶ 99-104 (ratings models outdated), ¶¶ 105-113 (relaxed ratings criteria); ¶¶ 114-124 (inaccurate data).)  But these types of allegations are insufficient to state a claim and have been routinely rejected by courts in this Circuit.  See, e.g., In re IndyMac Mortgage-Backed Sec. Litig., No. 09 Civ. 4583 (LAK), 2010 WL 2473243, at *11 (S.D.N.Y. June 21, 2010); Tsereteli v. Residential Asset Securitization Trust, 692 F. Supp. 2d 387, 394-95 (S.D.N.Y. 2010); DLJ Mortgage, 2010 WL 1473288, at *8; Royal Bank of Scotland, 2010 WL 1172694, at *13-14.

---

(continued…)
investors, establish the truth of the very statements plaintiffs allege were false.  (See Defs.' Mem. at 17 & n.9, 23, 24 & n.18.)

## <u>CONCLUSION</u>

For the reasons set forth above and in defendants' opening brief, defendants respectfully request that the Court dismiss the second amended complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: November 23, 2010
      New York, New York

DAVIS POLK & WARDWELL LLP

By:       s/ James P. Rouhandeh
       James P. Rouhandeh
       (rouhandeh@davispolk.com)

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

Attorneys for Defendants Morgan Stanley
   Capital I Inc., Morgan Stanley Mortgage
   Capital Holdings LLC, Morgan Stanley &
   Co. Incorporated, Morgan Stanley, David
   R. Warren, Anthony B. Tufariello,
   William J. Forsell, and Steven S. Stern

11