UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                :
IN RE MORGAN STANLEY           :
MORTGAGE PASS-THROUGH      :
CERTIFICATES LITIGATION            :
                                                :    MASTER FILE
-----------------------------------------------:    09 Civ. 2137 (LTS) (MHD)
                                                :
This Document Relates To:              :    ECF CASE
                                                :
         ALL ACTIONS                        :
                                                :
------------------------------------------------------x

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MARCH 4, 2011 NOTICE OF RECENT AUTHORITY

Defendants in the above-captioned action respectfully submit this brief response to plaintiffs' notice of recent authority filed on March 4, 2011 ("Notice"). For the reasons set forth below, plaintiffs' Notice has no bearing on either the untimely nature of plaintiffs' claims or their merits and is misleading in its characterization of the October 14, 2010 Financial Crisis Inquiry Commission ("FCIC") testimony of former Morgan Stanley employee, Tony Peterson.

First, the information purportedly reflected in the testimony of Tony Peterson before the FCIC is hardly new to plaintiffs or to this proceeding. In connection with plaintiffs' opposition to defendants' motion to dismiss, which plaintiffs filed on November 5, 2010, they both cited to and attached to the declaration of Timothy A. Delange a copy of the "All Clayton Trending Reports for 1st Quarter 2006 – 2nd Quarter 2007," which reflects at least some of the purportedly new information plaintiffs cite in their recent Notice. (Compare Pls.' Mem. of Law in Opp'n to Defs.' Mot. to Dismiss the Sec. Am. Compl., doc. no. 97, at 4 n.6, November 5, 2010, with Notice, Ex. A at 41:15-42:7.) Neither at the time of plaintiffs' motion to dismiss opposition nor

now is there any information concerning Clayton Holdings in any complaint before this Court, including in the currently operative second amended complaint.  Thus, any supposed information from Clayton Holdings is irrelevant to defendants' pending motion to dismiss.

Second, plaintiffs' characterizations of Mr. Peterson's FCIC testimony are misleading.  Much of the testimony that plaintiffs cite is not, in fact, testimony from Mr. Peterson at all, but, rather, questions that were posed to Mr. Peterson by the FCIC interviewers as they apparently read from Clayton Holdings documents.  (See, e.g., Notice, Ex. A at 52:12-22; 90:25-91:23.)  In addition, it is simply not the case that Mr. Peterson testified that loans with exceptions were loans that "should not have been kept in the [loan] pool."  (Notice at 1.)  Rather, Mr. Peterson testified that loans deemed "Event 3" by Clayton Holdings were loans where Clayton either identified an exception on their own or identified a risk issue that Morgan Stanley superimposed over—meaning it was in addition to—the underwriters' guidelines.  (Notice, Ex. A. at 42:15-43:19.)  Any loan labeled "Event 3" using either criteria was then automatically elevated to Morgan Stanley's attention so that Morgan Stanley's due diligence team could review the loan and make the final risk decision.  (Id. at 42:15-44:5.)  Therefore, the statements that Mr. Peterson testified that loans coded "Event 3" should not have been in a particular loan pool or that Morgan Stanley "overturned" Clayton Holding's findings are inaccurate and incomplete.

Similarly, as another example, Mr. Peterson did not testify that Morgan Stanley "approved or 'waived in' 1,180 of 1,296 loans in which Clayton found the appraisal value used by the lender to not be supportable."  (Notice at 2.)  What Mr. Peterson testified to was Morgan Stanley's process through which any question raised by Clayton Holdings concerning an appraisal value was flagged by Clayton as a "level 3 finding," but automatically downgraded by Morgan Stanley to a level "2W" because Morgan Stanley's own valuation team would

independently review the appraisal information, inclusive of any information regarding Clayton's findings. (Notice, Ex. A at 91:20-92:24). How the valuation team ultimately resolved such questions, Mr. Peterson did not know. (See id.) Accordingly, the objective number of "waivers" identified by Clayton Holdings does not necessarily reflect the actual number of waivers determined by Morgan Stanley's own valuation team.

Finally, and most relevant to defendants' motion to dismiss, there is nothing in plaintiffs' Notice or Mr. Peterson's FCIC testimony that renders plaintiffs' untimely claims timely or supports the merits of their claims. In fact, the Clayton Holdings reports about which Mr. Peterson was asked in his FCIC testimony covered the period from early 2006 until mid-2007, which overlaps with the time period during which Moody's and S&P downgraded their ratings for the particular certificates plaintiffs purchased and plaintiffs were informed that the delinquency and foreclosure rates for those certificates were increasing. (See Mem. of Law in Support of Defs.' Mot. to Dismiss the Sec. Am. Compl., doc. no. 89, at 6-7 & n.3, Oct. 10, 2010; Reply Mem. of Law in Support of Defs.' Mot. to Dismiss the Sec. Am. Compl., doc. no. 103, at 2-4, Nov. 23, 2010; Defs.' Submission Regarding Ratings, doc. no. 107, at 1-2, Jan. 31, 2011.) Information purportedly contained in Clayton Holdings reports does not eliminate any of the information of which plaintiffs were aware prior to December 2, 2007 regarding the alleged misstatements related to the particular pass-through certificates they owned.

Dated: March 10, 2011
       New York, New York

                                            DAVIS POLK & WARDWELL LLP

                                            By:    s/ James P. Rouhandeh
                                                      James P. Rouhandeh
                                                      rouhandeh@davispolk.com

                                            450 Lexington Avenue
                                            New York, New York  10017
                                            (212) 450-4000

                                            Attorneys for Defendants Morgan Stanley
                                              Capital I Inc., Morgan Stanley Mortgage
                                              Capital Holdings LLC, Morgan Stanley &
                                              Co. Incorporated, Morgan Stanley, David
                                              R. Warren, Anthony B. Tufariello,
                                              William J. Forsell, and Steven S. Stern