UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                :

In re Morgan Stanley Mortgage Pass-     :
Through Certificates Litigation          :

                                :     MASTER FILE
-------------------------------------------------------:    09 Civ. 2137 (LTS)(MHD)
                                :

This Document Relates To:        :     ECF Case
                                :

     ALL ACTIONS               :
                                :
-------------------------------------------------------x

## PRE-CONFERENCE STATEMENT

Pursuant to the Court's August 3, 2012 order (ECF No. 152), July 16, 2012 order (ECF No. 149), and April 2, 2009 initial conference order (ECF No. 15), the parties, by and through their counsel, respectfully submit this pre-conference statement in advance of the August 14, 2012 initial pre-trial conference.

## I.      Preliminary Statement

**Plaintiffs' Position:**

In response to Defendants' request to adjourn the August 14, 2012 pre-trial conference until after resolution of their recently-filed motion to stay, the Court directed that "the parties' pre-conference submission should principally address the scope and feasibility of discovery concerning the plaintiffs, certificates and funds as to which there are no statute of limitations/repose issues." (ECF No. 152). As explained below, Plaintiffs oppose Defendants' motion to stay. However, proceeding into discovery on the claims that are not in any way implicated by the IndyMac/Citigroup is very feasible and, unlike Defendants' proposed blanket stay, will promote judicial efficiency and economy because such discovery inevitably will occur regardless of the outcome of IndyMac/Citigroup.

The statute-of-repose issue before the Second Circuit in IndyMac/Citigroup unquestionably does not implicate Lead Plaintiff's claim, which arises from Morgan Stanley Mortgage Loan Trust 2006-14SL ("MSML 2006-14SL"). Areas for tailored discovery into such claim would include, for example, facts surrounding the Morgan Stanley platform from which MSML 2006-14SL was issued, diligence efforts and quality control procedures, and the particular loans for that offering. A single entity – Morgan Stanley Mortgage Capital – contributed the loans in that deal. If necessary, specific discovery into the additional offerings could await the outcome of the IndyMac/Citigroup appeals, although Plaintiffs believe all discovery should go forward now.

While Defendants attempt to rely on Bear Stearns to urge the Court for an indefinite blanket stay, the question of proceeding into discovery for claims that are not implicated by IndyMac/Citigroup was never presented in Bear Stearns. Contrary to Defendants' contentions,

proceeding with discovery related to MSML 2006-14SL will not raise undue burdens.  To the contrary, a blanket stay will serve no purpose other than to prejudice the Plaintiffs.

If, therefore, the Court is inclined to await resolution of the IndyMac/Citigroup appeal for the claims that may or may not be affected by the outcome, Plaintiffs propose that (i) the Parties commence disclosures and discovery limited to claims arising from MSML 2006-14SL; and (ii) the Court schedule a further pre-trial conference to address the case schedule, including for class certification, following resolution of IndyMac/Citigroup.

**Defendants' Position:**

As the Court is aware, on July 27, 2012, defendants filed a motion to stay proceedings in this action ("Motion to Stay") pending determination of the issues currently on appeal in In re IndyMac Mortgage-Backed Securities Litigation, Nos. 11-2998-cv (L), 11-3036-cv (con) (2d Cir. July 21, 2011) ("IndyMac") and Citigroup Inc. v. International Fund Management S.A., No. 12-1903 (2d Cir. May 9, 2012) ("Citigroup").  By submitting this pre-conference statement, defendants do not waive their request for a stay as set forth therein.  Defendants' Motion to Stay is not yet fully briefed.  Plaintiffs' opposition is currently due on August 13, 2012 and defendants' reply is due on August 23, 3012.

In its August 3, 2012 order, the Court specifically asked the parties to address in their pre-conference submission the "scope and feasibility of discovery concerning the plaintiffs' certificates and funds as to which there are no statute of limitations/repose issues."  As set forth in defendants' opening brief in support of their Motion to Stay, and as explained more fully below, defendants respectfully submit that it would be highly inefficient and a waste of judicial and party resources to begin discovery concerning any of the certificates before the IndyMac and Citigroup appeals are decided.  Moreover, commencing discovery now with respect to the one certificate unaffected by the appeals will not materially advance this litigation.  The parties and the Court nevertheless will have to wait for resolution of the IndyMac and Citigroup appeals before critical legal issues in this case can be decided, such as whether plaintiffs can certify a class and what the parameters of that class should be—issues to be decided early on in

2

a putative class action litigation.  Indeed, this Court recently stayed the entire <u>Bear Stearns</u> case pending resolution of the <u>IndyMac</u> and <u>Citigroup</u> appeals, even though several claims in that case would be unaffected by the issues on appeal.  (Defs.' Mem., <u>In re Bear Stearns Mortgage Pass-Through Certificates Litig.</u>, No. 08-cv-8093 (LTS)(KNF), ECF No. 174 at 6 (S.D.N.Y. Apr. 13, 2012).)  In this case, as in <u>Bear Stearns</u>, to commence even limited discovery at this stage would thwart the interest of judicial economy and risk the imposition of unnecessary burdens on the Court and the parties, with little, if any, benefit to the advancement of the litigation overall.

## II.    The Nature of this Action

### Plaintiffs' Position:

This is a securities class action arising from Morgan Stanley's sale of mortgage pass-through certificates in five Offerings.  Mortgage pass-through certificates are securities entitling the holder to income payments from pools of mortgage loans.  The Lead Plaintiff is the Public Employees' Retirement System of Mississippi ("MissPERS").[1]  The "Additional Plaintiffs" are NECA-IBEW Health and Welfare Fund, Pompano Beach Police and Firefighters' Retirement System, and Carpenters Pension Fund of West Virginia (together with the Lead Plaintiff, "Plaintiffs").  The Defendants are Morgan Stanley, Morgan Stanley & Co., Inc., Morgan Stanley Mortgage Capital Inc., and Morgan Stanley Capital I, Inc.; the Individual Defendants are David R. Warren, Anthony B. Tufariello, William J. Forsell, and Steven S. Stern.

On September 15, 2011, the Court issued an order on Defendants' Motion to Dismiss the Second Amended Complaint.  *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 810 F.Supp.2d 650 (S.D.N.Y. Sept. 15, 2011) ("September 15 Order").  The Order sustained Plaintiffs' claims under the Securities Act of 1933, holding that Plaintiffs had adequately alleged

---

[1] In July 2009, the Court initially appointed West Virginia Investment Management Board as Lead Plaintiff pursuant to 15 U.S.C. § 77z-(1)(a)(3)(B)(i).  (ECF No. 32).  On August 17, 2010, the Court granted Defendants' motion to dismiss as to West Virginia's claim arising from its purchases of the 2007-11AR Trust.  On September 28, 2010, the Court appointed MissPERS as co-Lead Plaintiff.  (ECF No. 81).

untrue statements and omissions in the offering documents regarding underwriting standards, maximum loan-to-value ratios, and property appraisals arising for five offerings. 810 F.Supp.2d at 671-73. The Court also determined that the claims of the Additional Plaintiffs were timely under *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974). *Id.* at 665-70. In particular, the Court held:

> Because <u>American Pipe</u> tolling is both rooted in the statutorily-authorized class action procedure and is consistent with the Rule 23 goals of efficiency and judicial economy, the Court holds that <u>American Pipe</u> tolling may properly be applied to statutes of repose as well as to statutes of limitation.

*Id.* at 668.

Defendants subsequently sought reconsideration of the Court's September 15 Order on the <u>American Pipe</u> tolling issue. On April 24, 2012, the Court denied Defendants' motion. In doing so, the Court held that "[t]his Court's September 15 Opinion explains in detail its reasons for concluding that <u>American Pipe</u> tolling is consonant with Section 13's statute of repose. *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 2012 WL 1448796, at *2 (S.D.N.Y. Apr. 24, 2012).

On September 30, 2011, Plaintiffs filed the Third Amended Complaint for Violation of the Federal Securities Laws ("Complaint") (ECF No. 134). The Complaint re-asserted the sustained claims and alleged additional facts regarding the time and circumstances when each Plaintiff discovered the conduct at issue. On July 16, 2012, the Court denied Defendants' motion to dismiss the Complaint in its entirety ("July 16 Order") (ECF No. 149).

The Parties agreed to extend Defendants' time to answer by 30 days, or until August 29, 2012.

**Defendants' Position:**

This is a putative securities class action arising out of the sale of mortgage pass-through certificates in five different offerings. Plaintiffs, the alleged purchasers of such certificates, have asserted claims against various Morgan Stanley entities involved with the offerings.

4

Plaintiff Public Employees' Retirement System of Mississippi ("PERS") filed the initial complaint in this action on December 2, 2008.  Additional plaintiffs NECA-IBEW Health and Welfare Fund, Pompano Beach Police and Firefighters' Retirement System, and Carpenters Pension Fund of West Virginia (collectively "new plaintiffs") first filed their claims on September 10, 2010.  On September 30, 2011, plaintiffs filed their third amended complaint ("TAC"), asserting claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 relating to five Morgan Stanley Mortgage Loan Trust ("MSM") mortgage pass-through certificates.  Plaintiffs allege that the offering documents for the certificates misrepresented and omitted material facts concerning the underwriting standards, appraisals, and loan-to-value ratios concerning the loans underlying the certificates.  On July 16, 2012, the Court denied defendants' motion to dismiss the TAC.

PERS purchased one certificate from one of the offerings identified in the TAC, MSM 2006-14SL; new plaintiffs purchased certificates from the other four.  (TAC ¶¶ 14-17.) The TAC alleges that new plaintiffs purchased their certificates between July 2006 and October 2006 (id. ¶¶ 15-17), more than three years before new plaintiffs first asserted their claims on September 10, 2010.  Accordingly, absent any tolling, new plaintiffs' claims are barred by the three-year statute of repose set forth in Section 13 of the Securities Act of 1933.

The questions on appeal before the Second Circuit in IndyMac include whether Section 13's three-year statute of repose is subject to American Pipe tolling and whether American Pipe tolling applies to Section 13's one-year statute of limitations and three-year statute of repose when the original named plaintiff lacked standing to assert the claims in question.  (See Br. of Defs.-Appellees Credit Suisse Sec. (USA) LLC et al., IndyMac, No. 11-3036-cv (CON), Dkt. No. 87 at 4 (2d Cir. Feb. 1, 2012).)  The question of whether American Pipe tolling applies to Section 13's statute of repose is also before the Second Circuit on the Citigroup appeal.  (Br. of Defs.-Appellants Citigroup Inc., et al., Citigroup, No. 12-1903-cv, Dkt. No. 46 at 3 (2d Cir. June 20, 2012).)  If the Second Circuit answers either question in the negative, the ruling would be binding on this Court and would require dismissal of all of new plaintiffs' claims.

III.    **The Feasibility of Commencing Discovery Concerning The**
        <u>**Certificates As to Which There Are No Statute of Limitations/Repose Issues**</u>

**Plaintiffs' Position:**

The Court sustained Plaintiffs' claims arising from five offerings.  As Defendants concede, the issue before the Second Circuit in <u>IndyMac</u>/<u>Citigroup</u> unquestionably does ***not*** implicate Lead Plaintiff's claim, which arises from MSML 2006-14SL.  Rather, the outcome of the appeals may or may not affect the claims arising from the Additional Offerings.

Plaintiffs oppose Defendants' request for a blanket stay and believe that discovery can and should proceed as to all of the sustained claims.  A pending appeal that may or may not modify the law as to certain claims is not grounds for a stay and is otherwise inappropriate. Plaintiffs, therefore, believe discovery should proceed on all of Plaintiffs' claims.

Discovery and further proceedings for Lead Plaintiff's claim arising from MSML 2006-14SL will proceed regardless of the outcome of those appeals.  It is entirely feasible to focus discovery on such claim, leaving until later discovery that is specific to the Additional Offerings should the Court limit discovery.  Areas for discovery that is focused on MSML 2006-14SL include, for example, the facts surrounding the Morgan Stanley platform from which it structured and issued that offering; quality control procedures; personnel involved and the loans and the single entity – Morgan Stanley Mortgage Capital – that contributed loans to the deal.  The scope of such discovery would be narrower than the scope of discovery for all sustained claims because it would exclude for now discovery into the other deal files and the specific loans in those distinct pools.

Contrary to Defendants' *ipse dixit* assertions, proceeding with discovery will materially advance the litigation and promote judicial efficiency and economy.  Commencing discovery now that is focused on MSML 2006-14SL will allow the Parties to efficiently develop the record, advance the progress of the case, and may serve to inform future discovery and proceedings. Rather than stand flat-footed for an indeterminate period, the Parties will be able to productively prepare the case through discovery and proceedings that will occur regardless of the outcome of

IndyMac/Citigroup.  This approach is far superior to Defendants' proposed alternative, namely, a blanket stay until the outcome of IndyMac/Citigroup.  Defendants' approach only serves to prejudice Plaintiffs and create additional delay in a case that was initiated in December 2008.

Defendants' contentions that conducting discovery now will result in duplication for witnesses and third parties is without merit.  As a procedural matter, the parties are experienced at avoiding duplicative litigation and engaging in normal case management.  As a practical matter, depositions are not imminent and a single entity – Morgan Stanley Mortgage Capital contributed loans to MSML 2006-14SL.  Moreover, the motion for class certification can be deferred until after the IndyMac and Citigroup appeals are resolved.  Discovery conducted on MSML 2006-14SL will allow the Court and the Parties to become more familiar with the issues and will make class certification discovery and (in the event the Second Circuit decides IndyMac/Citigroup in Plaintiffs' favor) discovery into the Additional Offerings more efficient and less burdensome.

Moreover, certain discovery, such as into the Morgan Stanley platform, will not only occur regardless of IndyMac/Citigroup, but is also common to all offerings.  Proceeding with such discovery will allow the Parties to progress the additional claims without pursuing, at this time, discovery specific to such offerings.

Leaving aside (for now) that Defendants cannot satisfy their burden for a blanket stay, Defendants cannot seriously dispute that proceeding with discovery into MSML 2006-14SL is not feasible.  During 2006 and 2007, Morgan Stanley issued no fewer than 27 offerings of residential mortgage-backed securities off the shelf at issue here, at a total price of over $39 billion (Morgan Stanley's other shelves combined to issue over $250 billion in 300 offerings).  Each offering required Defendants to, *inter alia*, structure the offering, originate or acquire mortgage loans, draft and finalize the offering documents, and sell the certificates. Defendants' position that it will not be feasible to conduct discovery on a single offering contrasts starkly with their exhibited ability to act quickly when it is convenient and profitable for them.

Additionally, conducting discovery on MSML 2006-14SL will not be unduly burdensome. Since the offerings in this case were issued, Morgan Stanley's securitization business has been the subject of numerous investigations and lawsuits. In many instances, Morgan Stanley has already produced directly relevant materials. For example, according to Morgan Stanley's 2011 Form 10-K, filed February 27, 2011, it has already "respond[ed] to subpoenas and requests for information from certain regulatory and governmental entities concerning the origination, financing, purchase, securitization and servicing of subprime and non-subprime residential mortgages." Having already incurred the burden and produced material to other private litigants and regulators, it is unquestionably feasible and minimally burdensome for the Defendants to respond to discovery here for MSML 2006-14SL, at the very least.

In short, Plaintiffs respectfully believe that discovery should go forward as to all claims. If, however, the Court is inclined to stay proceedings for the claims that may be implicated by the outcome of IndyMac/Citigroup, Plaintiffs propose that: (i) the Parties commence disclosures and discovery limited to claims arising from MSML 2006-14SL; and (ii) the Court schedule a further pre-trial conference to address the case schedule, including for class certification, following resolution of IndyMac/Citigroup.

**Defendants' Position:**

The only plaintiff whose claims will be unaffected by the IndyMac and Citigroup appeals is PERS, whose claims are predicated on its purchase of MSM 2006-14SL certificates.[2] (By contrast, in the Bear Stearns case, three plaintiffs and four certificates were unaffected by the issues on appeal. (Defs.' Mem., Bear Stearns, No. 08-cv-8093 (LTS)(KNF), ECF No. 174 at 6 (S.D.N.Y. Apr. 13, 2012).)) New plaintiffs' claims are all based upon certificates indisputably purchased more than three years before new plaintiffs' claims were first filed, and all survived defendants' motion to dismiss the second amended complaint because of this Court's rulings that (a) American Pipe tolling applies to Section 13's three-year statute of repose and (b) American

---

[2] Although defendants respectfully contend that there are statute of limitations issues concerning PERS' certificate, they are not issues that will be resolved by the IndyMac or Citigroup appeals.

Pipe tolling applies even when the plaintiff originally asserting the claims lacked standing to do so.  As noted, these precise issues are before the Second Circuit in the IndyMac and Citigroup appeals.

Under these circumstances, there is no benefit to commencing discovery with respect to PERS' MSM 2006-14SL certificate now, as such discovery would fail to materially advance the litigation.  Even if such discovery were to proceed, which defendants respectfully submit should not be the case, the Court and the parties will nevertheless have to wait until the Second Circuit's rulings in IndyMac and Citigroup for the litigation to move forward.  In particular, it will be exceedingly difficult, if not impossible, for plaintiffs to proceed with attempting to certify a class pursuant to Federal Rule of Civil Procedure 23 until they know which putative class members and which claims that class would include.  Defendants are entitled to take discovery of their own in connection with class certification, yet the scope of that discovery will remain undefined until after the Second Circuit's ruling.  Discovery and briefing on the merits of the case, in turn, would be at a standstill until class certification issues were resolved.  Consequently, any perceived advancement of the litigation achieved by allowing discovery to proceed now concerning MSM 2006-14SL amounts to no real advancement at all.

Moreover, any supposed benefit to commencing discovery now is far outweighed by the risk of undue burden on defendants and third parties in having to undertake the discovery process twice and by the unnecessary expenditure of judicial resources in overseeing a piecemeal pretrial process.  If new plaintiffs' claims were to remain in this action following the Second Circuit's decision in the IndyMac and Citigroup appeals, yet the parties already had commenced discovery concerning MSM 2006-14SL, then the parties and numerous third parties would have to spend considerable time and resources engaging in at least two rounds of discovery that could be more efficiently completed if all certificates were to move forward at the same time.  For example, if discovery in this action were to proceed in a piecemeal fashion, witnesses could be subject to more than one deposition, first in connection with the facts concerning MSM 2006-14SL and later in connection with the facts concerning new plaintiffs' certificates.  Such duplication would

unduly burden the witnesses, at least some of whom are no longer employees of defendants, by requiring them to expend time, money, and resources in connection with preparing for and testifying at multiple depositions.

It further would be inefficient to proceed now with document discovery concerning MSM 2006-14SL.  To the extent any of the same employees were involved with both MSM 2006-14SL and new plaintiffs' certificates, the same custodians' e-mail and electronic and hard copy files would have to be searched and reviewed twice, first for information related to MSM 2006-14SL and later for information related to new plaintiffs' certificates.  Duplicating this process would impose on defendants increased costs associated with collecting, searching, and reviewing electronically stored information.  Further, due diligence results for the loans underlying the certificates are not organized on a securitization-by-securitization basis, but, rather, according to the date and manner in which Morgan Stanley purchased the loans.  As a result, if plaintiffs were to seek discovery concerning due diligence, defendants would have to search for and review their due diligence results twice if discovery regarding different certificates were to commence at different times.

Numerous third parties also would be burdened and inconvenienced if discovery were to proceed in a piecemeal fashion.  For example, plaintiffs' allegations concern the origination practices of lenders who sold loans to MSMC.  (TAC ¶¶ 37-46.)  MSMC contributed more than 90% of the loans underlying MSM 2006-14SL and between 24.6% and 63.7% of the loans underlying each of new plaintiffs' certificates.  (Id. ¶ 36.)  Thus, the lenders that sold loans to MSMC may be called upon to produce documents, give deposition testimony, or both, in connection with each of the certificates purchased by plaintiffs.  If discovery concerning the certificates were to begin at different times, the third-party lenders could be called upon to engage in discovery twice, which is particularly burdensome for a non-party.

For all of these reasons, defendants respectfully submit that it is inefficient for discovery to proceed now with respect to PERS' MSM 2006-14SL certificate.

IV.     **The Remaining Topics in the Court's Initial Conference Order**

    A.     **Whether Any Related Cases Are Pending in this Court**

There are no related cases pending in this Court.

    B.     **The Status of Settlement Discussions and the**
           **Prospects for Settlement of the Action in Whole or in Part**

**Plaintiffs' Position:**

The Parties have not engaged in settlement discussions.  The Parties are experienced in, and familiar with, private mediation.

**Defendants' Position:**

The parties have not engaged in settlement discussions.  Defendants respectfully submit that it is premature to consider the prospects for settlement of this action prior to the resolution of the <u>IndyMac</u> and <u>Citigroup</u> appeals.

    C.     **Whether Any Motions Are Pending or Being Briefed**

On July 27, 2012, defendants moved to stay proceedings in this action pending determination of the issues currently on appeal in <u>IndyMac</u> and <u>Citigroup</u>.  Plaintiffs' opposition to defendants' motion is due on August 13, 2012.  Defendants' reply is due on August 23, 2012.

Plaintiffs anticipate that they will move, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), to certify a class of investors consisting of all persons or entities who purchased or otherwise acquired the Certificates identified in the Complaint pursuant or traceable to the Registration Statement.  Plaintiffs propose that their motion be delayed until the pending appeals in <u>IndyMac</u>/<u>Citigroup</u> are resolved.  Plaintiffs also anticipate filing motions for summary judgment and/or summary adjudication.

    D.     **Defendants' Position as to the Basis of this Court's**
           **Jurisdiction of the Action**

This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act of 1933, 15 U.S.C. § 77v, and 28 U.S.C. § 1331.

### E.    All Material Uncontested or Admitted Facts

**Plaintiffs' Position:**

The Parties agree to confer following Defendants' answers and an opportunity for discovery about submitting uncontested or admitted facts.

**Defendants' Position:**

Defendants respectfully submit that it is premature to determine any material uncontested or admitted facts prior to the resolution of the IndyMac and Citigroup appeals.

### F.    All Uncontested Legal Issues

**Plaintiffs' Position:**

The Parties agree to confer following Defendants' answers and an opportunity for discovery about submitting uncontested legal issues.

**Defendants' Position:**

Defendants respectfully submit that it is premature to determine any uncontested legal issues prior to the resolution of the IndyMac and Citigroup appeals.

### G.    All Legal Issues To Be Decided by the Court

**Plaintiffs' Position:**

(a)    Whether Defendants violated Sections 11 and 12(a)(2) of the Securities Act;

(b)    Whether Morgan Stanley, the Individual Defendants and Morgan Stanley Mortgage Capital I Inc. violated Section 15 of the Securities Act.

**Defendants' Position:**

The legal issue to be decided by the Court in connection with defendants' motion to stay is whether a stay of proceedings in this action pending the outcome of the IndyMac and Citigroup appeals is warranted.  As the litigation moves forward, the legal issues that the Court will have to decide will include, among others, whether plaintiffs can meet the class certification requirements imposed by Federal Rule of Civil Procedure 23, whether PERS was on inquiry notice of its claims more than one year prior to filing its complaint, whether the offering documents at issue contained any material misstatements or omissions, whether plaintiffs

suffered any cognizable injury in connection with their purchase of their certificates, and whether any claimed damages were caused by something other than the alleged misstatements or omissions contained in the offering documents.

### H.   Each Party's Concise Statement of Material Disputed Facts

**Plaintiffs' Position:**

This is a securities class action arising from Morgan Stanley's sale of mortgage pass-through certificates pursuant to a registration statement.  The Second Amended Complaint alleged that the registration statement, accompanying prospectuses and prospectus supplements ("Offering Documents") contained untrue statements of material fact and omissions regarding the underwriting standards purportedly used in connection with the origination of the underlying loans, the maximum loan-to-value ratios used to qualify borrowers, the appraisals of the properties underlying the mortgages, and the credit ratings.

The September 15 Order sustained Plaintiffs' claims alleging untrue statements regarding the underwriting standards, the maximum loan-to-value ratios, and the appraisals of the properties underlying the mortgages.  The September 15 Order dismissed Plaintiffs' claims alleging untrue statements regarding the credit ratings.  In addition, the September 15 Order granted Plaintiffs leave to replead compliance with the Section 13 timing requirements and their rating-related allegations.

On September 30, 2011, Plaintiffs filed the Complaint.  (ECF No. 134).  In addition to asserting the sustained claims under Sections 11, 12(a)(2) and 15, the Complaint replead each Plaintiff's compliance with the Section 13 timing requirements.  The Complaint did not replead the rating-related allegations.

**Defendants' Position:**

Defendants respectfully submit that it is premature to determine any material disputed facts prior to the resolution of the IndyMac and Citigroup appeals.

I.      **The Measure of Proof and on Whom the Burden of Proof**
        **Falls as to Each Cause of Action or Defense**

Plaintiffs assert three causes of action.  The first cause of action asserts claims pursuant to section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, which requires plaintiffs to prove that the relevant offering documents contained an untrue statement of a material fact, omitted to state a fact necessary to make the statements made therein not misleading, or omitted to state a material fact required to be stated therein.  The second cause of action asserts claims pursuant to Section 12 of the Securities Act, 15 U.S.C. § 77l(a)(2), which requires plaintiffs to prove that the relevant offering documents contained an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading.  The third cause of action asserts claims pursuant to Section 15 of the Securities Act, 15 U.S.C. § 77o, with requires plaintiffs to prove that each defendant named in that cause of action controlled any person liable under Section 11 or 12.

Defendants intend to assert various affirmative defenses for which defendants carry the burden of proof.

J.      **Whether All Parties Consent to Transfer of the Case to a**
        **Magistrate Judge for All Purposes, Including Trial**

The parties do not consent to transfer of the case to a Magistrate Judge for all purposes, including trial.

K.      **What, If Any, Changes Should Be Made in the Timing, Form**
        **or Requirements for Disclosures Under Fed. R. Civ. P. 26(a),**
        **Including a Statement as to When Any Disclosures Required**
        **Under Fed. R. Civ. P. 26(a)(1) Were Made or Will Be Made**

**Plaintiffs' Position:**

Plaintiffs propose that the Parties exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) within 21 days of the August 14, 2012 Initial Pre-Trial Conference.

**Defendants' Position:**

Defendants respectfully submit that it is premature to submit any of the disclosures required under Fed. R. Civ. P. 26(a)(1), or to determine whether any changes should be made in

the timing, form, or requirements for such disclosures, prior to the resolution of the <u>IndyMac</u> and

<u>Citigroup</u> appeals.

> **L.** **The Status of Discovery, Including the Subjects on**
> **which Further Disclosures May Be Needed, and Whether**
> **Any Remaining Discovery Should Be Conducted in**
> **Phases or Be Limited to or Focus Upon Particular**
> **Issues, a Plan for Any Remaining Discovery and a**
> **<u>Proposed Discovery Cut-Off Date</u>**

**Plaintiffs' Position:**

Discovery has been stayed pursuant to the Private Securities Litigation Reform Act of

1995 ("PSLRA") during the pendency of Defendants' motions to dismiss.  *See* 15.U.S.C. 77z-

1(b)(1).  Accordingly, no discovery has been taken to date.  The Court's July 16 Order lifted the

PSLRA discovery stay.

**Defendants' Position:**

Discovery was stayed pursuant to the Private Securities Litigation Reform Act of 1995

("PSLRA") during the pendency of defendants' motions to dismiss.  <u>See</u> 15 U.S.C. § 77z-

1(b)(1).  Accordingly, no discovery has been taken to date.  For the reasons set forth above and

in defendants' memorandum in support of their Motion to Stay, defendants respectfully submit

that it would be premature to commence discovery with respect to the certificate purchased by

PERS, or with respect to any other certificates, before resolution of the <u>IndyMac</u> and <u>Citigroup</u>

appeals.

> **M.** **Whether and to What Extent Expert Evidence Will Be**
> **<u>Required, and Proposed Deadlines for Expert Discovery</u>**

**Plaintiffs' Position:**

The Parties agree that expert evidence will be required.  As explained above, Plaintiffs

propose that the Court hold a subsequent Case Management Conference after the resolution of

the pending appeals to address the case schedule, including for expert discovery.

**Defendants' Position:**

Defendants believe that expert evidence will be required, but respectfully submit that it is premature to determine to what extent expert evidence will be required or to propose any deadlines for expert discovery prior to the resolution of the <u>IndyMac</u> and <u>Citigroup</u> appeals.

N.     **What, If Any, Changes Should Be Made in the
       Limitations on Discovery Imposed Under the
       Federal Rules of Civil Procedure or the Local Rules of Court,
       <u>and What Other Limitations Should Be Imposed</u>**

**Plaintiffs' Position:**

Rule 30(a) of the Federal Rules of Civil Procedure states that a party may take ten depositions without leave of court.  Fed. R. Civ. P. 30(a)(2)(A)(i).  Likewise, Rule 33(a) provides that each party may issue 25 interrogatories without leave of court.  Fed. R. Civ. P. 33(a). Plaintiffs propose that modification of the number of depositions and interrogatories is warranted under the circumstances in this case.   Plaintiffs propose that each side may conduct 30 depositions without further leave of Court.   In an effort to reduce the overall number of depositions that would be required without further leave of Court, Plaintiffs also propose modifying the number of interrogatories from 25 to 30.

**Defendants' Position:**

Defendants respectfully submit that it is premature to determine the scope of discovery, including any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of the Court, prior to the resolution of the <u>IndyMac</u> and <u>Citigroup</u> appeals.

O.     **Whether the Case Is To Be Tried With or Without a Jury,
       and the Number of Trial Days Expected To Be Needed
       <u>For Presentation of the Case</u>**

**Plaintiffs' Position:**

Plaintiffs request a jury trial and estimate in good faith that trial may last 10-15 trial days.

**Defendants' Position:**

Defendants respectfully submit that it is premature to make any determinations about trial, including whether a trial will be necessary, prior to the resolution of the <u>IndyMac</u> and <u>Citigroup</u> appeals.

### P.   What Work, If Any, Remains Before the Case Will Be Trial-Ready

**Plaintiffs' Position:**

As detailed above, discovery has been stayed during the pendency of Defendants' motions to dismiss, and no discovery has been conducted.  The Parties will conduct merits and expert discovery before the case will be trial-ready.

**Defendants' Position:**

Defendants respectfully submit that it is premature to make any determinations about trial, including whether a trial will be necessary, prior to the resolution of the <u>IndyMac</u> and <u>Citigroup</u> appeals.

### Q.   Any Other Information that May Assist the Court in Advancing the Case to Settlement or Trial

**Plaintiffs' Position:**

At this time, the Parties do not have any other information they believe will assist the Court in advancing the case to settlement or trial.

**Defendants' Position:**

Defendants respectfully submit that it is premature to advance proceedings in this matter prior to the resolution of the <u>IndyMac</u> and <u>Citigroup</u> appeals, but do not presently have any other information that may assist the Court in advancing the case to settlement or trial.

### R.   Any Other Orders that Should Be Entered By the Court Under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c)

**Plaintiffs' Position:**

At this time, Plaintiffs do not have any other orders they believe should be entered under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

**Defendants' Position:**

At this time, defendants do not believe that any other orders should be entered under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).  Defendants respectfully request that the Court enter an order granting their motion to stay proceedings in this action pending determination of the issues currently on appeal in <u>IndyMac</u> and <u>Citigroup</u>.

Dated:  August 7, 2012

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP


*/s/ David R. Stickney*
DAVID R. STICKNEY

DAVID R. STICKNEY (admitted *pro hac vice*)
TIMOTHY A. DeLANGE (admitted *pro hac vice*)
MATTHEW P. JUBENVILLE
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
davids@blbglaw.com
timothyd@blbglaw.com
matthewj@blbglaw.com

*Counsel for Plaintiff Public Employees'*
*Retirement System of Mississippi and Co-Lead*
*Counsel for the Class*


ROBBINS GELLER RUDMAN
   & DOWD LLP


*/s/ Arthur C. Leahy*
ARTHUR C. LEAHY

ARTHUR C. LEAHY
THOMAS E. EGLER
SCOTT H. SAHAM
SUSAN G. TAYLOR
NATHAN R. LINDELL
MATTHEW I. ALPERT
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Tel:   (619) 231-1058
Fax:   (619) 231-7423
artl@rgrdlaw.com

tome@rgrdlaw.com
scotts@rgrdlaw.com
susant@rgrdlaw.com
nlindell@rgrdlaw.com
malpert@rgrdlaw.com


SAMUEL H. RUDMAN
DAVID A. ROSENFELD
CAROLINA C. TORRES
JARRETT S. CHARO
58 South Service Road, Suite 200
Melville, NY  11747
Tel:    (631) 367-7100
Fax:    (631) 367-1173
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
ctorres@rgrdlaw.com
jcharo@rgrdlaw.com

*Co-Lead Counsel for the Class*


Dated:  August 7, 2012                    DAVIS POLK & WARDWELL LLP


                         */s/ James P. Rouhandeh*
                         JAMES P. ROUHANDEH

JAMES P. ROUHANDEH
DANA M. SESHENS
CARISSA M. PILOTTI
450 Lexington Avenue
New York, NY 10017
Tel:    (212) 450-4000
Fax:    (212) 701-5800
rouhandeh@davispolk.com
dana.seshens@davispolk.com
carissa.pilotti@davispolk.com

*Counsel for Defendants Morgan Stanley Capital I Inc., Morgan Stanley Mortgage Capital Holdings LLC, Morgan Stanley & Co. Incorporated, Morgan Stanley, David R. Warren, Anthony B. Tufariello, William J. Forsell, and Steven S. Stern*