UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                    :
In re Morgan Stanley Mortgage Pass-Through                          :
Certificates Litigation                                             :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     :   MASTER FILE
                                                                    :   09 Civ. 2137 (LTS)(MHD)
                                                                    :
This Document Relates to:                                           :
                                                                    :
        ALL ACTIONS                                                 :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**REPLY MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANTS' MOTION TO STAY</u>**



DAVIS POLK & WARDWELL LLP

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

Attorneys for Defendants Morgan Stanley
Capital I Inc., Morgan Stanley Mortgage
Capital Holdings LLC, Morgan Stanley &
Co. Incorporated, Morgan Stanley, David R.
Warren, Anthony B. Tufariello, William J.
Forsell, and Steven S. Stern

## TABLE OF CONTENTS

PAGE

ARGUMENT ................................................................................................................... 2

I.    This Entire Action Should Be Stayed ................................................................. 2

II.   Limited Discovery Now Concerning MSM 2006-14SL Would Be Inefficient
      and Would Not Materially Advance the Litigation ............................................. 3

III.  Plaintiffs' Belated Relation Back Argument Is Meritless ...................................... 9

CONCLUSION ............................................................................................................. 10

## TABLE OF AUTHORITIES

PAGE

CASES

In re Bear Stearns Mortgage Pass-Through Certificates Litig.,
No. 08 Civ. 8093 (LTS)(KNF) 2012 U.S. Dist. LEXIS 45679
(S.D.N.Y. Mar. 30, 2012) ..............................................................................7

In re IndyMac Mortgage-Backed Sec. Litig.,
793 F. Supp. 2d 637 (S.D.N.Y. 2011)............................................................9

In re J.P. Jeanneret Assocs.,
769 F. Supp. 2d 340 (S.D.N.Y. 2011)............................................................7

Jones v. Ford Motor Credit Co.,
358 F.3d 205 (2d Cir. 2004)...........................................................................5

Kapiti v. Kelly,
No. 07 Civ. 3782 (RMB) (KNF), 2008 U.S. Dist. LEXIS 64154
(S.D.N.Y. Aug. 18, 2008) ..............................................................................6

Me. State Ret. Sys. v. Countrywide Fin. Corp.,
No. 2:10-cv-0302 (MRP), 2011 U.S. Dist. LEXIS 125203 (C.D. Cal. May 5, 2011)...6

In re Morgan Stanley Mortgage Pass-Through Certificates Litig.,
810 F. Supp. 2d 650 (S.D.N.Y. 2011).......................................................7, 8

In re Morgan Stanley Mortgage Pass-Through Certificates Litig.,
No. 09-cv-2137 (LTS)(MHD), 2010 U.S. Dist. LEXIS 84146
(S.D.N.Y. Aug. 17, 2010) ..............................................................................8

Nat'l Res. Defense Council v. U.S. Food and Drug Admin.,
No. 11 Civ. 3562 (JCF), 2012 WL 3229296 (S.D.N.Y. Aug. 8, 2012) ........................9

Plumbers' & Pipefitters' Local #562 Supp. Plan & Trust v. J.P. Morgan Acceptance
Corp., No. 08 Civ. 1713 (ERK) (WDW), 2012 U.S. Dist. LEXIS 24106
(E.D.N.Y. Feb. 23, 2012)................................................................................6

STATUTES & RULES

FED. R. CIV. P. 23(c)(1)(A) .................................................................................5

A stay of all proceedings pending resolution of the IndyMac and Citigroup appeals is warranted.  As demonstrated in defendants' opening brief in support of their motion, a stay would further the interest of judicial economy by protecting the Court and the parties from unnecessarily expending time and resources in connection with discovery, discovery disputes, and motion practice related to certificates that may no longer be in the case following resolution of the appeals.  A stay would not prejudice or cause hardship to plaintiffs or third parties, given its relatively brief expected duration.  Indeed, the circumstances warranting a complete stay in this case are at least as strong as, if not stronger than, the circumstances that warranted a complete stay in Bear Stearns, and plaintiffs have identified no distinction between the two.  As the Court is aware, PERS is also a plaintiff in Bear Stearns, and the arguments advanced by PERS in Bear Stearns in opposition to the stay requested there are indistinguishable from the arguments plaintiffs, including PERS, advance here.  They should fail for the same reasons.

Plaintiffs effectively concede that at least a partial stay is warranted with respect to the four certificates purchased by new plaintiffs, devoting much of their opposition to the reasons why plaintiffs believe limited discovery focused on PERS' certificate, MSM 2006-14SL, should go forward.  Plaintiffs fail, however, to demonstrate any efficiencies gained through piecemeal discovery.  To the contrary, piecemeal discovery would burden the Court, the parties, and numerous third parties with duplicative discovery that could more efficiently proceed at one time.  Nor do plaintiffs dispute that piecemeal discovery will not materially advance the litigation, agreeing that class certification discovery and briefing should be deferred until resolution of the IndyMac and Citigroup appeals.  Indeed, PERS itself has previously acknowledged that piecemeal discovery is not effective in cases such as this.  The arguments PERS is advancing here are the complete opposite of the position that PERS took in Bear

1

<u>Stearns</u>, where PERS strenuously (and correctly) argued that piecemeal discovery was inefficient and that all discovery should go forward at the same time.  PERS now appears to view piecemeal discovery as the facilitator of efficiency, but PERS had it right the first time.  Piecemeal discovery, particularly under the circumstances of this case, would not be efficient or effective in advancing this litigation.

**ARGUMENT**

**I.     This Entire Action Should Be Stayed**

The circumstances warranting a complete stay in this action are virtually identical to those in <u>Bear Stearns</u>, and plaintiffs offer no viable distinction between the two.[1]  Although plaintiffs argue that the feasibility of piecemeal discovery was never presented in <u>Bear Stearns</u> (Pls.' Opp. at 8), they ignore that the parties fully briefed the merits of a stay, including its impact on discovery and the implications of piecemeal discovery.  <u>See</u> <u>In re Bear Stearns Mortgage Pass-Through Certificates</u>, No. 08-cv-8093 (LTS) (KNF) ("<u>Bear Stearns</u>"), Pls.' Opp. (Dkt. No. 177) at 13 (Apr. 27, 2012); <u>Bear Stearns</u>, Defs.' Reply Mem. (Dkt. No. 180) at 8-9 (May 4, 2012).  Unlike this case where all but one plaintiff and one certificate will be impacted by the <u>IndyMac</u> and <u>Citigroup</u> appeals, three plaintiffs and four certificates in <u>Bear Stearns</u> will be unaffected.  The Court nevertheless stayed all proceedings in <u>Bear Stearns</u>, and the same result should follow here for the reasons set forth herein and in defendants' opening memorandum.

---

[1]   At most plaintiffs try to distinguish <u>Bear Stearns</u> from the instant case by noting that the <u>Bear Stearns</u> defendants simultaneously sought an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) when they sought a stay (Pls.' Opp. at 8), but such a distinction has no bearing on whether a stay should be granted here.  This Court did not stay the <u>Bear Stearns</u> case in connection with granting defendants' request for interlocutory review; instead, the Court granted a stay pending resolution of the <u>American Pipe</u> issues on appeal, <u>Bear Stearns</u>, Order (Dkt. No. 184) at 1 (May 16, 2012)—the same relief defendants seek here.

**II.     Limited Discovery Now Concerning MSM 2006-14SL Would Be
         Inefficient and Would Not Materially Advance the Litigation**

In considering the scope of the stay, the Court focused the parties, in connection with

their initial pretrial conference held on August 14, 2012, on the feasibility of discovery

proceeding solely with respect to PERS' certificate, MSM 2006-14SL.  As defendants set forth

in the parties' pre-conference statement and as explained in greater detail below, proceeding with

piecemeal discovery now would not materially advance the litigation, but, rather, would

unnecessarily burden the Court, the parties, and third parties with unavoidable duplicative

discovery processes that could more efficiently proceed at one time.  Indeed, PERS itself argued

against piecemeal discovery in opposition to the Bear Stearns defendants' motion to stay,

recognizing the inefficiencies piecemeal discovery creates for the parties and for the Court.  Bear

Stearns, Pls.' Opp. (Dkt. No. 177) at 13 (Apr. 27, 2012).  PERS' reasoning applies here with

equal force.

First, proceeding now with limited discovery pertaining to PERS' MSM 2006-14SL

certificate would not, defendants respectfully submit, promote judicial efficiency or help develop

a more efficient pathway to future discovery if new plaintiffs' certificates were to remain in this

action.  Although the relevant proof is different from certificate to certificate—such that there

will be documents, testimony, and facts that are specific to each—that proof will frequently

derive from overlapping sources such as document custodians or fact witnesses, making

duplicative discovery processes inevitable.  For example, if plaintiffs were to initiate document

discovery now with respect to MSM 2006-14SL only, to the extent the same Morgan Stanley

employees were involved with both MSM 2006-14SL and new plaintiffs' certificates, those

employees' e-mail, electronic, and hard copy files would have to be searched and reviewed

twice, first for information relating to MSM 2006-14SL and later with respect to new plaintiffs'

3

certificates.  Duplicating this process would impose on defendants increased costs associated with collecting, searching, and reviewing electronically stored information.

It would be equally as inefficient to proceed with depositions concerning MSM 2006-14SL, including with Rule 30(b)(6) testimony.  To the extent the same personnel were involved in MSM 2006-14SL and new plaintiffs' certificates, those employees would have to be deposed twice, first in connection with the facts concerning PERS' certificate and later in connection with the facts concerning new plaintiffs' certificates.  And if plaintiffs were to notice a Rule 30(b)(6) deposition now concerning MSM 2006-14SL, they undoubtedly would notice a second Rule 30(b)(6) deposition (or even multiple Rule 30(b)(6) depositions) in connection with the other certificates at issue.  It would, therefore, be inevitable that defendants' employees, many of whom are now former employees, would have to prepare and sit for multiple depositions, including for depositions under Rule 30(b)(6).

Third parties also would not be able to avoid duplicative discovery processes.  Plaintiffs attempt to downplay the potential burden duplicative discovery would impose on third parties by arguing that only a single entity, Morgan Stanley Mortgage Capital ("MSMC"), contributed loans to MSM 2006-14SL.  (Pre-Conference Statement at 1, 6, 7.)  But many different originators originated and sold loans to MSMC, and MSMC contributed many different loans to each of the certificates purchased by plaintiffs.  (TAC ¶ 36.)  As a result, many third parties could be called upon to produce documents or give deposition testimony twice if discovery concerning the certificates were to begin at different times.  As PERS recognized in <u>Bear Stearns</u>, such third parties "will likely oppose multiple, piecemeal production requests."  <u>Bear Stearns</u>, Pls.' Opp. (Dkt. No. 177) at 13 (Apr. 27, 2012).

Additionally, the Court could be unnecessarily burdened if plaintiffs were to proceed now with even limited discovery concerning MSM 2006-14SL.  Although the parties intend to work diligently to avoid bringing discovery disputes before the Court, if the parties were unsuccessful in those efforts, the Court could find itself having to oversee multiple rounds of discovery disputes over the course of multiple rounds of discovery, including disputes that may arise concerning the proper scope of any discovery the Court may authorize to go forward.  Were the Court to attempt to achieve some efficiencies by authorizing limited discovery to proceed at this stage, defendants respectfully submit that duplicative discovery processes would be inevitable and, thus, any perceived efficiencies in identifying discovery methodologies or templates for later use are outweighed by the likely need to obtain different facts and evidence from the same sources or repositories of information on more than one occasion.

Second, as plaintiffs effectively concede, proceeding with piecemeal discovery would not materially advance the litigation.  Presumably recognizing that they cannot attempt to certify a class pursuant to Rule 23 until they know, at a minimum, which certificates are properly at issue in this case, plaintiffs agree that class certification discovery and motion practice should be delayed until after resolution of the IndyMac and Citigroup appeals, even if limited discovery were to proceed now with respect to PERS' certificate.  (Pre-Conference Statement at 7; Pls.' Opp. at 4 n.2.)  Not surprisingly, plaintiffs agree that the discovery that defendants most likely would spearhead, relating to class certification, should be delayed, while the discovery plaintiffs want to affirmatively pursue should go forward.  This would be fundamentally unfair to defendants, as Federal Rule of Civil Procedure 23 requires that class certification be decided "[a]t an early practicable time" in a litigation.  FED. R. CIV. P. 23(c)(1)(A) (emphasis added); see also Jones v. Ford Motor Credit Co., 358 F.3d 205, 215 (2d Cir. 2004); Kapiti v. Kelly, No. 07

Civ. 3782 (RMB) (KNF), 2008 U.S. Dist. LEXIS 64154, at *8-9 (S.D.N.Y. Aug. 18, 2008) ("fundamental fairness" requires that a defendant be informed "promptly" of the number of parties to whom it may ultimately be held liable). This attempt to exploit the stay in order to gain a strategic advantage in the litigation should be rejected.

In any event, the proper scope of discovery concerning MSM 2006-14SL cannot be determined until after class certification. If the Court denies plaintiffs' anticipated motion for class certification, then there may be no, or very little, need for discovery concerning MSM 2006-14SL. But even if the Court were to certify a class, the scope of discovery concerning MSM 2006-14SL would be impacted in at least two ways. First, the appropriate time period for discovery cannot be determined until the contours of any class are identified. PERS purports to bring its claims on behalf of a class of all investors who—at any point in time—acquired MSM 2006-14SL certificates pursuant to the prospectus supplement. (See TAC ¶ 28.) But PERS made only one purchase from MSM 2006-14SL, in August 2007. (Id. at ¶ 14.) Second, the particular tranches of MSM 2006-14SL certificates appropriate for discovery will not be determined until after this Court decides whether a class should be certified. PERS' MSM 2006-14SL certificate is from Class A1. (Id. at ¶¶ 9, 14.) But seven other classes of certificates also were offered pursuant to the MSM 2006-14SL prospectus supplement. Numerous courts have held that a plaintiff pursuing Securities Act claims based on RMBS only has statutory standing with respect to the specific tranche it purchased. E.g., Plumbers' & Pipefitters' Local #562 Supp. Plan & Trust v. J.P. Morgan Acceptance Corp. I, No. 08 Civ. 1713 (ERK) (WDW), 2012 U.S. Dist. LEXIS 24106, at *24-25 (E.D.N.Y. Feb. 23, 2012); Me. State Ret. Sys. v. Countrywide Fin. Corp., No. 2:10-cv-0302 (MRP) (MANx), 2011 U.S. Dist. LEXIS 125203, at *25-26 (C.D. Cal. May 5, 2011). Although this Court declined to dismiss claims based on

tranches that named plaintiffs did not purchase in <u>Bear Stearns</u>, it held that dissimilarities between the tranches are "appropriately addressed at the class certification stage." <u>Bear Stearns</u>, 2012 U.S. Dist. LEXIS 45679, at *90-91 (S.D.N.Y. Mar. 30, 2012).

Indeed, if any discovery were to go forward now given the posture of the litigation, the only appropriate discovery would concern the threshold issue of PERS' compliance with Section 13's one-year statute of limitations.  In the third amended complaint, PERS alleges compliance with the statute of limitations by referencing a purported "investigation" into the "mortgage industry in general" during the summer of 2008.  (TAC ¶ 99.)  PERS does not, however, specify what prompted the investigation, what aspects of the mortgage industry were investigated, how the investigation was conducted, what, if anything, the investigation uncovered, or what PERS knew about the mortgage industry or MSM 2006-14SL before its investigation.  These facts, and others, will be critical to the statute of limitations analysis—a threshold issue to be ascertained early in the litigation, particularly given its impact on class certification.[2]  A plaintiff whose claims are time barred is "certainly . . . ineligible to represent a class asserting timely claims."  <u>In re J.P. Jeanneret Assocs.</u>, 769 F. Supp. 2d 340, 366 (S.D.N.Y. 2011).

Finally, none of plaintiffs' other arguments in opposition to defendants' motion has merit. Plaintiffs' contention that they would be prejudiced by a stay because it would cause further delay in a case that has been pending since 2008 ignores both that new plaintiffs' claims were first asserted in September 2010 and that plaintiffs are to blame for the vast majority of the delay about which they complain.  (<u>See</u> Pls.' Opp. at 6-7.)  Plaintiffs' claims initially were filed by an entirely different plaintiff, West Virginia Investment Management Board ("WVIMB"), which

---

[2] Moreover, as this Court has observed, a finding that PERS' December 2008 complaint was untimely would require dismissal of new plaintiffs' claims.  <u>In re Morgan Stanley Mortgage Pass-Through Certificates Litig.</u>, 810 F. Supp. 2d 650, 663 n.10 (S.D.N.Y. 2011).

lacked standing to bring those claims.  In re Morgan Stanley Mortgage Pass-Through Certificates Litig., No. 09-cv-2137 (LTS)(MHD), 2010 U.S. Dist. LEXIS 84146, at *16 (S.D.N.Y. Aug. 17, 2010) (dismissing WVIMB claims based on certificates it did not purchase).  PERS and new plaintiffs thereafter, in September 2010, amended the complaint originally brought by WVIMB, but then failed to adequately plead compliance with Section 13's statute of limitations, which required another amendment.  Morgan Stanley, 810 F. Supp. 2d at 673.  Plaintiffs did not file their third amended complaint until September 30, 2011, less than one year ago.

       Equally unconvincing is plaintiffs' argument that it would not be burdensome for defendants to commence discovery now with respect to MSM 2006-14SL because Morgan Stanley has already produced materials concerning its RMBS business in other investigations and lawsuits.  (Pls.' Opp. at 4-5.)  Plaintiffs assume, without basis, that the information they would be seeking through discovery is the same information that has been produced in other investigations and lawsuits.  But plaintiffs do not and cannot allege that MSM 2006-14SL was the subject of any of those investigations or lawsuits.  Thus, there is no basis for any assertion that materials previously produced by Morgan Stanley would be relevant to PERS' claims in this action.  Furthermore, plaintiffs' claim that defendants ought to conduct discovery concerning MSM 2006-14SL now because they engaged in a "massive undertaking" issuing RMBS in 2006 and 2007 (id. at 5) is non-sensical.  The volume and pace at which Morgan Stanley offered RMBS has nothing to do with the infeasibility or inefficiency of engaging in piecemeal discovery in this action.

### III.     Plaintiffs' Belated Relation Back Argument Is Meritless

On August 17, 2012, plaintiffs filed a notice of recent authority in which they argued that

a recent decision by Magistrate Judge Francis, issued before plaintiffs filed their opposition to

defendants' motion on August 10, 2012, supports plaintiffs' arguments in opposition to a stay.

(Pls.' Notice of Recent Authority at 1 (citing Nat'l Res. Defense Council v. U.S. Food and Drug

Admin., No. 11 Civ. 3562 (JCF), 2012 WL 3229296 (S.D.N.Y. Aug. 8, 2012) ("NRDC")).)

Plaintiffs are wrong.  Neither statutes of limitations nor repose were at issue in NRDC.  And

plaintiffs' new argument that a stay is not warranted because whatever the outcome new

plaintiffs' claims should survive the IndyMac and Citigroup appeals on a relation back theory is

incorrect.  In fact, the availability of relation back in circumstances identical to those presented

here is before the Second Circuit in IndyMac.

In the IndyMac district court proceedings, Judge Kaplan denied a motion to intervene

because the three-year statute of repose had already expired as to intervenors' claims and

"neither American Pipe nor any other form of tolling may be invoked to avoid" that statute of

repose.  In re IndyMac Mortgage-Backed Sec. Litig., 793 F. Supp. 2d 637, 642-43 (S.D.N.Y.

2011).  Judge Kaplan further held:

> The putative intervenors here cannot avoid the statute of repose on
> a "relation back" theory under Fed. R. Civ. P. 15(c) because the
> statute of repose by its terms allows no exceptions.  Indeed, Rule
> 15 may not be construed to permit relation back because such a
> construction would conflict with the Rules Enabling Act, which
> provides in pertinent part that the rules prescribed by the Supreme
> Court (including Rule 15) "shall not abridge, enlarge or modify
> any substantive right."

Id. at 643 (citations omitted).  This issue was raised on appeal.  Br. for Intervenor-Appellant

Gen. Ret. Sys. of the City of Detroit, IndyMac (Dkt. No.115) at 2 (Nov. 1, 2011).  If the Second

Circuit upholds the district court's ruling, then, contrary to plaintiffs' assertions, relation back

will not be available to new plaintiffs.  And, whether that is the case will not be resolved until

after the IndyMac appeal is decided.  Accordingly, there is no reason for this action to proceed

until that time.[3]

## CONCLUSION

For the reasons set forth above and in their opening memorandum, defendants

respectfully request that the Court stay this action pending resolution of the IndyMac and

Citigroup appeals.

Dated:   August 20, 2012
           New York, New York

                                          DAVIS POLK & WARDWELL LLP


                                          By:   /s/ James P. Rouhandeh
                                                James P. Rouhandeh
                                                (rouhandeh@davispolk.com)
                                                Dana M. Seshens
                                                (dana.seshens@davispolk.com)
                                                Carissa M. Pilotti
                                                (carissa.pilotti@davispolk.com)

                                          450 Lexington Avenue
                                          New York, New York 10017
                                          (212) 450-4000

                                          Attorneys for Defendants Morgan Stanley
                                          Capital I Inc., Morgan Stanley Mortgage
                                          Capital Holdings LLC, Morgan Stanley &
                                          Co. Incorporated, Morgan Stanley, David
                                          R. Warren, Anthony B. Tufariello,
                                          William J. Forsell, and Steven S. Stern

---

[3]  Moreover, even if the Second Circuit were to hold that Rule 15(c) could apply to
Section 13's statute of repose, new plaintiffs could not avail themselves of relation back for the
reasons set forth in defendants' motion to dismiss the second amended complaint.  (See Defs.'
Mem. in Support of Mot. to Dismiss Sec. Am. Compl. at 12-13; Reply Mem. at 6-7.)