UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

IN RE MORGAN STANLEY MORTGAGE
PASS-THROUGH CERTIFICATES LITIGATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 1 1 2013

_____

This Document Relates to All Actions

------------------------------------------------------x

Master File No. 09 Civ. 2137 (LTS)(MHD)

## MEMORANDUM ORDER

Before the Court are Defendants' motion to stay this action pending the Second

Circuit's resolution of appeals that are expected to address the scope of the tolling doctrine

articulated in American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974), and Plaintiffs'

motion for reconsideration and leave to amend the Third Amended Complaint ("TAC") in light

of NECA–IBEW Health & Welfare Fund v. Goldman, Sachs & Co., 693 F.3d 145 (2d Cir. 2012)

("Goldman Sachs"). The Court has jurisdiction of this matter under 28 U.S.C. § 1331. For the

reasons stated below, Defendants' motion is denied and Plaintiffs' motion is granted.

## BACKGROUND

The background of these consolidated actions is detailed in In re Morgan Stanley

Mortg. Pass-Through Certificates Litig., No. 09 Civ. 2137(LTS), 2010 WL 3239430 (S.D.N.Y.

Aug. 17, 2010) ("2010 Opinion"), and In re Morgan Stanley Mortg. Pass-Through Certificates

Litig. ("2011 Opinion"), 810 F. Supp. 2d 650 (S.D.N.Y. 2011). The Court assumes the parties'

familiarity with those decisions and will limit its summary of the procedural history and

Plaintiffs' allegations to matters germane to the Court's legal conclusions.

On December 2, 2008, Lead Plaintiff Public Employees' Retirement System of

Mississippi ("MissPERS") filed a complaint ("Initial Complaint") asserting Securities Act claims based on 14 offerings. MissPERS had only purchased Certificates from one of the 14 offerings – Morgan Stanley Mortgage Loan Trust ("MSML") 2006-14SL. On May 7, 2009, West Virginia Investment Management Board ("WVIMB") filed a complaint asserting claims on behalf of purchasers of certificates in 31 MSML offerings, including the 14 MSML offerings identified in the Initial Complaint. The MissPERS and WVIMB complaints were subsequently consolidated into the Consolidated Amended Complaint ("CAC"). On August 17, 2010, this Court dismissed the CAC to the extent it asserted claims regarding offerings other than MSML 2007-11AR[1] and MSML 2006-14SL, on the grounds that the Plaintiffs lacked standing to assert claims based on offerings from which they had not purchased Certificates. The Court granted MissPERS leave to file a Second Amended Complaint ("SAC") that would address the standing deficiencies. Thereafter, MissPERS filed an SAC adding named plaintiffs ("New Plaintiffs") who had purchased certificates from seven of the 14 offerings identified in the Initial Complaint. Defendants moved to dismiss the SAC, in part, on the grounds that the New Plaintiffs' claims were barred by the statute of repose set forth in Section 13 of the Securities Act of 1933 ("Section 13").

In its 2011 Opinion, the Court ruled that the New Plaintiffs' claims were timely because, under American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974), the filing of the Initial Complaint tolled the statute of repose. However, the Court dismissed the SAC without prejudice for failing to plead the timing and circumstances of the discovery of the misrepresentations, as required by Section 13. Thereafter, Plaintiffs filed a Third Amended

---

[1]        The claim relating to MSML 2007-11AR was, however, dismissed as untimely.

Complaint ("TAC"), which corrected the Section 13 pleading defect.

On July 27, 2012, Defendants filed a motion to stay proceedings pending the resolution of In re IndyMac Mortgage-Backed Securities Litigation, Nos. 11-2998-cv, 11-3036 (2d Cir. July 21, 2011), and Citigroup Inc. v. International Fund Management S.A., No. 12-1903 (2d Cir. May 9, 2012), consolidated appeals that are expected to address (1) whether American Pipe tolling applies to statutes of repose and (2) whether American Pipe tolling applies to statutes of limitations and repose when the original named plaintiff lacked standing to pursue the claims. Defendants contend that discovery at this juncture is premature because, should the Second Circuit answer either question in the negative, Plaintiffs' timely claims will be narrowed to those based on the single offering from which MissPERS purchased Certificates.

After Defendants filed their motion, the Second Circuit rendered its decision in Goldman Sachs, establishing a conceptual framework for the class standing analysis that is broader than the one this Court applied in its 2010 Opinion.  Specifically, the Circuit held that a putative lead plaintiff has "class standing if he plausibly alleges (1) that he 'personally has suffered some actual . . . injury as a result of the putatively illegal conduct of the defendant,' . . . and (2) that such conduct implicates 'the same set of concerns' as the conduct alleged to have caused injury to other members of the putative class by the same defendants."  Goldman Sachs, 693 F.3d at 162.  Applying this principle, the Goldman Sachs Court held that a putative class plaintiff has standing to bring Section 11 and 12(a)(2) claims on behalf of purchasers of mortgage-backed securities in related offerings where the claims asserted arose from alleged misrepresentations concerning underwriting conduct by the same loan originators.  Id. at 148-49. Citing Goldman Sachs, Plaintiffs moved for reconsideration of the Court's 2010 Opinion and for

leave to amend the TAC to reinstate MissPERS' claims regarding the 14 offerings listed in the Initial Complaint.  Plaintiffs also argue that because, under Goldman Sachs, MissPERS always had standing to assert claims based on the 14 offerings listed in the Initial Complaint, those claims are timely regardless of the how the Second Circuit decides the American Pipe issue.

DISCUSSION

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  As the Second Circuit has explained, one of the "major grounds justifying reconsideration" is "an intervening change of controlling law." United States v. Plugh, 648 F.3d 118, 123-24 (2d Cir. 2011).

The Court agrees that Goldman Sachs constitutes an intervening change of controlling law, and that, under the Second Circuit's holding in that case, MissPERS' claims on behalf of holders of certificates from all 14 offerings were properly asserted in the Initial Complaint and, thus, were also timely.  Defendants' argument that MissPERS lacks standing because, unlike the Goldman Sachs plaintiffs, the Plaintiffs here have not identified a third-party bulk originator common to all 14 offerings is both factually inaccurate and legally misguided.  As a factual matter, Plaintiffs have alleged that Morgan Stanley Mortgage Capital ("MSMC") contributed large percentages of loans to all 14 offerings, an assertion that is substantiated by the Prospectus Supplement, which clearly identifies MSMC as an "Originator." (Ex. 2, S-26, attached to Defs' Opp.)  Whether the Prospectus Supplement mischaracterizes MSMC's role is

an issue properly addressed after discovery, not at the pleading stage.[2]

      Moreover, Defendants read too narrowly the <u>Goldman Sachs</u> holding's reliance on the presence of a common originator.  In that case, the claims focused on alleged underwriting misconduct by particular loan originators.  Such misconduct provided the common "set of concerns" necessary for the finding of class standing.  See <u>Goldman</u>, 693 F.3d at 163 (where plaintiff alleges misrepresentations "about <u>origination guidelines</u>, . . . differences in the identity of the originators backing the Certificates matters for purposes of assessing whether those claims raise the same set of concerns") (emphasis in original).  While the TAC does not allege that the Offering Documents misrepresented MSMC's compliance with its originating guidelines, it alleges that Plaintiffs suffered injury because MSMC, in its capacity as a loan purchaser, misrepresented its compliance with its stated purchasing guidelines.  (<u>See</u> TAC ¶¶ 39-40, 42.)  Thus, MSMC's alleged misconduct with respect to each of the 14 offerings "implicates the same set of concerns at the conduct alleged to have caused injury to other members of the putative class."  <u>Goldman</u>, 693 F.3d at 162.

      Plaintiffs will therefore be granted leave to file a Fourth Amended Complaint alleging facts sufficient under <u>Goldman Sachs</u> to demonstrate that MissPERS has standing to sue on behalf of purchasers of each of the 14 offerings.

      Because it appears that MissPERS had standing under <u>Goldman Sachs</u> as of the time of the Initial Complaint to sue on behalf of purchasers of each of the 14 offerings, the

---

[2]     Although the TAC is devoid of any allegations that MSMC violated its <u>origination</u> guidelines, the requisite common set of concerns is supplied by the allegations that MSMC violated its loan <u>purchasing</u> guidelines, as explained below.

outcome of the appeal pending before the Second Circuit will not affect the scope of Plaintiffs' claims.  Defendants' motion to stay the proceedings is therefore denied.

CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration and leave to amend the complaint is granted.  Plaintiffs must file their Fourth Amended Complaint no later than **January 31, 2013**.  Defendants' motion for a stay is denied.  This Memorandum Order resolves docket entry nos. 150, 163, and 170.  The Initial Pre-Trial Conference scheduled for January 16, 2013 at 3:00 p.m. is adjourned to **February 25, 2013, at 2:30 p.m.**, and will be held in Courtroom 17C.

SO ORDERED.

Dated: New York, New York
       January 11, 2013

LAURA TAYLOR SWAIN
United States District Judge