```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ____ 9/6/2013
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

IN RE MORGAN STANLEY MORTGAGE
PASS-THROUGH CERTIFICATES
LITIGATION

**09-CV-02137 (LTS)(SN)**

**OPINION & ORDER**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

This is a securities action brought on behalf of a putative class in which the plaintiffs assert

claims relating to the marketing and sale of mortgage-backed security pass-through certificates issued by

Morgan Stanley Capital I, Inc. Defendants now seek certain disclosures from plaintiffs. Because the

documents and information sought are largely not relevant to the claims and defenses in this action and

do not speak to plaintiffs' adequacy to serve as class representatives, defendants' application is DENIED

in part and GRANTED in limited part.

## BACKGROUND

The factual and procedural background of this action is fully set forth in prior opinions. See, e.g.,

In re Morgan Stanley Mortg. Pass-Through Certificates Litig., 810 F. Supp. 2d 650 (S.D.N.Y. 2011),

and In re Morgan Stanley Mortg. Pass–Through Certificates Litig., 09 Civ. 2137 (LTS)(MHD), 2010

WL 3239430 (S.D.N.Y. Aug. 17, 2010). The Court assumes familiarity.

## DISCUSSION

Defendants seek production of all monitoring agreements between plaintiffs and plaintiffs'

counsel. Plaintiffs, in their letter dated August 23, 2013, have objected on grounds that the information

is not relevant to the merits of the case or class certification.[1]

---

[1] Plaintiffs initially objected on privilege grounds as well but appear to have abandoned that objection before the
Court.

Defendants are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Although the fact of a retainer, the identity of the client, and the fee information are not privileged, see Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A., 258 F.R.D. 95, 101 (S.D.N.Y. 2009), the party seeking disclosure must make a showing of the requested information's relevance to its claims or defenses, see Gaus v. Conair Corp., No. 94 Civ. 5693(KTD), 2000 WL 358387, at *3 (S.D.N.Y. April 7, 2000).

Defendants advance three relevancy arguments. First, they contend that plaintiffs' monitoring agreements are relevant to establishing plaintiffs' knowledge of the alleged misrepresentations in the offering documents. Defendants contend that plaintiffs' knowledge is a complete defense to liability under Section 11 of the Securities Act of 1933 (the "Act"), while lack of knowledge is an element of plaintiffs' Section 12(a)(2) claims. See 15 U.S.C. §§ 77k(a) and 77l(a)(2).

The Court has conducted an *in camera* review of the monitoring agreements and can confirm plaintiffs' counsel's representations: that "the monitoring agreements do not reference RMBS litigation, the Offerings, the Offering Documents, the defendants, the Certificates, the Originators, the Rating Agencies, or anything else related to this litigation." Pls.' Ltr. at 2. As such, they offer no information relevant to plaintiffs' knowledge or lack of knowledge. Arguably, some marginal evidence of when plaintiffs became aware of the alleged misrepresentations may be gleaned from plaintiffs' retainer agreements with counsel *for this case*, which plaintiffs have already produced or agreed to produce.

Nor are the monitoring agreements sufficient to establish imputed knowledge between counsel and plaintiffs. See Pub. Emps.' Ret. Sys. of Miss. v. Goldman Sachs Group, Inc., 280 F.R.D. 130, 140-41 (S.D.N.Y. 2012) ("[T]he monitoring agreement, which does not retain [the law firm] as its representative, is insufficient to impute [firm's] knowledge to Lead Plaintiff.").

Relatedly, defendants argue that plaintiffs' monitoring agreements are relevant to their statute of limitations defense. Judge Swain has, however, already ruled on defendants' statute of limitation defense. "Defendants' exhibits do not persuade the Court that, by December 8, 2007, there was enough information in the public domain for Plaintiffs to have filed a complaint a complaint [sic] that could survive a 12(b)(6) motion…. Accordingly, the court finds that the [Third Amended Complaint] adequately pleads compliance with the statute of limitations and that the claims are timely." In re Morgan Stanley Mortg. Pass-Through Certificates Litig., 09 Civ 2137 (LTS)(MHD), 2012 WL 2899356, at *3 (S.D.N.Y. Jul. 16, 2012). Thus the monitoring agreements are not relevant to establishing the existence or timing of plaintiffs' knowledge of the alleged misrepresentations in this case.

Second, defendants argue that the monitoring agreements are relevant to determining the adequacy of plaintiffs and their lawyers to serve as class representatives. Defendants provide no non-speculative basis for believing that the monitoring agreements at issue here raise inadequacy concerns. Many courts have found lead plaintiffs to be sufficient class representatives even when monitoring agreements were in place. See City of Livonia Emps'. Ret. Sys. v. Wyeth, 284 F.R.D. 173, 180 (S.D.N.Y. 2012) ("[C]ourts routinely appoint institutional investors with monitoring agreements as lead plaintiffs and class representatives."); City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp., 844 F. Supp. 2d 498, 503-04 (S.D.N.Y. 2012) (finding the lead plaintiff to be adequate despite concerns that a monitoring agreement would incentivize lawyer-driven litigation); Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing and Securitization, LLC, 616 F. Supp. 2d 461, 467 (S.D.N.Y. 2009) ("Iron Workers") (affirming – despite concerns about the relationship between monitoring agreements and lawyer-driven litigation – the order appointing a lead plaintiff who utilized monitoring agreements); Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co., 09 Civ. 3701 (JPO)(JCF), 2013 WL 1896934, at *2 (S.D.N.Y.  May 7, 2013) (denying defendants' request for

documents concerning monitoring agreements). In addition, upon examination of the monitoring

agreements, the Court concludes that the key concerns raised in <u>Iron Workers</u> are not present in these

monitoring agreements. Defendants will have an opportunity to depose plaintiffs to question their fitness

to represent the class. Their monitoring agreements will have no bearing on that analysis.

Finally, defendants argue that plaintiffs have put the monitoring agreements directly at issue in

this case by referring in the Fourth Amended Complaint to an investigation by outside counsel for the

Mississippi Public Employees' Retirement System ("MissPERS"). Fourth Am. Compl. at ¶ 104. This

allegation, along with other allegations in this section of the operative complaint, is included to satisfy

the "time and circumstance" requirement of Section 13. Although defendants' argument is weak – as

plaintiffs adequately identify the time and circumstances of their discovery – the Court will permit

disclosure of the date on which plaintiff MissPERS entered into its agreement with the outside counsel

identified in paragraph 104 of the Fourth Amended Complaint. Such disclosure will permit defendants

to test this allegation.

**CONCLUSION**

For these reasons, the defendants' request for the production of documents concerning or relating

to any monitoring agreement or arrangement between plaintiffs and plaintiffs' counsel is DENIED in

part and GRANTED in limited part.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge


DATED:      New York, New York
            September 6, 2013