UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE MORGAN STANLEY MORTGATE
PASS-THROUGH CERTIFICATES
LITIGATION

09-CV-02137 (LTS)(SN)

**OPINION & ORDER**

------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

     This is a securities action brought on behalf of a putative class in which the plaintiffs assert claims relating to the marketing and sale of mortgage-backed security pass-through certificates (the "Certificates") issued by Morgan Stanley Capital I, Inc. The case involves 13 Offerings, which occurred between March 27, 2006 and October 26, 2006. It alleges strict liability and negligence claims brought pursuant to the Securities Act of 1933 (the "1933 Act"). The Court assumes the parties' familiarity with the issues.

     Following a conference at which multiple discovery disputes were addressed, the Court directed the parties to submit letter motions related to any outstanding matters that were not resolved by the Court or agreed to by the parties following the conference. Among other letter motions, the plaintiffs filed an application concerning the refusal by non-party Bank of New York Mellon Corporation ("BNY") to comply with plaintiffs' April 29, 2013 subpoena (the "Subpoena"). The Subpoena seeks: "(1) documents identifying any persons to whom BNY sold any of the Certificates at issue as well as BNY's own purchase, sale or transfer of interest in any Certificate; and (2) documents concerning any distribution received related to the Certificates and all documents identifying any persons on whose behalf BNY received distributions." Plaintiffs allege that this information is necessary to satisfy Rule 23's numerosity requirement.

According to plaintiffs, "BNY's records identify more unique beneficial owners than any other third party."

BNY objects to enforcement of the Subpoena on the ground that the information sought is not relevant to any party's claim or defense, that it contains confidential customer information, and that compliance with the Subpoena would be overly burdensome. As a compromise position, in its August 8, 2013 letter to the Court, BNY offered to provide "the number (but not identities) of customers by series (i.e., potential sub-class)." BNY contends that, "for those series where there were sufficient numbers of BNY Mellon's own customers for a presumption of numerosity (50 or more), there would be no arguable need for those customers' identities and no 'double-counting' concerns." For those series where there was not sufficient investors identified, BNY has further agreed to seek disclosure from a "reasonable" number of customers based on the "gap" number between the investors identified by other financial institutions and the presumptive numerosity amount.

Following the Court's August 12, 2013 hearing, the parties (plaintiffs and defendants) were directed to meet-and-confer to see if any anticipated numerosity challenge could be resolved or narrowed. In letter submissions dated August 23, 2013 and August 26, 2013, the parties indicated that no compromise position could be reached before the submission of plaintiffs' class certification motion, anticipated to be filed on August 30, 2013. Following the filing of that motion, the Court gave the parties one last opportunity to resolve this dispute without judicial intervention. That effort has proved unsuccessful, resulting in this order.

## DISCUSSION

To obtain certification under Rule 23, it is the plaintiff's burden to establish that the action satisfies the numerosity, commonality, typicality and adequacy criteria of Rule 23(a) and

fits into one of the three categories described in Rule 23(b). See General Tel. Co. v. Falcon, 457 U.S. 147, 160 (1982); Wilner v. OSI Collection Servs., Inc., 198 F.R.D. 393, 396 (S.D.N.Y. 2001). Accordingly, the plaintiffs have the burden of demonstrating that the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). In this Circuit, numerosity is presumed when a class consists of forty or more plaintiffs. Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995).

The Court finds that the information sought by the Subpoena is plainly relevant to plaintiffs' class certification motion and therefore permissible under the broad discovery allowed under Rule 26 of the Federal Rules of Civil Procedure. As the Court's efforts reveal, defendants will not concede the numerosity requirement, and therefore plaintiffs must demonstrate a reasonable estimate – even if not a precise quantification – of the number of class members. See Assif v. Titleserv, Inc., 288 F.R.D. 18 (E.D.N.Y. 2012) ("As plaintiff bears the burden of demonstrating numerosity, he must show some evidence of or reasonably estimate the number of class members.") (quoting Russo v. CVS Pharmacy, Inc., 201 F.R.D. 291, 295 (D. Conn. 2001)).

BNY has, however, presented a compelling argument that disclosure of the identity of every investor who purchased the Certificates will be burdensome. Counsel for BNY represented to the Court that it is likely that "many hundreds of customers would be implicated" by the Subpoena, and that internal efforts to obtain consent before disclosure would take "a multi-month period, likely requiring the hiring of dedicated temporary or overtime workers." See Arista Records LLC v. Lime Grp. LLC, 06 Civ. 5936 (KMW), 2011 WL 781198, at *2 (S.D.N.Y. Mar. 4, 2011) ("When balancing the relevance of a particular discovery request against the burden of production, 'special weight [should be given] to the burden on non-parties of producing documents to parties involved in litigation.'" (quoting Copantitla v. Fiskardo

3

Estiatorio, Inc., 09 Civ. 1608, 2010 WL 1327921, at *10 (S.D.N.Y. Apr. 5, 2010))) (internal citation omitted).

Mindful of plaintiffs' burden to demonstrate numerosity and, therefore, their legitimate need for this information, weighed against BNY's respect for its customers' privacy and the burden imposed upon BNY to obtain consent before disclosure of customer information, the Court orders BNY to provide plaintiffs, in a sworn statement, with the number of unique BNY customers by series (i.e., potential sub-class). For those series where a presumption of numerosity may be satisfied based solely on BNY's customers, no identifying information must be produced. For those series where a presumption of numerosity cannot be satisfied based solely on BNY's customers, BNY must identify a number of its customers for each series in an amount equal to the difference between those unique investors already identified by other financial institutions and a presumptive numerosity amount.

## CONCLUSION

BNY shall provide the sworn statement as directed above by September 27, 2013. For those series for which numerosity cannot be established based solely on BNY's unique investors, by October 4, 2013, plaintiffs shall provide to BNY (i) by series, the number of unique investors needed to presumptively establish numerosity for purposes of plaintiffs' motion for class certification, and (ii) for those series where numerosity has not been satisfied based on BNY's sworn statement, the names of those unique investors already identified by other financial institutions to avoid double-counting concerns. Unless such information is rendered unnecessary in light of defendants' opposition to plaintiffs' class certification motion, by November 1, 2013, BNY shall provide the identity of those unique investors sufficient to establish presumptive numerosity. All documents and information produced pursuant to this Order shall be governed

4

by the parties' Protective Order for the Production and Exchange of Confidential and/or Highly Confidential Information (Doc. No. 207).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: New York, New York
September 19, 2013