UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

IN RE MORGAN STANLEY MORTGATE
PASS-THROUGH CERTIFICATES
LITIGATION

09-CV-02137 (LTS)(SN)

**OPINION & ORDER**

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/2013

**SARAH NETBURN, United States Magistrate Judge:**

On September 11, 2013, the Court ruled on, among other things, the list of custodians whose files were required to be searched pursuant to a search protocol. On September 25, 2013, the plaintiffs moved for reconsideration. Specifically, the plaintiffs seek reconsideration with respect to (1) seven custodians who were rejected from the custodian list on the ground that they worked primarily, if not exclusively, on subprime securities and (2) seven custodians who were rejected from the custodian list on the ground that they were duplicative of other custodians included on the list. The plaintiffs' motion became fully submitted on October 15, 2013. For the reasons set forth below, the plaintiffs' motion is DENIED in part and GRANTED in part.

## STANDARD OF REVIEW

Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. Virtual Solutions, LLC v. Microsoft Corp., 925 F. Supp. 2d 550, 571 (S.D.N.Y. 2013). A motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quotation marks and citations omitted). Such motions are to be narrowly construed and strictly applied to avoid repetitive arguments on issues fully considered by the court. Range Road Music, Inc. v.

Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Virtual Solutions, 925 F. Supp. 2d at 571 (quotation marks and citations omitted). "Typical grounds for reconsideration include an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id.

## DISCUSSION

The Court assumes the parties familiarity with the factual and procedural background. At issue on this motion for reconsideration is whether the Court erred in denying access to documents held by custodians who (1) worked on subprime securities (the "subprime custodians") and (2) were members of the offerings working groups but were otherwise deemed to be duplicative of other custodians (the "working group custodians").

With respect to the "subprime custodians," the plaintiffs cannot demonstrate that the Court overlooked controlling decisions or factual matters to justify the relief they seek. The Court's decision rested on the ground that there are no subprime offerings in this case. That fact has not been proven to be wrong.

The plaintiffs' primary basis for its motion for reconsideration of the decision on the subprime custodians are two documents both published by Moody's Investors Services, which "characterize" – the plaintiffs' word – at least three of the offerings as "subprime" mortgage-backed securities. Defendants deny that this characterization is meaningful and, in any event, repeat that "all of the offerings are non-subprime offerings and the individuals who worked on these offerings were part of the non-subprime securitization process." There is some dispute as to

whether some of the collateral backing the offerings included subprime loans. There is, however, no legitimate dispute that the offerings were issued from Morgan Stanley's non-subprime residential mortgage securitization platform and that none of the people involved in the securitization of that collateral were subprime custodians. Thus, the Court stands by its decision and the plaintiffs' motion for reconsideration on this ground is DENIED.

With respect to the working group custodians, the Court previously ordered that Kris Gilly, the Executive Director of SPG-Collateral and a subprime custodian, be subject to the search protocol by virtue of her participation in a working group. The plaintiffs move to include seven individuals, previously excluded from the search protocol as duplicative, on the ground that they, in fact, were also members of working groups for several of the offerings. Although the Court is dubious that these custodians will produce relevant documents not otherwise subject to the search protocol, a balance of equities favors designating these individuals as custodians for purposes of discovery. Accordingly, the Court GRANTS plaintiffs' motion for reconsideration on this ground.

## CONCLUSION

For the reasons discussed above, the Court GRANTS in part and DENIES in part the plaintiffs' motion for reconsideration. This Order resolves the motion pending at Docket No. 250.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: New York, New York
October 23, 2013