UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re Morgan Stanley Mortgage Pass-Through
Certificates Litigation,

--------------------------------------------------------x   MASTER FILE
                                                                    No. 09 Civ. 2137 (LTS)(SN)

This Document Relates to ALL ACTIONS.

--------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

       Before the Court is the motion of defendants Morgan Stanley Capital I Inc., Morgan Stanley Mortgage Capital Holdings LLC, Morgan Stanley & Co. Incorporated, Morgan Stanley, David R. Warren, Anthony B. Tufariello, William J. Forsell, and Steven S. Stern (together, "Defendants") for reconsideration, in light of the Second Circuit's decision in In re IndyMac Mortgage-Backed Securities Litigation, 721 F.3d 95, 109 (2d Cir. 2013), of this Court's September 15, 2011 opinion and order holding that named plaintiffs' claims are timely. Morgan Stanley, 810 F. Supp. 2d 650, 670 (S.D.N.Y. 2011) (the "September Order").

       The Court has considered the submissions of the parties carefully and, for the following reasons, Defendants' motion is granted, and the September Order is vacated.

BACKGROUND

       On December 2, 2008, Plaintiff Public Employees' Retirement System of Mississippi ("MissPERS") filed suit in California state court, asserting securities fraud claims relating to the marketing and sale of residential mortgage-backed security ("RMBS") pass-through certificates issued by Morgan Stanley Dean Witter Capital I Inc. and several Morgan Stanley Mortgage Loan Trusts. MissPERS's action was subsequently removed to the

United States District Court for the Central District of California, then transferred to this Court in March 2009, and consolidated with another action. On September 15, 2009, then-lead plaintiff, West Virginia Investment Management Board ("WVIMB"), which had filed a separate action in this District on May 7, 2009, filed the Consolidated Amended Complaint ("CAC").

On August 17, 2010, the Court granted, in part, Defendants' motion to dismiss the CAC, dismissing each of WVIMB's claims against Defendants. The August 17, 2010, Memorandum Opinion and Order, granted plaintiffs leave to amend the CAC "to demonstrate [Miss]PERS's standing with respect to any of the claims that [were] dismissed pursuant to Rule 12(b)(1) and to augment and clarify the pleading of the claims asserted by [Miss]PERS." In re Morgan Stanley Mortgage Pass-Through Certificates Litig., 09 Civ. 2137, 2010 WL 3239430 (S.D.N.Y. Aug. 17, 2010). On September 10, 2010, MissPERS timely filed the Second Consolidated Amended Complaint for Violation of the federal securities laws("SAC"). On September 28, 2010, the Court granted MissPERS' and WVIMB's joint application to appoint MissPERS as co-lead plaintiff.

The SAC alleged violations of the Securities Act of 1933 (the "'33 Act") in connection with purchases of certain issuances, including purchases of certificates from Morgan Stanley Mortgage Loan Trust 2006-16AX by newly-added plaintiff United Corporate Federal Credit Union; purchases of certificates from Morgan Stanley Mortgage Loan Trust 2006-7 by newly-added plaintiff NECA-IBEW Health and Welfare Fund; purchases of certificates from Morgan Stanley Mortgage Loan Trust 2006-AR by newly-added plaintiff United Western Bank; purchases of certificates from Morgan Stanley Mortgage Loan Trust 2006-l5XS by newly-added Plaintiff Pompano Beach Police and Firefighters' Retirement System; and purchases of certificates from Morgan Stanley Mortgage Loan Trust 2006-11 and Morgan Stanley Mortgage

Loan Trust 2006-12XS by newly-added plaintiff Pension Fund of West Virginia (together "New Plaintiffs" and together with MissPERS, "Plaintiffs").  This Court held that the claims brought by New Plaintiffs in the Second Amended Complaint were timely because the statute of repose in Section 13 of the '33 Act that would otherwise bar their claims was tolled under the American Pipe doctrine.  Morgan Stanley Mortgage, 810 F. Supp. 2d at 670.

MissPERS and three of the New Plaintiffs filed a Third Amended Complaint ("TAC") on September 30, 2011, as to five of the offerings.  MissPERS had purchased certificates in one of the offerings, and the three New Plaintiffs had purchased certificates in the four additional offerings.  Defendants filed a motion to dismiss the TAC on grounds unrelated to this motion; the court denied the motion on July 16, 2012.  In re Morgan Stanley Mortg. Pass-Through Certificates Litig., No. 09 Civ. 2137 (LTS)(MHD), 2012 WL 2899356 (S.D.N.Y. July 16, 2012).

On July 27, 2012, Defendants filed a motion to stay proceedings pending the resolution of In re IndyMac Mortgage-Backed Securities Litigation, Nos, 11 Civ. 2998, 11-3036 (2d Cir. July 21, 2011), and Citigroup Inc. v. International Fund Management S.A., No. 12-1903 (2d Cir. May 9, 2012), consolidated appeals that were to address whether American Pipe tolling applies to statutes of repose and whether American Pipe tolling applies to statutes of limitations and repose when the original named plaintiff lacked standing to pursue the claims.  On January 11, 2013, the Court denied Defendants' motion to stay, stating that "[b]ecause it appears that MissPERS had standing under [NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co., 693 F.3d 145, 158 (2d Cir. 2012), cert. denied, 133 S. Ct. 1624 (U.S. 2013),] as of the time of the Initial Complaint to sue on behalf of purchasers of each of the 13 offerings [, claims for which were added in the September Order allowing New Plaintiffs' claims], the outcome of the appeal

pending before the Second Circuit [in IndyMac] will not affect the scope of Plaintiffs' claims." In re Morgan Stanley Mortg. Pass-Through Certificates Litig., No. 09 Civ. 2137, 2013 WL 139556, at *12 (S.D.N.Y. Jan. 11, 2013).

MissPERS filed its Fourth Amended Complaint (the "FAC") on January 31, 2013, claiming violations sections 11, 12(b), and 15 of the '33 Act in connection with thirteen offerings, eight of which are the subject of this motion for reconsideration.

On June 27, 2013, the Second Circuit issued its opinion in IndyMac, which the parties agree overruled the holding of this Court in the September Order to the extent that order relied on American Pipe. See In re IndyMac Mortgage-Backed Securities Litigation, 721 F.3d 95, 109 (2d Cir. 2013).  However, the parties disagree as to whether IndyMac represents "an intervening change of controlling law" affecting the ability of the New Plaintiffs to pursue their claims as named parties in this litigation.  Plaintiffs argue that, despite the IndyMac holding that the statute of repose may not be tolled under American Pipe, New Plaintiffs' claims are nevertheless timely under three other theories: first, MissPERS argues that it has standing under Goldman Sachs to raise the claims, and that such standing renders New Plaintiffs' claims timely;[1] second, that New Plaintiffs' claims relate back, under Federal Rule of Civil Procedure

---

[1] This argument appears to be an issue of first impression in this Circuit.  In an appeal of a case with a similar procedural footing, a plaintiff attempted to raise the argument that Goldman standing allowed untimely claims to relate back to the original complaint, however, the Circuit declined to consider the argument because it was not raised in the district court.  See Freidus v. ING Groep, N.V., 12-3748-CV, 2013 WL 6150766 (2d Cir. Nov. 22, 2013) ("In supplemental briefing, [intervenor-plaintiff] raises the entirely new argument that under our decision in [Goldman], claims by plaintiffs Marshall Freidus and Ray Ragan conferred class standing, allowing [intervenor-plaintiff] now to succeed them as putative class representatives even if he would otherwise be barred by the statute of repose from pursuing his own claim independently. We do not entertain this argument because [intervenor-plaintiff] could have raised it in the district court, or certainly in his initial brief on appeal and failed to do so.") (citations omitted).

15(c), to earlier filed claims; and third, that New Plaintiffs' claims are properly joined under Federal Rule of Civil Procedure 17(a).

## DISCUSSION

Under Federal Rule of Civil Procedure 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties rights and liabilities."  Although a motion for reconsideration should not be lightly granted, "an intervening change of controlling law" is a ground for exercising the Court's discretion.  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013).

This Court's September Order permitting New Plaintiffs to intervene in this case was premised specifically on the rationale that the Section 13 statute of repose, which eliminates liability for a claim under the '33 Act after three years, was tolled under American Pipe.  Since the recent IndyMac decision holds that American Pipe tolling is not available for statutes of repose, there has certainly been a intervening change of controlling law that warrants reconsideration of the Court's decision to permit New Plaintiffs to enter the case.

### Goldman Sachs Does Not Revive New Plaintiffs' Claims

Plaintiffs' first argument is unavailing because Goldman Sachs does not authorize a party whose claim is time-barred to bring direct claims in an existing putative class action. Goldman Sachs addressed standing to raise a claim on behalf of a class, but did not expand potential named plaintiffs' statutory or Article III standing to seek recovery on their own behalf. See NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co., 693 F.3d 145, 158 (2d Cir. 2012), cert. denied, 133 S. Ct. 1624 (U.S. 2013).  The Goldman Sachs Court held that "a plaintiff

has class standing if he plausibly alleges (1) that he 'personally has suffered some actual . . . injury as a result of the putatively illegal conduct of the defendant, and (2) that such conduct implicates 'the same set of concerns' as the conduct alleged to have caused injury to other members of the putative class by the same defendants. 693 F.3d at 162. The court went on to hold that a purchaser of RMBS certificates in one tranche had standing to assert a class claim on behalf of certificate holders in other tranches. Id. That a plaintiff has a right to raise claims for a class does not, however, authorize other plaintiffs to intervene in the case and exercise statutory or Article III standing after the statute of repose period has expired. The Goldman Sachs Court made it clear that class standing and statutory or Article III standing (the ability to pursue a claim in the first instance) are distinct inquiries: "'class standing'–that is, standing to assert claims on behalf of purchasers of Certificates from other Offerings, or from different tranches of the same Offering–does not turn on whether [plaintiff] would have statutory or Article III standing to seek recovery for misleading statements in those Certificates' Offering Documents." See id. at 158. Indeed, the Second Circuit has held that the district court must independently determine whether a plaintiff has statutory or Article III standing before determining if the plaintiff may be a class representative. Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merck–Medco Managed Care, L.L.C., 504 F.3d 229, 241 (2d Cir. 2007).

Furthermore, the Circuit has noted that a determination under Federal Rule of Civil Procedure 23 that a plaintiff may represent a class does not alter the Article III standing analysis, because "[a] federal rule cannot alter a constitutional requirement." Mahon v. Ticor Title Ins. Co., 683 F.3d 59, 64 (2d Cir. 2012) (holding that, although plaintiff was permitted under Federal Rule of Civil Procedure 23 to represent a class against certain defendants, it did not have Article III standing to sue the defendants). "It is well established that a plaintiff must

demonstrate standing for each claim [s]he seeks to press.  Thus, with respect to each asserted claim, [a] plaintiff must always have suffered a distinct and palpable injury to [her]self." Id. (internal citations and quotation marks omitted).  The Second Circuit's holding in IndyMac that a plaintiff whose claim is untimely under a statute of repose cannot look to the pendency of a putative class action to revive its direct claim against the defendant forecloses New Plaintiffs' invocation of Goldman Sachs to validate their direct claims, which were not asserted until well after the Section 13 statute of repose had run.  The statute of repose, which is a substantive element of the claim that frees a defendant from liability after a fixed period of time, operates to terminate any direct claim.  See IndyMac, 721 F.3d at 107.

### Nor Can New Plaintiffs Rely on Rule 15(c) or Rule 17(a)(3) to Render Timely their Direct Claims

IndyMac also forecloses New Plaintiffs' relation back and joinder arguments, both of which rely on provisions of the Federal Rules of Civil Procedure as vehicles for vitality of New Plaintiffs' otherwise time-barred direct claims.  The IndyMac Court rejected similar reliance on Federal Rule of Civil Procedure 23 in determining that American Pipe tolling, even if deemed "legal" by dint of reference to the class action provisions of the Federal Rules, could not alter the limited nature of the substantive right created by a statute of repose because the statute authorizing the procedural rules subordinates them to substantive rights.  See IndyMac, 721 F.3d at 109 ("[T]he statute of repose in Section 13 creates a substantive right, extinguishing claims after a three-year period.").  The Rules Enabling Act, pursuant to which the Rules of Civil Procedure are promulgated, provides that "[s]uch rules shall not abridge, enlarge or modify any substantive right." 28 U.S.C.S. § 2072 (LexisNexis 2012).

Furthermore, intervention, if not in violation of the Rules Enabling Act, would not be authorized by Rule 15, since, as this Court has previously held in this litigation, the

relation back of claims by newly added parties is limited to circumstances in which the failure to name the party in the first instance was the product of mistaken identity. See In re Morgan Stanley Mortgage Pass-Through Certificates Litig., 09 Civ. 2137, 2010 WL 3239430 (S.D.N.Y. Aug. 17, 2010) ("Rule 15(c)(1)(C) requires that, within this period, the defendant have received adequate notice of the new plaintiff's claims against it so that it will not be prejudiced in forming a defense on the merits, and that the defendant 'knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" (quoting Levy v. U.S. Gen. Accounting Office, 175 F.3d 254 (2d Cir. 1999)). Plaintiffs do not allege that there was a mistake of identity of the Plaintiffs, but rather that there was a mistake of law.

Plaintiffs' Rule 17(a) argument is similar, and related, to its argument that Goldman Sachs operates to save New Plaintiffs' claims. New Plaintiffs argue that their claims are timely because MissPERS had class standing under Goldman Sachs to bring claims against defendants, New Plaintiffs should be permitted to join the case to assert those claims on their own behalf. Rule 17(a)(3) allows for "joinder of the Real Party in Interest," and provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). Goldman Sachs is relevant here, but Rule 17(a)(3) is not. Goldman Sachs eliminates any question as to whether MissPERS's claims as to the eight additional tranches must be prosecuted in the name of buyers of those tranches. If MissPERS's class certification motion fails, its direct claims will not fail for lack of a real party in interest. MissPERS could

pursue its remaining direct claims, but its representative claims concerning tranches that it did not buy will fail for lack of a party with statutory or Article III standing to assert them.  Rule 17 Joinder cannot be used by New Plaintiffs to revive those claims which are barred by a substantive element of the cause of action, because a procedural rule cannot alter a substantive right.  Furthermore, joinder of a real party in interest requires a mistake of identity as to the proper plaintiffs.  See, e.g., Wiwa v. Royal Dutch Petroleum Co., 96 Civ. 8386, 2009 WL 464946, at *10 (S.D.N.Y. Feb. 25, 2009).  There was no such mistake here.

Plaintiffs' reliance on Advanced Magnetics, Inc. v. Bayfront Partners, Inc. is misplaced.  See id. 106 F.3d 11, 20 (2d Cir. 1997).  Bayfront Partners involved a mistake of identity: the parties believed that an assignment agreement between shareholders and the plaintiff allocated securities claims to the plaintiff.  The court held that the agreement did not empower the plaintiff to assert the securities claims, but that this mistake as to the identity of the claim holder constituted cause to warrant joinder of the shareholders and relation back to the original complaint.  Id., at 20-21.

CONCLUSION

Defendants' motion for reconsideration is granted.  The September Order is vacated.  New Plaintiffs' claims are dismissed in their entirety as time-barred by the Section 13 statute of repose, insofar as they are asserted directly by New Plaintiffs as named parties.  The dismissal of New Plaintiffs' claims is without prejudice to the litigation of those claims by one or more class representatives if MissPERS's pending motion for class certification is granted.

The parties are directed to file any supplemental papers in connection with their class certification motion submissions by June 15, 2014.

SO ORDERED.

Dated: New York, New York
May 27, 2014

    /S Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge