USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/10/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE MORGAN STANLEY MORTGAGE
PASS-THROUGH CERTIFICATES
LITIGATION,

This Document Relates To:

ALL ACTIONS.

MASTER FILE NO. 09-CV-2137-KBF

ECF Case

CLASS ACTION

**EXHIBIT A**

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS:

A.     Lead Plaintiffs, the Public Employees' Retirement System of Mississippi, and West Virginia Investment Management Board (together, "Lead Plaintiffs"), and former named plaintiffs and proposed class representatives NECA-IBEW Health and Welfare Fund, Pompano Beach Police and Firefighters' Retirement System, and Carpenters Pension Fund of West Virginia (collectively, with Lead Plaintiffs, "Plaintiffs"), on behalf of the proposed Settlement Class, and Defendants Morgan Stanley Capital I Inc., Morgan Stanley Mortgage Capital Inc., Morgan Stanley Mortgage Capital Holdings LLC, Morgan Stanley & Co. Incorporated, Morgan Stanley, David R. Warren, Anthony B. Tufariello, William J. Forsell and Steven S. Stern ("Defendants") (collectively, with Plaintiffs, the "Settling Parties"), have entered into a settlement of the Action, the terms of which are set forth in the Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the Exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action; and

B.     Plaintiffs have moved the Court for, and Defendants have not opposed, entry of an Order: (1) certifying a class in this Action for settlement purposes; (2) approving the form,

1

content and method of notice to be sent to the Settlement Class; and (3) scheduling a hearing for final approval of the Settlement; and

C.     The Court having read and considered the Stipulation and Exhibits thereto, including the proposed (i) Notice; (ii) Proof of Claim Form; (iii) Summary Notice; and (iv) Order and Final Judgment, and submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation.

2.     The Court hereby preliminarily approves the Settlement as being fair, just, reasonable and adequate to the Settlement Class, pending a final hearing on the Settlement.

3.     Pending further Order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice, or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except the Final Approval Hearing, are hereby taken off calendar.

### CLASS CERTIFICATION

4.     The Court hereby certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as follows:

All Persons who: (i) prior to December 2, 2008, purchased or otherwise acquired any of the 2006 Certificates pursuant or traceable to the 2006 Offerings and were damaged thereby; or (ii) prior to May 7, 2009, purchased or otherwise acquired any 2007 Certificates pursuant or traceable to the 2007 Offerings and were damaged thereby. Excluded from the Settlement Class are: (1) Defendants, originators of any loans underlying the Certificates, and Defendants' and originators' successors and assigns, and the directors and officers of such entities at all relevant times, as well as members of such Persons' immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any

2

excluded Person has or had a controlling interest, except that affiliates and entities in which such excluded Person has or had a controlling interest other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles) are excluded from the Settlement Class only to the extent that such entities themselves had a proprietary (i.e., for their own account) interest in the Certificates and not to the extent that they held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class; and (2) Persons that have separately asserted or pursued against Defendants their claims concerning any of the Certificates, including by filing individual actions or privately entering into confidential tolling agreements with Defendants concerning any of the Certificates, as such Persons are identified on Appendix 1 to the Stipulation. Also excluded from the Settlement Class are any Persons who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Public Employees' Retirement System of Mississippi, West Virginia Investment Management Board, NECA-IBEW Health and Welfare Fund, Pompano Beach Police and Firefighters' Retirement System, and Carpenters Pension Fund of West Virginia are appointed as the Class Representatives, and Bernstein Litowitz Berger & Grossmann LLP and Robbins Geller Rudman & Dowd LLP are appointed as Lead Counsel for the Settlement Class.

6.     The Court approves the appointment of Gilardi & Co., LLC as the Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

a.     No later than five (5) business days after entry of this Order, the Claims Administrator shall cause a copy of the Notice and Proof of Claim Form (the "Claim Form"), annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-class

3

mail, postage prepaid, to those Members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of Defendants and/or their agents (the "Notice Date");

b.     A summary notice (the "Summary Notice" or "Publication Notice"), annexed hereto as Exhibit A-3, shall be published once in the national edition of *Investor's Business Daily* no later than five (5) business days after the Notice Date; and

c.     The Notice, the Summary Notice and the Claim Form shall also be placed on a Settlement website maintained by the Claims Administrator no later than five (5) business days after the Notice Date.

7.     The Court approves the form, substance and requirements of the Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in Paragraph 6 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances. Unless otherwise ordered by the Court or other court of competent jurisdiction, no member of the Settlement Class will be relieved from the terms of the Settlement, including the releases provided therein, based upon the contention or proof that such member of the Settlement Class failed to receive adequate or actual notice.

8.     For the purpose of identifying and providing notice to the Settlement Class, on or before two (2) business days following entry of this Order, Defendants shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) any lists it and/or its agent(s) have that identify potential Settlement Class Members (including names and addresses), in electronic form.

9.     No later than thirty-five (35) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of the Court affidavits or declarations of the

4

person(s) under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

10.      Nominees who purchased Certificates for beneficial owners who are Settlement Class Members are directed to: (a) request within seven (7) calendar days of receipt of the Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class.  Upon full compliance with this Order, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

11.      Defendants are responsible for timely service of any notice required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

## HEARING:  RIGHT TO BE HEARD

12.      The Court will hold a settlement hearing (the "Final Approval Hearing") on
Jan. 16ᵗʰ , 201_5_ at _2_ pm in the courtroom of the Honorable Katherine B. Forrest at the United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007, Courtroom 15A, for the following purposes:

5

(a)     to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b)     to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and whether the releases set forth in the Stipulation should be ordered;

(c)     to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to determine whether the application by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and

(e)     to rule upon such other matters as the Court may deem appropriate.

13.     The Court expressly reserves the right to adjourn the Final Approval Hearing, or any adjournment thereof, without any further notice to Settlement Class Members other than a notice to Settlement Class Members via the Settlement website. The Court further reserves the right to approve the Stipulation and/or the Plan of Allocation with modification approved by the parties to the Stipulation without further notice to Settlement Class Members. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action on the merits and with prejudice, at or after the Final Approval Hearing, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and Litigation Expenses.

14.     Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and Litigation Expenses shall be filed with the Court no later than thirty-five (35) calendar days prior to the Final Approval Hearing. Reply papers shall be filed no later than seven (7) calendar days prior to the Final Approval Hearing.

15.     Any Member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable, adequate and in the best interests of the Settlement Class, or why

6

the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and Litigation Expenses. However, no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and Litigation Expenses, unless that Settlement Class Member or person (i) has served written objections, by hand or first-class mail, including the basis therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon the following counsel for receipt no later than twenty-one (21) calendar days prior to the Final Approval Hearing:

Lead Counsel for the Class

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
David R. Stickney, Esq.
Niki L. Mendoza, Esq.
12481 High Bluff Drive, Suite 300
San Diego, CA 92130-3582
-and-
ROBBINS GELLER RUDMAN & DOWD LLP
Daniel S. Drosman, Esq.
655 W. Broadway, Suite 1900
San Diego, CA 92101-3301

Counsel for Defendants

DAVIS POLK & WARDWELL LLP
James P. Rouhandeh, Esq.
Dana M. Seshens, Esq.
Carissa M. Pilotti, Esq.
450 Lexington Avenue
New York, NY 10017

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of New York no later than twenty-one (21) calendar days prior to the Final Approval Hearing. Any objection must include: (a) the full name, address, and phone number of the objecting Settlement Class Member; (b) a list and documentation of all of the

7

Settlement Class Member's transactions involving the Certificates included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the price paid and/or received, and documentation of any exchange transactions; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing. Any Settlement Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and Litigation Expenses. By objecting to the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement.

16.     If the Settlement is approved, all Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail the request in written form to the address designated in the Notice, such that it is received no later

8

than twenty-one (21) calendar days prior to the Final Approval Hearing. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the proposed settlement of the class action captioned *In re Morgan Stanley Mortgage Pass-Through Certificates Litigation,* Master File No. 09-CV-2137-KBF (S.D.N.Y.), and must be signed by such person. Such persons requesting exclusion are also directed to provide the following information: (i) identity and original face value of Certificates included in the Settlement Class definition and the Settlement Class Member's transactions therein; (ii) prices or other consideration paid or received for such Certificates; and (iii) whether the Certificates were exchanged or sold, and if so, when, and, if applicable, the sale amount. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17.     Any person or entity that requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

## CLAIMS PROCESS

18.     In order to be potentially eligible to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Settlement Class Member must take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form attached hereto as Exhibit A-2, must be submitted to the Claims Administrator, at the address or Post Office Box indicated in the Notice, postmarked no later than 120 calendar days from the Notice Date. Such deadline may be further extended by Court order. A Claim Form shall be deemed to be submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions in the Notice.

9

(b)     The Claim Form submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise ordered by the Court:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Settlement Class Member must be included with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, the Claims Administrator shall determine, based upon the Settlement Class definition and the Plan of Allocation of the Net Settlement Fund, whether such claim is valid, deficient or rejected, subject to the supervision of Lead Counsel and the approval of the Court.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency or rejection letter as appropriate, describing the basis on which the claim was so determined.

(d)     As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

19.     The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any Person or entity to participate in the distribution of the Net Settlement Fund shall be under the authority of the Court.

20.     None of the Defendants, nor any other Released Party, shall have any responsibility whatsoever for the Plan of Allocation nor for any application for attorneys' fees or

10

Litigation Expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

21.    Only Settlement Class Members and Lead Counsel shall have any rights to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22.    All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

23.    As set forth in the Stipulation, immediately after payment of the Settlement Fund into the Escrow Account, and without further order of the Court, Lead Counsel may pay from the Escrow Account all reasonable Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Settlement Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to Defendants or to any other Person who paid any portion of the Settlement Fund as set forth in the Stipulation.

24.    Unless otherwise provided in the Stipulation or ordered by the Court, there shall be no distribution of any of the Net Settlement Fund to any Settlement Class Member until a plan of allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

25.    In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this

Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, the parties to the Stipulation shall be restored to their respective positions in the Action immediately before July 23, 2014, and, except as otherwise expressly provided, the parties shall proceed in all respects as if the Stipulation and any related orders had not been entered, and the balance of the Settlement Fund, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded as set forth in the Stipulation.

26.     Pending final determination of whether the Settlement should be approved, Plaintiffs and all members of the Settlement Class, and each of them, and any Person who or which acts or purports to act on behalf of any of them, shall not institute, commence or prosecute any action that asserts any of the Settlement Class Members' Released Claims against any of the Released Parties.   Nothing in this paragraph purports to restrict the parties appearing on Appendix 1 to the Stipulation from prosecuting the claims pending in the individual actions already filed by those parties.

~~27.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.~~ ↘ KBF

Dated:       New York, New York
             9| 10            , 2014


                                        K← B. 7↝
                                        _____
                                        KATHERINE B. FORREST
                                        United States District Judge

12

EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MORGAN STANLEY MORTGAGE PASS-THROUGH CERTIFICATES LITIGATION, | MASTER FILE NO. 09-CV-2137-KBF |
| | ECF Case |
| | CLASS ACTION |
| This Document Relates To: | EXHIBIT A-1 |
| ALL ACTIONS. | |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT AND FINAL APPROVAL HEARING

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION:   Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if: (i) prior to December 2, 2008, you purchased or otherwise acquired any 2006 Certificates[1] pursuant or traceable to the 2006 Offerings[2] and were damaged thereby; or (ii) prior to May 7, 2009, purchased or otherwise acquired any 2007 Certificates[3] pursuant or traceable to the 2007 Offerings[4] and were damaged thereby.

---

[1] "2006 Certificates" means those Certificates listed (by CUSIP) on Table A-1 to the Plan of Allocation, which is available on the Settlement website, www.MorganStanleyRMBSsettlement.com.

[2] "2006 Offerings" means Morgan Stanley Mortgage Loan Trust 2006-4SL, Morgan Stanley Mortgage Loan Trust 2006-5AR, Morgan Stanley Mortgage Loan Trust 2006-6AR, Morgan Stanley Mortgage Loan Trust 2006-7, Morgan Stanley Mortgage Loan Trust 2006-8AR, Morgan Stanley Mortgage Loan Trust 2006-9AR, Morgan Stanley Mortgage Loan Trust 2006-10SL, Morgan Stanley Mortgage Loan Trust 2006-11, Morgan Stanley Mortgage Loan Trust 2006-12XS, Morgan Stanley Mortgage Loan Trust 2006-13ARX, Morgan Stanley Mortgage Loan Trust 2006-14SL, Morgan Stanley Mortgage Loan Trust 2006-15XS, and Morgan Stanley Mortgage Loan Trust 2006-16AX.

[3] "2007 Certificates" means those Certificates listed (by CUSIP) on Table A-2 to the Plan of Allocation, which is available on the Settlement website, www.MorganStanleyRMBSsettlement.com.

[4] "2007 Offerings" means Morgan Stanley Mortgage Loan Trust 2006-17XS, Morgan Stanley Mortgage Loan Trust 2007-1XS, Morgan Stanley Mortgage Loan Trust 2007-2AX, Morgan Stanley Mortgage Loan Trust 2007-3XS, Morgan Stanley Mortgage Loan Trust 2007-4SL, Morgan Stanley Mortgage Loan Trust 2007-5AX, Morgan Stanley Mortgage Loan Trust 2007-6XS, Morgan Stanley Mortgage Loan Trust 2007-7AX, Morgan Stanley Mortgage Loan Trust 2007-8XS, Morgan Stanley Mortgage Loan Trust 2007-9SL, Morgan Stanley Mortgage Loan Trust 2007-10XS, Morgan Stanley Mortgage Loan Trust 2007-11AR, Morgan Stanley Mortgage Loan Trust 2007-12, Morgan Stanley Mortgage Loan Trust 2007-13, Morgan Stanley Mortgage Loan Trust 2007-14AR, and Morgan Stanley Mortgage Loan Trust 2007-15AR.
Morgan Stanley Mortgage Loan Trust 2006-17XS was issued in 2006, but is included in the definition of "2007 Offerings" consistent with the proceedings in the Action and the Settling Parties' litigation terminology.

NOTICE OF SETTLEMENT:   Please also be advised that the Public Employees' Retirement System of Mississippi ("MissPERS") and West Virginia Investment Management Board ("West Virginia") (together, "Lead Plaintiffs"), and former named plaintiffs NECA-IBEW Health and Welfare Fund, Pompano Beach Police and Firefighters' Retirement System, and Carpenters Pension Fund of West Virginia (collectively with Lead Plaintiffs, "Plaintiffs" or "Settlement Class Representatives"), on behalf of the Settlement Class (as defined in ¶1 below), have reached a proposed settlement of the Action for a total of $95 million in cash that will resolve all claims in the Action (the "Settlement").

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

1. **Description of the Action and the Settlement Class:**   This Notice relates to a proposed Settlement of a class action lawsuit pending against the following defendants:  Morgan Stanley Capital I Inc.; Morgan Stanley Mortgage Capital Inc.; Morgan Stanley Mortgage Capital Holdings LLC; Morgan Stanley & Co. Incorporated; Morgan Stanley; David R. Warren; Anthony B. Tufariello; William J. Forsell; and Steven S. Stern ("Defendants") (collectively, with Plaintiffs, the "Settling Parties").  The proposed Settlement, if approved by the Court, will apply to the following Settlement Class (the "Settlement Class"):  all persons and entities who: (i) prior to December 2, 2008, purchased or otherwise acquired any of the 2006 Certificates pursuant or traceable to the 2006 Offerings and were damaged thereby; or (ii) prior to May 7, 2009, purchased or otherwise acquired any 2007 Certificates pursuant or traceable to the 2007 Offerings and were damaged thereby.  As described in more detail in ¶27 below, certain persons and entities are expressly excluded from the definition of the Settlement Class, including but not limited to those who have brought their own individual claims against Defendants as set forth on Appendix 1 to the Stipulation and Agreement of Settlement ("Stipulation").  Anyone with questions as to whether or not they are excluded from the Settlement Class may call the Claims Administrator toll-free at (888) 283-7957.  Also excluded are those persons or entities who submit a request for exclusion as set forth in ¶48 below.

2. **Statement of Settlement Class's Recovery:**   Subject to Court approval, and as described more fully in ¶¶38-40 below, Plaintiffs, on behalf of the Settlement Class, have agreed to settle all Released Claims (as defined in ¶39 below) against Defendants and other Released Parties (as defined in ¶40 below) in exchange for a settlement payment of $95 million in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (the Settlement Fund less Taxes, Notice and Administration Costs, and attorneys' fees and Litigation Expenses awarded by the Court) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to Members of the Settlement Class.  The Plan of Allocation is a basis for determining the relative positions of Settlement Class Members for purposes of allocating the Net Settlement Fund.  The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3. **Statement of Average Distribution Per $1,000 in Original Value:**   The Settlement Fund consists of the $95 million Settlement Amount plus interest earned.  Based on the total original face value of the Certificates as stated in the prospectus supplements (without subtracting the principal paydowns received on the Certificates) purchased or acquired by

potential Settlement Class Members, and assuming all potential Settlement Class Members elect to participate, the estimated average distribution is $2.63 per $1,000 in original face value offered.  Settlement Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms as explained in the Plan of Allocation appended hereto as Appendix A; when their Certificates were purchased or acquired and the price at the time of purchase; any principal amounts received; whether the Certificates were sold, and if so, when they were sold and for how much; whether the Court sustained the claims asserted on behalf of purchasers of certain Certificates; and/or if held on the applicable dates of suit identified in the Plan of Allocation for each of the Certificates, the value of the Certificates on that date.  In addition, the actual recovery of Settlement Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4.      **Statement of the Parties' Position on Damages:**  Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Plaintiffs and/or the Settlement Class, that Plaintiffs or other Members of the Settlement Class suffered any injury, and that the Action is subject to proper certification for litigation purposes.  Moreover, the parties do not agree on the amount of recoverable damages or on the average amount of damages per Certificate that would be recoverable if Plaintiffs were to prevail on each of the claims.  The issues on which the parties disagree include, but are not limited to, whether:  (1) the statements made or facts allegedly omitted were material, false or misleading; (2) Defendants are otherwise liable under the securities laws for those statements or omissions; and (3) all or part of the damages allegedly suffered by Members of the Settlement Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.      **Statement of Attorneys' Fees and Expenses Sought:**  Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in the amount of 17% of the Settlement Fund, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Plaintiffs' Counsel's Litigation Expenses (reasonable costs, expenses, or charges of Plaintiffs' Counsel in connection with commencing and prosecuting the Action), in an amount not to exceed $2 million, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  Expenses may include reimbursement of the costs and expenses of Plaintiffs (including lost wages) in accordance with 15 U.S.C. § 77z-1(a)(4).  Based on the total original face value of the Certificates as stated in the prospectus supplements (without subtracting the principal paydowns received on the Certificates) purchased or acquired by potential Settlement Class Members, and assuming all purchasers of the initially offered Certificates elect to participate, if the Court approves Lead Counsel's fee and expense application, the estimated average cost is $0.50 per $1,000 of original face value offered.  The actual cost may be more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms as explained in the Plan of Allocation appended hereto as Appendix A; when their Certificates were purchased or acquired and the price at the time of purchase; any principal amounts received; whether the Certificates were sold, and if so, when they were sold and for how much; whether the Court sustained the claims asserted on behalf of purchasers of certain Certificates; and/or if held on the applicable dates of suit identified in the Plan of Allocation for each of the Certificates, the value of the Certificates on that date.

6.   **Identification of Attorneys' Representatives:**   Plaintiffs and the Settlement Class are being represented by Bernstein Litowitz Berger & Grossmann LLP and Robbins Geller Rudman & Dowd LLP (collectively, "Lead Counsel").  Any questions regarding the Settlement should be directed to David R. Stickney, Esq. at Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, CA 92130, (866) 648-2524, blbg@blbglaw.com, or to Daniel S. Drosman, Esq. at Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101-3301, (800) 449-4900, DJR@rgrdlaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **DO NOTHING.** | Get no payment.   Remain a Settlement Class Member.  Give up your rights. |
| **REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN [_____], 2014.** | This is the only way to be potentially eligible to receive a payment.  If you wish to obtain a payment as a Member of the Settlement Class, you will need to file a claim form (the "Claim Form" or "Proof of Claim Form"), which is included with this Notice, postmarked no later than _____ __, 2014. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2014.** | Receive no payment pursuant to this Settlement.  This is the only option that allows you to ever potentially be part of any other lawsuit against any of the Defendants or the other Released Parties concerning the Released Claims.  Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Released Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including without limitation the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| **OBJECT TO THE SETTLEMENT SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2014.** | Write to the Court about your view on the Settlement, or why you don't think the Settlement is fair to the Settlement Class. <br><br> If you do not exclude yourself from the Settlement Class, you may object to the Settlement, the Plan of Allocation, or the request for attorneys' fees and Litigation Expenses.  You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. |
| **GO TO THE HEARING ON [_____], 2014, AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses. |

| ***RECEIVED* NO LATER THAN** [_____], 2014. | |
|---|---|

---

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? ................................................................. Page
What Is This Case About?  What Has Happened So Far? ...................... Page
How Do I Know If I Am Affected By The Settlement? .......................... Page
What Are The Plaintiffs' Reasons For The Settlement? ........................ Page
What Might Happen If There Were No Settlement? ............................. Page
How Much Will My Payment Be? ........................................................ Page
What Rights Am I Giving Up By Agreeing To The Settlement? ........... Page
What Payment Are The Attorneys For The Settlement Class Seeking?  How Will
    The Lawyers Be Paid? ..................................................................... Page
How Do I Participate In The Settlement?  What Do I Need To Do? ...... Page
What If I Do Not Want To Be A Part Of The Settlement?  How Do
    I Exclude Myself? .............................................................................. Page
When And Where Will The Court Decide Whether To Approve
    The Settlement? Do I Have To Come To The Hearing?  May I
        Speak At The Hearing If I Don't Like The Settlement? ................ Page
What If I Bought Certificates On Someone Else's Behalf? .................... Page
Can I See The Court File?  Whom Should I Contact If I Have Questions? .. Page

---

| WHY DID I GET THIS NOTICE? |
|---|

7.      The purpose of this Notice is to inform you about (a) this litigation, (b) the certification of the Settlement Class, (c) the terms of the proposed Settlement, and (d) your rights in connection with a hearing to be held before the United States District Court, Southern District of New York (the "Court"), on [_____], 2014, at____ _ m. to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This Notice also describes the steps to be taken by those who wish to be excluded from the Settlement Class and, for those who remain Settlement Class Members, the steps necessary to seek to be potentially eligible to share in the distribution of the Settlement Fund in the event the Settlement is approved by the Court.

8.      A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.   (For more information on excluding yourself from the Settlement Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)  In the Action, the Court has appointed Lead Plaintiffs and the other Plaintiffs as the

Settlement Class Representatives and Lead Counsel as Settlement Class Counsel, for purposes of the Settlement.

9.      The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *In re Morgan Stanley Mortgage Pass-Through Certificates Litigation,* Master File No. 09-cv-2137 (KBF) (the "Action"). The judge presiding over this case is the Honorable Katherine B. Forrest, United States District Judge. The people who are suing are called plaintiffs, and those who are being sued are called defendants. In this case, the defendants are Morgan Stanley Capital I Inc.; Morgan Stanley Mortgage Capital Inc.; Morgan Stanley Mortgage Capital Holdings LLC; Morgan Stanley & Co. Incorporated; Morgan Stanley; David R. Warren; Anthony B. Tufariello; William J. Forsell; and Steven S. Stern.

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and Litigation Expenses (the "Final Approval Hearing").

11.     The Final Approval Hearing will be held on [_____], 2014, at _____ .m., before the Honorable Katherine B. Forrest, at the United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007, Courtroom 15A, for the following purposes:

      (a)    to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

      (b)    to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered;

      (c)    to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

      (d)    to determine whether the application by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and

      (e)    to rule upon such other matters as the Court may deem appropriate.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. This process takes time. Please be patient.

| WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR? |
| --- |

13.     On December 2, 2008, MissPERS filed a class action complaint against Defendants and certain other defendants in the Superior Court of California, County of Orange, ("Initial Complaint").  The case was subsequently removed to the United States District Court, Southern District of New York.

14.     This case arises from the sale of certain residential mortgage-backed securities by Morgan Stanley entities during 2006 and 2007.  Plaintiffs alleged that the offering documents for the securities contained false and misleading statements about the underlying borrowers and collateral.  Defendants deny that the offering documents contained misstatements and asserted factual and legal defenses.

15.     The Initial Complaint asserted claims under the Securities Act of 1933 ("Securities Act") on behalf of persons or entities who purchased or otherwise acquired mortgage pass-through certificates in 13 offerings pursuant or traceable to Morgan Stanley Capital 1 Inc.'s March 14, 2006 Pre-Effective Amendment No. 2 to Form S-3 Registration Statement and its accompanying prospectuses and prospectus supplements.[5]

16.     On May 7, 2009, West Virginia filed a class action complaint against Defendants and certain other defendants asserting Securities Act violations ("West Virginia Complaint"). The West Virginia Complaint asserted claims related to the 13 offerings in the Initial Complaint and 16 additional offerings.

17.     On July 17, 2009, the Court issued an order consolidating the cases, appointing West Virginia as lead plaintiff and Coughlin Stoia Geller Rudman & Robbins LLP ("Robbins Geller") as lead counsel. On September 15, 2009, West Virginia filed the Consolidated Amended Complaint ("Consolidated Complaint").   On August 17, 2010, the Court granted in part Defendants' motion to dismiss West Virginia's claims for lack of standing and for failure to comply with the applicable statute of limitations, and afforded MissPERS leave to amend.    The Court appointed MissPERS as co-lead plaintiff, and Bernstein Litowitz and Robbins Geller as co-lead counsel.

18.     On September 10, 2010, MissPERS filed the Second Amended Complaint ("Second Complaint").  The Second Complaint included additional named plaintiffs, including NECA-IBEW Health and Welfare Fund, Pompano Beach Police and Firefighters' Retirement System, and Carpenters Pension Fund of West Virginia ("New Plaintiffs"), as well as two other plaintiffs that, subsequently, voluntarily dismissed their claims.  On September 15, 2011, the Court granted in part and denied in part Defendants' motion to dismiss the Second Complaint, and directed MissPERS and New Plaintiffs to amend as to certain allegations.

---

[5] The Initial Complaint lists 14 offerings, but one of the offerings, MSM 2006-5ARW, was later determined to be a private placement which was derived from one of the 13 offerings (MSM 2006-5AR).  Accordingly, MSM 2006-5ARW was eventually omitted from subsequent complaints, and it is not one of the offerings subject to the Settlement.

19.     On September 30, 2011, MissPERS and New Plaintiffs filed the Third Amended Complaint ("Third Complaint").  On July 16, 2012, the Court denied Defendants' motion to dismiss.

20.     On July 27, 2012, Defendants filed a motion to stay proceedings pending the outcome of two cases before the Second Circuit: (1) *In re IndyMac Mortgage-Backed Securities Litigation*, Nos. 11-2998-cv (L), 11-3036-cv (con) (2d Cir. July 21, 2011) ("*IndyMac*"); and (2) *Citigroup Inc. v. International Fund Management S.A.*, No. 12-1903 (2d Cir. May 9, 2012). On September 20, 2012, MissPERS and New Plaintiffs filed a motion for reconsideration and to amend in light of the Second Circuit's decision in *NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) ("*Goldman Sachs*").

21.     On January 11, 2013, the Court granted MissPERS and New Plaintiffs' motion for reconsideration and denied Defendants' motion to stay.  Specifically, the Court held that because it appears that MissPERS had standing under *Goldman Sachs* as of the time of the Initial Complaint to sue on behalf of purchasers of each of the 13 offerings, the outcome of the appeal pending before the Second Circuit in *IndyMac* will not affect the scope of Plaintiffs' claims. Accordingly, on January 31, 2013, MissPERS and New Plaintiffs filed the Fourth Amended Complaint ("Fourth Complaint" or the "Complaint"), which asserted claims arising from 13 offerings included in the Initial Complaint.  On March 8, 2013, Defendants filed their Answer to the Fourth Complaint.

22.     On July 11, 2013, Defendants filed a motion for reconsideration of the Court's September 15, 2011 Order in light of the Second Circuit's decision in *Police and Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013).

23.     On August 30, 2013, MissPERS and New Plaintiffs filed their Motion for Class Certification and Appointment of Class Representatives and Co-Class Counsel.

24.     On May 27, 2014, the Court granted Defendants' motion for reconsideration.  The Order dismissed New Plaintiffs' claims without prejudice to the litigation of those claims by one or more class representatives if MissPERS's motion for class certification is granted.

25.     Co-Lead Counsel conducted extensive investigations related to the claims at issue and the underlying events and transactions alleged in the Fourth Complaint, including through document discovery and obtaining testimony from witnesses.  Co-Lead Counsel have analyzed evidence, including a substantial volume of documents produced by Defendants and third parties, have consulted with experts, and have researched the applicable law with respect to the claims of Lead Plaintiffs and the Settlement Class, as well as Defendants' potential defenses.

26.     On July 23, 2014, after extensive arm's-length negotiations, the Settling Parties reached an agreement in principle to settle the Action for $95 million, subject to the negotiation of a complete set of settlement terms.  The negotiation of the Stipulation was subsequently completed and filed with the Court.  By Order entered _____, the Court preliminarily approved the Settlement, certified the Settlement Class for purposes of the Settlement, authorized

this Notice to be sent to potential Settlement Class Members, and scheduled the Final Approval Hearing to consider whether to grant final approval to the Settlement.

---
### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
---

27.    If you are a Member of the Settlement Class, you are subject to the Settlement unless you timely request to be excluded.  The Settlement Class consists of all persons and entities who:  (i) prior to December 2, 2008, purchased or otherwise acquired any of the 2006 Certificates pursuant to or traceable to the 2006 Offerings and were damaged thereby; or (ii) prior to May 7, 2009, purchased or otherwise acquired any 2007 Certificates pursuant to or traceable to the 2007 Offerings and were damaged thereby.  Excluded from the Settlement Class are:  (1) Defendants, originators of any loans underlying the Certificates, and Defendants' and originators' successors and assigns, and the directors and officers of such entities at all relevant times, as well as members of such persons' or entities' immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any excluded person or entity has or had a controlling interest, except that affiliates and entities in which such excluded person or entity has or had a controlling interest other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles) are excluded from the Settlement Class only to the extent that such entities themselves had a proprietary (i.e., for their own account) interest in the Certificates and not to the extent that they held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class; and (2) persons or entities that have separately asserted or pursued against Defendants their claims concerning any of the Certificates, including by filing individual actions or privately entering into confidential tolling agreements with Defendants concerning any of the Certificates, as such persons and entities are identified on Appendix 1 to the Stipulation (which is available on the Settlement website, www.MorganStanleyRMBSsettlement.com).   Also excluded from the Settlement Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in this Notice. (See "What If I Do Not Want To Participate In The Settlement Class And The Settlement?  How Do I Exclude Myself?," below.)  Anyone with questions as to whether or not they are excluded from the Settlement Class may call the Claims Administrator toll-free at (888) 283-7957.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [_____], 2014.**

---
### WHAT ARE THE PLAINTIFFS' REASONS FOR THE SETTLEMENT?
---

28.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  Plaintiffs and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and

appeals, as well as the difficulties in establishing liability, obtaining class certification and establishing damages.    Plaintiffs and Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one.

29.    In light of the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $95 million cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery after summary judgment, trial and appeals, possibly years in the future.

30.    Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Settlement Class have suffered any damage, that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action, or that the Action is properly certifiable as a class action for litigation purposes.

---

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

---

31.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of the alleged claims, neither Plaintiffs nor the Settlement Class would recover anything from Defendants.  If Plaintiffs were not to succeed in obtaining class certification, Defendants may have asserted the defense that the claims of Settlement Class Members were untimely under applicable statutes of limitations and statutes of repose.  Also, if Defendants were successful in proving any of their defenses, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

---

## HOW MUCH WILL MY PAYMENT BE?

---

32.    Defendants have agreed to cause to be paid Ninety-Five Million Dollars ($95,000,000.00) in cash into escrow for the benefit of the Settlement Class.  At this time, it is not possible to make any determination as to how much individual Settlement Class Members may receive from the Settlement.    Plaintiffs have proposed a plan for allocating the net settlement fund to those Settlement Class Members who timely submit valid Proof of Claim Forms (the "Plan of Allocation").  The Plan of Allocation proposed by Plaintiffs is attached hereto as Appendix A, and additional information is available on the website created for purposes of this Settlement, www.MorganStanleyRMBSsettlement.com.

33.    Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.  No person or entity shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Plaintiffs, Plaintiffs' Counsel, Settlement Class Members, the Claims Administrator, Defendants and the other Released Parties

(defined below), or any person or entity designated by Lead Counsel. All Members of the Settlement Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Settlement Class Member's Released Claims.

34.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Member of the Settlement Class.

35.     The Plan of Allocation appended hereto is the proposed plan submitted by Plaintiffs and Lead Counsel for the Court's approval. The Court may approve this plan as proposed or it may modify it without further notice to the Settlement Class.

36.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Proof of Claim.

37.     Persons and entities that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim Forms.

---

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

---

38.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Plaintiffs and all other Settlement Class Members shall have released, dismissed and forever discharged the respective Settlement Class Member's Released Claims (as defined in ¶39 below), including Unknown Claims (as defined in ¶41 below) against each and all of the Released Parties (as defined in ¶40 below).

39.     "Released Claims" means all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed, have been asserted or could have been asserted under federal, state, common or foreign law or otherwise, by Lead Plaintiffs or any Settlement Class Member against Defendants based upon or arising out of both (a) the allegations, facts, transactions, events, occurrences, disclosures, statements, representations, acts, omissions or failures to act which were, could have been, or could in the future be alleged in the Action, and (b) the purchase or other acquisition of the Certificates by Lead Plaintiffs or any Settlement Class Member. Released Claims shall not include claims to enforce the Settlement or derivative claims, including contractual claims, belonging to the issuing trusts. Nothing in the definition of "Released Claims" shall be construed to suggest or imply that any derivative claims exist or have merit.

40.    "Released Parties" means: (a) the Defendants; and (b) the Defendants' current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their respective capacities as such.

41.    "Unknown Claims" means any and all Released Claims that Plaintiffs and/or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Plaintiffs, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class. With respect to any and all Released Claims and Released Parties' Claims, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each Settlement Class Member and Released Party shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever settled and released any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and Settlement Class Members and Released Parties by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

42.    The Judgment also will provide that Defendants and each of the other Released Parties shall be deemed to have released, dismissed, and forever discharged all of the Released Parties' Claims against Plaintiffs, Lead Counsel, and any other Settlement Class Member. "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action, except for claims relating to the enforcement of the Settlement, against Plaintiffs, Lead Counsel, or any other Settlement Class Member.

---

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

---

43.     Lead Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed or paid for their expenses. Before final approval of the Settlement, Lead Counsel intend to apply to the Court for an award of attorneys' fees to Lead Counsel from the Settlement Fund in the amount of 17% of the Settlement Fund, plus interest. At the same time, Lead Counsel also intend to apply for the payment from the Settlement Fund for Plaintiffs' Counsel's Litigation Expenses (which may also include reimbursement of the reasonable costs and expenses of Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. § 77z-1(a)(4)), in an amount not to exceed $2 million, plus interest. The Court will determine the amount of the award.

---

### HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

---

44.     If you fall within the definition of the Settlement Class as described above, and you are not excluded by the definition of the Settlement Class and you do not elect to exclude yourself from the Settlement Class, then you are a Settlement Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Settlement Class. If you are a Settlement Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement. A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you. The website is www.MorganStanleyRMBSsettlement.com. You may also request a Claim Form by calling toll-free (888) 283-7957. Copies of the Claim Form can also be downloaded from Lead Counsel's websites at www.blbglaw.com and www.rgrdlaw.com. Those who exclude themselves from the Settlement Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court. Please retain all original records of your ownership of, or transactions in the Certificates, as they may be needed to document your Claim.

45.     As a Settlement Class Member, for purposes of the Settlement you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" below.

46.     If you do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" below. If you exclude yourself from the Settlement Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Released Parties (as defined in ¶40 above) with respect to any of the Released Claims (as defined in ¶39 above).

47.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" below. If you exclude yourself from the Settlement Class, you are not entitled to submit an objection.

---

### WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

---

48.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Settlement Class, addressed to Morgan Stanley RMBS Settlement, P.O. Box 8040, San Rafael, CA 94912-8040. The exclusion request must be *received* no later than _____, 2014. Each request for exclusion must clearly indicate the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Settlement Class in *In re Morgan Stanley Mortgage Pass-Through Certificates Litigation,* Master File No. 09-cv-2137 (KBF) (S.D.N.Y.), and must be signed by such person. Such persons or entities requesting exclusion are also directed to provide the following information: (i) identity and original face value of Certificates included in the Settlement Class definition and the Settlement Class Member's transactions therein; (ii) prices or other consideration paid or received for such Certificates; and (iii) whether the Certificates were exchanged or sold, and if so, when, and, if applicable, the sale amount. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

49.     If a person or entity requests to be excluded from the Settlement Class, that person or entity will not receive any benefit provided for in the Stipulation.

50.     If the requests for exclusion from the Settlement exceed a certain amount, as set forth in a separate confidential supplemental agreement between Plaintiffs and Defendants (the "Supplemental Agreement"), Defendants shall have, in their unanimous discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

---

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

---

51.     **If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and Litigation Expenses, you do not need to attend the Final Approval Hearing. You can object to or participate in the Settlement without attending the Final Approval Hearing.**

52.    The Final Approval Hearing will be held on _____, 2014, at _:__ _.m., before the Honorable Katherine B. Forrest, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, Courtroom 15A. The Court reserves the right to approve the Settlement or the Plan of Allocation at or after the Final Approval Hearing without further notice to the Members of the Settlement Class.

53.    Any Settlement Class Member who does not request exclusion such that it is *received* no later than ____, 2014, may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and Litigation Expenses.[6]  Objections or oppositions must be in writing. You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before ____, 2014. You must also serve the papers on Lead Counsel for the Settlement Class and counsel for the Defendants at the addresses set forth below so that the papers are *received* on or before _____, 2014.

| Clerk's Office | Lead Counsel for the Settlement Class | Counsel for Defendants |
|---|---|---|
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK 500 Pearl Street New York, NY 10007 | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP David R. Stickney, Esq. Niki L. Mendoza, Esq. 12481 High Bluff Drive, Suite 300 San Diego, CA 92130 -and- ROBBINS GELLER RUDMAN & DOWD LLP Daniel S. Drosman, Esq. 655 W. Broadway, Suite 1900 San Diego, CA 92101 | DAVIS POLK & WARDWELL LLP James P. Rouhandeh, Esq. Dana M. Seshens, Esq. Carissa M. Pilotti, Esq. 450 Lexington Avenue New York, NY 10017 |

54.    Any objection must include: (a) the full name, address, and phone number of the objecting Settlement Class Member; (b) a list and documentation of all of the Settlement Class Member's transactions involving the Certificates included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the price paid and/or received, and documentation of any exchange transactions; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. Persons who intend to object to the Settlement, the Plan of Allocation, and/or to Lead Counsel's

---

[6] Plaintiffs' initial motion papers in support of these matters will be filed with the Court on or before _____, 2014.

application for an award of attorneys' fees and Litigation Expenses, and desire to present evidence at the Final Approval Hearing must include in their written objections the exhibits they intend to introduce into evidence at the Final Approval Hearing.

55.    You may not object to the Settlement or any aspect of it, if you excluded yourself from the Settlement Class.

56.    You may file a written objection without having to appear at the Final Approval Hearing. You may not appear at the Final Approval Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

57.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing. If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before _____, 2014.

58.    The Final Approval Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the Settlement website, www.MorganStanleyRMBSsettlement.com. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

---

### WHAT IF I BOUGHT CERTIFICATES ON SOMEONE ELSE'S BEHALF?

---

59.    Nominees who purchased Certificates for beneficial owners who are Settlement Class Members are directed to: (a) request within seven (7) calendar days of receipt of this Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of this Notice. If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in

compliance with the terms of these instructions will be paid from the Settlement Fund.  Copies of this Notice may also be obtained by calling toll-free (888) 283-7957, and may be downloaded from the Settlement website, www.MorganStanleyRMBSsettlement.com or from Lead Counsel's websites, www.blbglaw.com or www.rgrdlaw.com.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

60.     This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.MorganStanleyRMBSsettlement.com, including, among other documents, copies of the Stipulation and Proof of Claim Form.  All inquiries concerning this Notice or the Claim Form should be directed to:

Morgan Stanley RMBS Settlement
P.O. Box 8040
San Rafael, CA 94912-8040
Toll-free number: (888) 283-7957

**OR**

David R. Stickney, Esq.
Niki L. Mendoza, Esq.
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
(866) 648-2524
blbg@blbglaw.com

-or-

Daniel S. Drosman, Esq.
ROBBINS GELLER RUDMAN  & DOWD  LLP
655 W. Broadway, Suite 1900
San Diego, CA 92101
(800) 449-4900
DJR@rgrdlaw.com

**Co-Lead Counsel**

**DO NOT CALL OR WRITE THE COURT OR
THE OFFICE OF THE CLERK OF COURT
REGARDING THIS NOTICE.**

Dated: _____, 2014                By Order of the Court
                                         United States District Court
                                         for the Southern District of New York

## APPENDIX A TO THE NOTICE

## THE PROPOSED PLAN OF ALLOCATION:

### I.   GENERAL PROVISIONS

1.     The Net Settlement Fund will be distributed to eligible Settlement Class Members who timely submit valid Proof of Claim Forms under the Plan of Allocation described below, or as otherwise ordered by the Court ("Claimants").

2.     Your share of the Net Settlement Fund will depend on several considerations, including (a) the aggregate value of the Recognized Claims (defined below) (represented by valid and acceptable Claim Forms) that Settlement Class Members submit to the Claims Administrator, relative to the Net Settlement Fund; (b) when your Certificates were purchased or acquired and the price on the date of purchase; (c) any principal payments received; (d) whether your Certificates were sold, and if so, when they were sold and for how much; (e) if held on the applicable dates of suit identified for each of the Certificates, as set forth in Table A-1 and Table A-2[1] (the "Date of Suit"), the price of the Certificates on that date; and/or (f) whether the Court sustained claims asserted on behalf of purchasers of certain Certificates.

3.     To determine the amount that a Claimant may recover under the Plan of Allocation, Lead Counsel conferred with a valuation consultant. The proposed Plan of Allocation is generally based upon the statutory measure of damages for claims based on material misrepresentations in the relevant offering documents.  For each Claimant, a "Recognized Claim" will be calculated. The calculation of a "Recognized Claim" is not an estimate of the amount that will be paid to Claimants pursuant to the Settlement, which would depend on the total amount of all Recognized Claims submitted by Claimants. The Recognized Claim formula provides the basis for proportionately allocating the Net Settlement Fund among the Claimants. Each Claimant will receive a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim, subject to the $10.00 minimum threshold mentioned below.

4.     Settlement Class Members are required to include in their Proofs of Claim, and to submit the required documentation for, all transactions and holdings in any of the Certificates that they have purchased, held, and are currently holding as of submission of the Proof of Claim.  Proofs of Claim submitted by Settlement Class Members that do not include all transactions in the Certificates will be considered deficient and may be ineligible for a recovery in this Settlement.

### II.   CALCULATION OF RECOGNIZED LOSS OR RECOGNIZED GAIN AMOUNTS

5.     A "Recognized Loss Amount" or "Recognized Gain Amount" will be calculated for each Certificate purchased or acquired for which adequate documentation is provided (each an "Eligible Certificate"). The calculation of the Recognized Loss Amount or Recognized Gain Amount will depend on several considerations, including: (a) when such Certificates were purchased or acquired and the price on the date of purchase; (b) any principal payments received; (c) whether your Certificates were sold, and if so, when they were sold and for how much; (d) if held on the Date of Suit, the price of the Certificates on that date; and/or (e) whether the Court sustained claims asserted on behalf of purchasers of certain Certificates.

---

[1] Tables A-1, A-2, B and C (described below) are incorporated by reference into this proposed Plan of Allocation, and are available on the Settlement website (www.MorganStanleyRMBSsettlement.com) or by calling the Claims Administrator toll-free at (888) 283-7957.

6.      The calculations under this proposed Plan of Allocation use various financial parameters for each Certificate, including:

> (a) the price of each Certificate, if any, on the applicable Date of Suit. *See* Tables A-1 and A-2, available on the Settlement website (www.MorganStanleyRMBSsettlement.com) or by calling the Claims Administrator toll-free at (888) 283-7957;

> (b) the portion of original face amount remaining on each Certificate as of various dates between the Certificate's initial offering and the most recent monthly distribution. This portion is commonly referred to as the Certificate's "Factor"[2] and reflects all principal payments received and write-downs incurred;

> (c) the portion of original face amount remaining on each Certificate as of various dates between the Certificate's initial offering and the most recent monthly distribution reflecting only principal payments received. This portion is referred to as the Write-Down Free Factor ("WFF"). Tables B and C, which provide, respectively, a complete list of all Factors and WFFs for all Certificates for each relevant date, are also available at www.MorganStanleyRMBSsettlement.com or by calling the Claims Administrator toll-free at (888) 283-7957.[3]

7.      For each calculation of a Recognized Loss Amount or Recognized Gain Amount, the purchase price used for the calculation may not exceed the price at which the Certificate was offered to the public, which prices are set forth in Tables A-1 and A-2. Thus, if the actual purchase price exceeds the price at which the Certificate was offered to the public, the price at which it was offered to the public will be used as the purchase price.

8.      If a Claimant has more than one purchase/acquisition or sale of the same Certificate, those transactions will be matched on a first-in-first-out (FIFO) basis. Recognized Gain Amounts on the purchases or acquisitions of the same Certificate will be netted against (used to offset) Recognized Loss Amounts resulting from other purchases or acquisitions of the same Certificate, but will not be used to offset Net Recognized Losses (described further below in paragraph 15 of this Plan) resulting from purchases or acquisitions of different Certificates.

9.      Notwithstanding any of the other provisions in this proposed Plan of Allocation, for all purchases or acquisitions of Certificates that occurred on or after the applicable Date of Suit, the Recognized Gain Amount or Recognized Loss Amount is zero.

---

[2] The Certificates entitle borrowers to principal and interest payments derived from the underlying mortgages. Following a Certificate's offering, the outstanding principal balance may generally be reduced by various methods, including (1) borrowers making principal payments; (2) borrowers prepaying in whole or in part; (3) borrowers discontinuing payments; and/or (4) recognized losses the loans incur. A Certificate's Factor is taken into consideration when allocating the proceeds of the Settlement because it reflects any reductions in outstanding principal balance and directly impacts the remaining value realizable at sale.

[3] The Factors reflected in Table B and the WFFs reflected in Table C are presented based on two distinct chronological systems that are appropriate to the distinct purposes for which those tables are used. The Factors in Table B are used with prices to derive the amount of funds expended or realized in market transactions. Those Factors reflect convention used in the market, *i.e.*, the previous month's factor is used up until the current month's distribution date. The WFFs in Table C are used to attribute the receipt of monthly distributions during the holding period of a Certificate to the correct Claimant. Thus, the time periods associated with the WFFs are derived from the Certificate-specific record date convention, which determines the legal beneficiary of a monthly distribution.

Case 1:09-cv-02137-KBF   Document 309   Filed 09/10/14   Page 34 of 66

Case 1:09-cv-02137-KBF   Document 305-1   Filed 09/08/14   Page 35 of 67

10.     **Certificates Sold Prior To Date Of Suit**: For each Certificate sold prior to the Date of Suit, the Recognized Loss Amount or Recognized Gain Amount is calculated as follows:

     a.     Step 1: Determine the Original Principal Amount

**Original Principal Amount = Original Face Amount of Certificates Purchased x Factor on Date of Purchase x (Purchase Price/100)**

The original face amount of the Certificates you purchased and the purchase price can be determined from your records. The "Purchase Price" to be used in this formula is the lesser of (i) the actual price paid, or (ii) the price at which the Certificate was offered to the public. The value of the Factor on the date of your purchase or sale can be found in Table B.

     b.     Step 2: Determine the Principal Payments Received

**Principal Payments Received = Original Face Amount of Certificates Purchased x (WFF on Date of Purchase – WFF on Date of Sale)**

The original face amount of the Certificates you purchased can be determined from your records. The WFF on the date of your purchase and the WFF on the date of your sale can be found in Table C.

     c.     Step 3: Determine the Amount Received on Sale

**Amount Received on Sale = Original Face Amount of Certificates Purchased x Factor on Date of Sale x (Sale Price/100)**

The original face amount of the Certificates you purchased and the sale price can be determined from your records. The Factor on the date of your sale can be found in Table B.

     d.     Step 4: Calculate Recognized Loss Amount or Recognized Gain Amount Using the Results of Steps 1-3

**Recognized Loss Amount or Recognized Gain Amount = Original Principal Amount - Principal Payments Received - Amount Received on Sale**

If this calculation results in a positive number, the result is a "Recognized Loss Amount." If this calculation results in a negative number, it is a "Recognized Gain Amount."

     Example 1:[4] Investor A purchased $100,000.00 original face amount of Certificate 61752RAA0 (MSM 2007-3XS 1-A-1) on November 1, 2007. The purchase price was $90.00. On February 15, 2009, Investor A sold its remaining interest in the Certificate. The sales price was $52.00.

     (1)     Step 1: Investor A uses Table B to determine that the factor at the purchase date (November 1, 2007) is 0.874588. Therefore, Original Principal Amount = $100,000.00 x 0.874588 x (90.00/100) = $78,712.92.

---

[4] The examples contained herein are for illustration purposes only and investors should not rely on the Certificate prices used (other than prices contained in Table A-1 and Table A-2).

(2)    Step 2: Investor A uses Table C to determine that the WFFs at the date of purchase and sale are 0.874588 and 0.772146, respectively. Therefore, Principal Payments Received = $100,000.00 x (0.874588 – 0.772146) = $10,244.20.

(3)    Step 3: Investor A uses Table B to determine that the Factor at February 15, 2009 was 0.772146. Therefore, Amount Received on Sale = $100,000.00 x 0.772146 x (52.00/100) = $40,151.59.

(4)    Step 4: Investor A uses the results of Steps 1-3 to calculate its Recognized Loss or Gain Amount: Original Principal Amount less Principal Payments Received less Amount Received on Sale = $78,712.92 - $10,244.20 - $40,151.59 = $28,317.13.

Investor A's Recognized Loss Amount is $28,317.13.

Note that if a sale did not result in a complete disposition of an investor's ownership in a particular Certificate (*i.e.*, only a portion of the holdings of a Certificate was sold), a Recognized Loss Amount or Recognized Gain Amount, if any, related to the remaining portion of the Certificate will be calculated separately.

11.    **Certificates Not Sold**: For each Certificate not sold (*i.e.*, still held by the Claimant as of the submission of the Proof of Claim), the Recognized Loss Amount or Recognized Gain Amount is calculated using the same steps set forth directly above, except that the calculation proceeds as if the Certificate was sold on the Date of Suit.

Example 2: Investor B purchased $100,000.00 original face amount of Certificate 61754TAC0 (MSM 2007-9SL M-2) on May 15, 2007. The purchase price was $100.00. Investor B continues to hold this Certificate.

(1)    Step 1: Investor B uses Table B to determine that the Factor at the purchase date (May 15, 2007) is 1.000000. Therefore, Original Principal Amount = $100,000.00 x 1.000000 x (100.00/100) = $100,000.00.

(2)    Step 2: Investor B uses Table A-2 and Table C to determine that the WFFs at the date of purchase and Date of Suit (5/7/2009) are 1.000000 and 1.000000, respectively. Therefore, Principal Payments Received = $100,000.00 x (1.000000 – 1.000000) = $0.00.

(3)    Step 3: Investor B uses Table A-2 to determine that the price at the Date of Suit was $0.3227. Investor B then uses Table B to determine that the Factor at Date of Suit (5/7/2009) was 0.245463. Therefore, Amount Received on Sale = $100,000.00 x 0.245463 x (0.3227/100) = $79.21.

(4)    Step 4: Investor B uses the results of Steps 1-3 to calculate its Recognized Loss or Gain Amount: Original Principal Amount less Principal Payments Received less Amount Received on Sale = $100,000.00 - $0.00 - $79.21 = $99,920.79.

Investor B's Recognized Loss Amount is $99,920.79.

12.    **Certificates Sold On Or After Date Of Suit**: For each Certificate that was sold on or after the Date of Suit, the Recognized Loss Amount or Recognized Gain Amount is calculated using steps similar to those set forth above in Example 2. For Certificates sold on or after the Date of Suit, the Recognized Loss Amount or Recognized Gain Amount shall be calculated using the greater of the sum of Principal Payments Received and Amount Received on Sale (Steps 2 and 3) as of (i) the Date of Suit for that Certificate (see Table A-1 or Table A-2); or (ii) the Date of Actual Sale.

**Example 3**: Investor C purchased $100,000.00 original face amount of Certificate 61749JAE6 (MSM 2006-7 3-A) on December 15, 2006. The purchase price was $95.00. On March 7, 2012, Investor C sold its remaining interest in the Certificate. The sales price was $70.00.

(1)    Step 1: Investor C uses Table B to determine that the Factor at the purchase date (December 15, 2006) is 0.958429.  Therefore, Original Principal Amount = $100,000.00 x 0.958429 x (95.00/100) = $91,050.76.

(2)    Steps 2 and 3: Investor C conducts independent summations of Principal Payments Received and Amount Received on Sale at both (1) the Date of Suit; and (2) the Date of Actual Sale.  Investor C shall use the greater of the sums in Step 4.

(a)    Date of Suit

Investor C first uses Table C to determine that the WFFs at the date of purchase and Date of Suit (12/2/2008) are 0.943192 and 0.782572, respectively.  Therefore, Principal Payments Received as of the Date of Suit = $100,000.00 x (0.943192 − 0.782572) = $16,062.00.

Investor C then uses Table A-1 to determine that the price at the Date of Suit was $62.8396.  Investor C uses Table B to determine that the Factor at the Date of Suit was 0.787328.  Therefore, Amount Received on Sale at Date of Suit = $100,000.00 x 0.787328 x (62.8396/100) = $49,475.38.

The sum of Steps 2 and 3 for the Date of Suit is $16,062.00 + $49,475.38 = $65,537.38.

(b)    Date of Actual Sale

Investor C first uses Table C to determine that the WFFs at the date of purchase and Date of Actual Sale are 0.943192 and 0.541591, respectively.  Therefore, Principal Payments Received as of the Date of Actual Sale = $100,000.00 x (0.943192 − 0.541591) = $40,160.10.

Investor C then uses the actual sales price of $70.00.  Investor C uses Table B to determine that the Factor at the Date of Actual Sale was 0.526085.  Therefore, Amount Received on Sale at Date of Actual Sale = $100,000.00 x 0.526085 x (70.00/100) = $36,825.95.

The sum of Steps 2 and 3 for the Date of Actual Sale is $40,160.10 + $36,825.95 = $76,986.05.

Investor C shall use $76,986.05 (rather than $65,537.38) in Step 4.

(3)  Step 4: Investor C uses the results of Steps 1-3 to calculate its Recognized Loss Amount or Recognized Gain Amount.

Original Principal Amount less the greater of the sums from Steps 2 and 3 above (i.e., Principal Payments Received + Amount Received on Sale) = $91,050.76 - $76,986.05 = $14,064.71.

Investor C's Recognized Loss Amount is $14,064.71.

13.  **Exchangeable Certificates**: Certain of the Offerings included classes of Certificates that could be exchanged into and from certain other classes of Certificates that were not sold as of the date of such Offerings (typically referred to as "Exchangeable Certificates") based on predefined certificate exchange relationships described in the relevant offering documents.[5]  For purposes of determining the Recognized Loss Amount or Recognized Gain Amount for an Eligible Certificate that was exchanged by a Claimant, the exchange transaction will not be treated as a separate purchase or sale for which a distinct Recognized Loss Amount or Recognized Gain Amount would be claimed, but will instead be treated as a component of the Recognized Loss Amount or Recognized Gain Amount that is attributable to the Claimant's original acquisition of the Eligible Certificate. Thus, each leg (pre-exchange and post-exchange) of a Claimant's ownership resulting from the acquisition of an Eligible Certificate will have a Recognized Loss Amount or Recognized Gain Amount that reflects the financial parameters, such as Factor, WFF and price, of that specific component of the total ownership period, and those components will be aggregated to calculate the Recognized Loss Amount or Recognized Gain Amount for the original Eligible Certificate.  The exchange transaction will be assumed, both for purposes of calculating the Original Principal Amount of the Certificate exchanged to and the Amount Received from Sale of the Certificate exchanged from, to occur at a price of $0.00.

The calculation of Recognized Gain Amount or Recognized Loss Amount for Exchangeable Certificates will otherwise be the same as for any other Certificate, as described above.  Summary examples of the Recognized Loss Amount or Recognized Gain Amount calculations for Certificates involved in exchange transactions, using the same methodologies set forth above, can be found at www.MorganStanleyRMBSsettlement.com.

---

[5]  These Certificates were sold in the following Offerings: MSM 2007-8XS, MSM 2007-10XS, MSM 2007-11AR, MSM 2007-12, MSM 2007-13, MSM 2007-14AR and MSM 2007-15AR.

14.    **Dismissed Certificates**: Claims associated with the 2007 Offerings[6] were not sustained by the Court.  Accordingly, the Net Recognized Loss for the 2007 Certificates (identified by CUSIP in the attached Table A-2) will be discounted by 70% to reflect the reduced likelihood of success of those claims.

## III.   CALCULATION OF THE CLAIMANT'S RECOGNIZED CLAIM AND DISTRIBUTION AMOUNT

15.    For each Certificate, a Claimant's Net Recognized Loss will be calculated by totaling all of the Claimant's Recognized Loss Amounts for a Certificate and subtracting from that total all Recognized Gain Amounts for the same Certificate.  If this calculation results in a positive number, that figure will be the Claimant's Net Recognized Loss for that Certificate.  If the calculation results in a negative number, the Claimant's Net Recognized Loss for that Certificate will be zero and the Claimant will not receive any recovery from the Net Settlement Fund as a result of its purchases or acquisitions of that Certificate.

16.    A Claimant's "Recognized Claim" is the sum of all of the Claimant's Net Recognized Losses for all of the Certificates.

17.    The Net Settlement Fund will be distributed to Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Claimant, which shall be the Claimant's Recognized Claim divided by the total Recognized Claims of all Claimants, multiplied by the total amount in the Net Settlement Fund. If any Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Claimant.  The Recognized Claims of any Claimants whose Distribution Amounts would be less than $10.00 are then excluded and the total Recognized Claims of all other Claimants are totaled to determine the *pro rata* Distribution Amounts for the Authorized Claimants who will receive $10.00 or more.

---

[6] As set forth in the Stipulation, "2007 Offerings" means Morgan Stanley Mortgage Loan Trust 2006-17XS, Morgan Stanley Mortgage Loan Trust 2007-1XS, Morgan Stanley Mortgage Loan Trust 2007-2AX, Morgan Stanley Mortgage Loan Trust 2007-3XS, Morgan Stanley Mortgage Loan Trust 2007-4SL, Morgan Stanley Mortgage Loan Trust 2007-5AX, Morgan Stanley Mortgage Loan Trust 2007-6XS, Morgan Stanley Mortgage Loan Trust 2007-7AX, Morgan Stanley Mortgage Loan Trust 2007-8XS, Morgan Stanley Mortgage Loan Trust 2007-9SL, Morgan Stanley Mortgage Loan Trust 2007-10XS, Morgan Stanley Mortgage Loan Trust 2007-11AR, Morgan Stanley Mortgage Loan Trust 2007-12, Morgan Stanley Mortgage Loan Trust 2007-13, Morgan Stanley Mortgage Loan Trust 2007-14AR, and Morgan Stanley Mortgage Loan Trust 2007-15AR.

Morgan Stanley Mortgage Loan Trust 2006-17XS was issued in 2006, but is included in the definition of "2007 Offerings" consistent with the proceedings in the Action and the Settling Parties' litigation terminology.

**TABLE A-1**

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 1. | Morgan Stanley Mortgage Loan Trust 2006-14SL A1 | 61749SAC0 | 12/2/2008 | $100.0000 | $24.6647 |
| 2. | Morgan Stanley Mortgage Loan Trust 2006-14SL M1 | 61749SAD8 | 12/2/2008 | $100.0000 | $1.6762 |
| 3. | Morgan Stanley Mortgage Loan Trust 2006-14SL M2 | 61749SAE6 | 12/2/2008 | $100.0000 | $0.7374 |
| 4. | Morgan Stanley Mortgage Loan Trust 2006-14SL M3 | 61749SAF3 | 12/2/2008 | $100.0000 | $0.3403 |
| 5. | Morgan Stanley Mortgage Loan Trust 2006-14SL M4 | 61749SAG1 | 12/2/2008 | $100.0000 | $0.0000 |
| 6. | Morgan Stanley Mortgage Loan Trust 2006-14SL B1 | 61749SAH9 | 12/2/2008 | $100.0000 | $0.0000 |
| 7. | Morgan Stanley Mortgage Loan Trust 2006-14SL B2 | 61749SAJ5 | 12/2/2008 | $100.0000 | $0.0000 |
| 8. | Morgan Stanley Mortgage Loan Trust 2006-14SL B3 | 61749SAK2 | 12/2/2008 | $100.0000 | $0.0000 |
| 9. | Morgan Stanley Mortgage Loan Trust 2006-7 1AP | 61749JAB2 | 12/2/2008 | $65.0000 | $72.3736 |
| 10. | Morgan Stanley Mortgage Loan Trust 2006-7 2AX | 61749JAD8 | 12/2/2008 | $18.0000 | $8.9199 |
| 11. | Morgan Stanley Mortgage Loan Trust 2006-7 4AP | 61749JAQ9 | 12/2/2008 | $65.0000 | $62.9976 |
| 12. | Morgan Stanley Mortgage Loan Trust 2006-7 4AX | 61749JAP1 | 12/2/2008 | $18.0000 | $11.1925 |
| 13. | Morgan Stanley Mortgage Loan Trust 2006-7 1A | 61749JAA4 | 12/2/2008 | $100.0000 | $86.0313 |
| 14. | Morgan Stanley Mortgage Loan Trust 2006-7 2A | 61749JAC0 | 12/2/2008 | $100.0000 | $99.2416 |
| 15. | Morgan Stanley Mortgage Loan Trust 2006-7 3A | 61749JAE6 | 12/2/2008 | $100.0000 | $62.8396 |
| 16. | Morgan Stanley Mortgage Loan Trust 2006-7 4A1 | 61749JAF3 | 12/2/2008 | $100.0000 | $48.1332 |
| 17. | Morgan Stanley Mortgage Loan Trust 2006-7 4A2 | 61749JAG1 | 12/2/2008 | $100.0000 | $53.9835 |
| 18. | Morgan Stanley Mortgage Loan Trust 2006-7 4A3 | 61749JAH9 | 12/2/2008 | $0.21875 | $3.2432 |
| 19. | Morgan Stanley Mortgage Loan Trust 2006-7 4A4 | 61749JAJ5 | 12/2/2008 | $100.0000 | $67.9871 |
| 20. | Morgan Stanley Mortgage Loan Trust 2006-7 4A5 | 61749JAK2 | 12/2/2008 | $100.0000 | $50.1377 |
| 21. | Morgan Stanley Mortgage Loan Trust 2006-7 4A6 | 61749JAL0 | 12/2/2008 | $100.0000 | $36.3213 |
| 22. | Morgan Stanley Mortgage Loan Trust 2006-7 4A7 | 61749JAM8 | 12/2/2008 | $100.0000 | $68.4006 |
| 23. | Morgan Stanley Mortgage Loan Trust 2006-7 4A8 | 61749JAN6 | 12/2/2008 | $100.0000 | $76.2890 |
| 24. | Morgan Stanley Mortgage Loan Trust 2006-7 B1 | 61749JAW6 | 12/2/2008 | $100.0000 | $7.5232 |
| 25. | Morgan Stanley Mortgage Loan Trust 2006-7 B2 | 61749JAX4 | 12/2/2008 | $100.0000 | $6.0308 |
| 26. | Morgan Stanley Mortgage Loan Trust 2006-7 B3 | 61749JAY2 | 12/2/2008 | $100.0000 | $5.2699 |
| 27. | Morgan Stanley Mortgage Loan Trust 2006-7 5A1 | 61749JAR7 | 12/2/2008 | $100.0000 | $92.0078 |
| 28. | Morgan Stanley Mortgage Loan Trust 2006-7 5A2 | 61749JAS5 | 12/2/2008 | $100.0000 | $64.3651 |
| 29. | Morgan Stanley Mortgage Loan Trust 2006-7 5A3 | 61749JAT3 | 12/2/2008 | $100.0000 | $50.3446 |
| 30. | Morgan Stanley Mortgage Loan Trust 2006-7 5A4 | 61749JAU0 | 12/2/2008 | $100.0000 | $49.9735 |
| 31. | Morgan Stanley Mortgage Loan Trust 2006-7 5A5 | 61749JAV8 | 12/2/2008 | $100.0000 | $66.2413 |
| 32. | Morgan Stanley Mortgage Loan Trust 2006-7 5M1 | 61749JAZ9 | 12/2/2008 | $100.0000 | $7.3512 |
| 33. | Morgan Stanley Mortgage Loan Trust 2006-7 5M2 | 61749JBA3 | 12/2/2008 | $100.0000 | $6.6830 |
| 34. | Morgan Stanley Mortgage Loan Trust 2006-7 5B1 | 61749JBB1 | 12/2/2008 | $100.0000 | $5.5274 |
| 35. | Morgan Stanley Mortgage Loan Trust 2006-15XS A1 | 61750YAA7 | 12/2/2008 | $100.0000 | $92.3444 |
| 36. | Morgan Stanley Mortgage Loan Trust 2006-15XS A2A | 61750YAB5 | 12/2/2008 | $100.0000 | $80.9293 |
| 37. | Morgan Stanley Mortgage Loan Trust 2006-15XS A2B | 61750YAC3 | 12/2/2008 | $100.0000 | $82.6277 |
| 38. | Morgan Stanley Mortgage Loan Trust 2006-15XS A3 | 61750YAD1 | 12/2/2008 | $100.0000 | $47.2500 |
| 39. | Morgan Stanley Mortgage Loan Trust 2006-15XS A4A | 61750YAE9 | 12/2/2008 | $100.0000 | $64.6307 |
| 40. | Morgan Stanley Mortgage Loan Trust 2006-15XS A4B | 61750YAF6 | 12/2/2008 | $100.0000 | $64.0786 |
| 41. | Morgan Stanley Mortgage Loan Trust 2006-15XS A5A | 61750YAG4 | 12/2/2008 | $100.0000 | $71.0417 |
| 42. | Morgan Stanley Mortgage Loan Trust 2006-15XS A5B | 61750YAH2 | 12/2/2008 | $100.0000 | $56.6441 |
| 43. | Morgan Stanley Mortgage Loan Trust 2006-15XS A6A | 61750YAJ8 | 12/2/2008 | $100.0000 | $72.5630 |
| 44. | Morgan Stanley Mortgage Loan Trust 2006-15XS A6B | 61750YAK5 | 12/2/2008 | $100.0000 | $57.6565 |
| 45. | Morgan Stanley Mortgage Loan Trust 2006-15XS M1 | 61750YAL3 | 12/2/2008 | $100.0000 | $5.8070 |
| 46. | Morgan Stanley Mortgage Loan Trust 2006-15XS M2 | 61750YAM1 | 12/2/2008 | $100.0000 | $6.0274 |
| 47. | Morgan Stanley Mortgage Loan Trust 2006-15XS M3 | 61750YAN9 | 12/2/2008 | $100.0000 | $6.0719 |
| 48. | Morgan Stanley Mortgage Loan Trust 2006-15XS M4 | 61750YAP4 | 12/2/2008 | $100.0000 | $2.9777 |
| 49. | Morgan Stanley Mortgage Loan Trust 2006-15XS M5 | 61750YAQ2 | 12/2/2008 | $100.0000 | $2.6536 |
| 50. | Morgan Stanley Mortgage Loan Trust 2006-15XS M6 | 61750YAR0 | 12/2/2008 | $100.0000 | $2.7222 |
| 51. | Morgan Stanley Mortgage Loan Trust 2006-15XS B1 | 61750YAS8 | 12/2/2008 | $100.0000 | $2.5794 |
| 52. | Morgan Stanley Mortgage Loan Trust 2006-15XS B2 | 61750YAT6 | 12/2/2008 | $100.0000 | $2.1893 |
| 53. | Morgan Stanley Mortgage Loan Trust 2006-15XS B3 | 61750YAU3 | 12/2/2008 | $100.0000 | $2.0198 |
| 54. | Morgan Stanley Mortgage Loan Trust 2006-11 2AP | 61749WAS6 | 12/2/2008 | $68.0000 | $64.4323 |
| 55. | Morgan Stanley Mortgage Loan Trust 2006-11 3AP | 61749WAX5 | 12/2/2008 | $68.0000 | $64.1919 |
| 56. | Morgan Stanley Mortgage Loan Trust 2006-11 1A1 | 61749WAG2 | 12/2/2008 | $100.0000 | $97.9699 |
| 57. | Morgan Stanley Mortgage Loan Trust 2006-11 1A2 | 61749WAH0 | 12/2/2008 | $100.0000 | $65.2664 |
| 58. | Morgan Stanley Mortgage Loan Trust 2006-11 1A3 | 61749WAJ6 | 12/2/2008 | $100.0000 | $59.7300 |
| 59. | Morgan Stanley Mortgage Loan Trust 2006-11 1A4 | 61749WAK3 | 12/2/2008 | $100.0000 | $82.0955 |
| 60. | Morgan Stanley Mortgage Loan Trust 2006-11 1A5 | 61749WAL1 | 12/2/2008 | $100.0000 | $58.6656 |
| 61. | Morgan Stanley Mortgage Loan Trust 2006-11 1A6 | 61749WAM9 | 12/2/2008 | $100.0000 | $74.2828 |
| 62. | Morgan Stanley Mortgage Loan Trust 2006-11 1M1 | 61749WBA4 | 12/2/2008 | $100.0000 | $6.1178 |
| 63. | Morgan Stanley Mortgage Loan Trust 2006-11 1M2 | 61749WBB2 | 12/2/2008 | $100.0000 | $5.6490 |
| 64. | Morgan Stanley Mortgage Loan Trust 2006-11 1M3 | 61749WBC0 | 12/2/2008 | $100.0000 | $5.0782 |

TABLE A-1

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 65. | Morgan Stanley Mortgage Loan Trust 2006-11 1M4 | 61749WBD8 | 12/2/2008 | $100.0000 | $4.5352 |
| 66. | Morgan Stanley Mortgage Loan Trust 2006-11 1M5 | 61749WBE6 | 12/2/2008 | $100.0000 | $4.1580 |
| 67. | Morgan Stanley Mortgage Loan Trust 2006-11 1M6 | 61749WBF3 | 12/2/2008 | $100.0000 | $3.8113 |
| 68. | Morgan Stanley Mortgage Loan Trust 2006-11 1B1 | 61749WBG1 | 12/2/2008 | $100.0000 | $3.6940 |
| 69. | Morgan Stanley Mortgage Loan Trust 2006-11 1B2 | 61749WBH9 | 12/2/2008 | $100.0000 | $3.6866 |
| 70. | Morgan Stanley Mortgage Loan Trust 2006-11 1B3 | 61749WBJ5 | 12/2/2008 | $100.0000 | $2.7468 |
| 71. | Morgan Stanley Mortgage Loan Trust 2006-11 2A1 | 61749WAN7 | 12/2/2008 | $100.0000 | $80.6800 |
| 72. | Morgan Stanley Mortgage Loan Trust 2006-11 2A2 | 61749WAP2 | 12/2/2008 | $100.0000 | $52.1593 |
| 73. | Morgan Stanley Mortgage Loan Trust 2006-11 2A3 | 61749WAQ0 | 12/2/2008 | $100.0000 | $77.1646 |
| 74. | Morgan Stanley Mortgage Loan Trust 2006-11 2A4 | 61749WAR8 | 12/2/2008 | $100.0000 | $71.5919 |
| 75. | Morgan Stanley Mortgage Loan Trust 2006-11 3A1 | 61749WAT4 | 12/2/2008 | $100.0000 | $85.2999 |
| 76. | Morgan Stanley Mortgage Loan Trust 2006-11 3A2 | 61749WAU1 | 12/2/2008 | $100.0000 | $54.0180 |
| 77. | Morgan Stanley Mortgage Loan Trust 2006-11 3A3 | 61749WAV9 | 12/2/2008 | $100.0000 | $79.3559 |
| 78. | Morgan Stanley Mortgage Loan Trust 2006-11 3A4 | 61749WAW7 | 12/2/2008 | $100.0000 | $73.0411 |
| 79. | Morgan Stanley Mortgage Loan Trust 2006-11 4A1 | 61749WAY3 | 12/2/2008 | $100.0000 | $48.7875 |
| 80. | Morgan Stanley Mortgage Loan Trust 2006-11 4A2 | 61749WAZ0 | 12/2/2008 | $4.7500 | $7.1741 |
| 81. | Morgan Stanley Mortgage Loan Trust 2006-11 B1 | 61749WBK2 | 12/2/2008 | $100.0000 | $5.9192 |
| 82. | Morgan Stanley Mortgage Loan Trust 2006-11 B2 | 61749WBL0 | 12/2/2008 | $100.0000 | $4.5290 |
| 83. | Morgan Stanley Mortgage Loan Trust 2006-11 B3 | 61749WBM8 | 12/2/2008 | $100.0000 | $3.0500 |
| 84. | Morgan Stanley Mortgage Loan Trust 2006-12XS A6A | 61749EAH0 | 12/2/2008 | $100.0000 | $85.2565 |
| 85. | Morgan Stanley Mortgage Loan Trust 2006-12XS A6B | 61749EAJ6 | 12/2/2008 | $100.0000 | $67.4385 |
| 86. | Morgan Stanley Mortgage Loan Trust 2006-12XS A1 | 61749EAA5 | 12/2/2008 | $100.0000 | $95.7944 |
| 87. | Morgan Stanley Mortgage Loan Trust 2006-12XS A2A | 61749EAB3 | 12/2/2008 | $100.0000 | $94.5530 |
| 88. | Morgan Stanley Mortgage Loan Trust 2006-12XS A2B | 61749EAC1 | 12/2/2008 | $100.0000 | $91.8033 |
| 89. | Morgan Stanley Mortgage Loan Trust 2006-12XS A3 | 61749EAD9 | 12/2/2008 | $100.0000 | $69.6021 |
| 90. | Morgan Stanley Mortgage Loan Trust 2006-12XS A4 | 61749EAE7 | 12/2/2008 | $100.0000 | $69.9653 |
| 91. | Morgan Stanley Mortgage Loan Trust 2006-12XS A5A | 61749EAF4 | 12/2/2008 | $100.0000 | $58.7635 |
| 92. | Morgan Stanley Mortgage Loan Trust 2006-12XS A5B | 61749EAG2 | 12/2/2008 | $100.0000 | $53.5211 |
| 93. | Morgan Stanley Mortgage Loan Trust 2006-12XS M1 | 61749EAK3 | 12/2/2008 | $100.0000 | $6.6362 |
| 94. | Morgan Stanley Mortgage Loan Trust 2006-12XS M2 | 61749EAL1 | 12/2/2008 | $100.0000 | $6.4439 |
| 95. | Morgan Stanley Mortgage Loan Trust 2006-12XS M3 | 61749EAM9 | 12/2/2008 | $100.0000 | $6.3729 |
| 96. | Morgan Stanley Mortgage Loan Trust 2006-12XS M4 | 61749EAN7 | 12/2/2008 | $100.0000 | $6.4150 |
| 97. | Morgan Stanley Mortgage Loan Trust 2006-12XS M5 | 61749EAP2 | 12/2/2008 | $100.0000 | $6.3916 |
| 98. | Morgan Stanley Mortgage Loan Trust 2006-12XS M6 | 61749EAQ0 | 12/2/2008 | $100.0000 | $5.2635 |
| 99. | Morgan Stanley Mortgage Loan Trust 2006-12XS B1 | 61749EAR8 | 12/2/2008 | $100.0000 | $5.6497 |
| 100. | Morgan Stanley Mortgage Loan Trust 2006-12XS B2 | 61749EAS6 | 12/2/2008 | $100.0000 | $3.3585 |
| 101. | Morgan Stanley Mortgage Loan Trust 2006-12XS B3 | 61749EAT4 | 12/2/2008 | $100.0000 | $2.9284 |
| 102. | Morgan Stanley Mortgage Loan Trust 2006-4SL A1 | 61748HYC9 | 12/2/2008 | $100.0000 | $30.5145 |
| 103. | Morgan Stanley Mortgage Loan Trust 2006-4SL M1 | 61748HYD7 | 12/2/2008 | $100.0000 | $2.1272 |
| 104. | Morgan Stanley Mortgage Loan Trust 2006-4SL M2 | 61748HYE5 | 12/2/2008 | $100.0000 | $0.3248 |
| 105. | Morgan Stanley Mortgage Loan Trust 2006-4SL M3 | 61748HYF2 | 12/2/2008 | $100.0000 | $0.0000 |
| 106. | Morgan Stanley Mortgage Loan Trust 2006-4SL B1 | 61748HYG0 | 12/2/2008 | $100.0000 | $0.0000 |
| 107. | Morgan Stanley Mortgage Loan Trust 2006-4SL B2 | 61748HYH8 | 12/2/2008 | $100.0000 | $0.0000 |
| 108. | Morgan Stanley Mortgage Loan Trust 2006-4SL B3 | 61748HYJ4 | 12/2/2008 | $100.0000 | $0.0000 |
| 109. | Morgan Stanley Mortgage Loan Trust 2006-5AR A | 61748HYQ8 | 12/2/2008 | $100.0000 | $33.1081 |
| 110. | Morgan Stanley Mortgage Loan Trust 2006-5AR M1 | 61748HYT2 | 12/2/2008 | $100.0000 | $5.2647 |
| 111. | Morgan Stanley Mortgage Loan Trust 2006-5AR M2 | 61748HYU9 | 12/2/2008 | $100.0000 | $3.8149 |
| 112. | Morgan Stanley Mortgage Loan Trust 2006-5AR M3 | 61748HYV7 | 12/2/2008 | $100.0000 | $3.6911 |
| 113. | Morgan Stanley Mortgage Loan Trust 2006-5AR M4 | 61748HYW5 | 12/2/2008 | $100.0000 | $3.4495 |
| 114. | Morgan Stanley Mortgage Loan Trust 2006-5AR M5 | 61748HYX3 | 12/2/2008 | $100.0000 | $3.0914 |
| 115. | Morgan Stanley Mortgage Loan Trust 2006-5AR M6 | 61748HYY1 | 12/2/2008 | $100.0000 | $2.5406 |
| 116. | Morgan Stanley Mortgage Loan Trust 2006-5AR M7 | 61748HYZ8 | 12/2/2008 | $100.0000 | $2.1501 |
| 117. | Morgan Stanley Mortgage Loan Trust 2006-5AR M8 | 61748HZA2 | 12/2/2008 | $100.0000 | $1.3816 |
| 118. | Morgan Stanley Mortgage Loan Trust 2006-5AR M9 | 61748HZB0 | 12/2/2008 | $100.0000 | $0.6167 |
| 119. | Morgan Stanley Mortgage Loan Trust 2006-5AR AX | 61748HYR6 | 12/2/2008 | $1.7500 | $4.7768 |
| 120. | Morgan Stanley Mortgage Loan Trust 2006-5AR MX | 61748HYS4 | 12/2/2008 | $2.0000 | $2.9043 |
| 121. | Morgan Stanley Mortgage Loan Trust 2006-6AR 1A1 | 61749CAA9 | 12/2/2008 | $100.0000 | $44.4497 |
| 122. | Morgan Stanley Mortgage Loan Trust 2006-6AR 1A2 | 61749CAB7 | 12/2/2008 | $100.0000 | $94.7467 |
| 123. | Morgan Stanley Mortgage Loan Trust 2006-6AR 1A3 | 61749CAC5 | 12/2/2008 | $100.0000 | $23.3395 |
| 124. | Morgan Stanley Mortgage Loan Trust 2006-6AR 1A4 | 61749CAD3 | 12/2/2008 | $100.0000 | $20.7495 |
| 125. | Morgan Stanley Mortgage Loan Trust 2006-6AR 1A5 | 61749CAE1 | 12/2/2008 | $100.0000 | $13.3921 |
| 126. | Morgan Stanley Mortgage Loan Trust 2006-6AR 1M1 | 61749CAQ4 | 12/2/2008 | $100.0000 | $3.7529 |
| 127. | Morgan Stanley Mortgage Loan Trust 2006-6AR 1M2 | 61749CAR2 | 12/2/2008 | $100.0000 | $3.7389 |
| 128. | Morgan Stanley Mortgage Loan Trust 2006-6AR 1M3 | 61749CAS0 | 12/2/2008 | $100.0000 | $3.7353 |

TABLE A-1

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 129. | Morgan Stanley Mortgage Loan Trust 2006-6AR 1M4 | 61749CAT8 | 12/2/2008 | $100.0000 | $3.7170 |
| 130. | Morgan Stanley Mortgage Loan Trust 2006-6AR 1M5 | 61749CAU5 | 12/2/2008 | $100.0000 | $1.9834 |
| 131. | Morgan Stanley Mortgage Loan Trust 2006-6AR 1M6 | 61749CAV3 | 12/2/2008 | $100.0000 | $0.8256 |
| 132. | Morgan Stanley Mortgage Loan Trust 2006-6AR 1B1 | 61749CAW1 | 12/2/2008 | $100.0000 | $0.2841 |
| 133. | Morgan Stanley Mortgage Loan Trust 2006-6AR 1B2 | 61749CAX9 | 12/2/2008 | $100.0000 | $0.0000 |
| 134. | Morgan Stanley Mortgage Loan Trust 2006-6AR 1B3 | 61749CAY7 | 12/2/2008 | $100.0000 | $0.0000 |
| 135. | Morgan Stanley Mortgage Loan Trust 2006-6AR 2A | 61749CAF8 | 12/2/2008 | $100.0000 | $54.6262 |
| 136. | Morgan Stanley Mortgage Loan Trust 2006-6AR 3A1 | 61749CAG6 | 12/2/2008 | $100.0000 | $54.2807 |
| 137. | Morgan Stanley Mortgage Loan Trust 2006-6AR 3A2 | 61749CAH4 | 12/2/2008 | $100.0000 | $63.0412 |
| 138. | Morgan Stanley Mortgage Loan Trust 2006-6AR 3A3 | 61749CAJ0 | 12/2/2008 | $100.0000 | $48.8940 |
| 139. | Morgan Stanley Mortgage Loan Trust 2006-6AR 3A4 | 61749CAK7 | 12/2/2008 | $100.0000 | $53.3814 |
| 140. | Morgan Stanley Mortgage Loan Trust 2006-6AR 3A5 | 61749CAL5 | 12/2/2008 | $100.0000 | $32.6377 |
| 141. | Morgan Stanley Mortgage Loan Trust 2006-6AR 4A1 | 61749CAM3 | 12/2/2008 | $100.0000 | $43.8695 |
| 142. | Morgan Stanley Mortgage Loan Trust 2006-6AR 4A2 | 61749CAN1 | 12/2/2008 | $100.0000 | $39.6700 |
| 143. | Morgan Stanley Mortgage Loan Trust 2006-6AR 4A3 | 61749CAP6 | 12/2/2008 | $15.0000 | $10.7873 |
| 144. | Morgan Stanley Mortgage Loan Trust 2006-6AR B1 | 61749CAZ4 | 12/2/2008 | $100.0000 | $6.2463 |
| 145. | Morgan Stanley Mortgage Loan Trust 2006-6AR B2 | 61749CBA8 | 12/2/2008 | $100.0000 | $4.4075 |
| 146. | Morgan Stanley Mortgage Loan Trust 2006-6AR B3 | 61749CBB6 | 12/2/2008 | $100.0000 | $2.0948 |
| 147. | Morgan Stanley Mortgage Loan Trust 2006-9AR A1 | 61748JAA5 | 12/2/2008 | $100.0000 | $42.2992 |
| 148. | Morgan Stanley Mortgage Loan Trust 2006-9AR A2 | 61748JAB3 | 12/2/2008 | $100.0000 | $47.9840 |
| 149. | Morgan Stanley Mortgage Loan Trust 2006-9AR A3 | 61748JAC1 | 12/2/2008 | $100.0000 | $88.5883 |
| 150. | Morgan Stanley Mortgage Loan Trust 2006-9AR A4 | 61748JAD9 | 12/2/2008 | $100.0000 | $34.3182 |
| 151. | Morgan Stanley Mortgage Loan Trust 2006-9AR A5 | 61748JAE7 | 12/2/2008 | $100.0000 | $20.7927 |
| 152. | Morgan Stanley Mortgage Loan Trust 2006-9AR A6 | 61748JAF4 | 12/2/2008 | $100.0000 | $8.9873 |
| 153. | Morgan Stanley Mortgage Loan Trust 2006-9AR M1 | 61748JAG2 | 12/2/2008 | $100.0000 | $2.5679 |
| 154. | Morgan Stanley Mortgage Loan Trust 2006-9AR M2 | 61748JAH0 | 12/2/2008 | $100.0000 | $2.4445 |
| 155. | Morgan Stanley Mortgage Loan Trust 2006-9AR M3 | 61748JAJ6 | 12/2/2008 | $100.0000 | $2.3992 |
| 156. | Morgan Stanley Mortgage Loan Trust 2006-9AR M4 | 61748JAK3 | 12/2/2008 | $100.0000 | $2.3993 |
| 157. | Morgan Stanley Mortgage Loan Trust 2006-9AR M5 | 61748JAL1 | 12/2/2008 | $100.0000 | $2.1862 |
| 158. | Morgan Stanley Mortgage Loan Trust 2006-9AR M6 | 61748JAM9 | 12/2/2008 | $100.0000 | $1.2259 |
| 159. | Morgan Stanley Mortgage Loan Trust 2006-9AR B1 | 61748JAN7 | 12/2/2008 | $100.0000 | $0.6832 |
| 160. | Morgan Stanley Mortgage Loan Trust 2006-9AR B2 | 61748JAP2 | 12/2/2008 | $100.0000 | $0.2655 |
| 161. | Morgan Stanley Mortgage Loan Trust 2006-9AR B3 | 61748JAQ0 | 12/2/2008 | $100.0000 | $0.0000 |
| 162. | Morgan Stanley Mortgage Loan Trust 2006-10SL A1 | 61749TAA2 | 12/2/2008 | $100.0000 | $31.9960 |
| 163. | Morgan Stanley Mortgage Loan Trust 2006-10SL M1 | 61749TAB0 | 12/2/2008 | $100.0000 | $2.4296 |
| 164. | Morgan Stanley Mortgage Loan Trust 2006-10SL M2 | 61749TAC8 | 12/2/2008 | $100.0000 | $0.6283 |
| 165. | Morgan Stanley Mortgage Loan Trust 2006-10SL M3 | 61749TAD6 | 12/2/2008 | $100.0000 | $0.0000 |
| 166. | Morgan Stanley Mortgage Loan Trust 2006-10SL B1 | 61749TAE4 | 12/2/2008 | $100.0000 | $0.0000 |
| 167. | Morgan Stanley Mortgage Loan Trust 2006-10SL B2 | 61749TAF1 | 12/2/2008 | $100.0000 | $0.0000 |
| 168. | Morgan Stanley Mortgage Loan Trust 2006-10SL B3 | 61749TAG9 | 12/2/2008 | $100.0000 | $0.0000 |
| 169. | Morgan Stanley Mortgage Loan Trust 2006-13ARX A1 | 61750PAA6 | 12/2/2008 | $100.0000 | $91.4044 |
| 170. | Morgan Stanley Mortgage Loan Trust 2006-13ARX A2 | 61750PAB4 | 12/2/2008 | $100.0000 | $28.2584 |
| 171. | Morgan Stanley Mortgage Loan Trust 2006-13ARX A3 | 61750PAC2 | 12/2/2008 | $100.0000 | $20.3468 |
| 172. | Morgan Stanley Mortgage Loan Trust 2006-13ARX A4 | 61750PAD0 | 12/2/2008 | $100.0000 | $7.8809 |
| 173. | Morgan Stanley Mortgage Loan Trust 2006-13ARX M1 | 61750PAE8 | 12/2/2008 | $100.0000 | $4.4543 |
| 174. | Morgan Stanley Mortgage Loan Trust 2006-13ARX M2 | 61750PAF5 | 12/2/2008 | $100.0000 | $3.9272 |
| 175. | Morgan Stanley Mortgage Loan Trust 2006-13ARX M3 | 61750PAG3 | 12/2/2008 | $100.0000 | $3.7164 |
| 176. | Morgan Stanley Mortgage Loan Trust 2006-13ARX M4 | 61750PAH1 | 12/2/2008 | $100.0000 | $0.8791 |
| 177. | Morgan Stanley Mortgage Loan Trust 2006-13ARX M5 | 61750PAJ7 | 12/2/2008 | $100.0000 | $0.2534 |
| 178. | Morgan Stanley Mortgage Loan Trust 2006-13ARX M6 | 61750PAK4 | 12/2/2008 | $100.0000 | $0.0000 |
| 179. | Morgan Stanley Mortgage Loan Trust 2006-13ARX B1 | 61750PAL2 | 12/2/2008 | $100.0000 | $0.0000 |
| 180. | Morgan Stanley Mortgage Loan Trust 2006-13ARX B2 | 61750PAM0 | 12/2/2008 | $100.0000 | $0.0000 |
| 181. | Morgan Stanley Mortgage Loan Trust 2006-13ARX B3 | 61750PAN8 | 12/2/2008 | $100.0000 | $0.0000 |
| 182. | Morgan Stanley Mortgage Loan Trust 2006-8AR 1A1 | 61749LAA9 | 12/2/2008 | $100.0000 | $24.7057 |
| 183. | Morgan Stanley Mortgage Loan Trust 2006-8AR 1A2 | 61749LAB7 | 12/2/2008 | $100.0000 | $82.3549 |
| 184. | Morgan Stanley Mortgage Loan Trust 2006-8AR 1A3 | 61749LAC5 | 12/2/2008 | $100.0000 | $16.1411 |
| 185. | Morgan Stanley Mortgage Loan Trust 2006-8AR 1A4 | 61749LAD3 | 12/2/2008 | $100.0000 | $13.5888 |
| 186. | Morgan Stanley Mortgage Loan Trust 2006-8AR 1A5 | 61749LAE1 | 12/2/2008 | $100.0000 | $12.2461 |
| 187. | Morgan Stanley Mortgage Loan Trust 2006-8AR 1M1 | 61749LBN0 | 12/2/2008 | $100.0000 | $2.5590 |
| 188. | Morgan Stanley Mortgage Loan Trust 2006-8AR 1M2 | 61749LBP5 | 12/2/2008 | $100.0000 | $2.5062 |
| 189. | Morgan Stanley Mortgage Loan Trust 2006-8AR 1M3 | 61749LBQ3 | 12/2/2008 | $100.0000 | $2.3890 |
| 190. | Morgan Stanley Mortgage Loan Trust 2006-8AR 1M4 | 61749LAS0 | 12/2/2008 | $100.0000 | $2.3458 |
| 191. | Morgan Stanley Mortgage Loan Trust 2006-8AR 1M5 | 61749LAT8 | 12/2/2008 | $100.0000 | $2.3727 |
| 192. | Morgan Stanley Mortgage Loan Trust 2006-8AR 1M6 | 61749LAU5 | 12/2/2008 | $100.0000 | $2.4447 |

**TABLE A-1**

|  | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 193. | Morgan Stanley Mortgage Loan Trust 2006-8AR 2A1 | 61749LAF8 | 12/2/2008 | $100.0000 | $40.3416 |
| 194. | Morgan Stanley Mortgage Loan Trust 2006-8AR 2A2 | 61749LAG6 | 12/2/2008 | $100.0000 | $28.6479 |
| 195. | Morgan Stanley Mortgage Loan Trust 2006-8AR 3A | 61749LAH4 | 12/2/2008 | $100.0000 | $57.5032 |
| 196. | Morgan Stanley Mortgage Loan Trust 2006-8AR IIB1 | 61749LAY7 | 12/2/2008 | $100.0000 | $7.5550 |
| 197. | Morgan Stanley Mortgage Loan Trust 2006-8AR IIB2 | 61749LAZ4 | 12/2/2008 | $100.0000 | $6.5082 |
| 198. | Morgan Stanley Mortgage Loan Trust 2006-8AR IIB3 | 61749LBA8 | 12/2/2008 | $100.0000 | $2.7689 |
| 199. | Morgan Stanley Mortgage Loan Trust 2006-8AR 4A1 | 61749LAJ0 | 12/2/2008 | $100.0000 | $44.1123 |
| 200. | Morgan Stanley Mortgage Loan Trust 2006-8AR 4A2 | 61749LAK7 | 12/2/2008 | $100.0000 | $32.0478 |
| 201. | Morgan Stanley Mortgage Loan Trust 2006-8AR 5A1 | 61749LAL5 | 12/2/2008 | $100.0000 | $59.6416 |
| 202. | Morgan Stanley Mortgage Loan Trust 2006-8AR 5A2 | 61749LAM3 | 12/2/2008 | $100.0000 | $78.2185 |
| 203. | Morgan Stanley Mortgage Loan Trust 2006-8AR 5A3 | 61749LAN1 | 12/2/2008 | $100.0000 | $67.6256 |
| 204. | Morgan Stanley Mortgage Loan Trust 2006-8AR 5A4 | 61749LAP6 | 12/2/2008 | $100.0000 | $74.9932 |
| 205. | Morgan Stanley Mortgage Loan Trust 2006-8AR 5A5 | 61749LAQ4 | 12/2/2008 | $100.0000 | $66.5987 |
| 206. | Morgan Stanley Mortgage Loan Trust 2006-8AR 6A1 | 61749LAR2 | 12/2/2008 | $100.0000 | $70.1353 |
| 207. | Morgan Stanley Mortgage Loan Trust 2006-8AR 6A2 | 61749LBM2 | 12/2/2008 | $100.0000 | $65.0318 |
| 208. | Morgan Stanley Mortgage Loan Trust 2006-8AR IIIB1 | 61749LBR1 | 12/2/2008 | $100.0000 | $6.8557 |
| 209. | Morgan Stanley Mortgage Loan Trust 2006-8AR IIIB2 | 61749LBS9 | 12/2/2008 | $100.0000 | $6.8557 |
| 210. | Morgan Stanley Mortgage Loan Trust 2006-8AR IIIB3 | 61749LBT7 | 12/2/2008 | $100.0000 | $6.8557 |
| 211. | Morgan Stanley Mortgage Loan Trust 2006-16AX 1A | 617487AA1 | 12/2/2008 | $100.0000 | $39.3259 |
| 212. | Morgan Stanley Mortgage Loan Trust 2006-16AX 2A1 | 617487AB9 | 12/2/2008 | $100.0000 | $93.0210 |
| 213. | Morgan Stanley Mortgage Loan Trust 2006-16AX 2A2 | 617487AC7 | 12/2/2008 | $100.0000 | $35.8211 |
| 214. | Morgan Stanley Mortgage Loan Trust 2006-16AX 2A3 | 617487AD5 | 12/2/2008 | $100.0000 | $19.7592 |
| 215. | Morgan Stanley Mortgage Loan Trust 2006-16AX 2A4 | 617487AE3 | 12/2/2008 | $100.0000 | $12.0355 |
| 216. | Morgan Stanley Mortgage Loan Trust 2006-16AX M1 | 617487AH6 | 12/2/2008 | $100.0000 | $2.5807 |
| 217. | Morgan Stanley Mortgage Loan Trust 2006-16AX M2 | 617487AJ2 | 12/2/2008 | $100.0000 | $2.5168 |
| 218. | Morgan Stanley Mortgage Loan Trust 2006-16AX M3 | 617487AK9 | 12/2/2008 | $100.0000 | $2.4676 |
| 219. | Morgan Stanley Mortgage Loan Trust 2006-16AX M4 | 617487AL7 | 12/2/2008 | $100.0000 | $1.5606 |
| 220. | Morgan Stanley Mortgage Loan Trust 2006-16AX M5 | 617487AM5 | 12/2/2008 | $100.0000 | $0.9795 |
| 221. | Morgan Stanley Mortgage Loan Trust 2006-16AX M6 | 617487AN3 | 12/2/2008 | $100.0000 | $0.6158 |
| 222. | Morgan Stanley Mortgage Loan Trust 2006-16AX B1 | 617487AP8 | 12/2/2008 | $100.0000 | $0.3852 |
| 223. | Morgan Stanley Mortgage Loan Trust 2006-16AX B2 | 617487AQ6 | 12/2/2008 | $100.0000 | $0.1899 |
| 224. | Morgan Stanley Mortgage Loan Trust 2006-16AX B3 | 617487AR4 | 12/2/2008 | $100.0000 | $0.0000 |
| 225. | Morgan Stanley Mortgage Loan Trust 2006-16AX 3A1 | 617487AF0 | 12/2/2008 | $100.0000 | $57.9811 |
| 226. | Morgan Stanley Mortgage Loan Trust 2006-16AX 3A2 | 617487AG8 | 12/2/2008 | $100.0000 | $21.7032 |
| 227. | Morgan Stanley Mortgage Loan Trust 2006-16AX 3M1 | 617487AS2 | 12/2/2008 | $100.0000 | $2.0694 |
| 228. | Morgan Stanley Mortgage Loan Trust 2006-16AX 3M2 | 617487AT0 | 12/2/2008 | $100.0000 | $1.2537 |
| 229. | Morgan Stanley Mortgage Loan Trust 2006-16AX 3B1 | 617487AU7 | 12/2/2008 | $100.0000 | $0.7971 |
| 230. | Morgan Stanley Mortgage Loan Trust 2006-16AX 3B2 | 617487AV5 | 12/2/2008 | $100.0000 | $0.4709 |

Note:  Certificates without an Offering Price are Exchangeable Certificates.

TABLE A-2

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 1. | Morgan Stanley Mortgage Loan Trust 2006-17XS A1 | 61751DAA2 | 5/7/2009 | $100.0000 | $83.3660 |
| 2. | Morgan Stanley Mortgage Loan Trust 2006-17XS A2A | 61751DAB0 | 5/7/2009 | $100.0000 | $64.9961 |
| 3. | Morgan Stanley Mortgage Loan Trust 2006-17XS A2B | 61751DAC8 | 5/7/2009 | $100.0000 | $51.4564 |
| 4. | Morgan Stanley Mortgage Loan Trust 2006-17XS A2W | 61751DAD6 | 5/7/2009 | $100.0000 | $63.5475 |
| 5. | Morgan Stanley Mortgage Loan Trust 2006-17XS A3A | 61751DAE4 | 5/7/2009 | $100.0000 | $66.2066 |
| 6. | Morgan Stanley Mortgage Loan Trust 2006-17XS A3B | 61751DAF1 | 5/7/2009 | $100.0000 | $40.3069 |
| 7. | Morgan Stanley Mortgage Loan Trust 2006-17XS A4 | 61751DAG9 | 5/7/2009 | $100.0000 | $36.1474 |
| 8. | Morgan Stanley Mortgage Loan Trust 2006-17XS A5W | 61751DAH7 | 5/7/2009 | $100.0000 | $36.2373 |
| 9. | Morgan Stanley Mortgage Loan Trust 2006-17XS A6 | 61751DAJ3 | 5/7/2009 | $100.0000 | $43.2255 |
| 10. | Morgan Stanley Mortgage Loan Trust 2006-17XS M1 | 61751DAK0 | 5/7/2009 | $100.0000 | $1.9963 |
| 11. | Morgan Stanley Mortgage Loan Trust 2006-17XS M2 | 61751DAL8 | 5/7/2009 | $100.0000 | $1.4001 |
| 12. | Morgan Stanley Mortgage Loan Trust 2006-17XS M3 | 61751DAM6 | 5/7/2009 | $100.0000 | $1.4611 |
| 13. | Morgan Stanley Mortgage Loan Trust 2006-17XS M4 | 61751DAN4 | 5/7/2009 | $100.0000 | $2.3048 |
| 14. | Morgan Stanley Mortgage Loan Trust 2006-17XS M5 | 61751DAP9 | 5/7/2009 | $100.0000 | $1.7728 |
| 15. | Morgan Stanley Mortgage Loan Trust 2006-17XS M6 | 61751DAQ7 | 5/7/2009 | $100.0000 | $2.5418 |
| 16. | Morgan Stanley Mortgage Loan Trust 2006-17XS B1 | 61751DAR5 | 5/7/2009 | $100.0000 | $1.9430 |
| 17. | Morgan Stanley Mortgage Loan Trust 2006-17XS B2 | 61751DAS3 | 5/7/2009 | $100.0000 | $1.4251 |
| 18. | Morgan Stanley Mortgage Loan Trust 2006-17XS B3 | 61751DAT1 | 5/7/2009 | $100.0000 | $0.8042 |
| 19. | Morgan Stanley Mortgage Loan Trust 2007-1XS 1A1 | 61752JAA8 | 5/7/2009 | $100.0000 | $75.6660 |
| 20. | Morgan Stanley Mortgage Loan Trust 2007-1XS 1A2 | 61752JAB6 | 5/7/2009 | $100.0000 | $49.7178 |
| 21. | Morgan Stanley Mortgage Loan Trust 2007-1XS 2A1 | 61752JAC4 | 5/7/2009 | $100.0000 | $78.7447 |
| 22. | Morgan Stanley Mortgage Loan Trust 2007-1XS 2A2 | 61752JAD2 | 5/7/2009 | $100.0000 | $70.0019 |
| 23. | Morgan Stanley Mortgage Loan Trust 2007-1XS 2A3 | 61752JAE0 | 5/7/2009 | $100.0000 | $70.4270 |
| 24. | Morgan Stanley Mortgage Loan Trust 2007-1XS 2A4A | 61752JAF7 | 5/7/2009 | $100.0000 | $75.1250 |
| 25. | Morgan Stanley Mortgage Loan Trust 2007-1XS 2A4B | 61752JAG5 | 5/7/2009 | $100.0000 | $31.9143 |
| 26. | Morgan Stanley Mortgage Loan Trust 2007-1XS 2A4C | 61752JAJ9 | 5/7/2009 | $100.0000 | $71.2751 |
| 27. | Morgan Stanley Mortgage Loan Trust 2007-1XS 2A5 | 61752JAK6 | 5/7/2009 | $100.0000 | $72.0439 |
| 28. | Morgan Stanley Mortgage Loan Trust 2007-1XS 2A6 | 61752JAL4 | 5/7/2009 | $100.0000 | $50.0471 |
| 29. | Morgan Stanley Mortgage Loan Trust 2007-1XS M1 | 61752JAM2 | 5/7/2009 | $100.0000 | $2.7367 |
| 30. | Morgan Stanley Mortgage Loan Trust 2007-1XS M2 | 61752JAN0 | 5/7/2009 | $100.0000 | $1.4800 |
| 31. | Morgan Stanley Mortgage Loan Trust 2007-1XS M3 | 61752JAP5 | 5/7/2009 | $100.0000 | $0.8952 |
| 32. | Morgan Stanley Mortgage Loan Trust 2007-1XS M4 | 61752JAQ3 | 5/7/2009 | $100.0000 | $0.5935 |
| 33. | Morgan Stanley Mortgage Loan Trust 2007-1XS M5 | 61752JAR1 | 5/7/2009 | $100.0000 | $0.3911 |
| 34. | Morgan Stanley Mortgage Loan Trust 2007-1XS M6 | 61752JAS9 | 5/7/2009 | $100.0000 | $0.2392 |
| 35. | Morgan Stanley Mortgage Loan Trust 2007-1XS B1 | 61752JAT7 | 5/7/2009 | $100.0000 | $0.4582 |
| 36. | Morgan Stanley Mortgage Loan Trust 2007-1XS B2 | 61752JAU4 | 5/7/2009 | $100.0000 | $0.1877 |
| 37. | Morgan Stanley Mortgage Loan Trust 2007-1XS B3 | 61752JAV2 | 5/7/2009 | $100.0000 | $0.0000 |
| 38. | Morgan Stanley Mortgage Loan Trust 2007-2AX 1A | 61751TAA7 | 5/7/2009 | $100.0000 | $33.6938 |
| 39. | Morgan Stanley Mortgage Loan Trust 2007-2AX 2A1 | 61751TAB5 | 5/7/2009 | $100.0000 | $80.0098 |
| 40. | Morgan Stanley Mortgage Loan Trust 2007-2AX 2A2 | 61751TAC3 | 5/7/2009 | $100.0000 | $37.6131 |
| 41. | Morgan Stanley Mortgage Loan Trust 2007-2AX 2A3 | 61751TAD1 | 5/7/2009 | $100.0000 | $11.1161 |
| 42. | Morgan Stanley Mortgage Loan Trust 2007-2AX 2A4 | 61751TAE9 | 5/7/2009 | $100.0000 | $2.7531 |
| 43. | Morgan Stanley Mortgage Loan Trust 2007-2AX M1 | 61751TAF6 | 5/7/2009 | $100.0000 | $0.7638 |
| 44. | Morgan Stanley Mortgage Loan Trust 2007-2AX M2 | 61751TAG4 | 5/7/2009 | $100.0000 | $0.7646 |
| 45. | Morgan Stanley Mortgage Loan Trust 2007-2AX M3 | 61751TAH2 | 5/7/2009 | $100.0000 | $0.7723 |
| 46. | Morgan Stanley Mortgage Loan Trust 2007-2AX M4 | 61751TAJ8 | 5/7/2009 | $100.0000 | $0.0746 |
| 47. | Morgan Stanley Mortgage Loan Trust 2007-2AX M5 | 61751TAK5 | 5/7/2009 | $100.0000 | $0.0000 |
| 48. | Morgan Stanley Mortgage Loan Trust 2007-2AX M6 | 61751TAL3 | 5/7/2009 | $100.0000 | $0.0000 |
| 49. | Morgan Stanley Mortgage Loan Trust 2007-2AX B1 | 61751TAM1 | 5/7/2009 | $100.0000 | $0.0000 |
| 50. | Morgan Stanley Mortgage Loan Trust 2007-2AX B2 | 61751TAN9 | 5/7/2009 | $100.0000 | $0.0000 |
| 51. | Morgan Stanley Mortgage Loan Trust 2007-2AX B3 | 61751TAP4 | 5/7/2009 | $100.0000 | $0.0000 |
| 52. | Morgan Stanley Mortgage Loan Trust 2007-3XS 1A1 | 61752RAA0 | 5/7/2009 | $100.0000 | $48.5566 |
| 53. | Morgan Stanley Mortgage Loan Trust 2007-3XS 1A2A | 61752RAB8 | 5/7/2009 | $100.0000 | $80.5074 |
| 54. | Morgan Stanley Mortgage Loan Trust 2007-3XS 1A2B | 61752RAC6 | 5/7/2009 | $100.0000 | $54.4904 |
| 55. | Morgan Stanley Mortgage Loan Trust 2007-3XS 1A3A | 61752RAD4 | 5/7/2009 | $100.0000 | $49.9368 |
| 56. | Morgan Stanley Mortgage Loan Trust 2007-3XS 1A3B | 61752RAE2 | 5/7/2009 | $100.0000 | $30.7878 |
| 57. | Morgan Stanley Mortgage Loan Trust 2007-3XS 2A1A | 61752RAF9 | 5/7/2009 | $100.0000 | $90.5138 |
| 58. | Morgan Stanley Mortgage Loan Trust 2007-3XS 2A1B | 61752RAG7 | 5/7/2009 | $100.0000 | $57.7117 |
| 59. | Morgan Stanley Mortgage Loan Trust 2007-3XS 2A2SS | 61752RAH5 | 5/7/2009 | $100.0000 | $73.2581 |
| 60. | Morgan Stanley Mortgage Loan Trust 2007-3XS 2A3SS | 61752RAJ1 | 5/7/2009 | $100.0000 | $52.3806 |
| 61. | Morgan Stanley Mortgage Loan Trust 2007-3XS 2A4SS | 61752RAK8 | 5/7/2009 | $100.0000 | $38.8837 |
| 62. | Morgan Stanley Mortgage Loan Trust 2007-3XS 2A5 | 61752RAL6 | 5/7/2009 | $100.0000 | $34.5909 |
| 63. | Morgan Stanley Mortgage Loan Trust 2007-3XS 2A6 | 61752RAM4 | 5/7/2009 | $100.0000 | $50.3473 |

**TABLE A-2**

| | | | | | |
|---|---|---|---|---|---|
| 64. | Morgan Stanley Mortgage Loan Trust 2007-3XS 2A7M | 61752RAN2 | 5/7/2009 | $100.0000 | $47.4249 |
| 65. | Morgan Stanley Mortgage Loan Trust 2007-3XS M1 | 61752RAP7 | 5/7/2009 | $100.0000 | $6.4514 |
| 66. | Morgan Stanley Mortgage Loan Trust 2007-3XS M2 | 61752RAQ5 | 5/7/2009 | $100.0000 | $3.5031 |
| 67. | Morgan Stanley Mortgage Loan Trust 2007-3XS M3 | 61752RAR3 | 5/7/2009 | $100.0000 | $2.3983 |
| 68. | Morgan Stanley Mortgage Loan Trust 2007-3XS M4 | 61752RAS1 | 5/7/2009 | $100.0000 | $1.8065 |
| 69. | Morgan Stanley Mortgage Loan Trust 2007-3XS M5 | 61752RAT9 | 5/7/2009 | $100.0000 | $1.3838 |
| 70. | Morgan Stanley Mortgage Loan Trust 2007-3XS M6 | 61752RAU6 | 5/7/2009 | $100.0000 | $0.9653 |
| 71. | Morgan Stanley Mortgage Loan Trust 2007-3XS B1 | 61752RAV4 | 5/7/2009 | $100.0000 | $2.4455 |
| 72. | Morgan Stanley Mortgage Loan Trust 2007-3XS B2 | 61752RAW2 | 5/7/2009 | $100.0000 | $0.6030 |
| 73. | Morgan Stanley Mortgage Loan Trust 2007-3XS B3 | 61752RAX0 | 5/7/2009 | $100.0000 | $0.4376 |
| 74. | Morgan Stanley Mortgage Loan Trust 2007-4SL A | 61751PAA5 | 5/7/2009 | $100.0000 | $32.6101 |
| 75. | Morgan Stanley Mortgage Loan Trust 2007-4SL M1 | 61751PAB3 | 5/7/2009 | $100.0000 | $0.7433 |
| 76. | Morgan Stanley Mortgage Loan Trust 2007-4SL M2 | 61751PAC1 | 5/7/2009 | $100.0000 | $0.4089 |
| 77. | Morgan Stanley Mortgage Loan Trust 2007-4SL M3 | 61751PAD9 | 5/7/2009 | $100.0000 | $0.1700 |
| 78. | Morgan Stanley Mortgage Loan Trust 2007-4SL M4 | 61751PAE7 | 5/7/2009 | $100.0000 | $0.0838 |
| 79. | Morgan Stanley Mortgage Loan Trust 2007-4SL M5 | 61751PAF4 | 5/7/2009 | $100.0000 | $0.0000 |
| 80. | Morgan Stanley Mortgage Loan Trust 2007-4SL B1 | 61751PAG2 | 5/7/2009 | $100.0000 | $0.0000 |
| 81. | Morgan Stanley Mortgage Loan Trust 2007-4SL B2 | 61751PAH0 | 5/7/2009 | $100.0000 | $0.0000 |
| 82. | Morgan Stanley Mortgage Loan Trust 2007-4SL B3 | 61751PAJ6 | 5/7/2009 | $100.0000 | $0.0000 |
| 83. | Morgan Stanley Mortgage Loan Trust 2007-5AX 1A | 61751GAA5 | 5/7/2009 | $100.0000 | $35.9261 |
| 84. | Morgan Stanley Mortgage Loan Trust 2007-5AX 2A1 | 61751GAB3 | 5/7/2009 | $100.0000 | $78.8419 |
| 85. | Morgan Stanley Mortgage Loan Trust 2007-5AX 2A2 | 61751GAC1 | 5/7/2009 | $100.0000 | $33.8077 |
| 86. | Morgan Stanley Mortgage Loan Trust 2007-5AX 2A3 | 61751GAD9 | 5/7/2009 | $100.0000 | $21.7600 |
| 87. | Morgan Stanley Mortgage Loan Trust 2007-5AX 2A4 | 61751GAE7 | 5/7/2009 | $100.0000 | $4.0126 |
| 88. | Morgan Stanley Mortgage Loan Trust 2007-5AX M1 | 61751GAF4 | 5/7/2009 | $100.0000 | $0.7114 |
| 89. | Morgan Stanley Mortgage Loan Trust 2007-5AX M2 | 61751GAG2 | 5/7/2009 | $100.0000 | $0.7137 |
| 90. | Morgan Stanley Mortgage Loan Trust 2007-5AX M3 | 61751GAH0 | 5/7/2009 | $100.0000 | $0.0769 |
| 91. | Morgan Stanley Mortgage Loan Trust 2007-5AX M4 | 61751GAJ6 | 5/7/2009 | $100.0000 | $0.0000 |
| 92. | Morgan Stanley Mortgage Loan Trust 2007-5AX M5 | 61751GAK3 | 5/7/2009 | $100.0000 | $0.0000 |
| 93. | Morgan Stanley Mortgage Loan Trust 2007-5AX M6 | 61751GAL1 | 5/7/2009 | $100.0000 | $0.0000 |
| 94. | Morgan Stanley Mortgage Loan Trust 2007-5AX B1 | 61751GAM9 | 5/7/2009 | $100.0000 | $0.0000 |
| 95. | Morgan Stanley Mortgage Loan Trust 2007-5AX B2 | 61751GAN7 | 5/7/2009 | $100.0000 | $0.0000 |
| 96. | Morgan Stanley Mortgage Loan Trust 2007-5AX B3 | 61751GAP2 | 5/7/2009 | $100.0000 | $0.0000 |
| 97. | Morgan Stanley Mortgage Loan Trust 2007-6XS 1A1 | 61751JAA9 | 5/7/2009 | $100.0000 | $33.1483 |
| 98. | Morgan Stanley Mortgage Loan Trust 2007-6XS 1A2SS | 61751JAB7 | 5/7/2009 | $100.0000 | $81.3580 |
| 99. | Morgan Stanley Mortgage Loan Trust 2007-6XS 1A2M | 61751JAC5 | 5/7/2009 | $100.0000 | $62.3065 |
| 100. | Morgan Stanley Mortgage Loan Trust 2007-6XS 1A3SS | 61751JAD3 | 5/7/2009 | $100.0000 | $40.7217 |
| 101. | Morgan Stanley Mortgage Loan Trust 2007-6XS 1A3M | 61751JAE1 | 5/7/2009 | $100.0000 | $46.1630 |
| 102. | Morgan Stanley Mortgage Loan Trust 2007-6XS 2A1SS | 61751JAF8 | 5/7/2009 | $100.0000 | $65.6248 |
| 103. | Morgan Stanley Mortgage Loan Trust 2007-6XS 2A1M | 61751JAG6 | 5/7/2009 | $100.0000 | $49.9549 |
| 104. | Morgan Stanley Mortgage Loan Trust 2007-6XS 2A2SS | 61751JAH4 | 5/7/2009 | $100.0000 | $50.6594 |
| 105. | Morgan Stanley Mortgage Loan Trust 2007-6XS 2A3SS | 61751JAJ0 | 5/7/2009 | $100.0000 | $40.2879 |
| 106. | Morgan Stanley Mortgage Loan Trust 2007-6XS 2A4SS | 61751JAK7 | 5/7/2009 | $100.0000 | $35.2950 |
| 107. | Morgan Stanley Mortgage Loan Trust 2007-6XS 2A5SS | 61751JAL5 | 5/7/2009 | $100.0000 | $31.9415 |
| 108. | Morgan Stanley Mortgage Loan Trust 2007-6XS 2A6SS | 61751JAM3 | 5/7/2009 | $100.0000 | $38.0572 |
| 109. | Morgan Stanley Mortgage Loan Trust 2007-6XS 2A6M | 61751JAN1 | 5/7/2009 | $100.0000 | $44.2185 |
| 110. | Morgan Stanley Mortgage Loan Trust 2007-6XS 2A7M | 61751JAP6 | 5/7/2009 | $100.0000 | $36.4298 |
| 111. | Morgan Stanley Mortgage Loan Trust 2007-6XS M1 | 61751JAQ4 | 5/7/2009 | $100.0000 | $1.8361 |
| 112. | Morgan Stanley Mortgage Loan Trust 2007-6XS M2 | 61751JAR2 | 5/7/2009 | $100.0000 | $1.7461 |
| 113. | Morgan Stanley Mortgage Loan Trust 2007-6XS M3 | 61751JAS0 | 5/7/2009 | $100.0000 | $1.6692 |
| 114. | Morgan Stanley Mortgage Loan Trust 2007-6XS M4 | 61751JAT8 | 5/7/2009 | $100.0000 | $1.7429 |
| 115. | Morgan Stanley Mortgage Loan Trust 2007-6XS M5 | 61751JAU5 | 5/7/2009 | $100.0000 | $1.6869 |
| 116. | Morgan Stanley Mortgage Loan Trust 2007-6XS M6 | 61751JAV3 | 5/7/2009 | $100.0000 | $1.5954 |
| 117. | Morgan Stanley Mortgage Loan Trust 2007-6XS B1 | 61751JAW1 | 5/7/2009 | $100.0000 | $1.4574 |
| 118. | Morgan Stanley Mortgage Loan Trust 2007-6XS B2 | 61751JAX9 | 5/7/2009 | $100.0000 | $0.8115 |
| 119. | Morgan Stanley Mortgage Loan Trust 2007-6XS B3 | 61751JAY7 | 5/7/2009 | $100.0000 | $0.5149 |
| 120. | Morgan Stanley Mortgage Loan Trust 2007-7AX 1A | 61754HAA0 | 5/7/2009 | $100.0000 | $40.3861 |
| 121. | Morgan Stanley Mortgage Loan Trust 2007-7AX 2A1 | 61754HAB8 | 5/7/2009 | $100.0000 | $76.8152 |
| 122. | Morgan Stanley Mortgage Loan Trust 2007-7AX 2A2 | 61754HAC6 | 5/7/2009 | $100.0000 | $34.8555 |
| 123. | Morgan Stanley Mortgage Loan Trust 2007-7AX 2A3 | 61754HAD4 | 5/7/2009 | $100.0000 | $34.9082 |
| 124. | Morgan Stanley Mortgage Loan Trust 2007-7AX 2A4 | 61754HAE2 | 5/7/2009 | $100.0000 | $1.0234 |
| 125. | Morgan Stanley Mortgage Loan Trust 2007-7AX 2A5 | 61754HAF9 | 5/7/2009 | $100.0000 | $42.0341 |
| 126. | Morgan Stanley Mortgage Loan Trust 2007-7AX 2A6 | 61754HAG7 | 5/7/2009 | $100.0000 | $1.0234 |
| 127. | Morgan Stanley Mortgage Loan Trust 2007-7AX M1 | 61754HAH5 | 5/7/2009 | $100.0000 | $0.0746 |
| 128. | Morgan Stanley Mortgage Loan Trust 2007-7AX M2 | 61754HAJ1 | 5/7/2009 | $100.0000 | $0.0879 |
| 129. | Morgan Stanley Mortgage Loan Trust 2007-7AX M3 | 61754HAK8 | 5/7/2009 | $100.0000 | $0.0968 |

TABLE A-2

| | | | | | |
|---|---|---|---|---|---|
| 130. | Morgan Stanley Mortgage Loan Trust 2007-7AX M4 | 61754HAL6 | 5/7/2009 | $100.0000 | $0.0000 |
| 131. | Morgan Stanley Mortgage Loan Trust 2007-7AX M5 | 61754HAM4 | 5/7/2009 | $100.0000 | $0.0000 |
| 132. | Morgan Stanley Mortgage Loan Trust 2007-7AX M6 | 61754HAN2 | 5/7/2009 | $100.0000 | $0.0000 |
| 133. | Morgan Stanley Mortgage Loan Trust 2007-7AX B1 | 61754HAP7 | 5/7/2009 | $100.0000 | $0.0000 |
| 134. | Morgan Stanley Mortgage Loan Trust 2007-7AX B2 | 61754HAQ5 | 5/7/2009 | $100.0000 | $0.0000 |
| 135. | Morgan Stanley Mortgage Loan Trust 2007-7AX B3 | 61754HAR3 | 5/7/2009 | $100.0000 | $0.0000 |
| 136. | Morgan Stanley Mortgage Loan Trust 2007-8XS A1 | 61754PAA2 | 5/7/2009 | $100.0000 | $66.8881 |
| 137. | Morgan Stanley Mortgage Loan Trust 2007-8XS A1M | 61754PBK9 | 5/7/2009 | $100.0000 | $29.8447 |
| 138. | Morgan Stanley Mortgage Loan Trust 2007-8XS A1W | 61754PAB0 | 5/7/2009 | $100.0000 | $66.9142 |
| 139. | Morgan Stanley Mortgage Loan Trust 2007-8XS A2 | 61754PAC8 | 5/7/2009 | $100.0000 | $34.9636 |
| 140. | Morgan Stanley Mortgage Loan Trust 2007-8XS A3W | 61754PAD6 | 5/7/2009 | $100.0000 | $34.2692 |
| 141. | Morgan Stanley Mortgage Loan Trust 2007-8XS A4 | 61754PAE4 | 5/7/2009 | $100.0000 | $66.5641 |
| 142. | Morgan Stanley Mortgage Loan Trust 2007-8XS M1 | 61754PAK0 | 5/7/2009 | $100.0000 | $3.1056 |
| 143. | Morgan Stanley Mortgage Loan Trust 2007-8XS M2 | 61754PAL8 | 5/7/2009 | $100.0000 | $2.9972 |
| 144. | Morgan Stanley Mortgage Loan Trust 2007-8XS M3 | 61754PAM6 | 5/7/2009 | $100.0000 | $1.8046 |
| 145. | Morgan Stanley Mortgage Loan Trust 2007-8XS M4 | 61754PAN4 | 5/7/2009 | $100.0000 | $2.1028 |
| 146. | Morgan Stanley Mortgage Loan Trust 2007-8XS M5 | 61754PAP9 | 5/7/2009 | $100.0000 | $3.6943 |
| 147. | Morgan Stanley Mortgage Loan Trust 2007-8XS M6 | 61754PAQ7 | 5/7/2009 | $100.0000 | $2.4725 |
| 148. | Morgan Stanley Mortgage Loan Trust 2007-8XS B1 | 61754PAR5 | 5/7/2009 | $100.0000 | $0.5642 |
| 149. | Morgan Stanley Mortgage Loan Trust 2007-8XS B2 | 61754PAS3 | 5/7/2009 | $100.0000 | $0.2742 |
| 150. | Morgan Stanley Mortgage Loan Trust 2007-8XS B3 | 61754PAT1 | 5/7/2009 | $100.0000 | $0.1201 |
| 151. | Morgan Stanley Mortgage Loan Trust 2007-8XS A5 | 61754PAF1 | 5/7/2009 | | $57.4988 |
| 152. | Morgan Stanley Mortgage Loan Trust 2007-8XS A6 | 61754PAG9 | 5/7/2009 | | $3.8435 |
| 153. | Morgan Stanley Mortgage Loan Trust 2007-8XS A7 | 61754PAH7 | 5/7/2009 | | $66.5351 |
| 154. | Morgan Stanley Mortgage Loan Trust 2007-8XS A8 | 61754PAJ3 | 5/7/2009 | | $0.0175 |
| 155. | Morgan Stanley Mortgage Loan Trust 2007-8XS A9 | 61754PAX2 | 5/7/2009 | | $57.5277 |
| 156. | Morgan Stanley Mortgage Loan Trust 2007-8XS A10 | 61754PAY0 | 5/7/2009 | | $3.6057 |
| 157. | Morgan Stanley Mortgage Loan Trust 2007-8XS A11 | 61754PAZ7 | 5/7/2009 | | $57.1223 |
| 158. | Morgan Stanley Mortgage Loan Trust 2007-8XS A12 | 61754PBA1 | 5/7/2009 | | $54.2022 |
| 159. | Morgan Stanley Mortgage Loan Trust 2007-8XS A13 | 61754PBB9 | 5/7/2009 | | $66.4137 |
| 160. | Morgan Stanley Mortgage Loan Trust 2007-8XS A14 | 61754PBC7 | 5/7/2009 | | $11.3856 |
| 161. | Morgan Stanley Mortgage Loan Trust 2007-8XS A15 | 61754PBD5 | 5/7/2009 | | $28.6379 |
| 162. | Morgan Stanley Mortgage Loan Trust 2007-8XS A16 | 61754PBE3 | 5/7/2009 | | $28.9632 |
| 163. | Morgan Stanley Mortgage Loan Trust 2007-8XS A17 | 61754PBF0 | 5/7/2009 | | $33.2900 |
| 164. | Morgan Stanley Mortgage Loan Trust 2007-8XS A18 | 61754PBG8 | 5/7/2009 | | $20.0833 |
| 165. | Morgan Stanley Mortgage Loan Trust 2007-8XS A19 | 61754PBH6 | 5/7/2009 | | $34.1341 |
| 166. | Morgan Stanley Mortgage Loan Trust 2007-8XS A20 | 61754PBJ2 | 5/7/2009 | | $63.8610 |
| 167. | Morgan Stanley Mortgage Loan Trust 2007-9SL A | 61754TAA4 | 5/7/2009 | $100.0000 | $40.6577 |
| 168. | Morgan Stanley Mortgage Loan Trust 2007-9SL M1 | 61754TAB2 | 5/7/2009 | $100.0000 | $0.4082 |
| 169. | Morgan Stanley Mortgage Loan Trust 2007-9SL M2 | 61754TAC0 | 5/7/2009 | $100.0000 | $0.3227 |
| 170. | Morgan Stanley Mortgage Loan Trust 2007-9SL M3 | 61754TAD8 | 5/7/2009 | $100.0000 | $0.0000 |
| 171. | Morgan Stanley Mortgage Loan Trust 2007-9SL B1 | 61754TAE6 | 5/7/2009 | $100.0000 | $0.0000 |
| 172. | Morgan Stanley Mortgage Loan Trust 2007-9SL B2 | 61754TAF3 | 5/7/2009 | $100.0000 | $0.0000 |
| 173. | Morgan Stanley Mortgage Loan Trust 2007-9SL B3 | 61754TAG1 | 5/7/2009 | $100.0000 | $0.0000 |
| 174. | Morgan Stanley Mortgage Loan Trust 2007-10XS A | 61751MAA2 | 5/7/2009 | $100.0000 | $64.6004 |
| 175. | Morgan Stanley Mortgage Loan Trust 2007-10XS A1W | 61751MAB0 | 5/7/2009 | $100.0000 | $36.1149 |
| 176. | Morgan Stanley Mortgage Loan Trust 2007-10XS A2 | 61751MAC8 | 5/7/2009 | $100.0000 | $35.3902 |
| 177. | Morgan Stanley Mortgage Loan Trust 2007-10XS A3W | 61751MAD6 | 5/7/2009 | $100.0000 | $36.4384 |
| 178. | Morgan Stanley Mortgage Loan Trust 2007-10XS A4 | 61751MAE4 | 5/7/2009 | $100.0000 | $30.9846 |
| 179. | Morgan Stanley Mortgage Loan Trust 2007-10XS A5 | 61751MAF1 | 5/7/2009 | $0.6250 | $3.1352 |
| 180. | Morgan Stanley Mortgage Loan Trust 2007-10XS M1 | 61751MBA1 | 5/7/2009 | $100.0000 | $3.0767 |
| 181. | Morgan Stanley Mortgage Loan Trust 2007-10XS M2 | 61751MBB9 | 5/7/2009 | $100.0000 | $2.4922 |
| 182. | Morgan Stanley Mortgage Loan Trust 2007-10XS M3 | 61751MBC7 | 5/7/2009 | $100.0000 | $1.9975 |
| 183. | Morgan Stanley Mortgage Loan Trust 2007-10XS M4 | 61751MBD5 | 5/7/2009 | $100.0000 | $1.9076 |
| 184. | Morgan Stanley Mortgage Loan Trust 2007-10XS M5 | 61751MBE3 | 5/7/2009 | $100.0000 | $1.8416 |
| 185. | Morgan Stanley Mortgage Loan Trust 2007-10XS M6 | 61751MBF0 | 5/7/2009 | $100.0000 | $1.8162 |
| 186. | Morgan Stanley Mortgage Loan Trust 2007-10XS B1 | 61751MBG8 | 5/7/2009 | $100.0000 | $1.5381 |
| 187. | Morgan Stanley Mortgage Loan Trust 2007-10XS B2 | 61751MBH6 | 5/7/2009 | $100.0000 | $1.1707 |
| 188. | Morgan Stanley Mortgage Loan Trust 2007-10XS B3 | 61751MBJ2 | 5/7/2009 | $100.0000 | $0.6858 |
| 189. | Morgan Stanley Mortgage Loan Trust 2007-10XS A6 | 61751MAG9 | 5/7/2009 | | $30.9959 |
| 190. | Morgan Stanley Mortgage Loan Trust 2007-10XS A7 | 61751MAH7 | 5/7/2009 | | $3.1208 |
| 191. | Morgan Stanley Mortgage Loan Trust 2007-10XS A8 | 61751MAJ3 | 5/7/2009 | | $37.0431 |
| 192. | Morgan Stanley Mortgage Loan Trust 2007-10XS A9 | 61751MAK0 | 5/7/2009 | | $0.1992 |
| 193. | Morgan Stanley Mortgage Loan Trust 2007-10XS A10 | 61751MAL8 | 5/7/2009 | | $64.0293 |
| 194. | Morgan Stanley Mortgage Loan Trust 2007-10XS A11 | 61751MAM6 | 5/7/2009 | | $13.7064 |
| 195. | Morgan Stanley Mortgage Loan Trust 2007-10XS A12 | 61751MAN4 | 5/7/2009 | | $63.4582 |

TABLE A-2

| | | | | | |
|---|---|---|---|---|---|
| 196. | Morgan Stanley Mortgage Loan Trust 2007-10XS A13 | 61751MAP9 | 5/7/2009 | | $13.7065 |
| 197. | Morgan Stanley Mortgage Loan Trust 2007-10XS A14 | 61751MAQ7 | 5/7/2009 | | $34.7150 |
| 198. | Morgan Stanley Mortgage Loan Trust 2007-10XS A15 | 61751MAR5 | 5/7/2009 | | $18.7536 |
| 199. | Morgan Stanley Mortgage Loan Trust 2007-10XS A16 | 61751MAS3 | 5/7/2009 | | $34.0399 |
| 200. | Morgan Stanley Mortgage Loan Trust 2007-10XS A17 | 61751MAT1 | 5/7/2009 | | $18.7536 |
| 201. | Morgan Stanley Mortgage Loan Trust 2007-10XS A18 | 61751MAU8 | 5/7/2009 | | $75.4537 |
| 202. | Morgan Stanley Mortgage Loan Trust 2007-10XS A19 | 61751MAV6 | 5/7/2009 | | $19.0577 |
| 203. | Morgan Stanley Mortgage Loan Trust 2007-10XS A20 | 61751MAW4 | 5/7/2009 | | $63.9698 |
| 204. | Morgan Stanley Mortgage Loan Trust 2007-10XS A21 | 61751MAX2 | 5/7/2009 | | $65.2309 |
| 205. | Morgan Stanley Mortgage Loan Trust 2007-10XS A22 | 61751MAY0 | 5/7/2009 | | $63.3393 |
| 206. | Morgan Stanley Mortgage Loan Trust 2007-10XS A23 | 61751MAZ7 | 5/7/2009 | | $65.2309 |
| 207. | Morgan Stanley Mortgage Loan Trust 2007-11AR 1A1 | 61754VAA9 | 5/7/2009 | $100.0000 | $42.7157 |
| 208. | Morgan Stanley Mortgage Loan Trust 2007-11AR 1A2 | 61754VAB7 | 5/7/2009 | $100.0000 | $20.5452 |
| 209. | Morgan Stanley Mortgage Loan Trust 2007-11AR B1 | 61754VAM3 | 5/7/2009 | $100.0000 | $4.7391 |
| 210. | Morgan Stanley Mortgage Loan Trust 2007-11AR B2 | 61754VAN1 | 5/7/2009 | $100.0000 | $1.8376 |
| 211. | Morgan Stanley Mortgage Loan Trust 2007-11AR B3 | 61754VAP6 | 5/7/2009 | $100.0000 | $0.0000 |
| 212. | Morgan Stanley Mortgage Loan Trust 2007-11AR 2A1 | 61754VAC5 | 5/7/2009 | $100.0000 | $45.5997 |
| 213. | Morgan Stanley Mortgage Loan Trust 2007-11AR 2A2 | 61754VAD3 | 5/7/2009 | $100.0000 | $18.2337 |
| 214. | Morgan Stanley Mortgage Loan Trust 2007-11AR 2A3 | 61754VAE1 | 5/7/2009 | $100.0000 | $53.6648 |
| 215. | Morgan Stanley Mortgage Loan Trust 2007-11AR 2A4 | 61754VAF8 | 5/7/2009 | $100.0000 | $20.6760 |
| 216. | Morgan Stanley Mortgage Loan Trust 2007-11AR 2A5 | 61754VAG6 | 5/7/2009 | $100.0000 | $45.9944 |
| 217. | Morgan Stanley Mortgage Loan Trust 2007-11AR 2A6 | 61754VAH4 | 5/7/2009 | $100.0000 | $17.8714 |
| 218. | Morgan Stanley Mortgage Loan Trust 2007-11AR 2X | 61754VAL5 | 5/7/2009 | $1.5000 | $1.3702 |
| 219. | Morgan Stanley Mortgage Loan Trust 2007-11AR 2A7 | 61754VAJ0 | 5/7/2009 | | $46.9785 |
| 220. | Morgan Stanley Mortgage Loan Trust 2007-11AR 2A8 | 61754VAK7 | 5/7/2009 | | $18.6306 |
| 221. | Morgan Stanley Mortgage Loan Trust 2007-12 1AP | 61755GAD5 | 5/7/2009 | $70.0000 | $67.2061 |
| 222. | Morgan Stanley Mortgage Loan Trust 2007-12 2AX | 61755GAH6 | 5/7/2009 | $11.0000 | $11.6124 |
| 223. | Morgan Stanley Mortgage Loan Trust 2007-12 1A1 | 61755GAA1 | 5/7/2009 | $100.0000 | $70.3195 |
| 224. | Morgan Stanley Mortgage Loan Trust 2007-12 B1 | 61755GCK7 | 5/7/2009 | $100.0000 | $13.5129 |
| 225. | Morgan Stanley Mortgage Loan Trust 2007-12 B2 | 61755GCL5 | 5/7/2009 | $100.0000 | $8.2217 |
| 226. | Morgan Stanley Mortgage Loan Trust 2007-12 B3 | 61755GCM3 | 5/7/2009 | $100.0000 | $5.0465 |
| 227. | Morgan Stanley Mortgage Loan Trust 2007-12 2A1 | 61755GAE3 | 5/7/2009 | $100.0000 | $65.7723 |
| 228. | Morgan Stanley Mortgage Loan Trust 2007-12 3AP | 61755GCC5 | 5/7/2009 | $70.0000 | $53.7205 |
| 229. | Morgan Stanley Mortgage Loan Trust 2007-12 4AX | 61755GCJ0 | 5/7/2009 | $13.0000 | $0.0000 |
| 230. | Morgan Stanley Mortgage Loan Trust 2007-12 3A1 | 61755GAJ2 | 5/7/2009 | $100.0000 | $48.2953 |
| 231. | Morgan Stanley Mortgage Loan Trust 2007-12 3A2 | 61755GAK9 | 5/7/2009 | $100.0000 | $39.7323 |
| 232. | Morgan Stanley Mortgage Loan Trust 2007-12 3A3 | 61755GAL7 | 5/7/2009 | $100.0000 | $92.1280 |
| 233. | Morgan Stanley Mortgage Loan Trust 2007-12 3A4 | 61755GAM5 | 5/7/2009 | $100.0000 | $50.0697 |
| 234. | Morgan Stanley Mortgage Loan Trust 2007-12 3A5 | 61755GAN3 | 5/7/2009 | $100.0000 | $0.0000 |
| 235. | Morgan Stanley Mortgage Loan Trust 2007-12 3A6 | 61755GAP8 | 5/7/2009 | $70.0000 | $55.3045 |
| 236. | Morgan Stanley Mortgage Loan Trust 2007-12 3A7 | 61755GAQ6 | 5/7/2009 | $100.0000 | $50.1513 |
| 237. | Morgan Stanley Mortgage Loan Trust 2007-12 3A8 | 61755GAR4 | 5/7/2009 | $100.0000 | $44.3674 |
| 238. | Morgan Stanley Mortgage Loan Trust 2007-12 3A10 | 61755GAT0 | 5/7/2009 | $100.0000 | $46.2587 |
| 239. | Morgan Stanley Mortgage Loan Trust 2007-12 3A11 | 61755GAU7 | 5/7/2009 | $100.0000 | $55.7017 |
| 240. | Morgan Stanley Mortgage Loan Trust 2007-12 3A12 | 61755GAV5 | 5/7/2009 | $100.0000 | $69.8027 |
| 241. | Morgan Stanley Mortgage Loan Trust 2007-12 3A13 | 61755GAW3 | 5/7/2009 | $100.0000 | $73.9360 |
| 242. | Morgan Stanley Mortgage Loan Trust 2007-12 3A16 | 61755GAZ6 | 5/7/2009 | $100.0000 | $41.9522 |
| 243. | Morgan Stanley Mortgage Loan Trust 2007-12 3A17 | 61755GBA0 | 5/7/2009 | $100.0000 | $48.7516 |
| 244. | Morgan Stanley Mortgage Loan Trust 2007-12 3A18 | 61755GBB8 | 5/7/2009 | $100.0000 | $40.5136 |
| 245. | Morgan Stanley Mortgage Loan Trust 2007-12 4A1 | 61755GCD3 | 5/7/2009 | $100.0000 | $46.0216 |
| 246. | Morgan Stanley Mortgage Loan Trust 2007-12 4A2 | 61755GCE1 | 5/7/2009 | $6.78125 | $13.1344 |
| 247. | Morgan Stanley Mortgage Loan Trust 2007-12 1A2 | 61755GAB9 | 5/7/2009 | | $74.5418 |
| 248. | Morgan Stanley Mortgage Loan Trust 2007-12 1A3 | 61755GAC7 | 5/7/2009 | | $70.3195 |
| 249. | Morgan Stanley Mortgage Loan Trust 2007-12 2A2 | 61755GAF0 | 5/7/2009 | | $75.1046 |
| 250. | Morgan Stanley Mortgage Loan Trust 2007-12 2A3 | 61755GAG8 | 5/7/2009 | | $65.7723 |
| 251. | Morgan Stanley Mortgage Loan Trust 2007-12 3A9 | 61755GAS2 | 5/7/2009 | | $38.4054 |
| 252. | Morgan Stanley Mortgage Loan Trust 2007-12 3A14 | 61755GAX1 | 5/7/2009 | | $72.3762 |
| 253. | Morgan Stanley Mortgage Loan Trust 2007-12 3A15 | 61755GAY9 | 5/7/2009 | | $69.0340 |
| 254. | Morgan Stanley Mortgage Loan Trust 2007-12 3A19 | 61755GBC6 | 5/7/2009 | | $38.5757 |
| 255. | Morgan Stanley Mortgage Loan Trust 2007-12 3A20 | 61755GBD4 | 5/7/2009 | | $36.5462 |
| 256. | Morgan Stanley Mortgage Loan Trust 2007-12 3A21 | 61755GBE2 | 5/7/2009 | | $37.4906 |
| 257. | Morgan Stanley Mortgage Loan Trust 2007-12 3A22 | 61755GBF9 | 5/7/2009 | | $59.5887 |
| 258. | Morgan Stanley Mortgage Loan Trust 2007-12 3A23 | 61755GBG7 | 5/7/2009 | | $41.9591 |
| 259. | Morgan Stanley Mortgage Loan Trust 2007-12 3A24 | 61755GBH5 | 5/7/2009 | | $10.0663 |
| 260. | Morgan Stanley Mortgage Loan Trust 2007-12 3A25 | 61755GBJ1 | 5/7/2009 | | $59.8014 |
| 261. | Morgan Stanley Mortgage Loan Trust 2007-12 3A33 | 61755GBS1 | 5/7/2009 | | $41.7068 |

TABLE A-2

| | | | | | |
|---|---|---|---|---|---|
| 262. | Morgan Stanley Mortgage Loan Trust 2007-12 3A34 | 61755GBT9 | 5/7/2009 | | $10.8617 |
| 263. | Morgan Stanley Mortgage Loan Trust 2007-12 3A35 | 61755GBU6 | 5/7/2009 | | $59.8014 |
| 264. | Morgan Stanley Mortgage Loan Trust 2007-12 3A27 | 61755GBL6 | 5/7/2009 | | $42.1055 |
| 265. | Morgan Stanley Mortgage Loan Trust 2007-12 3A29 | 61755GBN2 | 5/7/2009 | | $164.4874 |
| 266. | Morgan Stanley Mortgage Loan Trust 2007-12 3A30 | 61755GBP7 | 5/7/2009 | | $42.2381 |
| 267. | Morgan Stanley Mortgage Loan Trust 2007-12 3A32 | 61755GBR3 | 5/7/2009 | | $163.6920 |
| 268. | Morgan Stanley Mortgage Loan Trust 2007-12 3A37 | 61755GBW2 | 5/7/2009 | | $80.2139 |
| 269. | Morgan Stanley Mortgage Loan Trust 2007-12 3A38 | 61755GBX0 | 5/7/2009 | | $16.8402 |
| 270. | Morgan Stanley Mortgage Loan Trust 2007-12 3A39 | 61755GBY8 | 5/7/2009 | | $79.1783 |
| 271. | Morgan Stanley Mortgage Loan Trust 2007-12 3A40 | 61755GBZ5 | 5/7/2009 | | $16.8427 |
| 272. | Morgan Stanley Mortgage Loan Trust 2007-12 3A41 | 61755GCA9 | 5/7/2009 | | $80.2139 |
| 273. | Morgan Stanley Mortgage Loan Trust 2007-12 3A42 | 61755GCB7 | 5/7/2009 | | $82.1368 |
| 274. | Morgan Stanley Mortgage Loan Trust 2007-12 3A26 | 61755GBK8 | 5/7/2009 | | $165.3660 |
| 275. | Morgan Stanley Mortgage Loan Trust 2007-12 3A28 | 61755GBM4 | 5/7/2009 | | $9.9568 |
| 276. | Morgan Stanley Mortgage Loan Trust 2007-12 3A31 | 61755GBQ5 | 5/7/2009 | | $9.8379 |
| 277. | Morgan Stanley Mortgage Loan Trust 2007-12 3A36 | 61755GBV4 | 5/7/2009 | | $131.1159 |
| 278. | Morgan Stanley Mortgage Loan Trust 2007-12 4A3 | 61755GCF8 | 5/7/2009 | | $41.0141 |
| 279. | Morgan Stanley Mortgage Loan Trust 2007-12 4A4 | 61755GCG6 | 5/7/2009 | | $47.5031 |
| 280. | Morgan Stanley Mortgage Loan Trust 2007-12 4A5 | 61755GCH4 | 5/7/2009 | | $0.0000 |
| 281. | Morgan Stanley Mortgage Loan Trust 2007-13 1A1 | 61756HAA8 | 5/7/2009 | $100.0000 | $75.2500 |
| 282. | Morgan Stanley Mortgage Loan Trust 2007-13 1AP | 61756HAD2 | 5/7/2009 | $76.515625 | $75.5108 |
| 283. | Morgan Stanley Mortgage Loan Trust 2007-13 1AX | 61756HAE0 | 5/7/2009 | $13.828125 | $11.8959 |
| 284. | Morgan Stanley Mortgage Loan Trust 2007-13 2A1 | 61756HAF7 | 5/7/2009 | $100.0000 | $46.5889 |
| 285. | Morgan Stanley Mortgage Loan Trust 2007-13 2AP | 61756HAJ9 | 5/7/2009 | $65.6250 | $72.7784 |
| 286. | Morgan Stanley Mortgage Loan Trust 2007-13 3A1 | 61756HAK6 | 5/7/2009 | $100.0000 | $53.4804 |
| 287. | Morgan Stanley Mortgage Loan Trust 2007-13 3A2 | 61756HAL4 | 5/7/2009 | $100.0000 | $21.4788 |
| 288. | Morgan Stanley Mortgage Loan Trust 2007-13 4A1 | 61756HAM2 | 5/7/2009 | $100.0000 | $27.9917 |
| 289. | Morgan Stanley Mortgage Loan Trust 2007-13 4A2 | 61756HAN0 | 5/7/2009 | $3.453125 | $10.4188 |
| 290. | Morgan Stanley Mortgage Loan Trust 2007-13 4AX | 61756HBG4 | 5/7/2009 | $9.078125 | $11.9011 |
| 291. | Morgan Stanley Mortgage Loan Trust 2007-13 5A1 | 61756HBH2 | 5/7/2009 | $100.0000 | $50.5313 |
| 292. | Morgan Stanley Mortgage Loan Trust 2007-13 5A2 | 61756HBJ8 | 5/7/2009 | $100.0000 | $43.5313 |
| 293. | Morgan Stanley Mortgage Loan Trust 2007-13 5AP | 61756HBM1 | 5/7/2009 | $66.390625 | $55.2488 |
| 294. | Morgan Stanley Mortgage Loan Trust 2007-13 6A2 | 61756HBP4 | 5/7/2009 | $100.0000 | $41.9394 |
| 295. | Morgan Stanley Mortgage Loan Trust 2007-13 6A3 | 61756HBQ2 | 5/7/2009 | $100.0000 | $51.6715 |
| 296. | Morgan Stanley Mortgage Loan Trust 2007-13 6A4 | 61756HBR0 | 5/7/2009 | $100.0000 | $58.2794 |
| 297. | Morgan Stanley Mortgage Loan Trust 2007-13 6A5 | 61756HBS8 | 5/7/2009 | $100.0000 | $37.0269 |
| 298. | Morgan Stanley Mortgage Loan Trust 2007-13 7A1 | 61756HBT6 | 5/7/2009 | $100.0000 | $40.9583 |
| 299. | Morgan Stanley Mortgage Loan Trust 2007-13 7A2 | 61756HBU3 | 5/7/2009 | $100.0000 | $36.3703 |
| 300. | Morgan Stanley Mortgage Loan Trust 2007-13 7A3 | 61756HBV1 | 5/7/2009 | $2.5000 | $8.6169 |
| 301. | Morgan Stanley Mortgage Loan Trust 2007-13 7AX | 61756HCM0 | 5/7/2009 | $10.140625 | $10.1955 |
| 302. | Morgan Stanley Mortgage Loan Trust 2007-13 B1 | 61756HCN8 | 5/7/2009 | $100.0000 | $4.2419 |
| 303. | Morgan Stanley Mortgage Loan Trust 2007-13 B2 | 61756HCP3 | 5/7/2009 | $100.0000 | $1.2523 |
| 304. | Morgan Stanley Mortgage Loan Trust 2007-13 B3 | 61756HCQ1 | 5/7/2009 | $100.0000 | $0.3447 |
| 305. | Morgan Stanley Mortgage Loan Trust 2007-13 3B1 | 61756HCR9 | 5/7/2009 | $100.0000 | $6.5554 |
| 306. | Morgan Stanley Mortgage Loan Trust 2007-13 3B2 | 61756HCS7 | 5/7/2009 | $100.0000 | $5.0507 |
| 307. | Morgan Stanley Mortgage Loan Trust 2007-13 3B3 | 61756HCT5 | 5/7/2009 | $100.0000 | $3.4545 |
| 308. | Morgan Stanley Mortgage Loan Trust 2007-13 1A2 | 61756HAB6 | 5/7/2009 | | $83.3638 |
| 309. | Morgan Stanley Mortgage Loan Trust 2007-13 1A3 | 61756HAC4 | 5/7/2009 | | $32.7302 |
| 310. | Morgan Stanley Mortgage Loan Trust 2007-13 2A2 | 61756HAG5 | 5/7/2009 | | $63.5313 |
| 311. | Morgan Stanley Mortgage Loan Trust 2007-13 2A3 | 61756HAH3 | 5/7/2009 | | $21.0897 |
| 312. | Morgan Stanley Mortgage Loan Trust 2007-13 4A3 | 61756HAP5 | 5/7/2009 | | $51.7472 |
| 313. | Morgan Stanley Mortgage Loan Trust 2007-13 4A4 | 61756HAQ3 | 5/7/2009 | | $58.1607 |
| 314. | Morgan Stanley Mortgage Loan Trust 2007-13 4A5 | 61756HAR1 | 5/7/2009 | | $23.4429 |
| 315. | Morgan Stanley Mortgage Loan Trust 2007-13 4A6 | 61756HAS9 | 5/7/2009 | | $28.7065 |
| 316. | Morgan Stanley Mortgage Loan Trust 2007-13 4A7 | 61756HAT7 | 5/7/2009 | | $25.8403 |
| 317. | Morgan Stanley Mortgage Loan Trust 2007-13 4A8 | 61756HAU4 | 5/7/2009 | | $27.9735 |
| 318. | Morgan Stanley Mortgage Loan Trust 2007-13 4A9 | 61756HAV2 | 5/7/2009 | | $25.5213 |
| 319. | Morgan Stanley Mortgage Loan Trust 2007-13 4A10 | 61756HAW0 | 5/7/2009 | | $38.5575 |
| 320. | Morgan Stanley Mortgage Loan Trust 2007-13 4A11 | 61756HAX8 | 5/7/2009 | | $10.5413 |
| 321. | Morgan Stanley Mortgage Loan Trust 2007-13 4A12 | 61756HAY6 | 5/7/2009 | | $0.4657 |
| 322. | Morgan Stanley Mortgage Loan Trust 2007-13 4A13 | 61756HAZ3 | 5/7/2009 | | $40.2718 |
| 323. | Morgan Stanley Mortgage Loan Trust 2007-13 4A14 | 61756HBA7 | 5/7/2009 | | $10.0696 |
| 324. | Morgan Stanley Mortgage Loan Trust 2007-13 4A15 | 61756HBB5 | 5/7/2009 | | $37.8082 |
| 325. | Morgan Stanley Mortgage Loan Trust 2007-13 4A16 | 61756HBC3 | 5/7/2009 | | $37.8082 |
| 326. | Morgan Stanley Mortgage Loan Trust 2007-13 4A17 | 61756HBD1 | 5/7/2009 | | $37.8082 |
| 327. | Morgan Stanley Mortgage Loan Trust 2007-13 4A18 | 61756HBE9 | 5/7/2009 | | $11.2338 |

**TABLE A-2**

| | | | | | |
|---|---|---|---|---|---|
| 328. | Morgan Stanley Mortgage Loan Trust 2007-13 4A19 | 61756HBF6 | 5/7/2009 | | $0.8149 |
| 329. | Morgan Stanley Mortgage Loan Trust 2007-13 5A3 | 61756HBK5 | 5/7/2009 | | $61.6413 |
| 330. | Morgan Stanley Mortgage Loan Trust 2007-13 5A4 | 61756HBL3 | 5/7/2009 | | $49.0917 |
| 331. | Morgan Stanley Mortgage Loan Trust 2007-13 6A1 | 61756HBN9 | 5/7/2009 | | $61.6985 |
| 332. | Morgan Stanley Mortgage Loan Trust 2007-13 7A4 | 61756HBW9 | 5/7/2009 | | $30.3707 |
| 333. | Morgan Stanley Mortgage Loan Trust 2007-13 7A5 | 61756HBX7 | 5/7/2009 | | $27.2040 |
| 334. | Morgan Stanley Mortgage Loan Trust 2007-13 7A6 | 61756HBY5 | 5/7/2009 | | $60.6370 |
| 335. | Morgan Stanley Mortgage Loan Trust 2007-13 7A7 | 61756HBZ2 | 5/7/2009 | | $52.4289 |
| 336. | Morgan Stanley Mortgage Loan Trust 2007-13 7A8 | 61756HCA6 | 5/7/2009 | | $63.7074 |
| 337. | Morgan Stanley Mortgage Loan Trust 2007-13 7A9 | 61756HCB4 | 5/7/2009 | | $56.5355 |
| 338. | Morgan Stanley Mortgage Loan Trust 2007-13 7A10 | 61756HCC2 | 5/7/2009 | | $10.3615 |
| 339. | Morgan Stanley Mortgage Loan Trust 2007-13 7A11 | 61756HCD0 | 5/7/2009 | | $29.3347 |
| 340. | Morgan Stanley Mortgage Loan Trust 2007-13 7A12 | 61756HCE8 | 5/7/2009 | | $31.8657 |
| 341. | Morgan Stanley Mortgage Loan Trust 2007-13 7A13 | 61756HCF5 | 5/7/2009 | | $26.7622 |
| 342. | Morgan Stanley Mortgage Loan Trust 2007-13 7A14 | 61756HCG3 | 5/7/2009 | | $14.1961 |
| 343. | Morgan Stanley Mortgage Loan Trust 2007-13 7A15 | 61756HCH1 | 5/7/2009 | | $26.2481 |
| 344. | Morgan Stanley Mortgage Loan Trust 2007-13 7A16 | 61756HCJ7 | 5/7/2009 | | $14.7102 |
| 345. | Morgan Stanley Mortgage Loan Trust 2007-13 7A17 | 61756HCK4 | 5/7/2009 | | $27.7765 |
| 346. | Morgan Stanley Mortgage Loan Trust 2007-13 7A18 | 61756HCL2 | 5/7/2009 | | $26.7660 |
| 347. | Morgan Stanley Mortgage Loan Trust 2007-14AR 1A1 | 61756VAA7 | 5/7/2009 | $100.0000 | $56.0578 |
| 348. | Morgan Stanley Mortgage Loan Trust 2007-14AR 1A2 | 61756VAB5 | 5/7/2009 | $100.0000 | $22.4541 |
| 349. | Morgan Stanley Mortgage Loan Trust 2007-14AR 2A2 | 61756VAF6 | 5/7/2009 | $100.0000 | $22.8483 |
| 350. | Morgan Stanley Mortgage Loan Trust 2007-14AR 2A5 | 61756VAJ8 | 5/7/2009 | $100.0000 | $56.0178 |
| 351. | Morgan Stanley Mortgage Loan Trust 2007-14AR 2A6 | 61756VAK5 | 5/7/2009 | $0.8000 | $0.6481 |
| 352. | Morgan Stanley Mortgage Loan Trust 2007-14AR 2A7 | 61756VAL3 | 5/7/2009 | $0.3000 | $0.2430 |
| 353. | Morgan Stanley Mortgage Loan Trust 2007-14AR 2A8 | 61756VAM1 | 5/7/2009 | $0.5778 | $0.4681 |
| 354. | Morgan Stanley Mortgage Loan Trust 2007-14AR 3A1 | 61756VAS8 | 5/7/2009 | $100.0000 | $57.4206 |
| 355. | Morgan Stanley Mortgage Loan Trust 2007-14AR 3A2 | 61756VAT6 | 5/7/2009 | $100.0000 | $22.7397 |
| 356. | Morgan Stanley Mortgage Loan Trust 2007-14AR 4A1 | 61756VAW9 | 5/7/2009 | $100.0000 | $57.8461 |
| 357. | Morgan Stanley Mortgage Loan Trust 2007-14AR 4A2 | 61756VAX7 | 5/7/2009 | $100.0000 | $22.9993 |
| 358. | Morgan Stanley Mortgage Loan Trust 2007-14AR 5A1 | 61756VBA6 | 5/7/2009 | $100.0000 | $49.6761 |
| 359. | Morgan Stanley Mortgage Loan Trust 2007-14AR 5A2 | 61756VBB4 | 5/7/2009 | $100.0000 | $22.5688 |
| 360. | Morgan Stanley Mortgage Loan Trust 2007-14AR 6A1 | 61756VBE8 | 5/7/2009 | $100.0000 | $53.5670 |
| 361. | Morgan Stanley Mortgage Loan Trust 2007-14AR 6A2 | 61756VBF5 | 5/7/2009 | $100.0000 | $22.0152 |
| 362. | Morgan Stanley Mortgage Loan Trust 2007-14AR 7A1 | 61756VBL2 | 5/7/2009 | $100.0000 | $49.4589 |
| 363. | Morgan Stanley Mortgage Loan Trust 2007-14AR 7A2 | 61756VBM0 | 5/7/2009 | $100.0000 | $22.1184 |
| 364. | Morgan Stanley Mortgage Loan Trust 2007-14AR 8A1 | 61756VBQ1 | 5/7/2009 | $100.0000 | $49.4125 |
| 365. | Morgan Stanley Mortgage Loan Trust 2007-14AR 8A2 | 61756VBR9 | 5/7/2009 | $100.0000 | $22.3387 |
| 366. | Morgan Stanley Mortgage Loan Trust 2007-14AR IB1 | 61756VBU2 | 5/7/2009 | $100.0000 | $4.6209 |
| 367. | Morgan Stanley Mortgage Loan Trust 2007-14AR IB2 | 61756VBV0 | 5/7/2009 | $100.0000 | $1.6056 |
| 368. | Morgan Stanley Mortgage Loan Trust 2007-14AR IB3 | 61756VBW8 | 5/7/2009 | $100.0000 | $0.6597 |
| 369. | Morgan Stanley Mortgage Loan Trust 2007-14AR IIB1 | 61756VBX6 | 5/7/2009 | $100.0000 | $2.0673 |
| 370. | Morgan Stanley Mortgage Loan Trust 2007-14AR IIB2 | 61756VBY4 | 5/7/2009 | $100.0000 | $1.4383 |
| 371. | Morgan Stanley Mortgage Loan Trust 2007-14AR IIB3 | 61756VBZ1 | 5/7/2009 | $100.0000 | $1.2921 |
| 372. | Morgan Stanley Mortgage Loan Trust 2007-14AR 1A3 | 61756VAC3 | 5/7/2009 | | $55.6236 |
| 373. | Morgan Stanley Mortgage Loan Trust 2007-14AR 1A4 | 61756VAD1 | 5/7/2009 | | $0.4252 |
| 374. | Morgan Stanley Mortgage Loan Trust 2007-14AR 2A1 | 61756VAE9 | 5/7/2009 | | $57.5695 |
| 375. | Morgan Stanley Mortgage Loan Trust 2007-14AR 2A3 | 61756VAG4 | 5/7/2009 | | $56.7577 |
| 376. | Morgan Stanley Mortgage Loan Trust 2007-14AR 2A4 | 61756VAH2 | 5/7/2009 | | $0.7695 |
| 377. | Morgan Stanley Mortgage Loan Trust 2007-14AR 2A9 | 61756VAN9 | 5/7/2009 | | $47.6130 |
| 378. | Morgan Stanley Mortgage Loan Trust 2007-14AR 2A10 | 61756VAP4 | 5/7/2009 | | $1.1162 |
| 379. | Morgan Stanley Mortgage Loan Trust 2007-14AR 2A11 | 61756VAQ2 | 5/7/2009 | | $57.0352 |
| 380. | Morgan Stanley Mortgage Loan Trust 2007-14AR 2A12 | 61756VAR0 | 5/7/2009 | | $1.3592 |
| 381. | Morgan Stanley Mortgage Loan Trust 2007-14AR 3A3 | 61756VAU3 | 5/7/2009 | | $56.2148 |
| 382. | Morgan Stanley Mortgage Loan Trust 2007-14AR 3A4 | 61756VAV1 | 5/7/2009 | | $1.1073 |
| 383. | Morgan Stanley Mortgage Loan Trust 2007-14AR 4A3 | 61756VAY5 | 5/7/2009 | | $56.4573 |
| 384. | Morgan Stanley Mortgage Loan Trust 2007-14AR 4A4 | 61756VAZ2 | 5/7/2009 | | $1.2331 |
| 385. | Morgan Stanley Mortgage Loan Trust 2007-14AR 5A3 | 61756VBC2 | 5/7/2009 | | $49.2995 |
| 386. | Morgan Stanley Mortgage Loan Trust 2007-14AR 5A4 | 61756VBD0 | 5/7/2009 | | $0.3927 |
| 387. | Morgan Stanley Mortgage Loan Trust 2007-14AR 6A3 | 61756VBG3 | 5/7/2009 | | $52.8807 |
| 388. | Morgan Stanley Mortgage Loan Trust 2007-14AR 6A4 | 61756VBH1 | 5/7/2009 | | $0.6928 |
| 389. | Morgan Stanley Mortgage Loan Trust 2007-14AR 6A5 | 61756VBJ7 | 5/7/2009 | | $52.1944 |
| 390. | Morgan Stanley Mortgage Loan Trust 2007-14AR 6A6 | 61756VBK4 | 5/7/2009 | | $1.3857 |
| 391. | Morgan Stanley Mortgage Loan Trust 2007-14AR 7A3 | 61756VBN8 | 5/7/2009 | | $48.7795 |
| 392. | Morgan Stanley Mortgage Loan Trust 2007-14AR 7A4 | 61756VBP3 | 5/7/2009 | | $0.7436 |
| 393. | Morgan Stanley Mortgage Loan Trust 2007-14AR 8A3 | 61756VBS7 | 5/7/2009 | | $48.7000 |

TABLE A-2

| | | | | | |
|---|---|---|---|---|---|
| 394. | Morgan Stanley Mortgage Loan Trust 2007-14AR 8A4 | 61756VBT5 | 5/7/2009 | | $0.7910 |
| 395. | Morgan Stanley Mortgage Loan Trust 2007-15AR 1A1 | 61756XAA3 | 5/7/2009 | $100.0000 | $43.7584 |
| 396. | Morgan Stanley Mortgage Loan Trust 2007-15AR 1A2 | 61756XAB1 | 5/7/2009 | $100.0000 | $21.3053 |
| 397. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A1 | 61756XAG0 | 5/7/2009 | $100.0000 | $53.8419 |
| 398. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A2 | 61756XAH8 | 5/7/2009 | $100.0000 | $22.6042 |
| 399. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A3 | 61756XAJ4 | 5/7/2009 | $100.0000 | $22.3780 |
| 400. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A4 | 61756XAK1 | 5/7/2009 | $100.0000 | $22.1572 |
| 401. | Morgan Stanley Mortgage Loan Trust 2007-15AR 3A1 | 61756XBD6 | 5/7/2009 | $100.0000 | $53.6878 |
| 402. | Morgan Stanley Mortgage Loan Trust 2007-15AR 3A2 | 61756XBE4 | 5/7/2009 | $100.0000 | $25.8261 |
| 403. | Morgan Stanley Mortgage Loan Trust 2007-15AR 4A1 | 61756XBK0 | 5/7/2009 | $100.0000 | $52.7652 |
| 404. | Morgan Stanley Mortgage Loan Trust 2007-15AR 4A2 | 61756XBL8 | 5/7/2009 | $100.0000 | $24.3842 |
| 405. | Morgan Stanley Mortgage Loan Trust 2007-15AR 5A1 | 61756XBT1 | 5/7/2009 | $100.0000 | $59.3258 |
| 406. | Morgan Stanley Mortgage Loan Trust 2007-15AR 5A2 | 61756XBU8 | 5/7/2009 | $100.0000 | $23.7565 |
| 407. | Morgan Stanley Mortgage Loan Trust 2007-15AR 6A1 | 61756XCB9 | 5/7/2009 | $100.0000 | $69.9245 |
| 408. | Morgan Stanley Mortgage Loan Trust 2007-15AR 6A2 | 61756XCC7 | 5/7/2009 | $100.0000 | $32.8819 |
| 409. | Morgan Stanley Mortgage Loan Trust 2007-15AR IB1 | 61756XCH6 | 5/7/2009 | $100.0000 | $5.0226 |
| 410. | Morgan Stanley Mortgage Loan Trust 2007-15AR IB2 | 61756XCJ2 | 5/7/2009 | $100.0000 | $3.7653 |
| 411. | Morgan Stanley Mortgage Loan Trust 2007-15AR IB3 | 61756XCK9 | 5/7/2009 | $100.0000 | $3.0938 |
| 412. | Morgan Stanley Mortgage Loan Trust 2007-15AR IIB1 | 61756XCL7 | 5/7/2009 | $100.0000 | $7.4499 |
| 413. | Morgan Stanley Mortgage Loan Trust 2007-15AR IIB2 | 61756XCM5 | 5/7/2009 | $100.0000 | $3.7862 |
| 414. | Morgan Stanley Mortgage Loan Trust 2007-15AR IIB3 | 61756XCN3 | 5/7/2009 | $100.0000 | $2.4446 |
| 415. | Morgan Stanley Mortgage Loan Trust 2007-15AR 1A3 | 61756XAC9 | 5/7/2009 | | $45.3401 |
| 416. | Morgan Stanley Mortgage Loan Trust 2007-15AR 1A4 | 61756XAD7 | 5/7/2009 | | $25.8054 |
| 417. | Morgan Stanley Mortgage Loan Trust 2007-15AR 1A5 | 61756XAE5 | 5/7/2009 | | $43.3411 |
| 418. | Morgan Stanley Mortgage Loan Trust 2007-15AR 1A6 | 61756XAF2 | 5/7/2009 | | $0.4385 |
| 419. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A5 | 61756XAL9 | 5/7/2009 | | $22.4911 |
| 420. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A6 | 61756XAM7 | 5/7/2009 | | $22.2833 |
| 421. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A7 | 61756XAN5 | 5/7/2009 | | $22.4000 |
| 422. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A8 | 61756XAP0 | 5/7/2009 | | $49.3794 |
| 423. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A9 | 61756XAQ8 | 5/7/2009 | | $46.0042 |
| 424. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A10 | 61756XAR6 | 5/7/2009 | | $22.1950 |
| 425. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A11 | 61756XAS4 | 5/7/2009 | | $0.8036 |
| 426. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A12 | 61756XAT2 | 5/7/2009 | | $22.1533 |
| 427. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A13 | 61756XAU9 | 5/7/2009 | | $0.7307 |
| 428. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A14 | 61756XAV7 | 5/7/2009 | | $53.0318 |
| 429. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A15 | 61756XAW5 | 5/7/2009 | | $0.8262 |
| 430. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A16 | 61756XAX3 | 5/7/2009 | | $30.8960 |
| 431. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A17 | 61756XAY1 | 5/7/2009 | | $0.8230 |
| 432. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A18 | 61756XAZ8 | 5/7/2009 | | $27.9930 |
| 433. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A19 | 61756XBA2 | 5/7/2009 | | $0.8024 |
| 434. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A20 | 61756XBB0 | 5/7/2009 | | $21.9721 |
| 435. | Morgan Stanley Mortgage Loan Trust 2007-15AR 2A21 | 61756XBC8 | 5/7/2009 | | $0.6572 |
| 436. | Morgan Stanley Mortgage Loan Trust 2007-15AR 3A3 | 61756XBF1 | 5/7/2009 | | $56.0207 |
| 437. | Morgan Stanley Mortgage Loan Trust 2007-15AR 3A4 | 61756XBG9 | 5/7/2009 | | $33.8420 |
| 438. | Morgan Stanley Mortgage Loan Trust 2007-15AR 3A5 | 61756XBH7 | 5/7/2009 | | $52.7269 |
| 439. | Morgan Stanley Mortgage Loan Trust 2007-15AR 3A6 | 61756XBJ3 | 5/7/2009 | | $0.9378 |
| 440. | Morgan Stanley Mortgage Loan Trust 2007-15AR 4A3 | 61756XBM6 | 5/7/2009 | | $54.9688 |
| 441. | Morgan Stanley Mortgage Loan Trust 2007-15AR 4A4 | 61756XBN4 | 5/7/2009 | | $30.9705 |
| 442. | Morgan Stanley Mortgage Loan Trust 2007-15AR 4A5 | 61756XBP9 | 5/7/2009 | | $51.7655 |
| 443. | Morgan Stanley Mortgage Loan Trust 2007-15AR 4A6 | 61756XBQ7 | 5/7/2009 | | $0.9977 |
| 444. | Morgan Stanley Mortgage Loan Trust 2007-15AR 4A7 | 61756XBR5 | 5/7/2009 | | $50.7659 |
| 445. | Morgan Stanley Mortgage Loan Trust 2007-15AR 4A8 | 61756XBS3 | 5/7/2009 | | $1.3576 |
| 446. | Morgan Stanley Mortgage Loan Trust 2007-15AR 5A3 | 61756XBV6 | 5/7/2009 | | $60.8868 |
| 447. | Morgan Stanley Mortgage Loan Trust 2007-15AR 5A4 | 61756XBW4 | 5/7/2009 | | $26.3957 |
| 448. | Morgan Stanley Mortgage Loan Trust 2007-15AR 5A5 | 61756XBX2 | 5/7/2009 | | $61.3079 |
| 449. | Morgan Stanley Mortgage Loan Trust 2007-15AR 5A6 | 61756XBY0 | 5/7/2009 | | $26.8592 |
| 450. | Morgan Stanley Mortgage Loan Trust 2007-15AR 5A7 | 61756XBZ7 | 5/7/2009 | | $61.3074 |
| 451. | Morgan Stanley Mortgage Loan Trust 2007-15AR 5A8 | 61756XCA1 | 5/7/2009 | | $26.8440 |
| 452. | Morgan Stanley Mortgage Loan Trust 2007-15AR 6A3 | 61756XCD5 | 5/7/2009 | | $72.4123 |
| 453. | Morgan Stanley Mortgage Loan Trust 2007-15AR 6A4 | 61756XCE3 | 5/7/2009 | | $40.4584 |
| 454. | Morgan Stanley Mortgage Loan Trust 2007-15AR 6A5 | 61756XCF0 | 5/7/2009 | | $73.5019 |
| 455. | Morgan Stanley Mortgage Loan Trust 2007-15AR 6A6 | 61756XCG8 | 5/7/2009 | | $42.3436 |

Note:  Certificates without an Offering Price are Exchangeable Certificates.

TABLE B will be available
on the Settlement website
www.MorganStanleyRMBSsettlement.com

TABLE C will be available
on the Settlement website
www.MorganStanleyRMBSsettlement.com

EXHIBIT A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MORGAN STANLEY MORTGAGE PASS-THROUGH CERTIFICATES LITIGATION, | MASTER FILE NO. 09-CV-2137-KBF<br><br>ECF Case |
| This Document Relates To:<br><br>ALL ACTIONS. | CLASS ACTION<br><br>EXHIBIT A-2 |

### PROOF OF CLAIM FORM AND RELEASE

#### I.    GENERAL INSTRUCTIONS

1.        To be potentially eligible to recover as a Settlement Class Member based on your claims in the action entitled *In re Morgan Stanley Mortgage Pass-Through Certificates Securities Litigation*, No. 09-cv-2137-KBF (the "Action"), you must complete and, on page 7 hereof, sign this Proof of Claim Form and Release ("Proof of Claim").  If you fail to file a properly addressed (as set forth in paragraph 4 below) Proof of Claim Form, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement.

2.        The capitalized and defined terms used herein shall have the meanings set forth in the Stipulation and Agreement of Settlement, unless otherwise noted.

3.        Submission of this Proof of Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

4.        YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, **2014**, ADDRESSED AS FOLLOWS:

Morgan Stanley RMBS Settlement
P.O. Box 8040
San Rafael, CA 94912-8040

5.        If you are a Settlement Class Member and you do not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

The Settlement Class is defined as all Persons who: (i) prior to December 2, 2008, purchased or otherwise acquired any of the 2006 Certificates[1] pursuant or traceable to the 2006 Offerings[2] and were damaged thereby; or (ii) prior to May 7, 2009, purchased or otherwise acquired any 2007 Certificates[3] pursuant or traceable to the 2007 Offerings[4] and were damaged thereby.  Excluded from the Settlement Class are:  (1) Defendants, originators of any loans underlying the Certificates, and Defendants' and originators' successors and assigns, and the directors and officers of such entities at all relevant times, as well as members of such Persons' immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any excluded Person has or had a controlling interest, except that affiliates and entities in which such excluded Person has or had a controlling interest other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles) are excluded from the Settlement Class only to the extent that such entities themselves

---

[1] "2006 Certificates" means those Certificates listed (by CUSIP) on Table A-1 to the Plan of Allocation, which is available on the Settlement website, www.MorganStanleyRMBSsettlement.com.
[2] "2006 Offerings" means Morgan Stanley Mortgage Loan Trust 2006-4SL, Morgan Stanley Mortgage Loan Trust 2006-5AR, Morgan Stanley Mortgage Loan Trust 2006-6AR, Morgan Stanley Mortgage Loan Trust 2006-7, Morgan Stanley Mortgage Loan Trust 2006-8AR, Morgan Stanley Mortgage Loan Trust 2006-9AR, Morgan Stanley Mortgage Loan Trust 2006-10SL, Morgan Stanley Mortgage Loan Trust 2006-11, Morgan Stanley Mortgage Loan Trust 2006-12XS, Morgan Stanley Mortgage Loan Trust 2006-13ARX, Morgan Stanley Mortgage Loan Trust 2006-14SL, Morgan Stanley Mortgage Loan Trust 2006-15XS, and Morgan Stanley Mortgage Loan Trust 2006-16AX.
[3] "2007 Certificates" means those Certificates listed (by CUSIP) on Table A-2 to the Plan of Allocation, which is available on the Settlement website, www.MorganStanleyRMBSsettlement.com.
[4] "2007 Offerings" means Morgan Stanley Mortgage Loan Trust 2006-17XS, Morgan Stanley Mortgage Loan Trust 2007-1XS, Morgan Stanley Mortgage Loan Trust 2007-2AX, Morgan Stanley Mortgage Loan Trust 2007-3XS, Morgan Stanley Mortgage Loan Trust 2007-4SL, Morgan Stanley Mortgage Loan Trust 2007-5AX, Morgan Stanley Mortgage Loan Trust 2007-6XS, Morgan Stanley Mortgage Loan Trust 2007-7AX, Morgan Stanley Mortgage Loan Trust 2007-8XS, Morgan Stanley Mortgage Loan Trust 2007-9SL, Morgan Stanley Mortgage Loan Trust 2007-10XS, Morgan Stanley Mortgage Loan Trust 2007-11AR, Morgan Stanley Mortgage Loan Trust 2007-12, Morgan Stanley Mortgage Loan Trust 2007-13, Morgan Stanley Mortgage Loan Trust 2007-14AR, and Morgan Stanley Mortgage Loan Trust 2007-15AR.  Morgan Stanley Mortgage Loan Trust 2006-17XS was issued in 2006, but is included in the definition of "2007 Offerings" consistent with the proceedings in the Action and the Settling Parties' litigation terminology.

had a proprietary (i.e., for their own account) interest in the Certificates and not to the extent that they held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class; and (2) Persons that have separately asserted or pursued against Defendants their claims concerning any of the Certificates, including by filing individual actions or privately entering into confidential tolling agreements with Defendants concerning any of the Certificates, as such Persons are identified on Appendix 1 to the Stipulation. Also excluded from the Settlement Class are any Persons who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

**If you are NOT a Settlement Class Member (as defined in the Notice of Pendency of Class Action and Proposed Settlement and Final Approval Hearing ("Notice")) DO NOT submit a Proof of Claim Form.**

## II.    CLAIMANT IDENTIFICATION

If you held the Certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased the Certificate(s) but they were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "CLAIMANT IDENTIFICATION" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE CERTIFICATE(S) UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign the Proof of Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    CLAIM FORM

Use Part II and/or III of the Proof of Claim Form entitled "Schedule of Transactions" to supply all required details of your transaction(s) in the 2006 Certificates and 2007 Certificates including any information concerning the exchange of one class or classes of Certificates for another class or classes of Certificates. If you need more space to list your transactions, make a copy of the applicable page. Additional copies of the schedules can also be found on the settlement website, www.MorganStanleyRMBSsettlement.com. Sign and print or type your name on each additional schedule.

On the schedules, provide all of the requested information with respect to *all* of your purchases, acquisitions and sales of the 2006 Certificates and 2007 Certificates, whether such transactions resulted in a profit or a loss. You must provide *all* 2006 Certificate purchases/acquisitions that occurred prior to December 2, 2008, *all* 2007 Certificate purchases/acquisitions that occurred prior to May 7, 2009 and *all* sales and exchanges of both Certificates that occur up to the date of claim submission. Failure to report all such transactions may result in the rejection of your claim.

If any of your Certificates were exchanged, you must also complete and return a separate form entitled "Schedule of Exchanged Certificates" with your Proof of Claim Form submission. The form for exchanged Certificates can be found on the Case Documents tab of the settlement website, www.MorganStanleyRMBSsettlement.com. You will need to provide the CUSIP for each Certificate exchanged, date of exchange, price, total purchase price and face value for each certificate received in the exchange.

List each transaction separately, and accurately, providing the month, day, and year for each.

Copies of broker confirmations or other documentation of your Certificates should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim Form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at (888) 283-7957 to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**Official Office Use Only**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re Morgan Stanley Mortgage Pass-Through*
*Certificates Securities Litigation*
Master File No. 09-cv-2137-KBF

**PROOF OF CLAIM FORM AND RELEASE**

Please Type or Print in the Boxes Below
Do <u>NOT</u> use Red Ink, Pencil, or Staples

**Must Be Postmarked No Later Than**
_____, 2014

# MSTANLEY

---

## PART I: CLAIMANT IDENTIFICATION

Last Name

M.I.   First Name

Last Name (Co-Beneficial Owner)

M.I.   First Name (Co-Beneficial Owner)

○ IRA          ○ Joint Tenancy          ○ Employee          ○ Individual          ○ Other_____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number        or        Taxpayer Identification Number

Telephone Number (Primary Daytime)        Telephone Number (Alternate)

Email Address

---

## MAILING INFORMATION

Address

Address

City        State        Zip Code

Foreign Province        Foreign Postal Code        Foreign Country Name/Abbreviation

---

| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | / / | FOR CLAIMS PROCESSING ONLY |



3



# PART II – SCHEDULE OF TRANSACTIONS IN MORGAN STANLEY MORTGAGE
## PASS-THROUGH 2006 CERTIFICATES

Please note that you should only include your transactions in the 2006 Certificates on this page. For a complete list of Morgan Stanley 2006 Certificates and their CUSIPs, please see Table A-1 which can be found on the Case Documents tab of the settlement website, www.MorganStanleyRMBSsettlement.com. Please remember to attach copies of any relevant supporting documentation. Any transactions in the 2007 Certificates should be included in Part III. on page 5.

**A. PURCHASES/ACQUISITIONS:** List below all purchases and/or acquisitions of **Morgan Stanley 2006 Certificates** which occurred prior to December 2, 2008, and were pursuant or traceable to the 2006 Offerings provided in Table A-1.

CUSIP | Purchase Date | Was this Certificate exchanged?* ○ Y ○ N
Face Value | Price | Total Purchase Price (Excluding Commissions, Taxes and Fees)

CUSIP | Purchase Date | Was this Certificate exchanged?* ○ Y ○ N
Face Value | Price | Total Purchase Price (Excluding Commissions, Taxes and Fees)

**B. SALES:** List below all sales of **Morgan Stanley 2006 Certificates** which occurred up to the Claim Submission Date. **Do not include any payment of principal received as distributions ("paydowns") in this section.**

CUSIP | Sale Date | Was this Certificate exchanged?* ○ Y ○ N
Face Value | Price | Total Sale Price (Excluding Commissions, Taxes and Fees)

CUSIP | Sale Date | Was this Certificate exchanged?* ○ Y ○ N
Face Value | Price | Total Sale Price (Excluding Commissions, Taxes and Fees)

**C. UNSOLD CERTIFICATES:** List below any unsold **Morgan Stanley 2006 Certificates** which you continued to own as of the Claim Submission Date.

Claim Submission Date | CUSIP | Face Value

*__EXCHANGED CERTIFICATES:__ If any of the Morgan Stanley 2006 Certificates listed above were exchanged, please complete and return a separate form entitled "Schedule of Exchanged Certificates," which can be found on the Case Documents tab of the settlement website, www.MorganStanleyRMBSsettlement.com. You will need to provide the CUSIP for the 2006 Certificate exchanged, date of exchange, price, total purchase price and face value for each certificate received in the exchange.

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR PURCHASE AND SALE TRANSACTIONS OR UNSOLD 2006 CERTIFICATES, PLEASE PHOTOCOPY THIS PAGE. YOU CAN ALSO PRINT ADDITIONAL SCHEDULES FROM THE WEBSITE. WRITE YOUR NAME ON EACH ADDITIONAL SCHEDULE AND FILL THIS CIRCLE: ○**

YOU MUST READ AND SIGN THE RELEASE ON PAGE 7. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

 

## PART III: SCHEDULE OF TRANSACTIONS IN MORGAN STANLEY PASS-THROUGH 2007 CERTIFICATES

Please note that you should only include your transactions in the 2007 Certificates on this page. For a complete list of Morgan Stanley 2007 Certificates and their CUSIPs, please see Table A-2 which can be found on the Case Documents tab of the settlement website, www.MorganStanleyRMBSsettlement.com. Please remember to attach copies of any relevant supporting documentation. Any transactions in the 2006 Certificates should be included in Part II. on page 4.

**A. PURCHASES/ACQUISITIONS:** List below all purchases and/or acquisitions of **Morgan Stanley 2007 Certificates** which occurred prior to May 7, 2009, and were pursuant or traceable to the 2007 Offerings provided in Table A-2.

| CUSIP | Purchase Date | Was this Certificate exchanged?* ◯ Y ◯ N |
|---|---|---|
| Face Value $ | Price . | Total Purchase Price (Excluding Commissions, Taxes and Fees) $ . |

| CUSIP | Purchase Date | Was this Certificate exchanged?* ◯ Y ◯ N |
|---|---|---|
| Face Value $ | Price . | Total Purchase Price (Excluding Commissions, Taxes and Fees) $ . |

**B. SALES:** List below all sales of **Morgan Stanley 2007 Certificates** which occurred up to the Claim Submission Date. Do not include any payment of principal received as distributions ("paydowns") in this section.

| CUSIP | Sale Date | Was this Certificate exchanged?* ◯ Y ◯ N |
|---|---|---|
| Face Value $ | Price . | Total Sale Price (Excluding Commissions, Taxes and Fees) $ . |

| CUSIP | Sale Date | Was this Certificate exchanged?* ◯ Y ◯ N |
|---|---|---|
| Face Value $ | Price . | Total Sale Price (Excluding Commissions, Taxes and Fees) $ . |

**C. UNSOLD CERTIFICATES:** List below any unsold **Morgan Stanley 2007 Certificates** which you continued to own as of the Claim Submission Date.

| Claim Submission Date | CUSIP | Face Value |
|---|---|---|
| / / | | $ |
| / / | | $ |
| / / | | $ |

*__EXCHANGED CERTIFICATES:__ If any of the Morgan Stanley 2007 Certificates listed above were exchanged, please complete and return a separate form entitled "Schedule of Exchanged Certificates," which can be found on the Case Documents tab of the settlement website, www.MorganStanleyRMBSsettlement.com. You will need to provide the CUSIP for the 2007 Certificate exchanged, date of exchange, price, total purchase price and face value for each certificate received in the exchange.

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR PURCHASE AND SALE TRANSACTIONS OR UNSOLD 2007 CERTIFICATES, PLEASE PHOTOCOPY THIS PAGE. YOU CAN ALSO PRINT ADDITIONAL SCHEDULES FROM THE WEBSITE.**

**WRITE YOUR NAME ON EACH ADDITIONAL SCHEDULE AND FILL THIS CIRCLE: ◯**

---

YOU MUST READ AND SIGN THE RELEASE ON PAGE 7. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.




### PART IV.  SUBMISSION TO JURISDICTION OF COURT

I (We) submit this Proof of Claim under the terms of the Stipulation and Agreement of Settlement, dated as of _____, 2014 ("Stipulation"), described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to Co-Lead Counsel to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases or acquisitions of the Certificates and know of no other Person having done so on my (our) behalf.

### PART V.  RELEASE AND ACKNOWLEDGMENT

**DEFINITIONS:**

"Defendants" means Morgan Stanley Capital I Inc.; Morgan Stanley Mortgage Capital Inc.; Morgan Stanley Mortgage Capital Holdings LLC; Morgan Stanley & Co. Incorporated; Morgan Stanley; David R. Warren; Anthony B. Tufariello; William J. Forsell; and Steven S. Stern.

"Effective Date" means the first day following the day on which the Settlement contemplated by the Stipulation shall become effective as set forth in ¶36 of the Stipulation.

"Individual Defendants" means David R. Warren, Anthony B. Tufariello, William J. Forsell, and Steven S. Stern.

"Order and Final Judgment" means the order(s) and final judgment(s) to be entered in this Action pursuant to ¶34 of the Stipulation substantially in the form of Exhibit B attached to the Stipulation.

"Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed, have been asserted or could have been asserted under federal, state, common or foreign law or otherwise, by Lead Plaintiffs or any Settlement Class Member against Defendants based upon or arising out of both (a) the allegations, facts, transactions, events, occurrences, disclosures, statements, representations, acts, omissions or failures to act which were, could have been, or could in the future be alleged in the Action, and (b) the purchase or other acquisition of the Certificates by Lead Plaintiffs or any Settlement Class Member.  Released Claims shall not include claims to enforce the Settlement or derivative claims, including contractual claims, belonging to the issuing trusts.  Nothing herein shall be construed to suggest or imply that any derivative claims exist or have merit.

"Released Parties" means:  (i) the Defendants; and (ii) the Defendants' current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their respective capacities as such.

"Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action, except for claims relating to the enforcement of the Settlement, against Plaintiffs, Lead Counsel, or any other Settlement Class Member.

"Settlement" means the Stipulation and the settlement contained within the Stipulation.

"Settlement Class Member" or "Member of the Settlement Class" means a Person that is a Member of the Settlement Class and that does not exclude himself, herself or itself by timely filing a request for exclusion in accordance with the requirements set forth in the Notice.

"Stipulation" means the Stipulation and Agreement of Settlement.

"Unknown Claims" means any and all Released Claims that Plaintiffs and/or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Plaintiffs, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each Settlement Class Member and Released Party shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever settled and released any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and Settlement Class Members and Released Parties by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.



1.   I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish, dismiss, and discharge all of my (our) Released Claims, including Unknown Claims (as described in the accompanying Notice), against each and all of the Released Parties, with prejudice and on the merits, as of the Effective Date defined in the Stipulation.

2.   This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3.   I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.   I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) transactions in the Certificates, as well as the Certificates held by me (us) as of the claim submission date.

5.   I (We) hereby warrant and represent that I am (we are) not excluded from the Settlement Class, as defined in the Notice.

6.   The number(s) shown on this form is (are) the correct SSN/TIN(s).

I (WE) CERTIFY THAT I AM (WE ARE) NOT SUBJECT TO BACKUP WITHHOLDING UNDER THE PROVISIONS OF SECTION 3406(a)(1)(C) OF THE INTERNAL REVENUE CODE.

**NOTE:** IF YOU HAVE BEEN NOTIFIED BY THE INTERNAL REVENUE SERVICE THAT YOU ARE SUBJECT TO BACKUP WITHHOLDING, PLEASE STRIKE OUT THE LANGUAGE THAT YOU ARE NOT SUBJECT TO BACKUP WITHHOLDING IN THE CERTIFICATION ABOVE AND FILL THE CIRCLE. ○

I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE FOREGOING INFORMATION SUPPLIED ON THIS PROOF OF CLAIM AND RELEASE FORM BY THE UNDERSIGNED IS TRUE AND CORRECT.

Executed this _____ day of _____ in _____
                                                              (Month/Year)                                      (City/State/Country)

_____                    _____
(Sign your name here)                                        (Sign your name here)

_____                    _____
(Type or print your name here)                               (Type or print your name here)

_____                    _____
(Capacity of person(s) signing, *e.g.,*                      (Capacity of person(s) signing, *e.g.,*
Beneficial Purchaser, Executor or Administrator)             Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.  Please sign the above RELEASE AND ACKNOWLEDGMENT.

2.  If this Proof of Claim is being made on behalf of joint claimants, then both must sign.

3.  Remember to attach copies of supporting documentation, if available.

4.  **Do not send** originals of Certificates as they will not be returned.

5.  Keep a copy of your claim form and all supporting documentation for your records.

6.  If you desire an acknowledgment of receipt of your Proof of Claim Form, please send it via USPS Certified Mail, Return Receipt Requested.

7.  If you move, please send your new address via email to classact@gilardi.com or mail to:

    Morgan Stanley RMBS Settlement
    P.O. Box 8040
    San Rafael, CA 94912-8040

8.  **Do not use red pen or highlighter** on the Proof of Claim Form or supporting documentation.

**THIS PROOF OF CLAIM FORM AND RELEASE MUST BE POSTMARKED NO LATER THAN _____, 2014**
**AND MUST BE MAILED TO:**

Morgan Stanley RMBS Settlement
P.O. Box 8040
San Rafael, CA 94912-8040





# THIS PAGE LEFT BLANK INTENTIONALLY



# EXHIBIT A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MORGAN STANLEY MORTGAGE PASS-THROUGH CERTIFICATES LITIGATION. | MASTER FILE NO. 09-CV-2137-KBF <br><br> ECF Case <br><br> <u>CLASS ACTION</u> <br><br> **EXHIBIT A-3** |
| This Document Relates To: <br><br>   ALL ACTIONS. | |

## <u>SUMMARY NOTICE</u>

**TO:   ALL PERSONS OR ENTITIES WHO: (i) PRIOR TO DECEMBER 2, 2008, PURCHASED OR OTHERWISE ACQUIRED ANY OF THE 2006 CERTIFICATES[1] PURSUANT OR TRACEABLE TO THE 2006 OFFERINGS AND WERE DAMAGED THEREBY; OR (ii) PRIOR TO MAY 7, 2009, PURCHASED OR OTHERWISE ACQUIRED ANY 2007 CERTIFICATES[2] PURSUANT OR TRACEABLE TO THE 2007 OFFERINGS AND WERE DAMAGED THEREBY.**

"2006 Offerings" means Morgan Stanley Mortgage Loan Trust 2006-4SL, Morgan Stanley Mortgage Loan Trust 2006-5AR, Morgan Stanley Mortgage Loan Trust 2006-6AR, Morgan Stanley Mortgage Loan Trust 2006-7, Morgan Stanley Mortgage Loan Trust 2006-8AR, Morgan Stanley Mortgage Loan Trust 2006-9AR, Morgan Stanley Mortgage Loan Trust 2006-10SL, Morgan Stanley Mortgage Loan Trust 2006-11, Morgan Stanley Mortgage Loan Trust 2006-12XS, Morgan Stanley Mortgage Loan Trust 2006-13ARX, Morgan Stanley Mortgage Loan Trust 2006-14SL, Morgan Stanley Mortgage Loan Trust 2006-15XS, and Morgan Stanley Mortgage Loan Trust 2006-16AX.

"2007 Offerings"[3] means Morgan Stanley Mortgage Loan Trust 2006-17XS, Morgan Stanley Mortgage Loan Trust 2007-1XS, Morgan Stanley Mortgage Loan Trust 2007-2AX, Morgan Stanley Mortgage Loan Trust 2007-3XS, Morgan Stanley Mortgage Loan Trust 2007-4SL, Morgan Stanley Mortgage Loan Trust 2007-5AX, Morgan Stanley Mortgage Loan Trust 2007-6XS, Morgan Stanley Mortgage Loan Trust 2007-7AX, Morgan Stanley Mortgage Loan Trust 2007-8XS, Morgan Stanley Mortgage Loan Trust 2007-9SL, Morgan Stanley Mortgage Loan Trust 2007-10XS, Morgan Stanley Mortgage Loan Trust 2007-11AR, Morgan Stanley Mortgage Loan Trust 2007-12, Morgan Stanley Mortgage Loan Trust 2007-13, Morgan Stanley Mortgage Loan Trust 2007-14AR, and Morgan Stanley Mortgage Loan Trust 2007-15AR.

CERTAIN PERSONS AND ENTITIES, SUCH AS CERTAIN PERSONS AND ENTITIES THAT HAVE SEPARATELY ASSERTED AND/OR PURSUED CLAIMS AGAINST DEFENDANTS, ARE EXCLUDED FROM THE DEFINITION OF THE SETTLEMENT CLASS, AS SET FORTH IN DETAIL IN THE STIPULATION AND AGREEMENT OF SETTLEMENT (THE "STIPULATION").

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

---

[1] "2006 Certificates" means those Certificates listed (by CUSIP) on Table A-1 to the Plan of Allocation, which is available on the Settlement website, www.MorganStanleyRMBSsettlement.com.

[2] "2007 Certificates" means those Certificates listed (by CUSIP) on Table A-2 to the Plan of Allocation, which is available on the Settlement website, www.MorganStanleyRMBSsettlement.com.

[3] Morgan Stanley Mortgage Loan Trust 2006-17XS was issued in 2006, but is included in the definition of "2007 Offerings" consistent with the proceedings in the Action and the Settling Parties' litigation terminology.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, (i) of the pendency of this action asserting claims against Morgan Stanley Capital I Inc.; Morgan Stanley Mortgage Capital Inc.; Morgan Stanley Mortgage Capital Holdings LLC; Morgan Stanley & Co. Incorporated; Morgan Stanley; David R. Warren; Anthony B. Tufariello; William J. Forsell; and Steven S. Stern, relating to the sale of certain mortgage-backed securities (the "Action"), as a class action on behalf of the persons and entities described above (the "Settlement Class"), except for certain persons and entities who are excluded from the Settlement Class by definition; and (ii) that a settlement of the Action for $95 million in cash has been proposed. A hearing will be held on _____, 2014, at _:__ __.m., before the Honorable Katherine B. Forrest, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, Courtroom 15A: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; (b) to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered, dismissing the Action, on the merits and with prejudice, and to determine whether the release by the Settlement Class Members of their Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered; (c) to determine whether the proposed Plan of Allocation for distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (d) to determine whether the application by Lead Counsel for an award of attorneys' fees and Litigation Expenses incurred should be approved; and (e) to rule upon such other matters as the Court may deem appropriate.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE PENDING ACTION AND THE SETTLEMENT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Settlement, and Final Approval Hearing (the "Notice") and Proof of Claim Form (the

"Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator:

**Morgan Stanley RMBS Settlement**
P.O. Box 8040
San Rafael, CA 94912-8040
Toll-free number: (888) 283-7957

Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.MorganStanleyRMBSsettlement.com, or from Lead Counsel's websites, www.blbglaw.com or www.rgrdlaw.com.

If you are a Member of the Settlement Class, in order to be potentially eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form postmarked no later than _____, 2014. If you are a Member of the Settlement Class and do not exclude yourself from the Settlement Class, you will be bound by any judgment entered in the Action whether or not you make a Claim. To exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2014, in accordance with the instructions set forth in the Notice. Any objections to the proposed Settlement, Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and Litigation Expenses must be filed with the Court and delivered to Lead Counsel and counsel for Defendants such that they are *received* no later than _____, 2014, in accordance with the instructions set forth in the Notice. If you are a Member of the Settlement Class and do not submit a proper Claim Form, you will not share in the Net Settlement Fund but you will nevertheless be bound by the Judgment of the Court.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for the Notice and Claim Form, may be made to Lead Counsel:

David R. Stickney, Esq.
Niki L. Mendoza, Esq.
Bernstein Litowitz Berger & Grossmann LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
(866) 648-2524
-or-
Daniel S. Drosman, Esq.
Robbins Geller Rudman & Dowd LLP
655 W. Broadway, Suite 1900
San Diego, CA 92101-3301
(800) 449-4900

By Order of the Court